MAUREEN E. McCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
MATTHEW P. VANDALL (State Bar No. 196962)
Email: vandall@kmm.com
KAUFF McCLAIN & McGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 421-3111
Facsimile: (415) 421-0938

Attorneys for Defendants
ALTA BATES SUMMIT MEDICAL CENTER;
RUSSELL D. STANTEN, M.D., LEIGH I.G.
IVERSON, M.D., STEVEN A. STANTEN, M.D., and
WILLIAM M. ISENBERG, M.D., Ph.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX, JR., M.D., as an individual and in his representative capacity under Business & Professions Code Section 17200 et seq.,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL D. STANTEN, M.D., LEIGH I.G. IVERSON, M.D., STEVEN A. STANTEN, M.D., WILLIAM M. ISENBERG, M.D., Ph.D., ALTA BATES SUMMIT MEDICAL CENTER and does 1 through 100,<br><br>Defendants. | CASE NO. C 07-2486 WHA<br><br>**DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF**<br><br>JUDGE: Hon. William H. Alsup<br><br>COMPLAINT FILED: May 9, 2007<br>TRIAL DATE: No date set. |

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

# REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL

Pursuant to Local Rules 7-11 and 79-5 for the United States District Court in the Northern District of California, Defendants Alta Bates Summit Medical Center, Russell D. Stanten, M.D., Leigh I.G. Iverson, M.D., Steven A. Stanten, M.D. and William M. Isenberg, M.D., Ph.D., (collectively, "Defendants") request that the Court issue an administrative order allowing Defendants to file under seal certain records supporting the concurrently filed Special Motion To Strike Pursuant to California Code of Civil Procedure § 425.16.

As described below, Defendants' request is narrowly tailored and compelling reasons exist to justify sealing the specified records. *See Kamakana v. United States*, 447 F.3d 1172, 1180 (9th Cir. 2006) (holding that parties seeking to maintain the confidentiality of records supporting dispositive motions must establish "compelling reasons" to file records under seal).

The documents Defendants wish to seal constitute either confidential communications made during hospital peer review proceedings concerning Plaintiff or declarations describing how those proceedings were conducted and the facts the peer review decisions were based upon. In addition, the records contain patient identifying information, which must remain confidential under the Health Insurance Portability and Accountability Act, as well as information revealing the identity of the peer review participants. Both the content of the documents and the identification information they contain should remain confidential and subject to a sealing order for the reasons discussed below.

The specific documents at issue are as follows:

Factual excerpts from Defendants' Special Motion to Strike Pursuant to Code of Civil Procedure section 425.16 (partial redactions only);

Factual excerpts from the supporting declarations of Leigh Iverson, M.D.; Joanne Jellin, Psy.D.; Steven Stanten, M.D.; Russell Stanten, M.D.; William Isenberg, M.D.; Lamont

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-1-

DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

Paxton, M.D., and Maureen E. McClain (partial redactions only);

Exhibits D through Q to the Declaration of William M. Isenberg, M.D., Ph.D.

Exhibit A (including Appendix A & Appendix B) to the Declaration of Lamont Paxton, M.D.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    ARGUMENT.**

Plaintiff is an African American cardiac surgeon with current surgical privileges at the Medical Center. Compl., ¶ 5. Like all other practicing physicians in California, Plaintiff is subject to peer review by his colleagues in a process mandated by state and federal law to insure patient safety and quality patient care. For example, the Health Care Quality Improvement Act (HCQIA), 42 U.S.C. §§ 11101 *et seq.* provides substantial immunity for the actions of physician committee members undertaking peer review. *See* 42 U.S.C. § 11112(a). The HCQIA effectuates certain Congressional findings, including that: "There is an overriding national need to provide incentive and protection for physicians engaging in effective peer review." 42 U.S.C. § 11101 (5). California law extends equivalent, if not greater, protection to physician peer review. "Peer review, fairly conducted, is essential to preserving the highest standards of medical practice." California Business & Professions Code § 809 (a)(3).

As suggested by the above-quoted statutes, sealing the records will effectuate legislative intent and protect the well-being of the public. The Medical Center's "peer review procedure plays a significant role in protecting the public against incompetent, impaired or negligent physicians." *Kibler v. Northern Inyo County Local Hosp. Dist.*, 39 Cal. 4th 192, 200 (2006). That policy is best served by maintaining the confidential nature of the proceedings. As the *Kibler* Court recognized (and as is true at the Medical Center), "membership on a hospital's peer review committee is voluntary and unpaid, and many physicians are reluctant to join peer review committees so as to avoid sitting in judgment of their peers." *Id.* at 201; *see also Matchett v. Superior Court*,

40 Cal. App. 623, 628-629 (1974) (confidentiality of medical peer review information is the cornerstone of internal quality assurance in hospitals).

