1  MAUREEN E. McCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  MATTHEW P. VANDALL (State Bar No. 196962)
   Email: vandall@kmm.com
4  KAUFF McCLAIN & McGUIRE LLP
   One Post Street, Suite 2600
5  San Francisco, California 94104
   Telephone:    (415) 421-3111
6  Facsimile:    (415) 421-0938

7  Attorneys for Defendants
   ALTA BATES SUMMIT MEDICAL CENTER;
8  RUSSELL D. STANTEN, M.D., LEIGH I.G.
   IVERSON, M.D., STEVEN A. STANTEN, M.D., and
9  WILLIAM M. ISENBERG, M.D., Ph.D.

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13  COYNESS L. ENNIX, JR., M.D., as an          CASE NO. C 07-2486 WHA
    individual and in his representative capacity
14  under Business & Professions Code Section    **NOTICE OF MOTION, MOTION
    17200 et seq.,                               AND MEMORANDUM OF POINTS
15                                                AND AUTHORITIES IN SUPPORT
                    Plaintiff,                    OF DEFENDANTS' MOTION TO
16                                                DISMISS**
         v.
17                                               [FED. R. CIV. PROC. 12(b)(6)]
    RUSSELL D. STANTEN, M.D., LEIGH I.G.
18  IVERSON, M.D., STEVEN A. STANTEN,            **DATE:**    July 5, 2007
    M.D., WILLIAM M. ISENBERG, M.D.,             **TIME:**    8:00 a.m.
19  Ph.D., ALTA BATES SUMMIT MEDICAL             **DEPT:**    Ctrm. 9, 19th Flr.
    CENTER and does 1 through 100,               **JUDGE:**   Hon. William H. Alsup
20
                    Defendants.                  **COMPLAINT FILED:**  May 9, 2007
21                                               **TRIAL DATE:**       No date set.

22

23

24

25

26

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

1    <u>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**</u>

2    TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that on July 5, 2007, at 8:00 a.m., or as soon

4    thereafter as counsel may be heard in Courtroom 9 of the above-entitled Court, located

5    at 450 Golden Gate Ave., 19th Floor, San Francisco, CA, Defendants Alta Bates Summit

6    Medical Center; Russell D. Stanten, M.D.; Leigh I.G. Iverson, M.D.; Steven A. Stanten,

7    M.D.; and William M. Isenberg, M.D., Ph.D.; will, and hereby do, move for an order,

8    pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing with prejudice the

9    Complaint filed by filed by Plaintiff Coyness L. Ennix, Jr., M.D.  Alternatively, and also

10   pursuant to Rule 12(b)(6), Defendants will and hereby do move for an order dismissing

11   each individual cause of action asserted in the Complaint.

12   Defendants' motion pursuant to Rule 12(b)(6) is based upon this Notice of

13   Motion and Motion, the accompanying Memorandum of Points and Authorities, the

14   accompanying Request for Judicial Notice (the "RJN"), all pleadings and papers on file in

15   this action, and such oral argument as may be presented to the Court at the time of the

16   hearing.[1]

17   DATED:  May 30, 2007                    Respectfully submitted,

18                                            KAUFF McCLAIN & McGUIRE LLP

19

20                                            By: _____/S/_____

21                                                      MATTHEW P. VANDALL

22                                            Attorneys for Defendants
                                             ALTA BATES SUMMIT MEDICAL
23                                            CENTER; RUSSELL D. STANTEN, M.D.,
                                             LEIGH I.G. IVERSON, M.D., STEVEN A.
24                                            STANTEN, M.D., and WILLIAM M.
                                             ISENBERG, M.D., Ph.D.
25

26

27   _____

28   [1]  This motion is being filed and served concurrently with Defendants' Special Motion to Strike pursuant to California Code of Civil Procedure section 425.16.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION, MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS                                          CASE NO. C 07-2486 WHA

1

**TABLE OF CONTENTS**

2

**Page**

3    I.    INTRODUCTION ........................................................................................1

4          A.    Relief Requested ........................................................................1

5          B.    Procedural History .....................................................................2

           C.    Statement of the Issues .............................................................3

6    II.   THE FACT ALLEGATIONS OF THE COMPLAINT .............................5

7    III.  ARGUMENT ............................................................................................8

8          A.    The Motion To Dismiss Standard ..............................................8

9          B.    The Court Should Dismiss the Complaint, or Alternatively Each
                 Cause of Action Alleged Therein, Because it Fails to Allege that
                 Plaintiff Set Aside the Peer Review Decisions in a Mandamus Action
10               Before Instituting His Claims For Relief. ..................................8

11         C.    The Court Should Dismiss Plaintiff's First Cause of Action for
                 Violations of Section 1981 Because the Complaint Fails to State a
                 Claim Upon Which Relief May Be Granted................................11

12         D.    The Court Should Dismiss Plaintiff's Second, Third, Fourth and Fifth
13               Causes of Action Because the State Law Claims Are Precluded By
                 the Absolute Privilege Contained in California Civil Code § 47. ..............14

14         E.    The Court Should Dismiss Plaintiff's Third Cause of Action For
                 Violations of the Cartwright Act Because Plaintiff Fails to State a
15               Claim Upon Which Relief May Be Granted................................15

16               1.    Plaintiff's Cartwright Act Claim Should Be Dismissed For
                       Failure to Allege a Relevant Market..............................16

17               2.    Plaintiff's Cartwright Act Claim Should Be Dismissed For
                       Failure to Allege a Competitive Injury. .........................17

18         F.    The Court Should Decline to Exercise Supplemental Jurisdiction
19               Over Plaintiff's State Law Claims...............................................18

20               1.    If the Court Dismisses Plaintiff's Section 1981 Claim, It
                       Should Decline to Exercise Supplemental Jurisdiction Over
                       the Remaining State Law Claims Under 28 U.S.C. §
21                     1367(c)(3). .....................................................................18

22               2.    If the Court Allows Plaintiff to Proceed With His Section 1981
                       Claim, It Should Decline to Exercise Supplemental
                       Jurisdiction Over the Pendant Claims Under  28 U.S.C. §
23                     1367(c)(2). .....................................................................20

24         G.    To the Extent The Court Allows Plaintiff to Proceed With His Claims
                 in Federal Court, the Doe Defendants Should Be Dismissed from
25               the Complaint. ...........................................................................21

26   IV.   CONCLUSION .......................................................................................22

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-i-

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**FEDERAL CASES**

4
5

*Bhan v. NME Hospitals, Inc.,*
  929 F.2d 1404 (9th Cir. 1991) ...............................................................16

6

*Burrows v. Redbud Community Hospital District,*
  187 F.R.D. 606 (N.D. Cal. 1998) ...........................................................19

7
8

*Cascade Cabinet Co.,*
  710 F.2d at 1373 ..................................................................................18

9

*Clegg v. Cult Awareness Network,*
  18 F.3d 752 (9th Cir. 1994) ...............................................8, 10, 12, 13

10
11

*Delos Santos v. Potter,*
  2007 U.S. Dist. LEXIS 25918 (N.D. Cal. Mar. 26, 2007) ...............21, 22

12

*Domino's Pizza, Inc. v. McDonald,*
  546 U.S. 470 (2006) .......................................................1, 11, 12, 13

13
14

*Dymits v. City & County of San Francisco,*
  1998 U.S. App. LEXIS 30051 (9th Cir. 1998) ......................................18

15

*Fine v. Barry Enright Products,*
  731 F.2d 1394 (9th Cir. 1984), *cert. denied*, 469 U.S. 881 ...............17

16
17

*Gillespie v Civiletti,*
  629 F.2d 637 (9th Cir 1980) ................................................................21

18

*Hilton v. Children's Hospital--San Diego,*
  2007 U.S. Dist. LEXIS 16517 (S.D. Cal. Mar. 7, 2007) .......................17

19
20

*Johnson v. Calagna,*
  2006 U.S. Dist. LEXIS 85252 (E.D. Cal. 2006) ...................................20

21

*M.J. v. Clovis Unified School District,*
  2007 U.S. Dist. LEXIS 28761 (E.D. Cal. 2007) ...................................19

