MAUREEN E. McCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
MATTHEW P. VANDALL (State Bar No. 196962)
Email: vandall@kmm.com
KAUFF McCLAIN & McGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone:   (415) 421-3111
Facsimile:   (415) 421-0938

Attorneys for Defendants
 ALTA BATES SUMMIT MEDICAL CENTER,
RUSSELL D. STANTEN, M.D., LEIGH I.G.
IVERSON, M.D., STEVEN A. STANTEN, M.D., and
WILLIAM M. ISENBERG, M.D., Ph.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX, JR., M.D., as an individual and in his representative capacity under Business & Professions Code Section 17200 et seq.,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL D. STANTEN, M.D., LEIGH I.G. IVERSON, M.D., STEVEN A. STANTEN, M.D., WILLIAM M. ISENBERG, M.D., Ph.D., ALTA BATES SUMMIT MEDICAL CENTER and does 1 through 100,<br><br>Defendants. | CASE NO. C 07-2486 WHA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**DATE:** July 5, 2007<br>**TIME:** 8:00 a.m.<br>**DEPT:** Ctrm. 9, 19th Flr.<br>**JUDGE:** Hon. William H. Alsup<br><br>**COMPLAINT FILED:** May 9, 2007<br>**TRIAL DATE:** No date set. |

The motion to dismiss the Complaint of Plaintiff Coyness L. Ennix, Jr., M.D., ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Alta Bates Summit Medical Center (the "Medical Center"); Russell D. Stanten, M.D.; Leigh I.G. Iverson, M.D.; Steven A. Stanten, M.D.; and William M. Isenberg, M.D., Ph.D. ("Defendants") came on for hearing on July 5, 2007, at 8:00 a.m., before this Court, the Honorable William H. Alsup presiding.  Maureen E. McClain and Matthew P. Vandall,

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS                                    CASE NO. C 07-2486 WHA

Kauff, McClain & McGuire LLP, appeared as attorneys for the Defendant and G. Scott Emblidge of Moscone, Emblidge and Quadra, LLP, appeared as attorney for Plaintiff.

After full consideration of the parties' papers, as well as the argument of counsel, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### A. Plaintiff's First Cause of Action Is Dismissed With Prejudice.

Plaintiff's first cause of action for race discrimination in violation of 42 U.S.C. section 1981 ("Section 1981") fails because the Complaint does not allege the existence of a contractual relationship between Plaintiff and the Medical Center sufficient to state a claim for relief under Section 1981. In *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 480 (2006), the Supreme Court ruled that a plaintiff "who lacks any rights under an existing contractual relationship with the defendant, and who has not been prevented from entering into such a contractual relationship" may not file suit under Section 1981.

Plaintiff has not alleged a direct contractual relationship between himself and the Medical Center. Rather, he alleges that that the Professional Review Actions (as those terms are defined in paragraph 35 of the Complaint) and "discrimination concerned [Plaintiff's] abilities to perform his contractual duties with Alta Bates Summit and his patients and [Plaintiff's] abilities to enjoy the benefits, privileges, terms, and conditions of those contractual relationships." Compl., ¶ 41. These general assertions are not supported by the remaining allegations of the Complaint which fail to describe whether a contract exists between Plaintiff and the Medical Center. Therefore, the Court disregards the conclusory allegations contained in paragraph 41. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (dismissing with prejudice a claim arising under Title II (42 U.S.C. § 2000a) which was based upon a conclusory statement concerning the statute's applicability but contained no allegations supporting that conclusion). Without these conclusory allegations, the Complaint fails properly to allege injuries flowing from a racially motivated breach of Plaitniff's contract with the

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-2-

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

CASE NO. C 07-2486 WHA

Medical Center rather than, for example, a contractual relationship between his former partnership (the East Bay Cardiac Surgery Center, Medical Group) or Plaintiff's current practice and the Medical Center. Thus, Plaintiff's Section 1981 claim should be dismissed under *Domino's Pizza*. 546 U.S. at 480 ("Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else's.").

Further, the Court finds that any amendments to the first cause of action would be futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("district court does not err in denying leave to amend where the amendment would be futile"). Plaintiff admitted at deposition that he is not aware any agreements between himself and the Medical Center; nor is he aware of any contractual agreements between himself and his patients which the Medical Center interfered with. *See* Exh. A to the Declaration of Maureen E. McClain at pp. 36-41.[1] Therefore, any amendments suggesting otherwise would be futile.

