G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:   (415) 362-3599
Facsimile:   (415) 362-2006

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D., as an individual and in his representative capacity under Business & Professions Code § 17200 *et seq.*,<br><br>Plaintiff,<br><br>vs.<br><br>RUSSELL D. STANTEN, M.D., et al.,<br><br>Defendants. | Case No.: C 07-2486 WHA<br><br>**PLAINTIFF'S MOTION TO ALTER THE BRIEFING AND HEARING DATES RELATING TO DEFENDANTS' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE**<br><br>Date:   TBS<br>Time:   TBS<br>Dept.:  Ctrm. 9, 19th Floor<br>Judge:  Hon. William H. Alsup<br><br>Complaint Filed: May 9, 2007<br>Trial Date:      TBS |

1  Pursuant to Civil Local Rule 6-3, plaintiff hereby requests that the Court issue an
2  Order changing the briefing and hearing dates for defendants' Motion to Dismiss and
3  Special Motion to Strike. This motion is based on this memorandum, the Declaration of
4  G. Scott Embldige filed herewith, the pleadings in this case and such other and further
5  evidence and arguments as the Court may properly consider at any hearing on this
6  motion.

## RELIEF SOUGHT

8  Plaintiff respectfully seeks this Court's order setting the following briefing and
9  hearing schedule for defendants' Motion to Dismiss and Special Motion to Strike:

| | |
|---|---|
| Plaintiff's Opposition Papers Filed: | July 19, 2007 |
| Defendants' Reply Papers Filed: | August 2, 2007 |
| Hearing: | August 16, 2007 (or as soon thereafter as suits the Court) |

## FACTUAL BACKGROUND

This case alleges that Alta Bates Medical Center and individual members of the medical staff subjected plaintiff, a highly respected African American cardiac surgeon, to unlawful and unfair treatment in the course of a sham peer review process. (Emblidge Decl. ¶ 1.) On or about May 30, 2007, defendants filed a Motion to Dismiss plaintiff's complaint and a Special Motion to Strike plaintiff's complaint. Defendants noticed both motions to be heard by this Court on July 5, 2007, the minimum amount of time possible under the rules of this Court. (*Id.*) Defendants' counsel did not consult with plaintiff's counsel before setting these hearings. (*Id.*)

The next day, on Thursday, May 31, 2007, plaintiff's counsel, Scott Emblidge, wrote to counsel for defendants, Maureen McClain, requesting that defendants agree to move the hearing date. Mr. Emblidge explained to Ms. McClain: "These are critical and complicated motions involving complex legal issues. Under Local Rule 7-2, the Court encourages parties to stipulate or seek a Court order establishing longer notice periods for motions like these." (Emblidge Decl. ¶ 2, Exh. A.) Indeed, these motions go to the heart

1  of plaintiff's case. If they succeed, plaintiff is left without a remedy for the wrongs
2  alleged in his complaint. If they fail, plaintiff will have the opportunity to prove his case.
3  (Emblidge Decl. ¶ 2.)

4      Mr. Emblidge's May 31 letter explained that plaintiff's counsel could not possibly
5  respond adequately to these motions earlier than July 12 due to an unusually heavy
6  calendar involving multiple motions, depositions and hearings and a long-planned family
7  vacation, during which he would be out of state from June 14 until June 21. (Emblidge
8  Decl. ¶¶ 3-6.)   In light of these time constraints and importance of these motions, Mr.
9  Emblidge asked Ms. McClain to stipulate to the following schedule:

10     Plaintiff's Opposition Papers Filed:    July 12
11     Defendants' Reply Papers Filed:    July 26
12     Hearing:    August 9
13 (Emblidge Decl. ¶ 7.)

14     In response Ms. McClain insisted on a number of preconditions to any stipulation
15 to extend the schedule for defendants' motions. (Emblidge Decl. ¶ 8-11, Exh. B.) Ms.
16 McClain also pointed out that the Court was not available on the August 9 hearing date
17 plaintiff originally proposed and insisted on an August 2 hearing date instead. (Emblidge
18 Decl., Exh. B.)

19     Mr. Emblidge agreed to Ms. McClain's many preconditions, but did not agree to
20 the August 2 hearing date because he will be away at a week-long family vacation camp
21 in Santa Barbara on August 2. (Emblidge Decl. ¶ 12, 13, Exh. C.)  Accordingly, on June
22 4, Mr. Emblidge proposed a revised schedule with a hearing date of August 16, 2007.
23 (Emblidge Decl., Exh. C.)

24     Ms. McClain responded by email on June 4 rejecting this change. (Emblidge
25 Decl. ¶ 14, Exh. D.) After further efforts by plaintiff's counsel to resolve the dispute, Ms.
26 McClain responded that she would not agree to any extension beyond August 2 and told
27 plaintiff's counsel he should seek a court order if he needed more time. (Emblidge Decl.,
28 Exh. D.)

Mr. Emblidge cannot change his August family vacation plans, which are long-planned and paid for. (Emblidge Decl. ¶ 15.) Further, Mr. Emblidge is the lead attorney on this case and cannot delegate these critical hearings to other attorneys in his practice. (*Id.* ¶ 16.)

**ARGUMENT**

If this Court does not alter the briefing schedule as requested, plaintiff would be substantially harmed because plaintiff's counsel cannot respond adequately to these critically important motions with the minimum statutory notice due to an unusually heavy work load and family vacation.

In contrast, hearing these motions on August 16 rather than August 2 would not prejudice defendants, nor would it significantly impact the schedule for this case. Plaintiff agreed to Ms. McClain's conditions ensuring no prejudice to defendants' Special Motion to Strike by this minimal delay. Further, Plaintiff has not yet propounded discovery in this case. (*Id.* ¶ 17.) Finally, plaintiff would agree to change the date for the Case Management Conference to suit the Court's schedule and ensure that associated filings are due after the hearing on defendants' pending motions. (*Id.* ¶ 18.)

**CONCLUSION**

For the reasons stated herein, this Court should grant plaintiff's motion to alter the briefing and hearing dates on defendants two pending motions as detailed above.

Dated: June 5, 2007

Respectfully Submitted,

MOSCONE, EMBLIDGE & QUADRA, LLP

By: _____
G. Scott Emblidge
Rachel J. Sater
Andrew E. Sweet

Attorneys for Coyness L. Ennix Jr., M.D.