G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:    (415) 362-3599
Facsimile:    (415) 362-2006

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D., as an individual and in his representative capacity under Business & Professions Code § 17200 *et seq.,*<br><br>    Plaintiff,<br><br>    vs.<br><br>RUSSELL D. STANTEN, M.D., et al.,<br><br>    Defendants. | Case No.: C 07-2486 WHA<br><br>**DECLARATION OF G. SCOTT EMBLIDGE IN SUPPORT OF MOTION TO ALTER THE BRIEFING AND HEARING DATES RELATING TO DEFENDANTS' MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE**<br><br>**Date:    TBS**<br>**Time:   TBS**<br>**Dept.:   Ctrm. 9, 19th Floor**<br>**Judge:  Hon. William H. Alsup**<br><br>**Complaint Filed:  May 9, 2007**<br>**Trial Date:          TBS** |

    I, G. Scott Emblidge, declare:

    1.    I am a partner in the firm of Moscone, Emblidge & Quadra LLP, counsel for plaintiff Coyness Ennix, M.D., in this action.   I am licensed to practice law in the State of California and before this Court.  I have personal knowledge of the facts stated in this declaration.

2.      This case alleges that Alta Bates Medical Center and individual members of the medical staff subjected plaintiff, a highly respected African American cardiac surgeon, to unlawful and unfair treatment in the course of a sham peer review process. On or about May 30, 2007, defendants filed a Motion to Dismiss plaintiff's complaint and a Special Motion to Strike plaintiff's complaint. Defendants noticed both motions to be heard by this Court on July 5, 2007, the minimum amount of time possible under the rules of this Court. Defendants' counsel did not consult with me before setting these hearings.

3.      The next day, on Thursday, May 31, 2007, I wrote to counsel for defendants, Maureen McClain, requesting that defendants agree to move the hearing date. I explained to Ms. McClain: "These are critical and complicated motions involving complex legal issues. Under Local Rule 7-2, the Court encourages parties to stipulate or seek a Court order establishing longer notice periods for motions like these." Indeed, these motions go to the heart of plaintiff's case. If they succeed, plaintiff is left without a remedy for the wrongs alleged in his complaint. If they fail, plaintiff will have the opportunity to prove his case. I have attached a copy of my May 31 letter to Ms. McClain as Exhibit A to this declaration.

4.      In my May 31 letter I also explained I could not possibly respond adequately to these motions earlier than July 12. I informed Ms. McClain that "[o]ver the next two weeks I have an unusually heavy calendar including, among other things, filing the following briefs:

- A petition for review in the California Supreme Court
- An opposition to a petition for review in the California Supreme Court
- An opposition to a lengthy and complicated demurrer in San Francisco Superior Court
- An opposition to a motion to quash service based on lack of personal jurisdiction in San Francisco Superior Court
- An opposition to a motion to alter the pre-trial schedule in the United States District Court
- A motion to transfer venue from Santa Clara Superior Court to Contra Costa Superior Court (absent obtaining a stipulation)

- A motion to compel depositions (absent an agreement with opposing counsel)"

5.    In my letter I also explained that I "have to take the plaintiff's deposition and attend an ENE session in one federal case, defend a plaintiff's deposition in a state court case, and attend a 9th Circuit argument in another case – all before June 13."

6.    In addition, in my letter I explained that "on June 14 I leave for a long-planned family vacation. I will be out of state until Monday, June 21."

7.    In light of these time constraints and importance of these motions, I asked Ms. McClain to stipulate to the following schedule:

| | |
|---|---|
| Plaintiff's Opposition Papers Filed: | July 12 |
| Defendants' Reply Papers Filed: | July 26 |
| Hearing: | August 9 |

8.    Ms. McClain responded to me in writing on Friday, June 1, 2007. A copy of her letter is attached as Exhibit B to this declaration.

9.    Ms. McClain insisted on a number of preconditions to any stipulation to extend the schedule for defendants' motions. For example, she insisted that plaintiff stipulate that any continuance would not impair the Court's authority to decide the Special Motion to Strike and that plaintiff waive any argument that California Code of Civil Procedure section 425.16(f) precluded hearing the Special Motion to Strike on the continued date. She also insisted that plaintiff prepare a separate stipulation and order to continue the Case Management Conference and associated dates.

10.    Ms. McClain stated in her letter that if counsel agreed to these preconditions, Ms. McClain would stipulate to the following schedule.

| | |
|---|---|
| Plaintiff's Opposition Papers Filed: | July 12 |
| Defendants' Reply Papers Filed: | July 19 |
| Hearing: | August 2 |

11.    Ms. McClain correctly pointed out that the Court was not available on the hearing date plaintiff originally proposed: August 9, 2007.

12. On Monday, June 4, I wrote back to Ms. McClain. I agreed to her preconditions and drafted the two stipulations she demanded. A copy of my June 4 letter is attached to this declaration as Exhibit C.

13. I did make one change, however. Because my family is scheduled to be in midst of a week at a family vacation camp in Santa Barbara on the August 2 hearing date Ms. McClain proposed, I altered the schedule as follows:

Plaintiff's Opposition Papers Filed:     July 19, 2007
Defendants' Reply Papers Filed:     August 2, 2007
Hearing:     August 16, 2007

14. Ms. McClain sent me an email response on June 4 rejecting this change. I responded with an email explaining my family's vacation plans, and explaining that as the lead attorney on this case I could not delegate the handling of this hearing to another attorney in my office. Ms. McClain responded stating that she would not agree to any extension beyond August 2 and telling me I should seek a court order if I wanted more time. A copy of our email exchanges is attached as Exhibit D to this declaration.

15. The vacation my family takes at the Family Vacation Center in Santa Barbara is an annual event. We have been doing it for about seven years. We go the same week every year in order to spend time with the families we have met there over the years, who also return the same week. Our children have made friends with other "campers" and look forward to reuniting with them every year. We have already paid for this vacation.

16. While I have many capable attorneys in my office, I am the lead attorney in this case. I am who the plaintiff hired to represent him. These motions are likely to be the most important event in this case until a jury trial. I cannot delegate responsibility for the hearing on these motions to someone else.

17. Holding the hearing of these motions on August 16 rather than August 2 would not prejudice defendants, nor would it significantly impact the schedule for this case. Plaintiff agreed to Ms. McClain's conditions, which ensure no prejudice to

defendants' Special Motion to Strike by this minimal delay.  Plaintiff has not yet

propounded discovery in this case.  Further, plaintiff would agree to change the date for

the Case Management Conference to suit the Court's schedule and ensure that associated

filings are due after the hearing on defendants' pending motions.

    18.    There have been no previous time modifications in this case.

    I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Dated:  June 5, 2007                    _____
                                                    G. Scott Emblidge

EMBLIDGE DECLARATION                Case No. C 07-2486 WHA