# EXHIBIT A

LAW OFFICES OF
## MOSCONE, EMBLIDGE & QUADRA, LLP
MILLS TOWER
220 MONTGOMERY STREET, SUITE 2100
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE: (415) 362-3599  FAX: (415) 362-2006

May 31, 2007

Maureen E. McClain
Matthew P. Vandall
Kauff, McClain & McGuire LLP
One Post Street, Suite 2600
San Francisco, California 94104

Re: *Ennix v. Stanten, et al.*

Dear Maureen and Matt:

We have received the motions you filed. You scheduled both motions to be heard at the earliest possible date: July 5. With that hearing date, plaintiffs' opposition papers would need to be filed no later than June 14.

These are critical and complicated motions involving complex legal issues. Under Local Rule 7-2, the Court encourages parties to stipulate or seek a Court order establishing longer notice periods for motions like these.

I cannot possibly respond adequately to these motions earlier than July 12. Over the next two weeks I have an unusually heavy calendar including, among other things, filing the following briefs:

- A petition for review in the California Supreme Court
- An opposition to a petition for review in the California Supreme Court
- An opposition to a lengthy and complicated demurrer in San Francisco Superior Court
- An opposition to a motion to quash service based on lack of personal jurisdiction in San Francisco Superior Court
- An opposition to a motion to alter the pre-trial schedule in the United States District Court
- A motion to transfer venue from Santa Clara Superior Court to Contra Costa Superior Court (absent obtaining a stipulation)
- A motion to compel depositions (absent an agreement with opposing counsel)

Ms. McClain and Mr. Vandall                                    May 31, 2007
Page 2

     I also have to take the plaintiff's deposition and attend an ENE session in one federal case, defend a plaintiff's deposition in a state court case, and attend a 9th Circuit argument in another case – all before June 13.

     In addition, on June 14 I leave for a long-planned family vacation. I will be out of state until Monday, June 21.

     Given my schedule and the importance and complexity of these motions, I ask that you stipulate to the following briefing and hearing schedule:

| | |
|---|---|
| Plaintiff's Opposition Papers Filed: | July 12 |
| Defendants' Reply Papers Filed: | July 26 |
| Hearing: | August 9 |

Please let me know whether you will stipulate to these changes.

     Sincerely,

     MOSCONE, EMBLIDGE & QUADRA, LLP

     G. Scott Emblidge

# EXHIBIT B



**KM&M**

K A U F F   M c C L A I N  &  M c G U I R E   L L P

ONE POST STREET · SUITE 2600
SAN FRANCISCO, CA 94104

TELEPHONE (415) 421-3111
TELECOPIER (415) 421-0938

NEW YORK
SAN FRANCISCO
LOS ANGELES
WWW.KMM.COM

June 1, 2007

**Sent By E-mail**

G. Scott Emblidge, Esq.
Moscone, Emblidge & Quadra, LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94104

Re:   <u>Ennix v. Alta Bates Summit Medical Center, et al.</u>

Dear Scott:

This letter responds to your May 31, 2007 request for a deferral of the hearing upon Defendants' Motion to Dismiss and Special Motion to Strike the Complaint. We are willing to agree to an extension of the hearing date as a professional courtesy to you, as long as such agreement does not impose additional costs or burdens on the defendants, who have already been subjected, in our view, to significant detriment arising exclusively from their participation or claimed participation in the important public function of peer review. We do not agree that Defendants' motions present complex legal issues; the points made in our motions are based on well-established case law. Moreover, a central point of CCP § 425.16 is to allow defendants faced with a SLAPP action to obtain expedited relief. Noticing the motions to be heard as soon as possible is consistent with the purposes of the statute. Indeed, had Plaintiff continued his case in the court where he initiated it (as opposed to re-filing in federal court after I conveyed to you that we would be filing an anti-SLAPP motion), there would have been no latitude regarding the hearing date. See, CCP § 425.16 (f).

Our proposal, which we believe balances the above interests, is:

1.     The hearing on Defendants' Motion to Dismiss and Special Motion to Strike be continued until August 2, 2007. Judge Alsup is unavailable on August 9, 2007, the date you proposed. Under Local Rule 7-3, the opposition would be due on July 12, 2007 with the reply papers due on July 19, 2007. The Stipulation and Proposed Order providing for such continuance should state both that the continuance is at Plaintiff's request and that the continuance will not impair the Court's authority to hear and decide the Special Motion to Strike. Consistent with the latter representation, the stipulation should contain an express waiver of any argument on Plaintiff's part that CCP § 425.16 (f) precludes hearing the Special Motion to Strike on the continued date.



