1   MAUREEN E. McCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   ALEX HERNAEZ (State Bar No. 201441)
    Email: hernaez@kmm.com
3   MATTHEW P. VANDALL (State Bar No. 196962)
    Email: vandall@kmm.com
4   KAUFF McCLAIN & McGUIRE LLP
    One Post Street, Suite 2600
5   San Francisco, California 94104
    Telephone:   (415) 421-3111
6   Facsimile:   (415) 421-0938

7   Attorneys for Defendants
    ALTA BATES SUMMIT MEDICAL CENTER,
8   RUSSELL D. STANTEN, M.D., LEIGH I.G.
    IVERSON, M.D., STEVEN A. STANTEN, M.D., and
9   WILLIAM M. ISENBERG, M.D., Ph.D.

10                  UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13   COYNESS L. ENNIX, JR., M.D., as an         CASE NO. C 07-2486 WHA
     individual and in his representative capacity
14   under Business & Professions Code Section   **DEFENDANTS' MEMORANDUM
     17200 et seq.,                              OF POINTS AND AUTHORITIES
15                                               IN OPPOSITION TO PLAINTIFF'S
                      Plaintiff,                 MOTION TO ALTER BRIEFING
16                                               AND HEARING DATES**
                 v.
17                                               **DEPT:**   Courtroom 9, 19th Floor
     RUSSELL D. STANTEN, M.D., LEIGH I.G.        **JUDGE:**  Hon. William H. Alsup
18   IVERSON, M.D., STEVEN A. STANTEN,
     M.D., WILLIAM M. ISENBERG, M.D.,            **COMPLAINT FILED:**  May 9, 2007
19   Ph.D., ALTA BATES SUMMIT MEDICAL            **TRIAL DATE:**       No date set.
     CENTER and does 1 through 100,
20
                      Defendants.
21

22

23

24

25

26

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN                    CASE NO. C 07-2486 WHA
OPPOSITION TO PLAINTIFF'S MOTION TO ALTER BRIEFING AND
HEARING DATES

## I.    INTRODUCTION

The request of Coyness L. Ennix, Jr., M.D. ("Plaintiff" or "Dr. Ennix") to postpone the July 5, 2007 hearing date of Defendants' pending motions, while he maintains surgical privileges at ABSMC, wholly ignores the impact of such a delay on the Medical Center's peer review process and, by extension, on its patients. As explained in the Declaration of Dr. R. Stanten,[1] this lawsuit has significantly impaired peer review, both with respect to the review of Dr. Ennix's past and prospective patient care, as well as with respect to the recruiting of peer reviewers generally. Because of these concerns, Defendants have worked diligently to ensure that their motions, and in particular their anti-SLAPP motion, are heard in a timely manner. Indeed, Defendants filed their motions shortly after Dr. Ennix filed this lawsuit. Having worked so hard to have these issues adjudicated promptly, the Court should not delay the hearing simply because one of Dr. Ennix's attorneys has two scheduled vacations within a less than two month period. Had Plaintiff remained in state court and not forum shopped his way into federal court, a prompt hearing on the anti-SLAPP motion would have been required. Given the competing interests here, it can hardly be argued that one lawyer's multiple vacations should outweigh the public's interest in the conduct of peer review. Indeed, opposing counsel has at no time suggested that Dr. Ennix cease performing surgeries for the extended period requested by his counsel.

## II.    ARGUMENT

### A.    Dr. Ennix's Request Is Contrary To The Very Purpose Of The Anti-SLAPP Statute.

Pursuant to CCP 425.16(f), an anti-SLAPP motion "shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing." Similarly, CCP 425.16(g) provides that "[a]ll discovery proceedings in the action shall be stayed upon

---

[1]  Filed (partially under seal) in conjunction with Defendants' pending anti-SLAPP motion. The anti-SLAPP motion is currently set for hearing on July 7, 2007 together with Defendants' motion to dismiss.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-1-

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION TO ALTER BRIEFING AND
HEARING DATES

CASE NO. C 07-2486 WHA

1    the filing of a notice of motion made pursuant to this section. The stay of discovery shall
2    remain in effect until notice of entry of the order ruling on the motion." These provisions
3    are "designed to enable the defendant-victim of a SLAPP suit to extract himself or
4    herself from the lawsuit as quickly and inexpensively as possible." *S. B. Beach*
5    *Properties v. Berti*, 39 Cal. 4th 374, 382 (2006). As recognized by the California
6    Supreme Court, any unnecessary delay suffered by a SLAPP "victim" is too much. Here,
7    contrary to the foregoing, Plaintiff's proposed hearing date would require that
8    Defendants expend additional attorneys' fees in preparing their initial disclosures and in
9    preparing for the Court's Case Management Conference. The delay also, as discussed
10   below, will continue to harm ABSMC's peer review process.

