1   MAUREEN E. McCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   ALEX HERNAEZ (State Bar No. 201441)
    Email: hernaez@kmm.com
3   MATTHEW P. VANDALL (State Bar No. 196962)
    Email: vandall@kmm.com
4   KAUFF McCLAIN & McGUIRE LLP
    One Post Street, Suite 2600
5   San Francisco, California 94104
    Telephone:   (415) 421-3111
6   Facsimile:   (415) 421-0938

7   Attorneys for Defendants
    ALTA BATES SUMMIT MEDICAL CENTER;
8   RUSSELL D. STANTEN, M.D., LEIGH I.G.
    IVERSON, M.D., STEVEN A. STANTEN, M.D., and
9   WILLIAM M. ISENBERG, M.D., Ph.D.

10                  UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13   COYNESS L. ENNIX, JR., M.D., as an          CASE NO. C 07-2486 WHA
     individual and in his representative capacity
14   under Business & Professions Code Section   DEFENDANTS' OBJECTIONS TO
     17200 et seq.,                              PLAINTIFF'S EVIDENCE IN
15                                               OPPOSITION TO DEFENDANTS'
                      Plaintiff,                 SPECIAL MOTION TO STRIKE
16
          v.                                     DATE:    August 16, 2007
17                                               TIME:    8:00 a.m.
      RUSSELL D. STANTEN, M.D., LEIGH I.G.       DEPT:    Ctrm. 9, 19th Flr.
18   IVERSON, M.D., STEVEN A. STANTEN,           JUDGE:   Hon. William H. Alsup
     M.D., WILLIAM M. ISENBERG, M.D.,
19   Ph.D., ALTA BATES SUMMIT MEDICAL            COMPLAINT FILED:   May 9, 2007
     CENTER and does 1 through 100,              TRIAL DATE:        No date set.
20
                      Defendants.
21

22          Defendants hereby submit objections to the evidence presented by Plaintiff

23   in opposition to Defendants' Special Motion to Strike.  Defendants request that the Court

24   rule on such objections in conjunction with the hearing on their motion.

25   I.     **LEGAL PRINCIPLES GOVERNING ADMISSIBLE EVIDENCE**

26          This Court has the authority to exclude the statements or other evidence

27   provided in Plaintiff's opposing declarations to the extent they contain inadmissible

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO          CASE NO. C 07-2486 WHA
DEFENDANTS' SPECIAL MOTION TO STRIKE

1  evidence.  Civil Local Rule ("Civil L.R.") 7-5 (b) ("…declarations may contain only facts,

2  must conform as much as possible to the requirements of FRCivP 56 (e), and must

3  avoid conclusions and argument.  Any statement made upon information or belief must

4  specify the basis therefor.").  Rule 56 (e) requires that "affidavits shall be made on

5  personal knowledge, shall set forth such facts as would be admissible in evidence, and

6  shall affirmatively show that the affiant is competent to testify to the matters stated

7  therein".  Likewise, documents attached to declarations must be sufficiently

8  authenticated.  To be considered by the Court, "documents must be authenticated by

9  and attached to an affidavit that meets the requirements of [Rule] 56 (e) and the affiant

10 must be a person through whom the exhibits could be admitted into evidence." *Hal*

11 *Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F. 2d 1542, 1550-1551 (9th Cir. 1989).

12 Federal Rule of Evidence ("FRE") 901(a).  Finally, Defendants ask the Court to disregard

13 Plaintiff's evidence to the extent it is not cited in the Opposition Brief and to disregard

14 statements of purported fact set forth in the Opposition Brief to the extent that such

15 statements are not supported by a record cite to admissible evidence.  Civil L.R. 7-5 (a);

16 *See e.g., Carmen v. S.F. Unified Sch. Dist.,* 237 F. 3d 1026, 1031 (9th Cir. 2001) (noting,

17 in a summary judgment context, that "the district court need not examine the entire file

18 for evidence establishing a genuine issue of fact, where the evidence is not set forth in

19 the opposing papers with adequate references so that it could conveniently be found.").