Public disclosure of the identities of the peer review participants as well as unfettered access to their thoughts and impressions will significant hinder this process. Indeed, as described in the Declaration of Dr. R. Stanten, this lawsuit, even at such an early stage, has already adversely affected the Medical Center's peer review process by making it even more difficult to recruit participating physicians. See Stanten Decl., ¶ 8. These problems will only intensify if the underlying records are disclosed.

In addition, the sealing of the records will not prejudice any third-party. To the contrary, no information is being denied to any third-party litigant. Therefore, in weighing the competing interests, there is nothing to offset the public good accomplished by sealing the records. Indeed, the contents of the information being sealed—e.g., the opinions of the reviewers and their identities—is not critical to the resolution of the anti-SLAPP motion. It is sufficient for the Court, and anyone seeking to understand the Court's decision, to know that the Complaint is defective because the collateral attack on peer review proceedings is not cognizable. The actual underlying opinions simply are not at issue.

Alternatively, Defendants ask that the Court seal the records at issue if the Court grants Defendants' anti-SLAPP motion. The anti-SLAPP motion seeks the dismissal with prejudice of each of Plaintiff's state law claims. If the underlying motion is well-taken, then allowing public access to the records would constitute a significant and unjust cost to the SLAPP targets. See Kibler, 39 Cal. 4th 192 ("[b]ecause these meritless [SLAPP] lawsuits seek to deplete 'the defendants energy' and drain 'his or her resources' the Legislature sought 'to prevent SLAPPs by ending them early and without great cost to the SLAPP target.") If Defendants are correct, then the Complaint was filed, either in whole or in part, to chill speech in current peer review proceedings at the Medical Center. See Isenberg Decl., ¶ 19; R. Stanten Decl., ¶ 7. The Court should not reward such an unmeritorious filing. Nor should it allow such a filing to discourage

-3-

DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

physicians from volunteering their time to participate in peer. Unless Plaintiff can establish a probability of prevailing on the merits of such a claim, this information should not be disseminated. Bare and conclusory allegations of racism should not provide sufficient grounds to undermine peer review in California. Indeed, as discussed above, it is likely that disclosing the process and content of the prior peer review process at issue here will make it nearly impossible for the Medical Center to attract participants in any future reviews of Plaintiff. A sealing order combined with an order dismissing the state law claims will maintain the status quo to the extent possible under the circumstances and will provide the least restrictive means of inhibiting a procedure recognized as critical under state and federal law.

## II. CONCLUSION

Defendants request that this motion to seal be granted.

DATED: May 30, 2007

Respectfully submitted,

KAUFF McCLAIN & McGUIRE LLP

By: ___/S/___
ALEX HERNAEZ

Attorneys for Defendants
ALTA BATES SUMMIT MEDICAL CENTER; RUSSELL D. STANTEN, M.D., LEIGH I.G. IVERSON, M.D., STEVEN A. STANTEN, M.D., and WILLIAM M. ISENBERG, M.D., Ph.D.

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-4-

DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

## DECLARATION OF ALEX HERNAEZ

I, Alex Hernaez, declare:

1. I am a partner with the firm of Kauff, McClain & McGuire, LLP, attorneys of record for Defendants Alta Bates Summit Medical Center; Russell D. Stanten, M.D., Leigh I.G. Iverson, M.D., Steven A. Stanten, M.D., and William M. Isenberg, M.D., Ph.D. in the above-captioned matter. I have personal knowledge of the facts stated in this declaration and, if called as a witness, would be competent to testify thereto.

2. Defendants, through counsel, asked that Plaintiff stipulate to the instant Request For Administrative Relief And Identification Of Records To Be Filed Under Seal. In making this request, Defendants specifically identified the documents to be sealed. In response to this request, opposing counsel, Mr. Scott Emblidge, stated that "since he has not seen many of these documents and does not know their contents," he was "not prepared to stipulate about them one way or another." In fact, Plaintiff has seen or has himself produced to Defendants 8 of the 17 categories of documents Defendants wish to seal.

3. Defendants are hopeful that Plaintiff will stipulate to the instant motion after Mr. Emblidge has an opportunity to review fully the documents at issue.

4. For the reasons stated in the accompanying Memorandum of Points and Authorities, I believe that the documents at issue should be sealed.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 30 day of May, 2007 at San Francisco, California.

/S/
_____
ALEX HERNAEZ

115951.v2

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-5-

DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF
RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486
WHA