22
23

*McGlinchy v. Shell Chemical Co.,*
  845 F.2d 802 (9th Cir. 1988) .........................................15, 16, 17, 18

24

*Mir v. Little Co. of Mary Hospital,*
  844 F.2d 646 (9th Cir. 1988) ...........................................................1, 9

25
26

*Neitzke v. Williams,*
  490 U.S. 319 (1989) ("Rule 12(b)(6) ....................................................8

27

*North Star International v. Arizona Corp. Commission,*
  720 F.2d 578 (9th Cir. 1983) ................................................................8

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-ii-

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Ralph C. Wilson Industrial v. Chronicle Broadcasting Co.,*
794 F.2d 1359 (9th Cir. 1986) ................................................17

*Rickards v. Canine Eye Registration Foundation,*
783 F.2d 1329 (9th Cir. 1986), *cert. denied* 479 U.S. 851 ................15

*Robertson v. Dean Witter Reynolds, Inc.,*
749 F.2d 530 (9th Cir. 1984) ................................................8

*San Pedro Hotel Co. v. City of Los Angeles,*
159 F.3d 470 (9th Cir. 1998) ................................................20

*Saul v. United States,*
928 F.2d 829 (9th Cir. 1991) ................................................11, 13

*Seattle Totems Hockey Club v. National Hockey League,*
783 F.2d 1347 (9th Cir. 1986), *cert. denied,* 479 U.S. 932 ................18

*Silvas v. ETrade Mortg. Corp.,*
421 F. Supp. 2d 1315 (S.D. Cal. 2006) ................................................8

*Sprewell v. Golden State Warriors,*
266 F.3d 979 (9th Cir. 2001) ................................................8, 10

*Stationary Eng'rs Local 39 Health & Welfare Trust Fund v. Philip Morris, Inc.,*
1998 U.S. Dist. LEXIS 8302 ................................................17

*Trustees of Construction Industry and Laborers Health, et al. v. Desert Valley Landscape & Maintenance, Inc.,*
333 F.3d 923 (9th Cir. 2003) ................................................19

**STATE CASES**

*Ascherman v. Natanson,*
23 Cal. App. 3d 861 ................................................14

*Cel-Technology Communications v. L.A. Cellular Telegraph Co.,*
20 Cal. 4th 163 (Cal. 1999) ................................................17

*Chicago Title Insurance Co. v. Great Western Financial Corp.,*
69 Cal. 2d 305 (1968) ................................................16

*G.H.I.I. v. Mts, Inc.,*
147 Cal. App. 3d 256 (1983) ................................................16

*Joel v. Valley Surgical Center,*
68 Cal. App. 4th 360 (1998) ................................................14, 15

*Kaiser Foundation Hospitals v. Superior Court,*
128 Cal. App. 4th 85 (2005) ................................................10

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION, MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

CASE NO. C 07-2486 WHA

1

2

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

3

4

*Kibler v. Northern Inyo County Local Hospital District,*
    39 Cal. 4th 192 (2006)..............................................................1, 3, 14

*Payne v. Anaheim Memorial Medical Cntr.,*
    130 Cal. App. 4th 729 (2005) ...........................................................10

*Westlake Committee Hospital v. Los Angeles Sup. Ct. (Kaiman),*
    17 Cal. 3d 465 (1976).........................................................3, 4, 8, 9, 10

5

6

7

**FEDERAL STATUTES**

8

9

28 U.S.C. § 1367(c)(2) ...........................................................................20

28 U.S.C. § 1367(c)(3) ......................................................................18, 19

42 U.S.C. § 1981 ...................................................................2, 3, 4, 5,
                                                                   11, 12, 13, 18, 19,
                                                                   20, 21

Title II (42 U.S.C. § 2000a) .................................................................12

42 U.S.C. §§ 11101 *et seq.*.....................................................................19

42 U.S.C. § 11101 (5) ..............................................................................3

42 U.S.C. § 11112(a) ...............................................................................3

10

11

12

13

14

15

16

**STATE STATUTES**

17

18

California Civil Code § 47.............................................................1, 14, 15

California Code of Civil Procedure § 425.16 ........................................1, 3

California Code of Civil Procedure § 474 ..............................................22

California Code of Civil Procedure § 1085 ............................................10

California Business & Professions Code § 805....................................14, 15

California Business & Professions Code § 809....................................3, 20

California Business & Professions Code §§ 16700 et seq. .............................1

California Business & Professions Code § 17200 et seq. ..........1, 2, 3, 5, 7, 15

19

20

21

22

23

24

25

26

27

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-iv-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

CASE NO. C 07-2486 WHA

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    I.    **INTRODUCTION.**

3         A.    **Relief Requested.**

4              As described above, Defendants Alta Bates Summit Medical Center (the

5    "Medical Center"); Russell D. Stanten, M.D. ("Dr. Russell Stanten"); Steven A. Stanten,

6    M.D. ("Dr. Steven Stanten"); Leigh I.G. Iverson, M.D. ("Dr. Iverson"); and William M.

7    Isenberg, M.D., Ph.D. ("Dr. Isenberg") (collectively, "Defendants")[2] respectfully request

8    that the Court enter an Order which (1) dismisses Plaintiff's Complaint with prejudice on

9    the ground that none of the claims asserted therein are ripe for review because the

10   Complaint fails to allege that the peer review actions at issue were overturned by a writ

11   of mandate (*see Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 651 (9th Cir. 1988)

12   (holding that disciplinary recommendations arising out of quasi-judicial proceedings are

13   presumed correct "[u]ntil the review committee's decision is overturned by a writ of

14   mandate"); *see also Kibler v. Northern Inyo County Local Hosp. Dist.*, 39 Cal. 4th 192,

15   200 (2006) (holding that hospital peer review proceedings are "quasi judicial

16   proceedings" and are subject to judicial review by administrative mandate); (2) dismisses

17   with prejudice Plaintiff's first cause of action for race discrimination in violation of 42

18   U.S.C. Section 1981 ("Section 1981") on the ground that Plaintiff has not alleged (and

19   cannot allege) a racially motivated breach of his own contract with Medical Center (*see*

20   *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 480 (2006) (holding that "Section 1981

21   plaintiffs must identify injuries flowing from a racially motivated breach of their own

22   contractual relationship, not of someone else's."); (3) dismisses with prejudice Plaintiff's

23   second through fifth causes of action for violations of California law on the ground that

24   the claims for relief are based upon communications which were absolutely privileged;

25   (4) dismisses Plaintiff's third cause of action for violations of the Cartwright Act (Cal. Bus.

26   _____

27   [2]  Drs. Russell Stanten, Steven Stanten, Iverson and Isenberg will also be referred to collectively
     in this memorandum as the "Individual Defendants".

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-1-

1   & Prof. Code §§ 16700 *et seq.*) on the ground that the Plaintiff has neither alleged a

2   relevant market nor an antitrust injury; (5) dismisses Plaintiff's second through fifth

3   causes of action arising under California law by declining to exercise supplemental

4   jurisdiction over them; and (6) to the extent the Court allows Plaintiff to proceed in

5   federal Court, dismisses with prejudice each of the 100 unnamed "Doe" defendants on

6   the ground that this manner of pleading is disfavored in federal court.

7       **B.    Procedural History.**

8           On April 3, 2007, Plaintiff commenced an action in the Superior Court of

9   California for the County of Alameda entitled *Coyness L. Ennix, Jr., M.D., as an*

10  *individual and in his representative capacity under Business & Professions Code*

11  *§ 17200 et seq. v. Russell D. Stanten, M.D., Leigh I.G. Iverson, M.D., William M.*

12  *Isenberg, M.D., Ph.D., Alta Bates Summit Medical Center and does 1 through 100* (Case

13  No. RG 07318658) (the "State Court Action").  RJN, Exh. A.  Plaintiff voluntarily

14  dismissed the State Court Action on May 10, 2007, the day after he filed the same

15  claims against the same defendants in federal court.  RJN, Exh. B (Voluntary Dismissal);

16  Exh. C (Complaint).[3]  Plaintiff neither sought nor obtained a writ of mandate in the State

17  Court Action.  *See* RJN, Exhs. A (at Prayer for Relief) and B.

18          The Complaint asserts five causes of action against the various

19  defendants.  The first claim charges the Medical Center (and Does 1-100) with race

20  discrimination in violation of Section 1981 based upon unspecified "contractual duties"

21  Plaintiff alleges he had "with Alta Bates Summit and his patients." *Id.,* ¶ 41 at p. 12:13.

22  The four remaining claims assert violations of state law, including (a) race discrimination

23  in violation of the Unruh Civil Rights Act against the Medical Center (and Does 1-100)

24  (*id.,* ¶¶ 43-47); (b) violations of the Cartwright Act against the Individual Defendants (and

25  Does 1-100) (*id.,* ¶¶ 48-51); (c) interference with the right to practice Plaintiff's profession

26  

27  [3]  Barring a new jurisdictional allegation, the State Court Action and the Complaint before this Court are the same.  *Compare* RJN Exh. A (State Court Action) with Exh. C (Complaint).