Because no set of facts may be alleged which will establish that Plaintiff had a direct contractual relationship with the Medical Center or that the Medical Center interfered in a contractual relationship between Plaintiff and his patients on account of race, the first cause of action is hereby DISMISSED WITH PREJUDICE.

B.  **The Court Should Dismiss Plaintiff's Second, Third, Fourth and Fifth Causes of Action Because the State Law Claims Are Precluded By the Absolute Privilege Contained in California Civil Code § 47.**

Plaintiff's second (Race Discrimination in Violation of the Unruh Civil Rights Act), third (Violation of the Cartwright Act), fourth (Interference with Right to Practice

---

[1] The Court did not consider these facts in dismissing the Complaint, however, the Court notes that it did review the deposition excerpts offered by Defendants in ruling that any amendments to the Complaint would be futile. Therefore, this Order is appropriate under Rule 12(b)(6) and not Rule 56 of the Federal Rules of Civil Procedure as Plaintiff may engage in no discovery that refutes the dispositive admission that he lacked a contractual relationship upon which to base his Section 1981 claim.

Profession) and fifth (Violation of Business and Professions Code section 17200) fail to state claims upon which relief may be granted.

California Civil Code § 47 confers an absolute privilege upon communications made "[i]n the proper discharge of an official duty" in an "official proceeding authorized by law." Civ. Code § 47(a) & (b)(3), (4). The peer review proceedings upon which these claims are based are one example of an "official proceeding authorized by law" that is absolutely privileged. *Kibler v. Northern Inyo County Local Hosp. Dist.*, 39 Cal. 4th 192, 202 (2006) (Section 47 includes "within that statute's official-proceedings privilege the proceedings of a medical peer review committee."). The absolute privilege applies regardless of whether the communications were made with an improper motive. *Joel v. Valley Surgical Ctr.*, 68 Cal. App. 4th 360, 372 (1998).

In addition to § 47, a second absolute privilege is created by California Business & Professions Code § 805(j), which expressly provides that "[n]o person shall incur any civil or criminal liability as the result of making any report required by this section" (emphasis added).[2] Here, applying both § 47 and § 805(j), each of the "Professional Review Actions" challenged by Dr. Ennix are either "in some way related to or connected with" or involve reports to the Medical Board of California and the National Practitioner Data Bank. All of these actions are absolutely privileged and therefore

---

[2] In particular, § 805(b)(3) requires that the "chief of staff of a medical or professional staff shall file an 805 report with the relevant agency [e.g., the Medical Board of California]" if "[r]estrictions are imposed, or voluntarily accepted, on staff privileges . . . for a cumulative total of 30 days or more. . . ." Plaintiff alleges that Dr. Isenberg was "the President of the Medical Staff at the Summit Campus" (Compl., ¶ 12) and that "submitted [an 805] report to the Medical Board of California" after Plaintiff "voluntarily suspended performing the minimally invasive procedures" (*id.*, ¶ 22 at p. 7:21-24). Thus, on its face, Dr. Isenberg's provision of a report concerning a suspension of Plaintiff's privileges lasting for "fourteen months" (*see id.*, ¶ 34 at p. 10:16) was a communication absolutely privileged under § 805(j). In other words, Dr. Isenberg did what he was required by law to do – i.e., file the 805 Report concerning Plaintiff's suspension, whether the restriction on surgical privileges was voluntary or not. *See Joel*, 68 Cal. App. 4th at 371 (dismissing physician's complaint based on a § 805 Report because that the reports issued by the defendant hospital were not actionable under the absolute immunity provisions of § 805).

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2800
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-4-

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

CASE NO. C 07-2486 WHA

cannot be used as the basis for liability. Because the communications underlying the Professional Review Actions are absolutely privileged, Plaintiff's second through fifth causes of action fail to state claims upon which relief may be granted.

Because each cause of action is based entirely upon the peer review proceedings and because the communications made during those proceedings are absolutely privileged, the Court rules that no set of facts may be alleged which will establish an entitlement to damages under the second through fifth causes of action. They should, therefore, be DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

DATED: _____

_____
Hon. William H. Alsup
United States District Court Judge

115983.v1

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-5-

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

CASE NO. C 07-2486 WHA