KAUFF McCLAIN & McGUIRE LLP

G. Scott Emblidge, Esq.
June 1, 2007
Page 2

      2.     You provide the Court with immediate written notice that you concur in Defendants' Motion to file records under partial seal. This will facilitate filing of the Motion to Strike, and is compelled by Dr. Ennix's obligations under Section 13.3 of the Bylaws.

      3.     The parties submit a Stipulation and Proposed Order continuing the Initial Case Management Conference from August 2, 2007 to August 30, 2007, with an attendant continuation in the steps that precede the Case Management Conference, including the Rule 26 (f) meeting of counsel, the filing of the Joint Case Management Statement, and the parties' Initial Disclosures. The motions are now set to be heard at a time that precedes all such events; a continuation of the motions without a continuation of the case management process will impose significant costs upon the parties which will be unnecessary should Defendants prevail on the pending motions (as we believe will be the case).

      4.     Your office will promptly prepare, for our review and approval, the Stipulations and Proposed Orders described in Paragraphs 1 and 3.

      In conclusion, we noticed the motions to be heard as soon as possible because that is a core protection of the statute invoked by Defendants in the Special Motion to Strike. Given that protection, your request is not a simple one that exclusively raises issues of accommodation of counsel. Hopefully, the above steps will be acceptable to you. Absent your agreement and the Court's approval as outlined above, Defendants cannot agree to a postponement of the currently-noticed date.

      We are available to discuss this with you throughout today. Please give either Matt or me a call.

                         Very truly yours,

                         MAUREEN E. McCLAIN

116206.v1

# EXHIBIT C

LAW OFFICES OF
## MOSCONE, EMBLIDGE & QUADRA, LLP
MILLS TOWER
220 MONTGOMERY STREET, SUITE 2100
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE: (415) 362-3599  FAX: (415) 362-2006

June 4, 2007

Via Hand Delivery

Maureen E. McClain
Kauff, McClain & McGuire LLP
One Post Street, Suite 2600
San Francisco, California 94104

Re: *Ennix v. Stanten, et al.*

Dear Maureen:

I wrote you on May 31 proposing that we stipulate to alter the briefing and hearing schedule on defendants' motions as follows:

| | |
|---|---|
| Plaintiff's Opposition Papers Filed: | July 12 |
| Defendants' Reply Papers Filed: | July 26 |
| Hearing: | August 9 |

You agreed to the July 12 date, but asked that the dates for the reply brief and the hearing be moved up one week. That would put the hearing on August 2. I will be on vacation that week.

Accordingly, I suggest we move the hearing date to August 16 with opposition papers due on July 19 and reply papers due on August 2. I have enclosed a stipulation and order to that effect. I also have enclosed the stipulation and order regarding the case management conference that you requested.

Let me know if you have any concerns regarding these stipulations. I will email you the drafts so that you can edit them easily. If you approve of the stipulations, please either submit them to the Court or return them to me for submission as soon as possible.

Sincerely,

MOSCONE, EMBLIDGE & QUADRA, LLP

G. Scott Emblidge

Enclosures

# EXHIBIT D

**Scott Emblidge**

| | |
|---|---|
| **From:** | McClain, Maureen [mcclain@kmm.com] |
| **Sent:** | Monday, June 04, 2007 6:31 PM |
| **To:** | emblidge@meqlaw.com |
| **Subject:** | RE: Reply to your 5/31/07 letter in the Ennix litigation |

Scott: We view every day beyond July 5 as prejudicial, but attempted to balance your expressed needs with our concerns. The prejudice is not just in the cost and time imposed to defend the case, but also in the impact of the lawsuit on the Medical Staff's ability to conduct peer review. I am not able to engage in such balancing beyond August 2nd, which we view as an outside limit to our ability to accommodate. The proposed hearing date of August 16 potentially vitiates the condition of deferring the case management process until after the motions hearing date, as applying the timelines of Rule 26 to a case management date of August 30, 2007 means that the initial conference of counsel and initial disclosures would be due before or on the hearing date for the motions. I do not understand your reference to a hearing date I rejected because of my lack of availability. August 9 is unavailable to Judge Alsup, and is, in any event, too long a delay given Defendants' concerns. I do not think it unreasonable to suggest that other counsel of record should be available to attend the hearing. We remain willing to prepare a stipulation as I have outlined; otherwise, I believe it will be necessary for you to seek a court order. In opposing your request, we will contend that any delay is inconsistent with the principles of CCP 425.16, and that the hearing should remain as noticed. That is our basic legal position, given that this effort at compromise appears to have failed. Maureen