11           Defendants' motion was properly set in light of the competing interests
12   between Code of Civil Procedure § 425.16(f), Local Rule 7-2 and this Court's docket
13   requirement that civil law and motion be heard on Thursday mornings. Section 425.16(f)
14   required Defendants to set the hearing date within 30 days of the filing date. Local Rule
15   7-2, however, requires the filing party to provide at least 35 days notice to the opposing
16   party when filing a motion. In addition, this Court only hears civil law and motion on
17   Thursday mornings. Thus, the only possible date Defendants could have noticed the
18   hearing for was July 5th or 36 days after the May 30th filing date (the 35th day, July 4th,
19   was a federal holiday). *See Ryan v. Editions Ltd. W., Inc.*, 2006 U.S. Dist. LEXIS 93670,
20   \*4-\*5 (N.D. Cal. 2006) (holding that an anti-SLAPP motion which set the hearing date 35
21   days from the date of filing in accordance with N.D. L-R 7-2, rather than the 30 days
22   required by CCP § 425.16(f), was proper because the Civil Local Rules are docket
23   conditions that justify a later hearing). Given the operative statute's fundamental
24   purpose, nothing suggests that anti-SLAPP motions should be noticed for periods in
25   excess of 35 days. *See New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1102 (C.D.
26   Cal. 2004) (acknowledging that "the very objective of the [anti-SLAPP] procedure is to
27   permit early resolution of claims"). Opposing counsel's vacation schedule does not
28   constitute a "docket condition" warranting departure from the statutory scheme.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-2-

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION TO ALTER BRIEFING AND
HEARING DATES

CASE NO. C 07-2486 WHA

1

2

**B.    Any Postponement Of The July 5 Hearing Date Will Harm Unnecessarily The Peer Review Process At ABSMC And, By Extension, The Medical Center's Patients.**

3    Peer review not only serves the hospital's interest, but it also serves an

4    important public interest: "Hospital peer review, in the words of the Legislature, 'is

5    essential to preserving the highest standards of medical practice' throughout California."

6    *Kibler v. Northern Inyo County Local Hosp. Dist.*, 39 Cal. 4th 192, 199 (2006).  Because

7    of the importance of peer review, in addition to the time and expenses unfairly imposed

8    upon all defendants victimized by a SLAPP lawsuit, here the Defendants are suffering an

9    unusual and particularly compelling additional harm, which has at least three facets.

10    First, because Dr. Ennix continues to operate at ABSMC, the proposed

11    delay will continue to impede the Medical Center's ability to evaluate the care Dr. Ennix

12    provides to patients.  As detailed in Dr. R. Stanten's Declaration, this lawsuit, and

13    Plaintiff's conduct since filing this lawsuit, has impaired the Medical Center's ability to

14    evaluate Dr. Ennix on an ongoing basis.  This will continue at least until Defendants'

15    motions are resolved.  Second, and for similar reasons, the Medical Center will continue

16    to have difficulty evaluating Dr. Ennix's past surgeries.  Third, this lawsuit has had a

17    chilling effect on the Medical Center's ability to recruit physicians to perform peer review

18    functions, a process that depends wholly on doctors cooperating in the improvement of

19    their patient care practices.

20    In sum, Defendants are experiencing a type of harm that significantly

21    outweighs any need for delay.  There is no reason why Dr. Ennix should be allowed to

22    file a lawsuit causing immediate and ongoing harm to the public's interests in obtaining

23    competent health care, and then deny Defendants the ability to seek relief at the earliest

24    opportunity provided by law because one of his attorneys has scheduled a series of

25    vacations.  Defendants didn't pick the timing of this litigation—Dr. Ennix did.