20     The Parties' Confidential Stipulation and Protective Order ("Stipulation"

21 filed on 5/23/07), as approved by the Court (See Order Approving Stipulated Protective

22 Order Subject to Stated Conditions filed on 5/29/07), defines peer review as confidential

23 and contains a provision that: "Unless a patient agrees otherwise, patient-identifying

24 information (as defined by state and federal law) shall be fully redacted from all written

25 material produced or filed in this case." (¶ 6 of the Stipulation.)  Defendants filed portions

26 of their Special Motion to Strike under seal pursuant to the provisions of Civil L.R. 79-5

27 (See, Order Granting Defendants' Administrative Motion to File under Seal filed on

28 6/1/07).  Plaintiff initially filed his opposition without complying with the confidentiality

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-2-

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO            CASE NO. C 07-2486 WHA
DEFENDANTS' SPECIAL MOTION TO STRIKE

1 | portions of the Stipulation, and such initial filing in the public view included peer review

2 | records containing patients' names and confidential medical information. After

3 | Defendants' counsel raised such issue to Plaintiff's counsel's attention, Plaintiff's counsel

4 | have taken steps to correct the issues (initially by having the Ennix opposition

5 | declaration removed from the public file and by representing that they would seek to file

6 | redacted documents). This erroneous filing, however inadvertent and although to be

7 | corrected, is a serious violation of the Health Insurance Portability and Accountability Act

8 | ("HIPAA"), and demonstrates, in Defendants' view, the potential adverse consequences

9 | of a case seeking wholesale review of a peer review process. *See*, 42 U.S.C. § 1320d-

10 | 6, and implementing regulations concerning the disclosure of patient-identifying

11 | information during court proceedings. 45 C.F.R. § 164.512 (e). To the extent, if any,

12 | that any such confidential or patient-identifying information remains in the public record,

13 | Defendants object on the basis of a violation of HIPAA and the parties' Stipulation.

14 | ## II.    SPECIFIC OBJECTIONS

15 | Defendants request that the Court exclude the objectionable evidence of

16 | Plaintiff as identified in the table below.

17 | ## Declaration of Coyness L. Ennix, Jr.

18 |

| Evidence Objected To: | Grounds: |
|---|---|
| ¶ 2, p. 1:25-26. "I …find most of the allegations (in Defendants' Special Motion to Strike) to be disingenuous at best." | Improper Opinion; Argumentative; Conclusory. FRE 701; Civil L.R. 7-5 (b). |
| ¶ 2, p. 2:2-4. "Rather, the purpose of this suit is to hold Alta Bates Summit accountable for their unfair and unlawful treatment of me"… through the end of line 4. | Improper Opinion; Lacks Foundation; Argumentative; Conclusory. FRE 701, FRE 602; Civil L.R. 7-5 (b). |
| ¶ 3, p. 2:5-8. "As detailed" through "issues". | Improper Opinion; Lack of Foundation; Argumentative; Conclusory. FRE 701, FRE 602, Civil L.R. 7-5 (b). |

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-3-

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO          CASE NO. C 07-2486 WHA
DEFENDANTS' SPECIAL MOTION TO STRIKE

| Evidence Objected To: | Grounds: |
|---|---|
| ¶ 3, p. 2:10.  "as Defendants admit." | Improper Opinion; Lack of Foundation; Argumentative.  FRE 701, FRE 602; Civil L.R. 7-5 (b). |
| ¶ 3, p. 2:10-14.  "Indeed" through "knowledge". | Lack of Foundation as there is no discussion of how such knowledge was acquired, who is being cited, why the circumstances were similar, whether alleged incidents came to the attention of peer reviewers, or what the time frame is.  Conclusory.  FRE 602; Civil L.R. 7-5 (b). |
| ¶4. | Improper Opinion; Lack of Foundation; Argumentative; Conclusory.  FRE 701, 602, Civil L.R. 7-5 (b). |
| ¶ 5, p. 2:24-26 Starting with "In my experience" through "issues". | Lack of foundation as to declarant's exposure to the peer review process.  FRE 602. |
| ¶ 6 | Improper Opinion; Lack of Foundation; Argumentative; Conclusory.  Hearsay as to statements of "peers with whom [Ennix] discussed this matter".  FRE 701, FRE 602, FRE 802; Civil L.R. 7-5 (b). |
| ¶ 7, p. 3:6-7.  "Further, the bases Defendants cite …are shams:" | Improper Opinion; Argumentative; Conclusory.  FRE 701, Civil L.R. 7-5 (b). |
| ¶ 7, p. 3:8-10.  "But, as Defendants well know" through "campus". | Improper Opinion; Lack of Foundation; Argumentative; the report itself is the best evidence of what it reflects.  FRE 701, FRE 602; FRE 1002; Civil L.R. 7-5 (b). |
| ¶ 7, p. 3:10-16, starting with "These issues" through "judgment" and Exhs. B-C. | Hearsay, if offered to prove the truth of the matter asserted (that the issues at Alta Bates did not relate to Plaintiff's judgment and skills).  Non hearsay if offered to prove what was submitted to the peer review process.   FRE 802. |
| ¶ 7, p. 3:16-17.  "Of course" through "letters." | Argumentative.  Civil L.R. 7-5 (b). |
| ¶ 8, p. 3:18-19.  "Indeed" through "there." | Speculative; Lack of Foundation; Hearsay.  FRE 602, FRE 802. |