28  

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-2-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

CASE NO. C 07-2486 WHA

1   (*id.*, ¶¶ 52-55); and (d) violations of California Business & Professions Code section

2   17200, et seq. ("Section 17200") (*id.*, ¶¶ 56-59").

3          Defendants now respond with this motion to dismiss and a concurrently

4   filed special motion to strike the Complaint pursuant to California's anti-SLAPP statute

5   (Cal. Code Civ. Proc. § 425.16).  Taken together, Defendants' motions seek the

6   dismissal with prejudice of Plaintiff's lawsuit.

7     **C.**   **Statement of the Issues.**

8          Plaintiff is an African American cardiac surgeon with current surgical

9   privileges at six Bay Area hospitals, including the Medical Center.[4] Compl., ¶ 5.  Like all

10  other practicing physicians, Plaintiff is subject to peer review by his colleagues in a

11  process mandated by state and federal law to insure patient safety and quality patient

12  care.  For example, the Health Care Quality Improvement Act (HCQIA), 42 U.S.C.

13  §§ 11101 *et seq.* provides substantial immunity for the actions of physician committee

14  members undertaking peer review in the reasonable belief that such actions are in

15  furtherance of quality health care, particularly where the action is taken for imminent

16  issues of patient safety. 42 U.S.C. § 11112(a).  The HCQIA immunity provisions

17  effectuate the Congressional findings upon which the HCQIA is predicated, including the

18  finding that:  "There is an overriding national need to provide incentive and protection for

19  physicians engaging in effective peer review."  42 U.S.C. § 11101 (5).  California law

20  extends equivalent, if not greater, protection to physician peer review.  "Peer review,

21  fairly conducted, is essential to preserving the highest standards of medical practice."

22  California Business & Professions ("B &P") Code § 809 (a) (3).  These concerns lie at

23  the heart of the California Supreme Court's *Kibler* and *Westlake* decisions.  *See Kibler*,

24  39 Cal. 4th at 204 (affirming dismissal with prejudice of a hospital staff surgeon's claims

---

26 [4] Plaintiff alleges that he "currently has surgical privileges at the Summit and Alta Bates Campuses of Alta Bates Summit, Doctors Hospital in San Pablo, Highland General Hospital in
27 Oakland, San Ramon Medical Center in San Ramon, and Valley Care Hospital in Livermore." Compl., ¶ 5 at p. 3:11-14.

KAUFF, MCCLAIN & MCGUIRE LLP ONE POST STREET SUITE 2600 SAN FRANCISCO, CA 94104 TELEPHONE (415) 421-3111

-3-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS     CASE NO. C 07-2486 WHA

1   against a hospital and certain individual physicians arising out a disciplinary

2   recommendation by the hospital's peer review committee); *see also Westlake Comm.*

3   *Hosp. v. Los Angeles Sup. Ct. (Kaiman)*, 17 Cal. 3d 465, 469 (1976) (holding that "an

4   aggrieved doctor must first succeed in setting aside the quasi-judicial decision in a

5   mandamus action before he may institute" a claim for damages).

6           Defendants are the Medical Center and certain individual physicians who

7   were alleged participants in a thorough peer review of Plaintiff's performance as a

8   cardiothoracic surgeon at the Medical Center's Summit Campus.  Plaintiff contends that

9   "Defendants sponsored, initiated and/or participated in a lengthy sham peer review

10  process that falsely sought to blame Dr. Ennix for complications some patients

11  experienced during or following cardiac surgery."  Compl., ¶ 2 at p. 2:1-4.  Plaintiff also

12  claims that the peer review process was tainted by racial animus and that it was part of a

13  conspiracy on behalf of the Individual Defendants to ruin his career.  Apparently deciding

14  that the federal immunity standards are more favorable to "sham peer review" claims,

15  Plaintiff dismissed the State Court Action and now proceeds before this Court.

16          As discussed fully below, Plaintiff's Complaint, and each cause of action

17  asserted therein, fails to state a claim upon which relief may be granted.  First, the

18  Complaint fails to allege that Plaintiff sought to overturn the peer review decisions at

19  issue by first seeking a writ of mandate as required by law.  Second, Plaintiff's Section

20  1981 claim fails because Plaintiff has not properly alleged the existence of a contractual

21  relationship with the Medical Center.  Third, each of the state law claims are based

22  exclusively upon communications which were absolutely privileged under California law.

23  Fourth, the Cartwright Act claim fails because Plaintiff has not properly alleged an

24  antitrust injury.  Fifth, because state law issues predominate in this action, the Court

25  should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

26  Finally, to the extent the Court allows Plaintiff to proceed in federal court at all, the Court

27  should dismiss the unnamed "Doe Defendants" because this nebulous pleading standing

28  is disfavored in federal court.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-4-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

CASE NO. C 07-2486 WHA

## II.    THE FACT ALLEGATIONS OF THE COMPLAINT.

In 2003, as a partner of the East Bay Cardiac Surgery Center, Medical Group, (*see* Compl., ¶ 18), Plaintiff alleges that he "was the busiest surgeon performing cardiac procedures among the private doctors practicing at the Summit Campus." *Id.*, ¶ 19 at p. 6:1-2.  In "January and February 2004, [Plaintiff] performed four minimally invasive cardiac surgery procedures" at the Summit Campus.  *Id.*, ¶ 20 at p. 6:13-14. Plaintiff admits that he was the "only surgeon to have completed [such] procedures at that time" (*id.* at p. 6:21-22) and that he encountered problems with them such as "prolonged procedure time, increased blood usage and conversion to the more traditional approach" (*id.* at p. 6:15-16).  The Chair of the Surgery Department[5] became aware of the problems Plaintiff experienced and "called for a moratorium" on the procedures "pending further evaluation".  *Id.* at p. 6:20-21.

Plaintiff now contests the peer review process which followed.  Specifically, Plaintiff challenges 11 "Professional Review Actions" which form the basis of all five causes of action at issue.  *See* Compl., ¶ 40 (alleging that the Medical Center violated Section 1981 "[i]n taking the Professional Review Actions"); *id.*, ¶ 44 (same for Unruh claim); ¶ 48 (incorporating the Professional Review Actions into the Cartwright Act claim) and ¶ 49 (alleging that the Individual Defendants initiated "a sham peer review process" against Plaintiff which consisted of the Professional Review Actions); ¶54 (alleging that Defendants interfered with Plaintiff's right to practice medicine "[b]y taking the Professional Review Actions"); and ¶ 56 (that the "Professional Review Actions violate Business and Professions Code §§ 17200 *et seq.*").

Plaintiff alleges generally that the "Individual Defendants provided information to the SPRC, AHC, NMA and MEC that they knew to be false.[6]  Compl., ¶ 35

---

[5]  Dr. Steven Stanten was the Chair of the Department of Surgery and the Chair of the Surgical Peer Review Committee ("SPRC") at the time.  Compl., ¶ 19.

[6]  Plaintiff uses the acronyms "SPRC", "MEC", "AHC", and "NMA" throughout his Complaint and he defines those terms as follows:  (1) the "SPRC" was the Surgical Peer Review Committee at

(con't.)

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION, MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

CASE NO. C 07-2486 WHA

1   at p. 11:1-2. He specifically alleges that those communications, as well as the decisions

2   made based upon them, constitute the "Professional Review Actions" (*see id*: at p.