**From:** Scott Emblidge [mailto:emblidge@meqlaw.com]
**Sent:** Monday, June 04, 2007 4:10 PM
**To:** McClain, Maureen
**Subject:** RE: Reply to your 5/31/07 letter in the Ennix litigation

I am in Santa Barbara at a family vacation camp on August 2. This is our family's annual vacation together and I do not believe it is reasonable for you to insist that I miss some or all of that vacation.

Just as you would not agree to a hearing date that you could not attend as the lead lawyer for the defense, I cannot agree to an August 2 hearing date as the lead lawyer for the plaintiff. I will agree to any hearing date after I return on to the office on August 6. There is absolutely no prejudice to your clients in having a hearing on August 16 rather than August 2 in light of plaintiff's agreement to your other requests.

I sent you the stipulations in Word form because I knew you would find fault in their format and/or wording. Please feel free to modify them as you feel necessary and appropriate and return them to me for review.

I am happy to participate in a discussion with the Court on these issues.

Scott

**From:** McClain, Maureen [mailto:mcclain@kmm.com]
**Sent:** Monday, June 04, 2007 3:48 PM
**To:** emblidge@meqlaw.com
**Cc:** Vandall, Matthew
**Subject:** RE: Reply to your 5/31/07 letter in the Ennix litigation

Scott: I am unable to sign the stipulations in their current form for the following reasons: 1. As I thought my June 1, 2007 letter made clear, Defendants agreed to a continuation until August 2, 2007 with significant reluctance for the reasons outlined in that letter, and given the continuing chilling impact that this action has on the Medical

Staff's peer review process.  In proposing the date of August 2, 2007 for hearing on the motion, I accepted your representation that you could not prepare the opposition papers for filing before July 12, and suggested the first possible hearing date in light of that representation.  I simply cannot agree to any further delay in Defendants' availing themselves of the protections of the SLAPP statute.  This does not seem to impose a hardship on Plaintiff given that there are two other lawyers, in addition to you, handling this matter.  2.  I do not believe the stipulation for deferral of the case management process is in compliance with Local Rule 16-2, which, in my view, requires a showing of good cause and the provision of a proposed revised case management schedule.  (The stipulation ending also does not comply with Local Rule 7-12.)  3.  Because the Stipulation re Hearing Dates on the motion does not cross-reference the Case Management Stipulation, it is possible that the hearing dates would be continued without a continuation of the case management process, which is not agreeable to Defendants.  (Upon reflection, it seems to me that it is most expeditious to combine the stipulations into one document to avoid such a possibility.)  If you are agreeable to the August 2, 2007 date, we will prepare such a joint stipulation for your review.  I also think it would be useful for us to contact the courtroom deputy to ascertain whether we can arrange a brief discussion with the Court, by telephone or otherwise, in order to present the stipulation.  (It may be incumbent upon the parties to make arrangements for a court reporter to be present for any such telephone conference.  If that is the case, I believe that is a cost your office should bear, as the party wishing to change in the hearing date.)  Let us know your views.  Maureen


**From:** Scott Emblidge [mailto:emblidge@meqlaw.com]
**Sent:** Monday, June 04, 2007 2:32 PM
**To:** McClain, Maureen
**Subject:** RE: Reply to your 5/31/07 letter in the Ennix litigation

Attached are Word versions of the stipulations I am having hand delivered to you.


Scott


**From:** McClain, Maureen [mailto:mcclain@kmm.com]
**Sent:** Friday, June 01, 2007 8:55 AM
**To:** emblidge@meqlaw.com
**Cc:** Vandall, Matthew
**Subject:** Reply to your 5/31/07 letter in the Ennix litigation

<<SFX496.pdf>> Dear Scott:  Attached is our response to your letter of yesterday's date.  As there noted, Matt or I are available for further discussion.  Sincerely, Maureen McClain