26

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-3-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**C.    Defendants Have At All Times Acted To Expedite The Hearing Of Its Pending Motions.**

Plaintiff filed his complaint in state court on April 3, 2007 and Defendants were served with process on or about April 5, 2007.  Defendant Alta Bates Summit Medical Center served a notice of deposition upon Plaintiff on April 12, 2007.  *See* McClain Decl. at ¶ 2.  On April 20, 2007, Ms. McClain spoke by telephone with Scott Emblidge, Plaintiff's counsel.  During their discussion, which centered upon Defendants' request to take Plaintiff's deposition before filing a responsive pleading, Ms. McClain conveyed to Mr. Emblidge that Defendants intended to file a motion addressing the constitutionally-protected nature of peer review.  Mr. Emblidge responded by indicating an understanding of the type of motion at issue.  Thus, Plaintiff's counsel has had notice since April 20, 2007 (**at least 76 days prior to the hearing date**) of Defendants' intent to file the motion that was filed on May 30, 2007.  *Id.* at ¶ 3.

After learning about the anti-SLAPP motion, Plaintiff re-filed the same lawsuit in federal court on May 9, 2007.  On May 10, 2007, Plaintiff dismissed his state court action.  Since the date of the filing of the federal court case, Defendants have taken steps to expedite hearing of their Special Motion to Strike because of their contention, expressed more fully in the motion, that this lawsuit is an impermissible interference with the important public function of medical staff peer review.  Such steps include: (a) Defendants appeared in the federal court action, without the necessity of re-service of the complaint, on May 22, 2007; (b) Defendants filed a Confidentiality Stipulation and [Proposed] Protective Order, to facilitate the filing of motions predicated upon confidential peer review activity, on May 23, 2007; (c)  Defendants filed their Special Motion to Strike, together with their Motion to Dismiss on May 30, 2007, within the 60 day period from service of the State Court action; and (d) Defendants noticed their motions for the first available hearing date in order to comply, insofar as possible given the federal court's requirements for noticing motions, with the requirement of CCP § 425.16 (f).  *Id.* at ¶ 5.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-4-

CASE NO. C 07-2486 WHA

1       As Ms. McClain has explained in her various communications with Mr.

2   Emblidge concerning the issue of the hearing dates for the motions, while Defendants

3   wish to extend professional courtesies to opposing counsel whenever possible,

4   § 425.16, both in express language and in statutory purpose, demands expediency.

5   Defendants, as explained above, are concerned both with meeting the statutory

6   requirements of CCP § 425.16 and also with availing themselves of the protections

7   afforded by the statute; that is, a prompt hearing on the anti-SLAPP motion.  *Id.* at ¶ 6.

8       **D.    If The Court Is Inclined To Grant A Delay, Defendants Ask That The
        Hearing Date Be Set For August 2, 2007.**

9

10          If the Court finds that some delay is warranted, Defendants ask that the

11  hearing be rescheduled for August 2, 2007.[2]  In addition, so as to not cause Defendants

    to incur attorneys' fees unnecessarily, Defendants ask that the Initial Case Management
12
    Conference and corresponding deadlines be continued to August 30, 2007.  Finally, it
13
    should be noted that, despite the ongoing harms discussed above, Defendants did
14
    attempt to compromise with opposing counsel by offering, subject to the conditions
15
    specified in the correspondence, the August 2, 2007 hearing date, which is the same
16
    date the Court has scheduled the Initial Case Management Conference.  It is unclear
17
    how Plaintiff intended to appear at the conference, yet cannot also appear at the
18
    hearings.
19

    **III.    CONCLUSION**
20
            Defendants respectfully request that Dr. Ennix's request for a continuance
21
    of the July 5, 2007 hearing date be denied.
22

23  DATED:  June 6, 2007          Respectfully submitted,

24                                 KAUFF McCLAIN & McGUIRE LLP

25                                 By:_____/S/_____
                                        ALEX HERNAEZ
26
                                   Attorneys for Defendants
27
    _____
28  [2]  Defendants have submitted a [Proposed] Order denying this motion as well as an [Alternative
    Proposed] Order setting the hearing for August 2, 2007.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-5-

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN          CASE NO. C 07-2486 WHA
OPPOSITION TO PLAINTIFF'S MOTION TO ALTER BRIEFING AND
HEARING DATES