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO
DEFENDANTS' SPECIAL MOTION TO STRIKE

CASE NO. C 07-2486 WHA

| Evidence Objected To: | Grounds: |
|---|---|
| ¶ 8, p.3:22-4:3. "...despite" through "Exhibit D" and Exhibit D. | Speculative (about what others knew); Lack of Foundation; Hearsay re Rosenberg letter if offered for the truth of the matters there asserted. Non hearsay if offered to show what was submitted in the peer review process. Argumentative re Isenberg's actions. FRE 602; FRE 802; Civil L.R. 7-5. |
| ¶ 8, p. 4:3-6. "However" through "it". | Lack of Foundation; Argumentative. FRE 602, Civil L.R. 7-5 (b). |
| ¶ 9. | Improper Opinion concerning scientific or technical evidence. Lack of Foundation. Argumentative ("Every cardiac surgeon ...knows"). FRE 701 (c), FRE 702. |
| ¶ 10, Exhibit E to the Ennix Dec., Exhibit B to the Request for Judicial Notice. | Relevancy and 403 considerations of undue consumption of time and leading to confusion of the issues. This document was published months after the peer review process here at issue and hence was not considered (nor available to be considered) in the process. Lack of foundation as to the peer review process and standards at other hospitals cited in the document. Argumentative as to what Plaintiff intends to try to prove. FRE 402, FRE 403; Civil L.R. 7-5 (b). |
| ¶ 11. | Improper Opinion concerning scientific or technical evidence; Lack of Foundation; Argumentative ("would not be [so] considered by any statistician or cardiac surgeon"). FRE 701, FRE 702. |
| ¶ 12, p. 6:3-6 and Exhibit F, starting with "Moreover" through "that I had done so". | Hearsay if offered to prove that Plaintiff physically examined the patient on 5/5/05; Admissible for a non-hearsay purpose if offered to prove what statements or documents were submitted to the MEC. Lack of foundation as to the chart extract which is part of Exhibit F. FRE 802 |
| ¶ 13, p. 6:8-9, starting with "Dr. Isenberg" through "declaration", and 6:13-14 starting with "However" through "patient". | Improper Opinion; Argumentative. FRE 701, Civil L.R. 7-5 (b). |