3   11:18-19): (1) the SPRC's decision to review [Plaintiff's] performance" (Id., ¶ 35 at pp.

4   11:2-3); (2) a report Dr. Isenberg sent to the Medical Board of California and the National

5   Practitioner Data Bank stating that Plaintiff "suspended use of minimally invasive

6   procedures while under investigation"[7] (*id.* at p. 11:5-7); (3) the MEC's and SPRC's

7   assignment of Plaintiff's peer review to the AHC (*id.* at p. 11:7-9); (4) "the SPRC's failure

8   to allow [Plaintiff] to address it regarding the issues (*id.* at p. 11:9-10); (5) "the AHC's

9   referral of the matter to the sham peer review outfit NMA" (*id.* at p. 11:10); (6) "the

10  suspension of [Plaintiff's] privileges based upon demonstrably false allegations that he

11  neglected a patient" (*id.* at p. 11:10-11); (7) "Dr. Isenberg's second unwarranted

12  suspension of [Plaintiff's] privileges" (*id.* at p. 11:11-12); (8) "the AHC's heavy reliance on

13  the false, malicious and self-serving representations of [Plaintiff's] partners Russell

14  Stanten and Iverson in their evaluation of the NMA report and [Plaintiff]s] performance"

15  (*id.* at p. 11:12-14); (9) "the AHC's factually groundless report and recommendation" (*id.*

16  at p. 11:14-15); (10) "the MEC's decision on that recommendation to require [Plaintiff] to

17  practice only with a proctor present" (*id.* at p. 11:15-16); and (11) "the MEC's decision to

18  continue the proctorship requirement despite the unanimous opinion of all six proctors

19  that the requirement should be immediately lifted" (*id.* at p. 11:16-18).

20

21  (Continued)

22  the Summit Campus in early 2004; its membership included Dr. Steven Stanten (Chair), Dr.
    Russell Stanten, and Dr. Iverson; (2) the "MEC" is not defined in the Complaint but is an
23  acronym Plaintiff uses to describe the "Medical Executive Committee" at the Summit Campus of
    the Medical Center (*see id.*, ¶ 12 p. 4:23) of which Dr. Isenberg was a member (*id.*); (3) the
24  "AHC" refers to the  Ad Hoc Committee" created by Dr. "Isenberg and the MEC" to review the
    four minimally invasive procedures Plaintiff performed and "other generalized concerns" raised
25  by the SPRC in April 2004 (*id.*, ¶¶ 22, 23); and (4) the "NMA" is defined as a "private, outside
    peer review organization called National Medical Audit" which reviewed ten of Plaintiff's cases
    "that had previously undergone peer review by the Summit Cardiac Surgery Peer Review
26  Committee; NMA's involvement in Plaintiff's peer review was performed at the request of the
    AHC (*id.*, ¶ 24).
27  [7] Plaintiff admits that he "voluntarily suspended performing minimally invasive procedures before
    the SPRC decided to investigate his performance". Compl., ¶ 22:22-23.

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-6-

1    The specific peer review actions complained of are: (1) Dr. Isenberg's

2    submission of a report to the Medical Board of California and the National Practitioner

3    Data Bank stating that Dr. Ennix had voluntarily suspended performing minimally

4    invasive procedures "while under investigation" (Compl., ¶ 22 at p. 7:21-25); (2) a May

5    11, 2005 summary suspension of Plaintiff's surgical privileges based upon Dr. Isenberg's

6    belief that Plaintiff "had placed [a] double valve patient in danger by not making rounds

7    on the patient" the day after the surgery and for "falsifying the [patient's medical record

8    by] claiming he had seen the patient [the day after surgery]" (id., ¶ 26 at pp. 8:27-9:2);[8]

9    (3) Dr. Isenberg's and the Medical Center's insistence "that no hearing rights attached to

10   the [summary suspension decision] because [Plaintiff] 'expressly stipulated' to surgical

11   assisting in lieu of suspension" (id., ¶ 28); (4) the MEC's September 7, 2005 decision to

12   reinstate Plaintiff's "surgical privileges subject to the requirement that he have a proctor

13   present" (id., ¶ 29 at p. 9:17-20)[9]; (5) Dr. Isenberg's December 30, 2005 summary

14   suspension of Plaintiff's "privileges without justification" for eight days (id., ¶ 31); and

15   (6) the MEC's April 19, 2006 decision to continue the proctoring restrictions through July

16   11, 2006" until a sufficient number of surgeries could be evaluated (id., ¶¶ 32-33).

17

18

19

20   _____

21   [8] Plaintiff admits that he "did not himself note his rounds on the double valve patient because he was busy" (Compl., ¶ 25 at p. 8:23-24), but he contends that the summary suspension was unwarranted because he produced a nurse's letter indicating that he had "seen" the patient more

22   than once the day after the surgery was performed (id., ¶ 26 at p. 9:3-4). Specifically, Plaintiff disagrees with the MEC's May 18, 2005 decision upholding the summary suspension pending "the outcome of the AHC" peer review proceeding. Id., ¶ 26 at p. 9:4-5.

23   [9] Plaintiff alleges that the MEC's proctoring decision was based upon the recommendations of the AHC which, in turn, were based upon the NMA's external peer review report criticizing

24   Plaintiff's performance in ten surgical cases. See Compl., ¶¶ 24, 29. Subsequently, however, Plaintiff avers that the Medical Center offered him two choices in mid-October 2005: "either

25   appeal the MEC's decision and remain suspended indefinitely or accept a condition that he have a proctor present at all his surgeries." Id., ¶ 30 at p. 9:21-23. Plaintiff alleges that he opted for

26   the proctoring restriction (id. at p. 9:24) and then "voluntarily separated from his business partners and began a solo cardiac surgery practice which he retains today" (id., ¶ 30 at p. 9:24-

27   27). The business partners Plaintiff chose to separate from were Dr. Iverson, Dr. Russell Stanten and Junaid Khan, M.D. Id., ¶ 7.

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-7-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

CASE NO. C 07-2486 WHA

1    Thus, the entire Complaint is based upon communications made during or

2  disciplinary recommendations arising out of peer review proceedings concerning

3  Plaintiff's performance at Summit.

4  **III.    ARGUMENT.**

5      **A.    The Motion To Dismiss Standard.**

6          "A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of

7  the pleadings." *Silvas v. E\*Trade Mortg. Corp.*, 421 F. Supp. 2d 1315, 1317 (S.D. Cal.

8  2006); *see also North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

9  1983). "Dismissal is appropriate where the Complaint lacks a cognizable legal theory."

10  *Id.*; *see also Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir.

11  1984); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) ("Rule 12(b)(6) authorizes a

12  court to dismiss a claim on the basis of a dispositive issue of law."). Although the court

13  must assume the Complaint's factual allegations are true, "legal conclusions need not be

14  taken as true merely because they are cast in the form of factual allegations." *Silvas*,

15  421 F. Supp. 2d at 1317. "Nor is the court required to accept as true allegations that are

16  merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

17  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Clegg v.*

18  *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)).

19      **B.    The Court Should Dismiss the Complaint, or Alternatively Each Cause
            of Action Alleged Therein, Because it Fails to Allege that Plaintiff Set
20          Aside the Peer Review Decisions in a Mandamus Action Before
            Instituting His Claims For Relief.**
21
            In *Westlake Comm. Hosp. v. Los Angeles Superior Ct. (Kaiman)*, 17 Cal.
22
    3d 465, 483-484 (1976), the California Supreme Court established the rule that a doctor
23
    whose staff privileges were modified as a result of hospital peer review may not sue the
24
    hospital or the individuals involved in the decision without first taking all necessary steps
25
    to have the peer review decisions overturned:
26
            [B]efore a doctor may initiate litigation challenging the
27          propriety of a hospital's denial or withdrawal of privileges, he
            must exhaust the available internal remedies afforded by the
28          hospital. As we explain, this exhaustion of remedies principle

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-8-

has long been applied in suits attacking the actions of comparable "private associations," and we conclude that the doctrine applies when a doctor sues in tort for monetary damages as well as when he seeks a judicial order compelling reinstatement or admission.