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO    CASE NO. C 07-2486 WHA
DEFENDANTS' SPECIAL MOTION TO STRIKE

| Evidence Objected To: | Grounds: |
|---|---|
| ¶14, p. 6:17-18, starting with "His" through "experience". | Improper Opinion; Argumentative; Lack of Foundation as to Plaintiff's familiarity with other peer review situations. FRE 701, FRE 602; Civil L.R. 7-5 (b). |
| ¶ 15, p. 6:21-23, starting with "I never intended" through "me". | Relevancy. FRE 402. |
| ¶ 16; p. 6:24-26, starting with "Defendants" through "ridiculous". | Argumentative. Civil L.R. 7-5 (b) |
| ¶ 16, p. 6:28-7:3, starting with "Further" through "cases" and to Exhibits G through J. | Hearsay if offered to prove the truth of the matters stated in the reports; Non-hearsay if offered to show what was submitted to the MEC for consideration. FRE 802. |
| ¶ 17, p. 7:9-18, starting with "Dr. Isenberg" through "opinions'. | Argumentative; Conclusory; Lack of Foundation. (Plaintiff misreads Isenberg's declaration which is addressing supporting letters, not expert reports.) FRE 602, Civil L.R. 7-5 (b). |
| ¶ 17, p. 7:18-27, starting with "Moreover" through "Exhibit K" and Exhibit K. | Argumentative (Plaintiff's description of the Medical Board letter is incomplete); Hearsay; Lack of Foundation that Defendants ever received the letter; Relevancy (this letter was written after the peer review decisions here at issue were made); Relevancy in that the standard for peer review determinations under the Summit Medical Staff Bylaws differs from the Medical Board's review standards. *Bonner v. Sisters of Providence Corp.* 194 Cal. App. 3d 437, 444-446 (1987) (Decision of Medical Board (then called the Board of Medical Quality Assurance) not relevant to mandamus proceedings concerning a hospital's revocation of certain staff privileges because the hospital had a different (and higher) standard of care. FRE 402, FRE 602, FRE 802; Civil L.R. 7-5 (b). |
| ¶18 and Exhibit L. | Hearsay if offered to prove the truth of the content of the letters; non-hearsay if offered to prove that the letters were submitted to the MEC. FRE 802. |

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

| Evidence Objected To: | Grounds: |
|---|---|
| ¶19, p. 8:6-10, starting with "Defendants" through "surgeons". | Relevancy.  The MEC is accorded primary responsibility for peer review under the controlling bylaws; it is an interdisciplinary body.  Articles VII and XI of Exh. B to the Isenberg Dec. filed on 5/30/07.  FRE 402. |
| ¶ 19, p. 8:10-18, starting with "Of the four" through "motion." | Speculative ("both of whom knew better"); Improper Opinion; Lack of Foundation; Argumentative.  FRE 701, FRE 602; Civil L.R. 7-5 (b). |
| ¶ 20 (except for phrase that "neither the AHC nor the MEC included any African Americans"). | Improper Opinion; Lack of Foundation; Argumentative, Conclusory.  FRE 701, FRE 602, Civil L.R. 7-5 (b). |
| ¶ 20, p. 8:27-28, starting with "neither" through "African Americans." | Relevancy.  FRE 402. |
| ¶ 21, p. 9:6 and 9.  "That is untrue" and "the proctors did not raise them as concerns." | Lack of Foundation as to how Plaintiff knows what the proctors said to Isenberg. FRE 602. |
| ¶ 21, p. 9:13-16, starting with "Disregarding" through "competence", excluding the phrase "the AHC recommending extended the proctoring requirement". | Lack of Foundation as to the thought process of the AHC; Argumentative.  FRE 602, Civil L.R. 7-5 (b). |
| ¶ 22, p. 9:27-10:3, starting with "After enduring" through "cases" and excluding lines 1-2 on page 10, starting with "Further" through "different". | Argumentative.  Lack of Foundation as to whether the other cases were similar, and the basis for the assertion of "unprecedented".  FRE 602, Civil L.R. 7-5 (b). |
| ¶ 23, p. 10:7 ("This too is ludicrous.") | Argumentative.  Civil L.R. 7-5 (b). |
| ¶ 23, p. 10:16, reference to Medical Board action. | Relevancy.  See, Objection, p. 6:7-17. |
| ¶ 23, p. 10:17, reference to Reitz' finding. | Hearsay if offered to prove the truth of the finding.  FRE 802. |
| ¶ 24, p. 10:21-22, starting with "every" through "time". | Lack of Foundation re what every surgeon knows and re Stanten's experience in inserting guide wires.  FRE 602. |
| ¶ 24, p. 10:22 ("such occurrence is not outside the standard of care".) | Improper Opinion; Lack of Foundation. FRE 701, FRE 602. |
| ¶ 25. | Relevancy.  FRE 402. |
| ¶ 26, p. 11:5-7, starting with "Defendants" through "testimony". | Improper Opinion; Lack of Foundation; Argumentative; Conclusory.  FRE 701, FRE 602, Civil L.R. 7-5 (b). |