*Id.* at 469.

The holding and reasoning of *Westlake* apply squarely in this case. Plaintiff was required to take all administrative steps and then, if still aggrieved, to seek a writ of mandate reversing the challenged actions **before** bringing this lawsuit. *See id.* ("an aggrieved doctor must first succeed in setting aside the quasi-judicial decision in a mandamus action before he may institute a tort action for damages"). Because the Complaint fails to allege that Plaintiff sought a writ of mandate, each alleged cause of action fails as a matter of law. *See id.*; *see also Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 651 (9th Cir. 1988) (holding that in federal court "*Westlake* applies to all cases where a quasi-judicial decision is the basis of a cause of action" and therefore "[u]ntil the review committee's decision is overturned by a writ of mandate, it is presumed correct and a damage action based on state law may not be maintained").

First, Plaintiff fails properly to allege that he took any administrative steps with respect to most of the peer review decisions at issue. Indeed, Plaintiff admits that he (1) "voluntarily suspended performing minimally invasive valve procedures (Compl., ¶ 22); (2) proposed "surgical assisting" restrictions which the MEC accepted (*id.*, ¶ 27); and (3) agreed to certain proctoring restrictions (*id.*, ¶ 30). He does not allege that he pursued a hearing or any other administrative action contesting these decisions. Nor does Plaintiff allege that his efforts to overturn these decisions, if any, were thwarted.[10] The omissions are fatal to his claims.

---

[10]  Similarly, Plaintiff contests Dr. Isenberg's submission of an 805 Report to the California Medical Board (*see id.*, ¶ 22 at p. 7:21-25) as well Dr. Isenberg's December 30, 2005 summary suspension of Plaintiff's privileges "without justification" for eight days (*id.*, ¶ 31). He also complains of the MEC's April 19, 2006 decision to continue the proctoring restrictions through July 11, 2006" until a sufficient number of his surgeries could be evaluated (*id.*, ¶¶ 32-33). But

(con't.)

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-9-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

CASE NO. C 07-2486 WHA

1    Second, Plaintiff's claim that he was denied a hearing is similarly

2  unavailing.  *See* Compl., ¶ 28 at p. 9:8-12 (alleging that Plaintiff "requested a hearing

3  pursuant to Article VIII, Section 8.36 of the Medical Staff Bylaws to review [his May 11,

4  2005] summary suspension" and was denied "because Dr. Ennix 'expressly stipulated' to

5  surgical assisting in lieu of suspension").  Even if Plaintiff was denied a hearing, that

6  allegation alone does not entitle him to proceed with this lawsuit.  Rather, "Code of Civil

7  Procedure section 1085 anticipates the arbitrary or improper refusal by an association to

8  hold a hearing and authorizes resort to a writ of mandate to compel such a hearing."

9  *Payne v. Anaheim Memorial Med. Cntr.*, 130 Cal. App. 4th 729, 745 (2005) (internal

10  citation omitted).  Indeed, the existence of § 1085 mandamus "means that [Plaintiff's]

11  recourse is elsewhere than in an immediate superior court action for damages and other

12  relief."  *Kaiser Foundation Hospitals v. Superior Court*, 128 Cal. App. 4th 85, 105-106

13  (2005).  "Specifically, [Plaintiff] could have sought a writ of mandate from the superior

14  court to compel the Hospital to begin the hearing."  *See id.*  Plaintiff alleges that he filed

15  no such action.  Therefore, under *Payne* and *Kaiser Foundation*, Plaintiff's claims based

16  upon denied hearing rights fail.

17    If Plaintiff did not agree with the underlying decisions, he was obligated to

18  exhaust his administrative remedies under *Westlake* or *Kaiser Foundation Hospitals* by

19  pursuing a hearing and then seeking to overturn any adverse decision.  Plaintiff cannot

20  evade these requirements by disingenuously alleging that he "exhausted all

21  administrative remedies available to him." *See* Compl., ¶ 36 at p. 11:25.  To begin with,

22  the Court is not "required to accept as true allegations that are merely conclusory,

23  unwarranted deductions of fact, or unreasonable inferences." *Sprewell*, 266 F.3d at 988;

24  (citing *Clegg,* 18 F.3d at 754-55).  The Court should disregard paragraph 36 on this

25

26  (Continued)

27  the Complaints fails to allege that Plaintiff took **any** action to overturn these decisions prior to
filing suit.

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-10-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

CASE NO. C 07-2486 WHA

1   basis.  Further, Plaintiff intentionally obscures the mandamus issue by alleging that he

2   exhausted only the remedies he perceived as "available to him."  Compl., ¶ 36.  The

3   principles described above apply regardless of Plaintiff's subjective perception.

4           Finally, the Court may dismiss the Complaint and each individual cause of

5   action asserted therein with prejudice.  Although the Complaint should be dismissed on

6   its face, Plaintiff likely will argue that any such dismissal be made with leave to amend.

7   The Court, however, may deny leave to amend where amending the Complaint would be

8   futile.  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("district court does not

9   err in denying leave to amend where the amendment would be futile").  Plaintiff cannot

10  allege that he overturned any of the Professional Review Actions through a mandamus

11  proceeding without perjuring himself.  Thus, any contrary amendments would be futile.

12          Therefore, Defendants respectfully request that the Court dismiss with

13  prejudice the Complaint or, alternatively, each cause of action asserted therein.

14      **C.    The Court Should Dismiss Plaintiff's First Cause of Action for
             Violations of Section 1981 Because the Complaint Fails to State a
15           Claim Upon Which Relief May Be Granted.**

16          Plaintiff's first cause of action must be dismissed because the Complaint

17  fails to allege the existence a contractual relationship between Plaintiff and the Medical

18  Center sufficient to state a claim for relief under Section 1981.  *See Domino's Pizza*, 546

19  U.S. at 480 (holding that "Section 1981 plaintiffs must identify injuries flowing from a

20  racially motivated breach of their own contractual relationship, not of someone else's.").

21          In *Domino's Pizza*, the Supreme Court ruled that a plaintiff "who lacks any

22  rights under an existing contractual relationship with the defendant, and who has not

23  been prevented from entering into such a contractual relationship" may not file suit under

24  Section 1981.  546 U.S. at 472, 480.  The *Domino's Pizza* plaintiff (McDonald) was the

25  "sole shareholder and president of JWM, Investments, Inc." *Id.*, at 472.  JWM and

26  Domino's Pizza (rather than McDonald and Domino's Pizza) entered into several

27  contracts through which JWM would construct restaurants and lease them to Domino's.

28  *Id.* "The gravamen of McDonald's complaint was that Domino's had broken its contracts

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION, MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

-11-

CASE NO. C 07-2486 WHA

1    with JWM because of racial animus toward McDonald, and that the breach had harmed

2    McDonald personally by causing him 'to suffer monetary damages'." *Id.* at 473.  In

3    deciding to maintain the contractual privity requirement for Section 1981 claims, the

4    Supreme Court emphasized that it has "never retreated from what should be an obvious

5    reading of the text of the statute:

6               *Section 1981* offers relief when racial discrimination blocks
                the creation of a contractual relationship, as well as when
7               racial discrimination impairs an existing contractual
                relationship, so long as plaintiff has or would have rights
8               under the existing or proposed contractual relationship.

9    *Id.* at 476.  Therefore, because no contractual relationship was alleged to exist between

10   the plaintiff and the defendant, the Court dismissed the Section 1981 claim pursuant to

11   Rule 12(b)(6).  *Id.* at 474, 480.

12            Plaintiff's Section 1981 here claim fails for similar reasons.  Plaintiff has not

13   alleged (and cannot allege) a direct contractual relationship with the Medical Center

14   because none exists.  Plaintiff does allege that the Professional Review Actions (defined

15   above) and "discrimination concerned [Plaintiff's] abilities to perform his contractual

16   duties with Alta Bates Summit and his patients and [Plaintiff's] abilities to enjoy the

17   benefits, privileges, terms, and conditions of those contractual relationships." Compl.,

18   ¶ 41.  But these general assertions are not sufficient to survive Defendants' motion to

19   dismiss unless they are supported by the remaining allegations of the Complaint.  *See*

20   *Clegg*, 18 F.3d at 756 (dismissing with prejudice a claim arising under Title II (42 U.S.C.