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-7-

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO
DEFENDANTS' SPECIAL MOTION TO STRIKE                          CASE NO. C 07-2486 WHA

| Evidence Objected To: | Grounds: |
|---|---|
| ¶ 26, p. 11:14-22, starting with "I believe" through "requires it". | Lack of Foundation; Relevancy.  FRE 602, FRE 402. |
| ¶ 27 (except to the extent that lines 23-26 constitute an admission against interest). | Improper Opinion; Lack of Foundation; Argumentative; Conclusory.  FRE 701, FRE 602, Civil L.R. 7-5 (b). |
| ¶ 28, p. 12:11-13, starting with "During" through "harshness". | Hearsay.  FRE 802. |
| ¶ 28, p. 12:13-21, starting with "I believe" through "basis". | Improper Opinion; Lack of Foundation; Argumentative; Conclusory.  FRE 701, FRE 602, Civil L.R. 7-5 (b). |
| ¶ 29, p. 12:23-26, starting with "apparently" through "process". | Improper Opinion; Lack of Foundation; Argumentative; Conclusory.  FRE 701, FRE 602, Civil L.R. 7-5 (b). |
| Exhibit A to the Ennix Declaration | Hearsay if offered to prove the truth of the matters asserted; non-hearsay if offered to prove peer review considerations.  FRE 802. |
| Exhibit M to the Ennix Declaration | Hearsay if offered to prove the truth of the matters asserted; non-hearsay if offered to prove a submission in the peer review process.  FRE 802. |

## Documents Attached to Plaintiff's Request for Judicial Notice

| Evidence Objected to: | Grounds |
|---|---|
| Exhibit A, a complaint in Omani v. Alta Bates Summit Medical Center, filed in state court on 6/13/06, removed to this Court on 7/12/06 (Case No. C 06 4283 WHA) and dismissed with prejudice on 12/7/06. | Hearsay if offered to prove the truth of the matters asserted.  Relevancy (as is clear on the face of the Complaint, these were physicians subject to medical review by a different medical staff under entirely different conditions than at issue in Ennix's case).  FRE 802, FRE 402. |
| Exhibit B | Relevancy and 403 considerations.  See, Defendants' Objection, p. 5:3-10 |

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE IN OPPOSITION TO
DEFENDANTS' SPECIAL MOTION TO STRIKE

CASE NO. C 07-2486 WHA

### Declaration of Richard E. Shaw

| Evidence Objected To: | Grounds: |
|---|---|
| Exhibits A and B | Hearsay if offered to prove the truth of the matters set forth in the Exhibits. Non-hearsay if offered to prove what was submitted to the peer review process. FRE 802. |

### Declaration of John Etchevers

| Evidence Objected To: | Grounds: |
|---|---|
| Exhibit A | Hearsay if offered to prove the truth of the matters asserted. Non-hearsay if offered to prove a communication made relative to the peer review process. FRE 802 |

### Declaration of J. Nilas Young, M.D.

| Evidence Objected To: | Grounds: |
|---|---|
| Entire declaration. | Relevancy. There is no showing that Dr. Young presented this view during the peer review process. FRE 402; 403 considerations, leading to undue confusion, as Dr. Young has taken a quote out of context from Dr. Isenberg's declaration, which establishes that Dr. Isenberg did not consider such factor "in isolation". Improper Opinion concerning scientific or technical evidence. FRE 701, FRE 702. |
| ¶ 5, p. 2, starting with "No cardiac surgeon" through "time to time." | Improper Opinion; Lack of Foundation. FRE 701, FRE 602. |
| ¶ 6, p. 2: 15-17, starting with "But without" through "trend". | Improper Opinion; Lack of Foundation. FRE 701, FRE 602. |
| Exhibit A | Hearsay.  FRE 802. |

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

1

**Declaration of Howard Barken**

2

| Evidence Objected To: | Grounds: |
|---|---|
| Exhibits A and B | Hearsay if offered to prove the truth of the matters asserted in the exhibits. Non hearsay if offered to prove what was submitted in the peer review process. FRE 802. |

3

4

5

6

7

DATED:  July 19, 2007

Respectfully submitted,

8

KAUFF McCLAIN & McGUIRE LLP

9

10

By: _____/ S / _____
            MAUREEN E. McCLAIN

11

12

Attorneys for Defendants
ALTA BATES SUMMIT MEDICAL
CENTER; RUSSELL D. STANTEN, M.D.,
LEIGH I.G. IVERSON, M.D., STEVEN A.
STANTEN, M.D., and WILLIAM M.
ISENBERG, M.D., Ph.D.

13

14

15

16

119883.v1

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-10-