21   § 2000a) which was based upon a conclusory statement concerning the statute's

22   applicability but contained no allegations supporting that conclusion).  The Complaint

23   merely alleges that:

24          •  "During the period of time relevant to this suit, Dr.
               Ennix, Defendant Russell Stanten, Defendant Leigh
25             Iverson, and Junaid Khan, M.D. co-owned a cardiac
               surgery partnership known as East Bay Cardiac
26             Surgery Center, Medical Group (the "Surgery Center")
               (¶ 7 at p. 4);
27
            •  "In the fall of 2001, Dr. Ennix merged his practice with
28             that of Junaid Khan, M.D. , and Defendants Iverson

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-12-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF              CASE NO. C 07-2486 WHA
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

and Russell Stanten to form the [Surgery Center]"
(¶ 18 at p. 5:24-25);

- "In 2003 [and through the Surgery Center], Dr. Ennix was the busiest surgeon performing cardiac procedures among the private doctors practicing at the Summit Campus" (¶ 19 at p. 6:1-2); and

- "On October 25, 2005, Dr. Ennix voluntarily separated from his business partners, secured six staff cardiac surgeons from the Kaiser Permanente Medical Group to serve as proctors, and began a solo cardiac surgery practice which he retains today" (¶ 30 at p. 9:24-27).

These specific allegations do not support the general conclusion that "contractual duties" were created or that "contractual relationships" exist (or have ever existed) between the Medical Center and Plaintiff.[11] Those general conclusions should therefore be disregarded under *Clegg*. Without these conclusory references, Plaintiff fails properly to allege injuries flowing from a racially motivated breach of his own contractual relationship, rather than, for example, a contractual relationship between his former partnership (the Surgery Center) or his current solo practice and the Medical Center. Thus, his Section 1981 claim should be dismissed under *Domino's Pizza*.

Although the Section 1981 claim should be dismissed on its face, Plaintiff likely will argue that any such dismissal be made with leave to amend. The Court, however, may deny Plaintiff's leave request because any such amendment would be futile. *Saul*, 928 F.2d 829 at 843. Plaintiff is well aware that he does not have and has never had a direct contractual relationship with the Medical Center.[12] Thus, any

---

[11] Similarly, these allegations neither support nor refute (indeed, they utterly fail to address) the conclusion that Plaintiff owes contractual duties to or has a contractual relationship with either his or the Medical Center's patients.

[12] Indeed, Plaintiff admitted this fact at deposition. *See* McClain Decl., Exh. A (Plaintiff's Depo., Vol. I) at pp. 36-41 (admitting that Plaintiff never had a contract with the Medical Center), filed in support of Defendants' motion to strike. The Court need not consider Plaintiff's dispositive admission in ordering the requested relief. *See Clegg*, 18 F.3d 752 at 756 (dismissing with prejudice a federal claim based upon a conclusory allegation which was not supported elsewhere in the Complaint). However, the Court may, in its discretion, consider Plaintiff's admission in deciding whether to order dismissal of the Section 1981 claim with or without leave to amend.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-13-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

CASE NO. C 07-2486 WHA

1   amendment suggesting otherwise would be futile.  Therefore, Defendants respectfully

2   request that the Court dismiss Plaintiff's first cause of action with prejudice.

3   **D.    The Court Should Dismiss Plaintiff's Second, Third, Fourth and Fifth**
         **Causes of Action Because the State Law Claims Are Precluded By the**

4        **Absolute Privilege Contained in California Civil Code § 47.**

5             California Civil Code § 47 confers an absolute privilege upon

6   communications made "[i]n the proper discharge of an official duty" in an "official

7   proceeding authorized by law."  Civ. Code § 47(a) & (b)(3), (4).  As explained above,

8   peer review proceedings are one example of "official proceeding authorized by law" that

9   are absolutely privileged.  *Kibler*, 39 Cal. 4th at 202 (Section 47 includes "within that

10  statute's official-proceedings privilege the proceedings of a medical peer review

11  committee.").  The absolute privilege applies regardless of whether the communications

12  were made with an improper motive.  *Joel v. Valley Surgical Ctr.*, 68 Cal. App. 4th 360,

13  372 (1998) ("Therefore, even if Dr. Joel was able to prove ValleyCare's report to this

14  agency was improperly motivated, the communication is still entitled to absolute

15  immunity.").

16            Indeed, courts have applied § 47 in circumstances analogous to the facts

17  of this case.  For example, in *Ascherman v. Natanson,* 23 Cal. App. 3d 861. 864 (1972),

18  a physician who was the subject of a hospital peer review sued another physician

19  alleging false statements made in preparation for a peer review hearing.  The Court ruled

20  that the statements, even though not made during the hearing itself, were subject to an

21  absolute privilege.  *Id.* at 866-67.  In so ruling, the Court recognized the exceedingly

22  broad scope of § 47.  Specifically, communications are absolutely privileged "if they are

23  some way related to or connected with a pending or contemplated action." *Id.* at 865.

24  Similarly, the Court in *Joel*, 68 Cal. App. 4th at 371, held that a "report to the National

25  Practitioner Data Bank was absolutely privileged under Civil Code section 47."

26            In addition to § 47, a second absolute privilege is created by California

27  Business & Professions Code § 805(j), which expressly provides that "[n]o person shall

28  incur **any** civil or criminal liability as the result of making any report required by this

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-14-

1    section" (emphasis added).[13]  Here, applying both § 47 and § 805(j), each of the

2    "Professional Review Actions" challenged by Dr. Ennix are either "in some way related to

3    or connected with" or involve reports to the Medical Board of California and the National

4    Practitioner Data Bank.  All of these actions are absolutely privileged and therefore

5    cannot be used as the basis for liability.  Because the communications underlying the

6    Professional Review Actions are absolutely privileged, Plaintiff's state law causes of

7    action should be dismissed with prejudice.

8      E.     **The Court Should Dismiss Plaintiff's Third Cause of Action For**
           **Violations of the Cartwright Act Because Plaintiff Fails to State a**
9           **Claim Upon Which Relief May Be Granted.**

10         "To establish a [restraint of trade violation under the Cartwright Act,] a

11    Plaintiff must demonstrate three elements:  (1) an agreement, conspiracy, or

12    combination among two persons or business entities; (2) which is intended to harm or

13    unreasonably restrain competition; and (3) which actually causes injury to competition,

14    beyond the impact on the claimant, within a field of commerce in which the claimant is

15    engaged."  *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 811 (9th Cir. 1988)

16    (affirming dismissal of state antitrust claims for failure to satisfy these criteria)[14] (*citing*

17    *Rickards v. Canine Eye Registration Found.*, 783 F.2d 1329, 1332 (9th Cir. 1986), *cert.*

18

19
_____

20    [13] In particular, § 805(b)(3) requires that the "chief of staff of a medical or professional staff shall
file an 805 report with the relevant agency [e.g., the Medical Board of California]" if "[r]estrictions
21    are imposed, or voluntarily accepted, on staff privileges . . . for a cumulative total of 30 days or
more. . . ."  Plaintiff alleges that Dr. Isenberg was "the President of the Medical Staff at the
Summit Campus" (Compl., ¶ 12) and that "submitted [an 805] report to the Medical Board of
California" after Plaintiff "voluntarily suspended performing the minimally invasive procedures"
22    (*id.*, ¶ 22 at p. 7:21-24).  Thus, on its face, Dr. Isenberg's provision of a report concerning a
suspension of Plaintiff's privileges lasting for "fourteen months" (*see id.*, ¶ 34 at p. 10:16) was a
23    communication absolutely privileged under § 805(j).  In other words, Dr. Isenberg did what he
was required by law to do – i.e., file the 805 Report concerning Plaintiff's suspension, whether
24    the restriction on surgical privileges was voluntary or not.  *See Joel*, 68 Cal. App. 4th at 371
(dismissing physician's complaint based on a § 805 Report because that the reports issued by
25    the defendant hospital were not actionable under the absolute immunity provisions of § 805).
[14] *McGlinchy* involved claims arising under both the Sherman Act and the Cartwright Act.  845
26    F.2d at 810.  The 9th Circuit recognizes that "Cartwright Act claims raise basically the same
issues as do Sherman Act claims" and that "[its] conclusion with regard to the Sherman Act
27    claims applies with equal force to appellants' Cartwright Act claims."  *McGlinchy*, 845 F.2d at
812 n. 4.

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-15-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

CASE NO. C 07-2486 WHA

*denied* 479 U.S. 851. "To determine whether a practice unreasonably restrains trade, [the Ninth Circuit applies] a 'rule of reason' analysis." *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1410 (9th Cir. 1991) (affirming grant of summary judgment of antitrust claims concerning the exclusion of a class of nonphysician anesthesia providers from a hospital). Under *McGlinchy*:

> Proof that the defendant's activities had an impact upon competition in a relevant market is an absolutely essential element of the rule of reason case. It is the impact upon competitive conditions in a definable market which distinguishes the antitrust violation from the ordinary business tort.

845 F.2d at 812-813. Thus, in order to proceed with his Cartwright Act claim, Plaintiff must first plead (and ultimately must prove) both the relevant market and a competitive injury. *Id.* at 813. Moreover, these elements must be pled with specificity. *G.H.I.I. v. Mts, Inc.*, 147 Cal. App. 3d 256, 265 (1983) (requiring a "high degree of particularity in the pleading of Cartwright Act violations") (*quoting Chicago Title Ins. Co. v. Great Western Financial Corp.*, 69 Cal.2d 305, 326-328 (1968)). Plaintiff's Cartwright Act claim should be dismissed because it fails properly to allege either the relevant market or a competitive injury.

### 1. Plaintiff's Cartwright Act Claim Should Be Dismissed For Failure to Allege a Relevant Market.

Plaintiff's Cartwright Act claim fails because the Complaint does not define the relevant market. *See McGlinchy*, 845 F.2d at 813. Plaintiff alleges that the "purpose of the conspiracy was to restrain trade by eliminating Dr. Ennix from the pool of lead cardiac surgeons available in his region." Compl., ¶ 50. This is not a definable market. Indeed, Plaintiff does not describe the region he is referring to and he does not describe what the phrase "pool of lead cardiac surgeons" means. Nor is there any indication of the number of hospitals operating in this "market" or the number of "lead cardiac surgeons" practicing within it. Plaintiff does allege, however, that he is a "lead cardiac surgeon" and that he "currently" has staff privileges at six different hospitals in Northern California. *Id.*, ¶ 5 at p. 3:11-14. Presumably, the market is some larger, undefined

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1    region which contains hospitals at which Plaintiff's privileges actually were eliminated.

2    The present allegations, however, fail to support a claim for relief under the Cartwright

3    Act and the Court should dismiss the third cause of action.

4    **2.    Plaintiff's Cartwright Act Claim Should Be Dismissed For
        Failure to Allege a Competitive Injury.**

5

6    Plaintiff's Cartwright Act claim fails because it alleges an injury to Plaintiff

7    alone, rather than an injury to competition.  "It is injury to the market or to competition in

     general, not merely injury to an individual or individual firms that is significant" in a

8    Cartwright Act claim.  *McGlinchy*, 845 F.2d at 811 (*citing Ralph C. Wilson Indus.* v.

9    Chronicle Broadcasting Co., 794 F.2d 1359, 1363 (9th Cir. 1986); *Fine v. Barry Enright*

10   *Prods.*, 731 F.2d 1394, 1399 (9th Cir. 1984), *cert. denied*, 469 U.S. 881; *see also Hilton*

11   *v. Children's Hosp.--San Diego*, 2007 U.S. Dist. LEXIS 16517, *16 (S.D. Cal. Mar. 7,

12   2007) (holding that "[i]n the absence of a showing that the market as a whole has been

13   affected, the fact that one competitor must practice elsewhere is not an antitrust injury.");

14   *Stationary Eng'rs Local 39 Health & Welfare Trust Fund v. Philip Morris, Inc.*, 1998 U.S.

15   Dist. LEXIS 8302. *28-*29 (N.D. Cal. 1998) (holding that "antitrust claims are an

16   inappropriate remedy" where "plaintiff's complaint ultimately seeks recovery for personal

17   injury"); *Cel-Tech Communications v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 186 (Cal.

18   1999) ("Injury to a competitor is not equivalent to injury to competition; only the latter is

19   the proper focus of antitrust laws.").

20   Here, Plaintiff asserts that (1) the Individual Defendants conspired "to

21   impose unwarranted and professionally and financially devastating restrictions on his

22   surgical privileges" (Compl., ¶ 49); (2) the purpose of the conspiracy was to eliminate

23   him "from the pool of lead cardiac surgeons available in his region" (*id.*, ¶ 50) and (3) he

24   was the only one injured by the alleged conspiracy (*id.*, ¶ 51 (Plaintiff "suffered damages

25   proximately caused by Defendants' conspirational conduct")).  These allegations

26   describe an ordinary business tort, not an antitrust violation.  Indeed, each allegation is

27   specific to Plaintiff rather than to the market as a whole or to competition generally.

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-17-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

CASE NO. C 07-2486 WHA

1   Even assuming that Plaintiff is a competitor of the Individual Defendants,[15] his third

2   cause of action alleges nothing more than the economic injuries he incurred as a result

3   of peer review.  And "economic injury to a competitor does not equal injury to

4   competition." *McGlinchy*, 845 F.2d at 812 (quoting *Cascade Cabinet Co.*, 710 F.2d at

5   1373.

6          Plaintiff's failure to allege injury to competition is a proper ground for

7   dismissal of the third cause of action.  *See McGlinchy,* 845 F.2d at 813*; see also Seattle*

8   *Totems Hockey Club v. National Hockey League* , 783 F.2d 1347, 1350 (9th Cir. 1986),

9   *cert. denied*, 479 U.S. 932.

**F.    The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims.**

          To be clear, Defendants contend that the Court may properly dismiss the

Complaint and each cause of action asserted therein, as described above.  If, however,

the Court decides not to do so, Defendants respectfully request that the Court either:

(a) decline to exercise supplemental jurisdiction over the state law claims once the

Section 1981 claim is dismissed; or (b) decline to exercise supplemental jurisdiction over

the state law claims whether or not the Section 1981 claim is dismissed.

**1.    If the Court Dismisses Plaintiff's Section 1981 Claim, It Should Decline to Exercise Supplemental Jurisdiction Over the Remaining State Law Claims Under 28 U.S.C. § 1367(c)(3).**

          28 U.S.C. Section 1367(c)(3) provides that the Court may decline to

exercise supplemental jurisdiction over pendant state law claims if "the district court has

dismissed all claims over which it has original jurisdiction."  *See also Dymits v. City &*

*County of San Francisco, 1998 U.S. App. LEXIS 30051*, *4 (9th Cir. 1998).  "It is

---

15        Defendants do not concede that Plaintiff is a competitor.  Indeed, Plaintiff alleges that "[d]uring the period of time relevant to this suit, Dr. Ennix, Defendant Russell Stanten, Defendant Leigh Iverson and Junaid Khan, M.D. co-owned a cardiac surgery partnership known as East Bay Cardiac Surgery Center, Medical Group."  Compl., ¶ 7.  Moreover, Plaintiff alleges that he "is a certified cardiac and thoracic surgeon" (*id.*, ¶ 5) but that Dr. Steven Stanten is a "general surgeon" (*id.*, ¶ 21 at p. 6:28) and Dr. Isenberg is an "obstetrician and gynecologist" (*id.*, ¶ 31 at p. 10:2).  It is absurd for Plaintiff to suggest that he and Drs. Steven Stanten and Isenberg ever competed for the same patients.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-18-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS                                              CASE NO. C 07-2486 WHA

1    appropriate to decline Supplemental jurisdiction under § 1367(c)(3) when it serves

2    objectives of economy, convenience and fairness to the parties, and comity." *M.J. v.*

3    *Clovis Unified Sch. Dist.*, 2007 U.S. Dist. LEXIS 28761, *38 (E.D. Cal. 2007) (citing

4    *Trustees of Construction Industry and Laborers Health, et al. v. Desert Valley Landscape*

5    *& Maintenance, Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)).  Provided the Court dismisses

6    Plaintiff's Section 1981 claim, the only federal question at issue here, then it should

7    dismiss Plaintiff's remaining state law claims with leave to re-file them in state court.

8            First, fairness dictates that the Court decline the exercise of supplemental

9    jurisdiction in this case.  To begin with, Plaintiff began this action in state court and he

10   cannot credibly maintain that he would suffer prejudice from any order the Court might

11   issue which requires Plaintiff to proceed with this case as he originally intended.  More

12   importantly, however, fairness requires that Plaintiff return to state court because

13   Defendants will be unduly prejudiced if the purely state law claims remain in federal

14   court.  For example, if the Court exercises supplemental jurisdiction over the pendant

15   claims, it is arguable that the state laws of privilege which the Defendants relied upon in

16   making the "peer review decisions" at issue would not apply.  *See e.g.*, *Burrows v.*

17   *Redbud Community Hospital District*, 187 F.R.D. 606, 610-11 (N.D. Cal. 1998) ("[s]tate

18   privilege law applies to purely state law claims brought in federal court pursuant to

19   diversity jurisdiction [,] … [s]tate law claims that are pendent to federal question cases

20   are governed by federal privilege law.").  Plaintiff should not be rewarded for alleging a

21   sham Section 1981 claim by allowing his pendant claims to proceed in federal court.

22           Second, judicial economy, convenience and comity would all best be

23   served by requiring the state court to resolve purely state law claims.  To begin with, the

24   pendant claims arise from the allegation that "Defendants sponsored, initiated and/or

25   participated in a lengthy sham peer review process that falsely sought to blame Dr.

26   Ennix for complications some patients experienced during or following cardiac surgery".

27   Compl., ¶ 2 at p. 2:1-4.  The California legislature elected to "opt out" of the federal peer

28   review system embodied in the Health Care Quality Improvement Act (42 U.S.C.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

1   §§ 11101 *et seq.*) and to "design its own peer review system." B&P § 809(a)(2). The

2   state courts are better equipped to decide purely state law issues arising out of a

3   complex state regulatory scheme.

4          Third, this case remains at a preliminary stage. Dismissing the pendant

5   claims now and requiring Plaintiff to proceed with them in state court will not impose a

6   significant financial burden on the parties.

7          Therefore, Defendants respectfully request that the Court dismiss Plaintiffs'

8   second, third, fourth and fifth causes of action by declining to exercise supplemental

9   jurisdiction over them.

10         **2.    If the Court Allows Plaintiff to Proceed With His Section 1981**
           **Claim, It Should Decline to Exercise Supplemental Jurisdiction**
11         **Over the Pendant Claims Under 28 U.S.C. § 1367(c)(2).**

12         "[T]he federal court need not 'tolerate a litigant's effort to impose upon it

13   what is in effect only a state law case.'" *Johnson v. Calagna*, 2006 U.S. Dist. LEXIS

14   85252, *2-*3 (E.D. Cal. 2006). Instead, the Court may decline to exercise supplemental

15   jurisdiction over Plaintiff's state law claims if the state claims "substantially predominate[]

16   over the claim or claims over which the district court has original jurisdiction." 28 U.S.C.

17   § 1367(c)(2). Once it becomes clear "that a state claim constitutes the real body of a

18   case, to which the federal claim is only an appendage, the state claim[s] may fairly be

19   dismissed." *Id.* at *3. In deciding whether to dismiss the pendant claims, the Court

20   should evaluate considerations of judicial economy, convenience, fairness and comity.

21   *Id.* The court, however, is not required to provide any reasons for a dismissal under 28

22   U.S.C. § 1367(c)(2). *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478-79

23   (9th Cir. 1998) ("the district court did not abuse its discretion by failing to provide stated

24   reasons for its dismissal under 28 U.S.C. § 1367(c)(2)").

25

26

27

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-20-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF                    CASE NO. C 07-2486 WHA
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

1    Plaintiff's state law claims plainly predominate here.  Of the 16 claims at

2    issue,[16] only 1 is premised upon a federal question:  the Section 1981 claim against the

3    Medical Center.  As described above, that claim is specious at best and is plainly

4    secondary to the discrimination, conspiracy, tortious interference and unfair business

5    practices issues which will drive this litigation.  Moreover, each of the claims asserted

6    against the Individual Defendants are state law causes of action (a total 12 of the 16

7    claims at issue).  Further, Plaintiff's decision to commence this action in state court

8    irrefutably demonstrates that state court issues predominate here.   Given that the vast

9    majority of claims at issue are directed against the Individual Defendants and are based

10   upon state law causes of action, the Court should find that the state law issues

11   predominate here.

12        For the reasons set forth in the immediately preceding Section, fairness,

13   judicial economy, convenience and comity are all best-served by dismissing the pendant

14   claims now.

15        Therefore, Defendants respectfully request that the Court dismiss Plaintiff's

16   second, third, fourth and fifth causes of action by declining to exercise supplemental

17   jurisdiction over them.

18   **G.    To the Extent The Court Allows Plaintiff to Proceed With His Claims in
            Federal Court, the Doe Defendants Should Be Dismissed from the**
19          **Complaint.**

20        Insofar as Plaintiff is allowed to proceed at all before this Court, the

21   unnamed or "Doe" defendants should be dismissed.  *See Gillespie v Civiletti*, 629 F.2d

22   637, 642 (9th Cir 1980) ("the use of a 'John Doe' defendant is disfavored."); *see also*

23   *Delos Santos v. Potter*, 2007 U.S. Dist. LEXIS 25918, *6 (N.D. Cal. Mar. 26, 2007) ("The

24   court disfavors such nebulous pleading because (1) a Doe defendant cannot be

25   

26   [16]  The Complaint contains five causes of actions alleged variously against five defendants.  The
         first two causes of action are alleged against the Medical Center alone.  The third cause of action
27       is alleged against each of the four Individual Defendants.  And the last two causes of action are
         alleged separately against each of the five defendants.  There are, thus, sixteen claims at issue.

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

NOTICE OF MOTION, MOTION AND MEMORANDUM OF        CASE NO. C 07-2486 WHA
POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

1 | effectively served, (2) the court cannot determine that a Doe defendant is a real person

2 | or entity who could be sued in federal court, (3) the court cannot determine if a Doe

3 | defendant is subject to any type of immunity and (4) the court cannot determine if

4 | plaintiff's suit could survive a Doe defendant's motion to dismiss or motion for summary

5 | judgment." *Id.* The Complaint provides no indication of the effort Plaintiff took to identify

6 | Doe Defendants prior to filing this lawsuit. Moreover, it is clear that Plaintiff had no

7 | regard for the Federal Rules of Civil Procedure prior to filing the Complaint. *See* Compl.,

8 | ¶ 14 (alleging that Plaintiff "sues such [Doe] Defendants by fictitious names pursuant to

9 | California Code of Civil Procedure § 474). The Court should not countenance such

10 | shoddy pleading. Therefore, Defendants respectfully request that the Court dismiss

11 | each of the "Doe" defendants from the Complaint insofar as it allows Plaintiff to proceed

12 | with any claims in federal court.

13 | **IV.    CONCLUSION.**

14 | For each of the reasons described above, Defendants respectfully request

15 | the Court dismiss the Complaint with Prejudice. Alternatively, Defendants request the

16 | Court dismiss each of Plaintiff's individual causes of action.

17 | DATED:  May 30, 2007                    Respectfully submitted,

18 |                                          KAUFF McCLAIN & McGUIRE LLP

20 |                                          By: _____/S/_____

21 |                                                MATTHEW P. VANDALL

22 |                                          Attorneys for Defendants
23 |                                          ALTA BATES SUMMIT MEDICAL CENTER; RUSSELL D. STANTEN, M.D., LEIGH I.G. IVERSON, M.D., STEVEN A. STANTEN, M.D., and WILLIAM M. ISENBERG, M.D., Ph.D.

115964.v1

-22-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS          CASE NO. C 07-2486 WHA