# EXHIBIT A

LEXSEE 2003 LEGIS. BILL HIST. CA S.B. 1325

CALIFORNIA LEGISLATIVE BILL HISTORY

STATENET  STATE NET

Copyright© 2007 by State Net(R), All Rights Reserved.

2003 CA S.B. 1325

*2003 Legis. Bill Hist. CA S.B. 1325*

Retrieve Bill Tracking Report

**TYPE:** Bill Analysis

**COMMITTEE:** Senate Floor

**VERSION-DATE:** August 24, 2004

**TEXT:**
|SENATE RULES COMMITTEE | SB 1325|
|Office of Senate Floor Analyses | |
|1020 N Street, Suite 524 | |
|(916) 445-6614 Fax: (916) | |
|327-4478 | |


Bill No: SB 1325
Author: Kuehl (D) Amended: 6/22/04 Vote: 21
SENATE BUSINESS & PROFESSIONS COMMITTEE: 4-1, 4/12/04
AYES: Figueroa, Cedillo, Machado, Murray
NOES: Brulte
NO VOTE RECORDED: Aanestad, Vincent
SENATE APPROPRIATIONS COMMITTEE: Senate Rule 28.8

SENATE FLOOR: 23-12, 5/17/04
AYES: Aanestad, Alarcon, Alpert, Bowen, Burton, Cedillo, Denham, Ducheny, Dunn, Escutia, Figueroa, Florez, Karnette, Kuehl, Machado, Murray, Perata, Romero, Sher, Soto, Speier, Torlakson, Vasconcellos
NOES: Ackerman, Ashburn, Battin, Brulte, Hollingsworth, Johnson, Margett, McClintock, McPherson, Morrow, Oller, Poochigian
NO VOTE RECORDED: Chesbro, Ortiz, Scott, Vincent, Vacancy

2003 Legis. Bill Hist. CA S.B. 1325

ASSEMBLY FLOOR: 54-22, 8/12/04 - See last page for vote
SUBJECT: Hospitals: physicians and surgeons: self-governance
SOURCE: California Medical Association
DIGEST: This bill requires the medical staff's right to self-governance in a hospital to include specified requirements in establishing medical staff bylaws, and makes numerous legislative findings and declarations regarding the responsibilities of the medical staff and the hospital governing board.
Assembly Amendments make significant changes to the bill, however, the intent remains the same.
ANALYSIS:
Existing law:
1. Provides for licensing and regulation of physicians and surgeons (physicians) by the Medical Board of California (Board) in the State Department of Consumer Affairs.
2. Requires a licensed general or specialized hospital having five or more physicians on its medical staff to have rules adopted by its board of directors to govern the operation of the hospital, and the rules shall include the following provisions:
A. Provision for the organization of licensed physicians within the hospital into a formal medical staff with appropriate officers and bylaws, and with staff appointments on an annual or biennial basis.
B. Provision that the membership on the medical staff shall be restricted to physicians and other licensed practitioners competent in their respective fields and worthy in professional ethics. In this respect the division of profits from professional fees in any manner shall be prohibited and any such division shall be cause for exclusion from the staff.
C. Provision that the medical staff shall be self-governing with respect to the professional work performed in the hospital, that the medical staff shall meet periodically and review and analyze at regular intervals their clinical experience, and the medical records of patients shall be the basis for such review and analysis.
D. Provision that adequate and accurate medical records be prepared and maintained for all patients.
3. Requires a licensed general or specialized hospital, having less than five physicians on its medical staff, to have rules adopted by its board of directors to govern the operation of the hospital, and the rules shall include the following provisions:
A. Provision that the membership on the medical staff shall be restricted to physicians and other licensed practitioners competent in their respective fields and worthy in professional ethics. In this respect, the division of profits from professional fees in any manner shall be prohibited and any such division shall be cause for exclusion from the staff.
B. Provision that adequate and accurate medical records be prepared and maintained for all patients.
4. Specifies that it shall be unprofessional conduct if the rules for the medical staff and hospital are not adopted.
This bill:
1. Requires the medical staff's right of self-governance to include, but not be limited to, all of the following:
A. Establishing, in medical staff bylaws, rules, or regulations, criteria and standards for medical staff membership and privileges, and enforcing those criteria and standards.
B. Establishing, in medical staff bylaws, rules, or regulations, clinical criteria and standards to oversee and manage quality assurance, utilization review, and other medical staff activities includ-

Case 3:07-cv-02486-WHA    Document 55-2    Filed 07/19/2007    Page 4 of 28

Page 3

2003 Legis. Bill Hist. CA S.B. 1325

ing, but not limited to, periodic meetings of the medical staff and its committees and departments and review and analysis of patient medical records.

C. Selecting and removing medical staff officers.

D. Assessing medical staff dues and utilizing the medical staff dues as appropriate for the purposes of the medical staff.

E. The ability to retain and be represented by independent legal counsel at the expense of the medical staff.

F. Initiating, developing, and adopting medical staff bylaws, rules, and regulations, subject to the approval of the hospital governing board, which approval is prohibited from being unreasonably withheld.

2. Prohibits the medical staff bylaws from interfering with the independent rights of the medical staff to do any of the following, but requires the bylaws to set forth procedures for:

A. Selecting and removing medical staff officers.

B. Assessing medical staff dues and utilizing the medical staff dues as appropriate for the purposes of the medical staff.

C. The ability to retain and be represented by independent legal counsel at the expense of the medical staff.

3. Requires the medical staff and the hospital governing board to meet and confer in good faith to resolve any dispute arising under the above provisions.

4. Permits a superior court to issue an injunction, writ of mandate or other appropriate order whenever any person or entity has engaged in or is about to engage in any acts or practices that hinder, restrict, or otherwise obstruct the ability of the medical staff to exercise its rights, obligations, or responsibilities under the above provisions, on application of the medical staff, and after determining that reasonable efforts, including reasonable administrative remedies provided in the medical staff bylaws, rules, or regulations, have failed to resolve the dispute.

5. Requires proceedings under the above provisions to be governed by specified provisions of the Code of Civil Procedure.

6. Makes legislative finding and declarations that:

A. Providing quality medical care in hospitals depends on the mutual accountability, interdependence, and responsibility of the medical staff and the hospital governing board for the proper performance of their respective obligations.

B. That the governing board of a hospital must act to protect the quality of medical care provided and the competency of its medical staff, and to ensure the responsible governance of the hospital in the event that the medical staff fails in any of its substantive duties or responsibilities, and that nothing in this bill is to be construed to undermine this authority.

C. The final authority of the hospital governing board may be exercised for the responsible governance of the hospital or for the conduct of the business affairs of the hospital, however, that final authority may only be exercised with a reasonable and good faith belief that the medical staff has failed to fulfill a substantive duty or responsibility in matters pertaining to the quality of patient care.

D. It would be a violation of the medical staff's self-governance and independent rights for the hospital governing board to assume a duty or responsibility of the medical staff precipitously, unreasonably, or in bad faith.

E. That the specific actions that would constitute bad faith or unreasonable action on the part of either the medical staff or hospital governing board will always be fact-specific and cannot be precisely described in statute.

Case 3:07-cv-02486-WHA    Document 55-2    Filed 07/19/2007    Page 5 of 28

Page 4

2003 Legis. Bill Hist. CA S.B. 1325

F. The provisions set forth in this bill do nothing more than provide for the basic independent rights and responsibilities of a self-governing medical staff, and that ultimately, a successful relationship between a hospital's medical staff and governing board depends on the mutual respect of each for the rights and responsibilities of the other.

Background. Existing law defines a "general acute care hospital" as a health facility having a duly constituted governing body with overall administrative and professional responsibility and an organized medical staff that provides 24-hour inpatient care. State regulations define the "governing body" as the person, persons, board of trustees, directors or other body in whom the final authority and responsibility is vested for conduct of the hospital. The governing body is required to adopt written bylaws that include specified provisions. Each hospital is also required to have an organized medical staff that is responsible to the governing body for the adequacy and quality of the medical care rendered to patients in the hospital. The medical staff, by vote of the members and with the approval of the governing body, is required to adopt written by-laws which provide formal procedures for the evaluation of staff applications and credentials, appointments, reappointments, assignment of clinical privileges, appeals mechanisms and other subjects or conditions which the medical staff and governing body deem appropriate

FISCAL EFFECT: Appropriation: No  Fiscal Com.: Yes  Local: Yes

According to the Assembly Appropriations Committee, the Medical Board of California and the State Department of Health Services indicate minor, if any, state costs.

SUPPORT: (Verified 8/17/04)

California Medical Association (source) American College of Obstetricians and Gynecologists California Nurses Association California Podiatric Medical Association California Society of Anesthesiologists OPPOSITION: (Verified 8/17/04)

Alliance of Catholic Health Care Beta Health Care Group Catholic Healthcare West MemorialCare Medical Centers Palomar Pomerado Health Scripps Health Sutter Health United Hospital Association

ARGUMENTS IN SUPPORT: Supporters believe this bill is necessary to protect patient care and preserve medical staff independence from intrusions by hospital administrators. To them, this bill reinforces the protection already provided to medical staffs under existing law .

ARGUMENTS IN OPPOSITION: Opponents are concerned that this bill creates an uncertainty between hospital governing board and medical staff. They point out that this bill significantly changes the relationship between the hospital and its medical staff. The California Healthcare Association (CHA) and other hospitals oppose this bill. However, the proposed amendments represent a compromise between the sponsors and CHA.

ASSEMBLY FLOOR:

AYES: Berg, Bermudez, Canciamilla, Chan, Chavez, Chu, Cohn, Corbett, Correa, Daucher, Diaz, Dutra, Dymally, Firebaugh, Frommer, Garcia, Goldberg, Hancock, Jerome Horton, Shirley Horton, Jackson, Kehoe, Koretz, Laird, Leno, Levine, Lieber, Liu, Longville, Lowenthal, Maddox, Maldonado, Matthews, Montanez, Mullin, Nakanishi, Nakano, Nation, Negrete McLeod, Parra, Pavley, Reyes, Richman, Ridley-Thomas, Salinas, Samuelian, Steinberg, Vargas, Wesson, Wiggins, Wolk, Wyland, Yee, Nunez

NOES: Aghazarian, Bates, Benoit, Bogh, Campbell, Cogdill, Cox, Dutton, Harman, Haynes, Houston, Keene, La Malfa, La Suer, Leslie, Maze, McCarthy, Mountjoy, Plescia, Runner, Spitzer, Strickland

NO VOTE RECORDED: Calderon, Oropeza, Pacheco, Simitian

2003 Legis. Bill Hist. CA S.B. 1325

**LIT-SUBJECT:** ANALYSIS

**LOAD-DATE:** January 31, 2007

LEXSEE 2003 LEGIS. BILL HIST. CA S.B. 1325

CALIFORNIA LEGISLATIVE BILL HISTORY



STATENET STATE NET

Copyright© 2007 by State Net(R), All Rights Reserved.

2003 CA S.B. 1325

*2003 Legis. Bill Hist. CA S.B. 1325*

Retrieve Bill Tracking Report

**TYPE:** Bill Analysis

**COMMITTEE:** Senate Floor

**VERSION-DATE:** August 17, 2004

**TEXT:**
|SENATE RULES COMMITTEE | SB 1325|
|Office of Senate Floor Analyses | |
|1020 N Street, Suite 524 | |
|(916) 445-6614 Fax: (916) | |
|327-4478 | |


Bill No: SB 1325
Author: Kuehl (D) Amended: 6/22/04 Vote: 21
SENATE BUSINESS & PROFESSIONS COMMITTEE: 4-1, 4/12/04
AYES: Figueroa, Cedillo, Machado, Murray
NOES: Brulte
NO VOTE RECORDED: Aanestad, Vincent
SENATE APPROPRIATIONS COMMITTEE: Senate Rule 28.8

SENATE FLOOR: 23-12, 5/17/04
AYES: Aanestad, Alarcon, Alpert, Bowen, Burton, Cedillo, Denham, Ducheny, Dunn, Escutia, Figueroa, Florez, Karnette, Kuehl, Machado, Murray, Perata, Romero, Sher, Soto, Speier, Torlakson, Vasconcellos
NOES: Ackerman, Ashburn, Battin, Brulte, Hollingsworth, Johnson, Margett, McClintock, McPherson, Morrow, Oller, Poochigian
NO VOTE RECORDED: Chesbro, Ortiz, Scott, Vincent, Vacancy

2003 Legis. Bill Hist. CA S.B. 1325

ASSEMBLY FLOOR: 54-22, 8/12/04 - See last page for vote
SUBJECT: Hospitals: physicians and surgeons: self-governance
SOURCE: California Medical Association
DIGEST: This bill requires the medical staff's right to self-governance in a hospital to include specified requirements in establishing medical staff bylaws, and makes numerous legislative findings and declarations regarding the responsibilities of the medical staff and the hospital governing board.

Assembly Amendments make significant changes to the bill, however, the intent remains the same.
ANALYSIS:
Existing law:

1. Provides for licensing and regulation of physicians and surgeons (physicians) by the Medical Board of California (Board) in the State Department of Consumer Affairs.

2. Requires a licensed general or specialized hospital having five or more physicians on its medical staff to have rules adopted by its board of directors to govern the operation of the hospital, and the rules shall include the following provisions:

A. Provision for the organization of licensed physicians within the hospital into a formal medical staff with appropriate officers and bylaws, and with staff appointments on an annual or biennial basis.

B. Provision that the membership on the medical staff shall be restricted to physicians and other licensed practitioners competent in their respective fields and worthy in professional ethics. In this respect the division of profits from professional fees in any manner shall be prohibited and any such division shall be cause for exclusion from the staff.

C. Provision that the medical staff shall be self-governing with respect to the professional work performed in the hospital, that the medical staff shall meet periodically and review and analyze at regular intervals their clinical experience, and the medical records of patients shall be the basis for such review and analysis.

D. Provision that adequate and accurate medical records be prepared and maintained for all patients.

3. Requires a licensed general or specialized hospital, having less than five physicians on its medical staff, to have rules adopted by its board of directors to govern the operation of the hospital, and the rules shall include the following provisions:

A. Provision that the membership on the medical staff shall be restricted to physicians and other licensed practitioners competent in their respective fields and worthy in professional ethics. In this respect, the division of profits from professional fees in any manner shall be prohibited and any such division shall be cause for exclusion from the staff.

B. Provision that adequate and accurate medical records be prepared and maintained for all patients.

4. Specifies that it shall be unprofessional conduct if the rules for the medical staff and hospital are not adopted.
This bill:

1. Requires the medical staff's right of self-governance to include, but not be limited to, all of the following:

A. Establishing, in medical staff bylaws, rules, or regulations, criteria and standards for medical staff membership and privileges, and enforcing those criteria and standards.

B. Establishing, in medical staff bylaws, rules, or regulations, clinical criteria and standards to oversee and manage quality assurance, utilization review, and other medical staff activities includ-

Case 3:07-cv-02486-WHA    Document 55-2    Filed 07/19/2007    Page 9 of 28

Page 3

2003 Legis. Bill Hist. CA S.B. 1325

ing, but not limited to, periodic meetings of the medical staff and its committees and departments and review and analysis of patient medical records.

C. Selecting and removing medical staff officers.

D. Assessing medical staff dues and utilizing the medical staff dues as appropriate for the purposes of the medical staff.

E. The ability to retain and be represented by independent legal counsel at the expense of the medical staff.

F. Initiating, developing, and adopting medical staff bylaws, rules, and regulations, subject to the approval of the hospital governing board, which approval is prohibited from being unreasonably withheld.

2. Prohibits the medical staff bylaws from interfering with the independent rights of the medical staff to do any of the following, but requires the bylaws to set forth procedures for:

A. Selecting and removing medical staff officers.

B. Assessing medical staff dues and utilizing the medical staff dues as appropriate for the purposes of the medical staff.

C. The ability to retain and be represented by independent legal counsel at the expense of the medical staff.

3. Requires the medical staff and the hospital governing board to meet and confer in good faith to resolve any dispute arising under the above provisions.

4. Permits a superior court to issue an injunction, writ of mandate or other appropriate order whenever any person or entity has engaged in or is about to engage in any acts or practices that hinder, restrict, or otherwise obstruct the ability of the medical staff to exercise its rights, obligations, or responsibilities under the above provisions, on application of the medical staff, and after determining that reasonable efforts, including reasonable administrative remedies provided in the medical staff bylaws, rules, or regulations, have failed to resolve the dispute.

5. Requires proceedings under the above provisions to be governed by specified provisions of the Code of Civil Procedure.

6. Makes legislative finding and declarations that:

A. Providing quality medical care in hospitals depends on the mutual accountability, interdependence, and responsibility of the medical staff and the hospital governing board for the proper performance of their respective obligations.

B. That the governing board of a hospital must act to protect the quality of medical care provided and the competency of its medical staff, and to ensure the responsible governance of the hospital in the event that the medical staff fails in any of its substantive duties or responsibilities, and that nothing in this bill is to be construed to undermine this authority.

C. The final authority of the hospital governing board may be exercised for the responsible governance of the hospital or for the conduct of the business affairs of the hospital, however, that final authority may only be exercised with a reasonable and good faith belief that the medical staff has failed to fulfill a substantive duty or responsibility in matters pertaining to the quality of patient care.

D. It would be a violation of the medical staff's self-governance and independent rights for the hospital governing board to assume a duty or responsibility of the medical staff precipitously, unreasonably, or in bad faith.

E. That the specific actions that would constitute bad faith or unreasonable action on the part of either the medical staff or hospital governing board will always be fact-specific and cannot be precisely described in statute.

Case 3:07-cv-02486-WHA    Document 55-2    Filed 07/19/2007    Page 10 of 28

Page 4

2003 Legis. Bill Hist. CA S.B. 1325

F. The provisions set forth in this bill do nothing more than provide for the basic independent rights and responsibilities of a self-governing medical staff, and that ultimately, a successful relationship between a hospital's medical staff and governing board depends on the mutual respect of each for the rights and responsibilities of the other.

Background. Existing law defines a "general acute care hospital" as a health facility having a duly constituted governing body with overall administrative and professional responsibility and an organized medical staff that provides 24-hour inpatient care. State regulations define the "governing body" as the person, persons, board of trustees, directors or other body in whom the final authority and responsibility is vested for conduct of the hospital. The governing body is required to adopt written bylaws that include specified provisions. Each hospital is also required to have an organized medical staff that is responsible to the governing body for the adequacy and quality of the medical care rendered to patients in the hospital. The medical staff, by vote of the members and with the approval of the governing body, is required to adopt written by-laws which provide formal procedures for the evaluation of staff applications and credentials, appointments, reappointments, assignment of clinical privileges, appeals mechanisms and other subjects or conditions which the medical staff and governing body deem appropriate

FISCAL EFFECT: Appropriation: No  Fiscal Com.: Yes  Local: Yes

According to the Assembly Appropriations Committee, the Medical Board of California and the State Department of Health Services indicate minor, if any, state costs.

SUPPORT: (Verified 6/15/04)(Unable to re-verify at time of this writing)

California Medical Association (source) American College of Obstetricians and Gynecologists California Nurses Association California Podiatric Medical Association California Society of Anesthesiologists

OPPOSITION: (Verified 6/15/04)(Unable to re-verify at time of this writing)

Adventist Healthcare Coalition Alliance of Catholic Health Care Beta Health Care Group California Healthcare Association Catholic Healthcare West Loma Linda University Medical Center MemorialCare Medical Centers Palomar Pomerado Health Scripps Health Sutter Health United Hospital Association

ARGUMENTS IN SUPPORT: Supporters believe this bill is necessary to protect patient care and preserve medical staff independence from intrusions by hospital administrators. To them, this bill reinforces the protection already provided to medical staffs under existing law .

ARGUMENTS IN OPPOSITION: Opponents are concerned that this bill creates an uncertainty between hospital governing board and medical staff. They point out that this bill significantly changes the relationship between the hospital and its medical staff. The California Healthcare Association (CHA) and other hospitals oppose this bill. However, the proposed amendments represent a compromise between the sponsors and CHA.

ASSEMBLY FLOOR:

AYES: Berg, Bermudez, Canciamilla, Chan, Chavez, Chu, Cohn, Corbett, Correa, Daucher, Diaz, Dutra, Dymally, Firebaugh, Frommer, Garcia, Goldberg, Hancock, Jerome Horton, Shirley Horton, Jackson, Kehoe, Koretz, Laird, Leno, Levine, Lieber, Liu, Longville, Lowenthal, Maddox, Maldonado, Matthews, Montanez, Mullin, Nakanishi, Nakano, Nation, Negrete McLeod, Parra, Pavley, Reyes, Richman, Ridley-Thomas, Salinas, Samuelian, Steinberg, Vargas, Wesson, Wiggins, Wolk, Wyland, Yee, Nunez NOES: Aghazarian, Bates, Benoit, Bogh, Campbell, Cogdill, Cox, Dutton, Harman, Haynes, Houston, Keene, La Malfa, La Suer, Leslie, Maze, McCarthy, Mountjoy, Plescia, Runner, Spitzer, Strickland

Case 3:07-cv-02486-WHA     Document 55-2     Filed 07/19/2007     Page 11 of 28

Page 5

2003 Legis. Bill Hist. CA S.B. 1325

NO VOTE RECORDED: Calderon, Oropeza, Pacheco, Simitian

**LIT-SUBJECT:** ANALYSIS

**LOAD-DATE:** January 31, 2007

LEXSEE 2003 LEGIS. BILL HIST. CA S.B. 1325

CALIFORNIA LEGISLATIVE BILL HISTORY



STATENET STATE NET

Copyright© 2007 by State Net(R), All Rights Reserved.

2003 CA S.B. 1325

*2003 Legis. Bill Hist. CA S.B. 1325*

Retrieve Bill Tracking Report

**TYPE:** Bill Analysis

**COMMITTEE:** Assembly Floor

**VERSION-DATE:** August 12, 2004

**TEXT:**

```
 SENATE VOTE:23-12
 HEALTH        14-1    APPROPRIATIONS   16-1

|Ayes:|Cohn, Spitzer, Chan, |Ayes:|Chu, Laird, Calderon, |
| |Dymally, Koretz, Lieber, | |Corbett, |
| |Montanez, Nakanishi, | |Correa, Firebaugh, |
| |Nakano, Negrete McLeod, | |Goldberg, Leno, |
| |Richman, Ridley-Thomas, | |Nation, Negrete McLeod, |
| |Salinas, Wolk | |Oropeza, |
| | | |Pavley, Levine, |
| | | |Steinberg, Wiggins, |
| | | |Yee |
```

2003 Legis. Bill Hist. CA S.B. 1325

| | | | | |Nays:|Plescia |Nays:|Haynes |
| | | | |

SUMMARY: Clarifies the medical staff's right of self-governance and makes various findings and declarations.

Specifically, this bill:

1) Requires the medical staff's right of self-governance to include, but not be limited to, all of the following:

a) Establishing in medical bylaws, rules or regulation, criteria and standards consistent with the medical peer review process, for medical staff membership and privileges;

b) Establishing in medical staff bylaws, rules or regulations, clinical criteria and standards to oversee and manage quality assurance, utilization review, and other medical staff activities including, but not limited to, periodic meetings of the medical staff and its committees and departments and review and analysis of patient medical records;

c) Selecting and removing medical staff officers;

d) Assessing medical staff dues and utilizing the medical staff dues as appropriate for the purposes of the medical staff;

e) The ability to retain and be represented by independent legal counsel at the expense of the medical staff; and,

f) Initiating, developing, and adopting medical staff bylaws, rules and regulation, and amendments thereto, subject to approval of the hospital governing board, which approval shall not be unreasonably withheld.

2) Prohibits the medical bylaws from interfering with the independent rights of the medical staff to do any of the following, but requires the procedures for:

a) Selecting and removing medical staff officers;

b) Assessing medical staff dues and utilizing medical staff dues as appropriate for the purposes of the medical staff; and,

c) The ability to retain and be represented by independent legal counsel at the expense of the medical staff.

3) Requires, that with respect to any dispute arising, the medical staff and hospital governing board to meet and confer in good faith to resolve the dispute. Allows a superior court of any county to issue an injunction, writ of mandate, or other appropriate order whenever a person or entity has engaged in or is about to engage in any acts or practices that hinder, restrict, or otherwise obstruct the ability of the medical staff to exercise its rights, obligations, or responsibilities, as specified.

4) Makes legislative findings and declarations on the following:

a) That providing quality medical care in hospitals depends on the mutual accountability, interdependence, and responsibility, of the medical staff and the hospital governing body for the proper performance of their respective obligations;

b) That the governing board of a hospital must act to protect the quality of medical care provided and the competency of its medical staff, and the responsible governance of the hospital in the event that the medical staff fails in any of its substantive duties or responsibilities, and nothing in this bill undermines their authority. The final authority of the hospital governing board may be exercised for the responsible governance of the hospital or for the conduct of the business affairs of the hospital but such final authority may only be exercised with a reasonable and good faith belief that the medical staff has failed to fulfill a substantive duty or responsibility in matters pertaining to the quality of patient care. Specifies that it would be a violation of the medical staff's self-governance

Case 3:07-cv-02486-WHA    Document 55-2    Filed 07/19/2007    Page 13 of 28

Page 7

2003 Legis. Bill Hist. CA S.B. 1325

and independent rights for the hospital governing board to assume a duty or responsibility of the medical staff precipitously, unreasonably, or in bad faith; and,

c) That the specific actions that would constitute bad faith or unreasonable action on the part of either the medical staff, or hospital governing board will always be fact specific and cannot be precisely described in statute, and that the provisions set forth herein do nothing more than provide for the basic independent rights and responsibilities of a self-governing medical staff. Specifies that a successful relationship between a hospital's medical staff and governing board depends on the mutual respect for the rights and responsibilities of the other.

EXISTING LAW:

1) Provides for the licensing and regulation of physicians and surgeons by the Medical Board of California in the Department of Consumer Affairs.

2) Requires a licensed general or specialized hospital with five or more physicians on its medical staff to have rules adopted by its board of directors to govern the operation of the hospital, and the rules to include the following:

a) Provision for the organization of licensed physicians within the hospital into a formal medical staff with appropriate officers and bylaws, and with staff appointments on an annual or biennial basis;

b) Provision that membership on the medical staff shall be restricted to physicians and other licensed practitioners competent in their respective fields and worthy in professional ethics. Prohibits the division of profits from professional fees and such division is cause for exclusion from the staff;

c) Provision that the medical staff is self-governing with respect to the professional work performed in the hospital; that the medical staff meet periodically and review and analyze at regular intervals their clinical experience; and the medical records of patients to be the basis for such review and analysis; and,

d) Provision that adequate and accurate medical records be prepared and maintained for all patients.

3) Requires a licensed general or specialized hospital, having less than five physicians on its medical staff to have rules adopted by its board of directors to govern the operation of the hospital, and the rules to include the following provisions:

a) That membership on the medical staff shall be restricted to physicians and other licensed practitioners competent in their respective fields and worthy in professional ethics. Division of profits from professional fees in any manner is prohibited and any such division is cause for exclusion from the staff; and,

b) That adequate and accurate medical records be prepared and maintained for all patients.

4) States that it is unprofessional conduct if the rules for the medical staff and hospital are not adopted.

FISCAL EFFECT: According to the Assembly Appropriations Committee, minor, if any, state costs.

COMMENTS: The California Medical Association (CMA), the sponsor of this bill, states that too much is left to implication regarding the authority of the medical staff and the authority of the adopted bylaws. CMA claims that while the intent of the law is clear, there is no explicit statement in the law indicating that the adopted bylaws of the medical staff govern all professional services provided in the hospital, even if it is the hospital itself that enters into a medical service provider contract. CMA states that a recent incident where one hospital is attempting to exploit the ambiguity in the law and exercise the authority to contract for medical service providers is the impetus for this

Case 3:07-cv-02486-WHA    Document 55-2    Filed 07/19/2007    Page 14 of 28

Page 8

2003 Legis. Bill Hist. CA S.B. 1325

bill. The sponsor points out that this bill is an attempt to clarify the role of the governing bylaws of the medical staff.

CMA points out that a Ventura incident illustrates the need for this bill. The hospital administration of a hospital in Ventura County is being sued by its medical staff for violating state laws requiring medical staff self-governance. The suit alleges that the administration usurped the medical staff's credentialing, standard setting, disciplinary and quality assurance functions; refused to recognize duly elected medical staff officers; unilaterally amended the medical staff bylaws; improperly interfered with medical staff's efforts to review and update its bylaws; and illegally seized the medical staff dues totaling $ 250,000. CMA has filed a brief with the court discussing state and federal precedents that establish and reinforce a medical staff's position as a separate legal entity. The case is still pending in Ventura County Superior Court.

According to CMA, for over thirty years, oversight and quality assurance of medical care has been the responsibility of licensed physicians. CMA points out that ensuring the needs of patients remains the top priority in all medical decisions and that California law provides that "medical staff shall be self-governing with respect to the professional work performed in the hospital." CMA claims the purpose of this doctrine is to insulate medical decision making from influence by hospital administrative staff who are primarily concerned with the administrative needs of the hospital, and its profitability. CMA illustrates the potential conflict that may arise between hospital and medical staff using the example of the selection of service providers for radiology. While a hospital may prefer a long-term contract offering low cost services to ensure future profitability and cost control, the medical staff may prefer a probationary period to assess the skills of the new service provider. CMA states that staff physicians are also concerned about cost control but their primary interest lies on what is best for a patient. CMA stresses that medical staff self-governance ensures that such decisions are made by licensed physicians who act under the duty of care to their patients and not to the governing board of a hospital acting under a fiduciary duty to shareholders.

The Joint Commission on Accreditation of Healthcare Organizations (JCAHO) which accredits hospitals across the country, requires medical staff self-governance because it believes self-governance also leads to quality patient care. JCAHO specifies in its 2004 Medical Staff Standards for Hospitals that "the hospital has an organized, self-governing medical staff that provides oversight of care, treatment, and services provided by the practitioners with privileges, provides for a uniform quality of patient care, treatment, and services and reports to and is accountable to the governing body. Medical staff bylaws address self governance and accountability to the governing body and the organized medical staff has a leadership role in organization performance improvement activities to improve quality care, treatment and services and patient safety."

Supporters believe this bill is necessary to protect patient care and preserve medical staff independence from intrusions by hospital administrators. To them, this bill reinforces the protection already provided to medical staffs under existing law.

The opponents are concerned that this bill would create an uncertainty between hospital governing board and medical staff. They point out this bill would significantly change the relationship between the hospital and its medical staff. The California Healthcare Association (CHA) and other hospitals oppose this bill. However, the proposed amendments represent a compromise between the sponsors and CHA.

AB 405 (Kuehl) of 1997, would have required hospitals to establish a formal process to consult with its medical staff prior to making a decision to enter into, continue, or terminate an exclusive contract for medical services. In his veto message, then Governor Pete Wilson indicated that hospi-

Case 3:07-cv-02486-WHA    Document 55-2    Filed 07/19/2007    Page 15 of 28

Page 9

2003 Legis. Bill Hist. CA S.B. 1325

tal management and the medical staff can and should consult with each other on quality of care issues, and require no legislative directive to do so.
 Analysis Prepared by: Rosielyn Pulmano / HEALTH / (916) 319-2097
 FN: 0007407

**LIT-SUBJECT:** ANALYSIS

**LOAD-DATE:** January 31, 2007


LEXSEE 2003 LEGIS. BILL HIST. CA S.B. 1325

CALIFORNIA LEGISLATIVE BILL HISTORY



STATENET $STATE NET$

Copyright© 2007 by State Net(R), All Rights Reserved.

2003 CA S.B. 1325

*2003 Legis. Bill Hist. CA S.B. 1325*

Retrieve Bill Tracking Report

**TYPE:** Bill Analysis

**COMMITTEE:** Assembly Committee on Appropriations

**VERSION-DATE:** August 4, 2004

**TEXT:**



 Policy Committee: Health Vote: 14-1
 Urgency: No State Mandated Local Program: Yes Reimbursable: No
 SUMMARY
 This bill requires the medical staff's right to self-governance in a hospital to include specified requirements in establishing medical staff bylaws, and makes numerous legislative findings and declarations regarding the responsibilities of the medical staff and the hospital governing board.
 Specifically, this bill:

Case 3:07-cv-02486-WHA    Document 55-2    Filed 07/19/2007    Page 16 of 28

Page 10

2003 Legis. Bill Hist. CA S.B. 1325

1) Requires the medical staff's right of self-governance to include, but not be limited to, all of the following:

a) Establishing, in medical staff bylaws, rules, or regulations, criteria and standards for medical staff membership and privileges, and enforcing those criteria and standards;

b) Establishing, in medical staff bylaws, rules, or regulations, clinical criteria and standards to oversee and manage quality assurance, utilization review, and other medical staff activities including, but not limited to, periodic meetings of the medical staff and its committees and departments and review and analysis of patient medical records;

c) Selecting and removing medical staff officers;

d) Assessing medical staff dues and utilizing the medical staff dues as appropriate for the purposes of the medical staff;

e) The ability to retain and be represented by independent legal counsel at the expense of the medical staff; and

f) Initiating, developing, and adopting medical staff bylaws, rules, and regulations, subject to the approval of the hospital governing board, which approval is prohibited from being unreasonably withheld.

FISCAL EFFECT

The Medical Board of California and to the Department of Health Services indicate minor, if any, state costs.

SUMMARY

2) Prohibits the medical staff bylaws from interfering with the independent rights of the medical staff to do any of the following, but requires the bylaws to set forth procedures for:

a) Electing and removing medical staff officers;

b) Assessing medical staff dues and utilizing the medical staff dues as appropriate for the purposes of the medical staff; and

c) The ability to retain and be represented by independent legal counsel at the expense of the medical staff.

3) Requires the medical staff and the hospital governing board to meet and confer in good faith to resolve any dispute arising under the above provisions.

4) Permits a superior court to issue an injunction, writ of mandate or other appropriate order whenever any person or entity has engaged in or is about to engage in any acts or practices that hinder, restrict, or otherwise obstruct the ability of the medical staff to exercise its rights, obligations, or responsibilities under the above provisions, on application of the medical staff, and after determining that reasonable efforts, including reasonable administrative remedies provided in the medical staff bylaws, rules, or regulations, have failed to resolve the dispute.

5) Requires proceedings under the above provisions to be governed by specified provisions of the Code of Civil Procedure.

6) Makes legislative finding and declarations that:

a) Providing quality medical care in hospitals depends on the mutual accountability, interdependence, and responsibility of the medical staff and the hospital governing board for the proper performance of their respective obligations.

b) That the governing board of a hospital must act to protect the quality of medical care provided and the competency of its medical staff, and to ensure the responsible governance of the hospital in the event that the medical staff fails in any of its substantive duties or responsibilities, and that nothing in this bill is to be construed to undermine this authority.

Case 3:07-cv-02486-WHA    Document 55-2    Filed 07/19/2007    Page 17 of 28

Page 11

2003 Legis. Bill Hist. CA S.B. 1325

c) The final authority of the hospital governing board may be exercised for the responsible governance of the hospital or for the conduct of the business affairs of the hospital, however, that final authority may only be exercised with a reasonable and good faith belief that the medical staff has failed to fulfill a substantive duty or responsibility in matters pertaining to the quality of patient care.

d) It would be a violation of the medical staff's self-governance and independent rights for the hospital governing board to assume a duty or responsibility of the medical staff precipitously, unreasonably, or in bad faith.

e) That the specific actions that would constitute bad faith or unreasonable action on the part of either the medical staff or hospital governing board will always be fact-specific and cannot be precisely described in statute.

f) The provisions set forth in this bill do nothing more than provide for the basic independent rights and responsibilities of a self-governing medical staff, and that ultimately, a successful relationship between a hospital's medical staff and governing board depends on the mutual respect of each for the rights and responsibilities of the other.

COMMENTS

1) Purpose. This bill is sponsored by the California Medical Association (CMA) in order to protect patient care and preserve medical staff independence from intrusions by hospital administrators. CMA argues the self-governing status of medical staffs is intended to protect medical staffs from lay hospital administration interference, and this protection is vital to the quality of care for patients. CMA argues that at least three hospitals have ignored the self-governance authority of the medical staff by violating the medical staff bylaws. CMA states that violations of self-governance include unseating duly elected members of the medical staff medical executive committee and replacing them with hand-picked appointees of the hospital board, unilaterally amending the medical staff by-laws, and other similar transgressions. This bill is intended to clearly establish the independent status of the medical staff and clearly delineate the basic rights and responsibilities of the medical staff.

2) Background. Existing law defines a "general acute care hospital" as a health facility having a duly constituted governing body with overall administrative and professional responsibility and an organized medical staff that provides 24-hour inpatient care. State regulations define the "governing body" as the person, persons, board of trustees, directors or other body in whom the final authority and responsibility is vested for conduct of the hospital. The governing body is required to adopt written bylaws that include specified provisions. Each hospital is also required to have an organized medical staff that is responsible to the governing body for the adequacy and quality of the medical care rendered to patients in the hospital. The medical staff, by vote of the members and with the approval of the governing body, is required to adopt written by-laws which provide formal procedures for the evaluation of staff applications and credentials, appointments, reappointments, assignment of clinical privileges, appeals mechanisms and other subjects or conditions which the medical staff and governing body deem appropriate

3) Opposition. This bill is opposed by the United Hospital Association, which argues this bill would drastically change the relationship between the hospital's governing body and its medical staff. UHA argues this bill reverses the current legal framework establishing the hospital governing body and medical staff relationships, and does so in a vague and ambiguous manner. UHA argues legal actions will inevitably result as governing bodies, medical staffs and the courts adjust to these changes and resolve the ambiguities, resulting in increasing costs to hospitals, patients, the state, and diversion of health care resources from patient care to internal political struggles in hospitals.

Analysis Prepared by: Scott Bain / APPR. / (916) 319-2081

**LIT-SUBJECT:** ANALYSIS

**LOAD-DATE:** January 31, 2007

LEXSEE 2003 LEGIS. BILL HIST. CA S.B. 1325

CALIFORNIA LEGISLATIVE BILL HISTORY

 STATENET STATE NET

Copyright© 2007 by State Net(R), All Rights Reserved.

2003 CA S.B. 1325

*2003 Legis. Bill Hist. CA S.B. 1325*

Retrieve Bill Tracking Report

**TYPE:** Bill Analysis

**COMMITTEE:** Assembly Committee on Health

**VERSION-DATE:** June 15, 2004

**TEXT:**

SENATE VOTE: 23-12
SUBJECT: Hospitals: physicians and surgeons: self-governance.
SUMMARY: Clarifies the medical staff's right of self-governance and makes various findings and declarations.
Specifically, this bill:
1) Requires the medical staff's right of self-governance to include, but not be limited to, all of the following:
a) Establishing in medical bylaws, rules or regulation, criteria and standards consistent with the medical peer review process, for medical staff membership and privileges;

Case 3:07-cv-02486-WHA    Document 55-2    Filed 07/19/2007    Page 19 of 28

Page 13

2003 Legis. Bill Hist. CA S.B. 1325

b) Establishing in medical staff bylaws, rules or regulations, clinical criteria and standards to oversee and manage quality assurance, utilization review, and other medical staff activities including, but not limited to, periodic meetings of the medical staff and its committees and departments and review and analysis of patient medical records;

c) Selecting and removing medical staff officers;

d) Assessing medical staff dues and utilizing the medical staff dues as appropriate for the purposes of the medical staff;

e) The ability to retain and be represented by independent legal counsel at the expense of the medical staff; and,

f) Initiating, developing, and adopting medical staff bylaws, rules and regulation, and amendments thereto, subject to approval of the hospital governing board, which approval shall not be unreasonably withheld.

2) Prohibits the medical bylaws from interfering with the independent rights of the medical staff to do any of the following, but requires the procedures for:

a) Selecting and removing medical staff officers;

b) Assessing medical staff dues and utilizing medical staff dues as appropriate for the purposes of the medical staff; and,

c) The ability to retain and be represented by independent legal counsel at the expense of the medical staff.

3) Requires, that with respect to any dispute arising, the medical staff and hospital governing board to meet and confer in good faith to resolve the dispute. Allows a superior court of any county to issue an injunction, writ of mandate, or other appropriate order whenever a person or entity has engaged in or is about to engage in any acts or practices that hinder, restrict, or otherwise obstruct the ability of the medical staff to exercise its rights, obligations, or responsibilities, as specified.

4) Makes legislative findings and declarations on the following:

a) That providing quality medical care in hospitals depends on the mutual accountability, interdependence, and responsibility, of the medical staff and the hospital governing body for the proper performance of their respective obligations;

b) That the governing board of a hospital must act to protect the quality of medical care provided and the competency of its medical staff, and the responsible governance of the hospital in the event that the medical staff fails in any of its substantive duties or responsibilities, and nothing in this bill undermines their authority. The final authority of the hospital governing board may be exercised for the responsible governance of the hospital or for the conduct of the business affairs of the hospital but such final authority may only be exercised with a reasonable and good faith belief that the medical staff has failed to fulfill a substantive duty or responsibility in matters pertaining to the quality of patient care. Specifies that it would be a violation of the medical staff's self-governance and independent rights for the hospital governing board to assume a duty or responsibility of the medical staff precipitously, unreasonably, or in bad faith; and,

c) That the specific actions that would constitute bad faith or unreasonable action on the part of either the medical staff, or hospital governing board will always be fact specific and cannot be precisely described in statute, and that the provisions set forth herein do nothing more than provide for the basic independent rights and responsibilities of a self-governing medical staff. Specifies that a successful relationship between a hospital's medical staff and governing board depends on the mutual respect for the rights and responsibilities of the other.

EXISTING LAW:

2003 Legis. Bill Hist. CA S.B. 1325

1) Provides for the licensing and regulation of physicians and surgeons by the Medical Board of California in the Department of Consumer Affairs.

2) Requires a licensed general or specialized hospital with five or more physicians on its medical staff to have rules adopted by its board of directors to govern the operation of the hospital, and the rules to include the following:

a) Provision for the organization of licensed physicians within the hospital into a formal medical staff with appropriate officers and bylaws, and with staff appointments on an annual or biennial basis;

b) Provision that membership on the medical staff shall be restricted to physicians and other licensed practitioners competent in their respective fields and worthy in professional ethics. Prohibits the division of profits from professional fees and such division is cause for exclusion from the staff;

c) Provision that the medical staff is self-governing with respect to the professional work performed in the hospital; that the medical staff meet periodically and review and analyze at regular intervals their clinical experience; and the medical records of patients to be the basis for such review and analysis; and,

d) Provision that adequate and accurate medical records be prepared and maintained for all patients.

3) Requires a licensed general or specialized hospital, having less than five physicians on its medical staff to have rules adopted by its board of directors to govern the operation of the hospital, and the rules to include the following provisions:

a) That membership on the medical staff shall be restricted to physicians and other licensed practitioners competent in their respective fields and worthy in professional ethics. Division of profits from professional fees in any manner is prohibited and any such division is cause for exclusion from the staff; and,

b) That adequate and accurate medical records be prepared and maintained for all patients.

4) States that it is unprofessional conduct if the rules for the medical staff and hospital are not adopted.

FISCAL EFFECT:

Unknown. This bill passed out of the Senate Appropriations Committee pursuant to Senate Rule 28.8.

COMMENTS:

1) PURPOSE OF THIS BILL. The California Medical Association (CMA), the sponsor of this bill, states that too much is left to implication regarding the authority of the medical staff and the authority of the adopted bylaws. CMA claims that while the intent of the law is clear, there is no explicit statement in the law indicating that the adopted bylaws of the medical staff govern all professional services provided in the hospital, even if it is the hospital itself that enters into a medical service provider contract. CMA states that a recent incident where one hospital is attempting to exploit the ambiguity in the law and exercise the authority to contract for medical service providers is the impetus for this bill. The sponsor points out that this bill is an attempt to clarify the role of the governing bylaws of the medical staff.

2) VENTURA INCIDENT. CMA points out that a Ventura incident illustrates the need for this bill. The hospital administration of a hospital in Ventura County is being sued by its medical staff for violating state laws requiring medical staff self-governance. The suit alleges that the administration usurped the medical staff's credentialing, standard setting, disciplinary and quality assurance functions; refused to recognize duly elected medical staff officers; unilaterally amended the medical staff bylaws; improperly interfered with medical staff's efforts to review and update its bylaws; and

Case 3:07-cv-02486-WHA    Document 55-2    Filed 07/19/2007    Page 21 of 28

Page 15

2003 Legis. Bill Hist. CA S.B. 1325

illegally seized the medical staff dues totaling $ 250,000. CMA has filed a brief with the court discussing state and federal precedents that establish and reinforce a medical staff's position as a separate legal entity. The case is still pending in Ventura County Superior Court.

3) MEDICAL STAFF SELF-GOVERNANCE. According to CMA, for over thirty years, oversight and quality assurance of medical care has been the responsibility of licensed physicians. CMA points out that ensuring the needs of patients remains the top priority in all medical decisions and that California law provides that "medical staff shall be self-governing with respect to the professional work performed in the hospital." CMA claims the purpose of this doctrine is to insulate medical decision making from influence by hospital administrative staff who are primarily concerned with the administrative needs of the hospital, and its profitability. CMA illustrates the potential conflict that may arise between hospital and medical staff using the example of the selection of service providers for radiology. While a hospital may prefer a long-term contract offering low cost services to ensure future profitability and cost control, the medical staff may prefer a probationary period to assess the skills of the new service provider. CMA states that staff physicians are also concerned about cost control but their primary interest lies on what is best for a patient. CMA stresses that medical staff self-governance ensures that such decisions are made by licensed physicians who act under the duty of care to their patients and not to the governing board of a hospital acting under a fiduciary duty to shareholders.

The Joint Commission on Accreditation of Healthcare Organizations (JCAHO) which accredits hospitals across the country, requires medical staff self-governance because it believes self-governance also leads to quality patient care. JCAHO specifies in its 2004 Medical Staff Standards for Hospitals that "the hospital has an organized, self-governing medical staff that provides oversight of care, treatment, and services provided by the practitioners with privileges, provides for a uniform quality of patient care, treatment, and services and reports to and is accountable to the governing body. Medical staff bylaws address self governance and accountability to the governing body and the organized medical staff has a leadership role in organization performance improvement activities to improve quality care, treatment and services and patient safety."

4) SUPPORT. Supporters believe this bill is necessary to protect patient care and preserve medical staff independence from intrusions by hospital administrators. To them, this bill reinforces the protection already provided to medical staffs under existing law.

5) OPPOSITION. The opponents are concerned that this bill would create an uncertainty between hospital governing board and medical staff. They point out this bill would significantly change the relationship between the hospital and its medical staff. The California Healthcare Association (CHA) and other hospitals oppose this bill. However, the proposed amendments represent a compromise between the sponsors and CHA.

6) PRIOR LEGISLATION. AB 405 (Kuehl) of 1997, would have required hospitals to establish a formal process to consult with its medical staff prior to making a decision to enter into, continue, or terminate an exclusive contract for medical services. In his veto message, then Governor Pete Wilson indicated that hospital management and the medical staff can and should consult with each other on quality of care issues, and require no legislative directive to do so.

REGISTERED SUPPORT / OPPOSITION:

Support

California Medical Association (sponsor) California Academy of Family Physicians California Nurses Association California Podiatric Medical Association California Society of Anesthesiologists

Opposition

2003 Legis. Bill Hist. CA S.B. 1325

 Adventist Healthcare Coalition Alliance of Catholic Health Care Beta Health Care Group California Healthcare Association Catholic Healthcare West Loma Linda University Medical Center MemorialCare Medical Centers Palomar Pomerado Health Scripps Health Sutter Health United Hospital Association
 Analysis Prepared by: Rosielyn Pulmano / HEALTH / (916) 319-2097

**LIT-SUBJECT:** ANALYSIS

**LOAD-DATE:** January 31, 2007

2 of 2 DOCUMENTS

CALIFORNIA LEGISLATIVE BILL HISTORY



STATENET STATE NET

Copyright© 2007 by State Net(R), All Rights Reserved.

2003 CA S.B. 1325

*2003 Legis. Bill Hist. CA S.B. 1325*

Retrieve Bill Tracking Report

**TYPE:** Bill Analysis

**COMMITTEE:** Senate Committee on Business and Professions

**VERSION-DATE:** April 12, 2004

**TEXT:**
|Hearing Date: April 12, 2004 |Bill No: SB |
| |1325 |


As Introduced: February 18, 2004         Fiscal: Yes


SUBJECT: Hospitals: physicians and surgeons: self-governance.
SUMMARY:
 Clarifies that the bylaws adopted by the medical staff of a hospital forms a contractual relationship that governs both the hospital and the medical staff as to the quality of medical care provided by licensed physicians and surgeons.
 Existing law:
 1) Provides for licensing and regulation of physicians and surgeons (physicians) by the Medical Board of California (Board) in the Department of Consumer Affairs.
 2) Requires a licensed general or specialized hospital having five or more physicians on its medical staff to have rules adopted by its board of directors to govern the operation of the hospital, and the rules shall include the following provisions:

Case 3:07-cv-02486-WHA    Document 55-2    Filed 07/19/2007    Page 24 of 28

Page 2

2003 Legis. Bill Hist. CA S.B. 1325

a) Provision for the organization of licensed physicians within the hospital into a formal medical staff with appropriate officers and bylaws, and with staff appointments on an annual or biennial basis.

b) Provision that the membership on the medical staff shall be restricted to physicians and other licensed practitioners competent in their respective fields and worthy in professional ethics. In this respect the division of profits from professional fees in any manner shall be prohibited and any such division shall be cause for exclusion from the staff.

c) Provision that the medical staff shall be self-governing with respect to the professional work performed in the hospital; that the medical staff shall meet periodically and review and analyze at regular intervals their clinical experience; and the medical records of patients shall be the basis for such review and analysis.

d) Provision that adequate and accurate medical records be prepared and maintained for all patients.

4) Requires a licensed general or specialized hospital, having less than five physicians on its medical staff, to have rules adopted by its board of directors to govern the operation of the hospital, and the rules shall include the following provisions:

a) Provision that the membership on the medical staff shall be restricted to physicians and other licensed practitioners competent in their respective fields and worthy in professional ethics. In this respect the division of profits from professional fees in any manner shall be prohibited and any such division shall be cause for exclusion from the staff.

b) Provision that adequate and accurate medical records be prepared and maintained for all patients.

5) Specifies that it shall be unprofessional conduct if the rules for the medical staff and hospital are not adopted.

This bill: Requires as part of the provision for the organization of physicians into a formal medical staff, that the governing bylaws of the medical staff set forth the contractual relationship between the self-governing medical staff and the hospital.

FISCAL EFFECT:

Unknown.

COMMENTS:

1. Purpose. This bill is sponsored by the California Medical Association (CMA). According to CMA, too much is left to implication regarding the authority of the medical staff and the authority of the adopted bylaws. While the intent of the law is clear, nowhere is there an explicit statement that the adopted bylaws of the medical staff govern all professional services provided in the hospital, even if it is the hospital itself that enters into a medical service provider contract. As indicated by CMA, at least one hospital is attempting to exploit this ambiguity and exercise the authority to contract for medical service providers, which opens the door to allowing unlicensed personnel to evaluate the competency of a physician. This bill, as explained by CMA, states in plain language that the governing bylaws of the medical staff control how professional services are provided for in a hospital. This bill accomplishes this purpose by stating that the bylaws are deemed to form a contractual relationship, with the result that there is no question that the bylaws are binding on both the medical staff and the hospital.

2. Doctrine of Self-Governance for Medical Staff. According to CMA, for over thirty years oversight and quality assurance of medical care has been the responsibility of licensed physicians. To ensure that the needs of patients remain the top priority in all medical decisions, California law provides that a "medical staff shall be self-governing with respect to the professional work performed

Case 3:07-cv-02486-WHA    Document 55-2    Filed 07/19/2007    Page 25 of 28

Page 3

2003 Legis. Bill Hist. CA S.B. 1325

in the hospital." The purpose of this doctrine is to insulate medical decision making from influence by hospital administrative staff who are more concerned with the administrative needs of the hospital. One example, as pointed out by CMA, that illustrates the different concerns between the hospital and the medical staff, is in the selection of health care service providers. The hospital may prefer a long-term contract offering lower cost services to ensure future profitability and cost control, while the medical staff may want a probationary period to assess the skills of the new service provider.

The Joint Commission on Accreditation of Healthcare Organizations (JCAHO), which accredits hospitals across the country, requires medical staff self-governance because they believe it also leads to quality patient care. Joint Commission standards state that "one or more organized, self-governing medical staffs shall have overall responsibility for the quality of the professional services provided by individuals with clinical privileges, as well as the responsibility of accounting therefor to the governing body, and also mandates that medical staffs shall develop and adopt "bylaws and rules and regulations to establish a framework for self-governance of medical staff activities and accountability to the governing body."

3. Legal Requirements Regarding Self-Governance of Medical Staff. Section 70703 of Title 22 of the California Code of Regulations specifically deals with the formation of an organized self-governing medical staff. According to the regulations, each hospital shall have an organized medical staff responsible to the governing body for the adequacy and quality of medical care rendered to patients of the hospital. The regulations specify the composition of the medical staff and require bylaws to be adopted by the members of the medical staff and with approval of the governing body of the hospital. The bylaws for the medical staff shall provide for rules and regulations for appropriate practices and procedures to be observed by the various departments of the hospital.

4. CMA Claims that Self-Governance Doctrine is Under Attack. As argued by CMA, medical staff self-governance has come under increasing attack in the era of managed care as hospital administrators have sought to exercise more control over the practice of medicine. While this problem has been litigated in other states already, it has surfaced in this state only recently because California law already presumes that medical staffs are self-governing. Nonetheless, as explained by CMA, our laws are somewhat ambiguous. Business and Professions Code Section 2282(a) requires that the practicing medical staff shall be an "organization. . . with appropriate officers and bylaws, and with staff appointments on an annual or biennial basis." While the law presumes that a body formally organized with officers and adopted bylaws shall be governed by those bylaws, the law does not expressly state that the bylaws govern how decisions regarding the quality of medical care are made, and at least one hospital is trying to exploit this lack of clarity, according to CMA.

The hospital, which is the Community Memorial Hospital of San Buenaventura (CMH) in Ventura, California, and its Board of trustees (board) is said by the medical staff of CMH to have refused to recognize the replacement of elected medical staff officers and attempted to usurp control in other ways by unilateral amendment of medical staff bylaws, entering into contracts with service providers considered as unreasonable by medical staff and seizure of medical staff funds. The hospital board also adopted a 20-page "Medical Staff Code of Conduct" which purported to dictate acceptable and unacceptable personal behavior by medical staff. In April of 2003, a lawsuit was filed by the medical staff of CMH against the Board of CMH.

5. Status of CMH Lawsuit. According to the American Medical Association (AMA), in July 2003 the AMA and CMA filed an amicus curiae brief urging the court to recognize the staff's right to operate as a self-governing entity. In September 2003, the court sustained the medical staff's legal standing to file lawsuit. On October 2, the hospital's CEO resigned; and after further court rulings

Case 3:07-cv-02486-WHA    Document 55-2    Filed 07/19/2007    Page 26 of 28

Page 4

2003 Legis. Bill Hist. CA S.B. 1325

favorable to the medical staff, the hospital has since indicated its interest in discussing a negotiated resolution of all issues.

6. Should Bylaws Adopted by the Medical Staff and the Hospital Create an Enforceable Contract? It appears that this measure would create an enforceable contract between the medical staff and the hospital if the medical staff bylaws are adopted by each. The CMA argues that this bill only clarifies what is an ambiguity in law regarding the contractual relationship that already exists once bylaws are adopted. The question of whether a hospital's bylaws create an enforceable contract was addressed in *Janda v. Madera Community Hospital (E. D. Cal.1998) 16 F. Supp.2d 1181.* The court noted that while there were no California case laws on this question, a majority of other jurisdictions "have held that hospital bylaws, when approved and adopted by the governing body, are a binding and enforceable contract between the hospital and physicians. However, in a subsequent case, in *O'Byrne v. Santa Monica Medical Center, 94 Cal. App.4th 797 (2001),* it was held that the medical staff bylaws adopted pursuant to California Code of Regulations, Title 22, Section 70703, do not in and of themselves constitute a contract between a hospital and a physician on its medical staff.

There was prior legislation regarding this issue. Assembly Bill 405 (Kuehl) was introduced on February 20, 1997, and provided that the organized medical staffs of acute care hospitals would develop and adopt medical staff bylaws. Once these bylaws were approved by the hospital's governing body, they would "constitute a binding contract between the health facility, the organized medical staff as a whole, and, to the extent the bylaws impose duties upon or grant rights to them, the individual members of the medical staff. This provision was stricken by amendment in the Assembly on May 19, 1997. The bill was ultimately vetoed by the Governor on September 8, 1997.

7. Arguments in Support. The California Society of Anesthesiologists (CSA) supports this measure. As indicated by the CSA, existing hospital licensing regulations require written bylaws to be adopted by a vote of the medical staff and approved by the governing body of the hospital. The bylaws must include procedures for the evaluation of staff applications and credentials, assignment of clinical privileges, appeal mechanisms and other appropriate matters covering the provision of medical services and quality of patient care in the facility. The CSA argues that medical staff development of the bylaws and their approval by the governing body, including the assignment of responsibility for various functions, reflect a contractual relationship that enables a hospital to provide medical care to the patients it serves. The California Nurses Association (CNA) also supports this bill, stating that the purpose of the self-governing doctrine for physicians is to insulate medical decision-making from influence by hospital administrative staff who are primarily concerned with the administrative needs of the hospital and its profitability; and as patient advocates, registered nurses understand the importance of protecting the ability of physicians to make medical decisions based on what is best for their patients, not on what is best for the hospital's bottom line. The CNA believes that this bill will remove the ambiguity in state law by expressly stating that the bylaws adopted by the medical staff form a contractual relationship that governs both the hospital and the medical staff.

8. Arguments in Opposition. The California Healthcare Association (CHA) is opposed to this bill. As argued by CHA, this bill would significantly change the relationship between the hospital and the medical staff by requiring the hospital to create a contractual relationship with its medical staff. The CHA believes that creating a contractual relationship will in some cases weaken the accountability of the governing body and in other cases jeopardize the very existence of the hospital. It will also result in great uncertainty and years of litigation will undoubtedly be necessary to clarify the state of the law. As indicated by the CHA, current law and regulations define the appropriate hospi-

2003 Legis. Bill Hist. CA S.B. 1325

tal medical staff's responsibilities and the relationship that the medical staff has with the governing body of the hospital. California hospitals support these laws and regulations. If this bill is enacted, as argued by the CHA, it is tantamount to creating collective bargaining between the hospitals and their medical staffs, a concept that the Legislature has rejected. It would also change the long-standing policy established by statute and case law, that a hospital governing body is liable for all care that is rendered in a hospital and puts hospital trustees in an untenable position as they fulfill their fiduciary and legal responsibilities. It is the belief of CHA that this measure attempts to extend medical staff authority to non-patient care issues rather than to medical care issues, which are already well defined in California law. The United Hospital Association (UHA) is also opposed to this bill and has serious concerns about the affect a contractual relationship would have on the operations of the hospital and the ultimate accountability for patient care. UHA argues that this measure would radically change the relationship between a hospital and its medical staff by requiring a contract between them, which is not the present law in California as set forth in *O'Byrne v. Santa Monica Medical Center, 94 Cal. App.4th 797 (2001).* UHA believes that such a contractual relationship will weaken the accountability of the hospital's governing body and in some cases potentially jeopardize the tax exempt status of non-profit hospitals. In addition, it may not be legally possible to accomplish for county, district, and university or publicly owned hospitals. Creating a contractual relationship, as argued by CHA, will as well dilute both the legal responsibility and legal authority of the governing body of the hospital and the flexibility it must have to operate the institution, including the care rendered to its patients. CHA points out that California law has consistently upheld a hospital's governing body's ultimate authority to make decisions, ensuring a single body is finally accountable for and to the patients, and the public. CHA also raises concerns about the liability of medical staff if there is a contractual relationship with the hospital, questions about how the "contract" would be enforced against the medical staff and/or the hospital, and whether there would have to be changes to the reporting requirements of Section 805 of the Business and Professions Code and peer review requirements of Section 809 and Section 821.5, to redefine the responsibilities of the medical staff and the hospital.

9. Amendment May Be Needed to Clarify if Bylaws Establish the Contractual Relationship. As the bill is currently written, it specifies that the bylaws would "set forth" the contractual relationship between the self-governing medical staff and the hospital. It is unclear whether the bylaws would have to actually specify what contractual relationship existed between the medical staff and the hospital, or whether it is just the intent of the Author that once the bylaws are adopted they have the effect of actually being an enforceable contractual agreement that would exist between the medical staff and the hospital.

SUPPORT AND OPPOSITION:

Support:

California Medical Association (Sponsor) American College of Obstetricians and Gynecologists (ACOG) California Nurses Association (CNA) California Podiatric Medical Association (CPMA) California Society of Anesthesiologists (CSA)

Opposition:

Adventist Healthcare Coalition Alliance of Catholic Health Care California Healthcare Association (CHA) Community Medical Centers (Fresno) Redwood Memorial Hospital St. Joseph Hospital United Hospital Association

Consultant: Bill Gage

**LIT-SUBJECT:** ANALYSIS

2003 Legis. Bill Hist. CA S.B. 1325

**LOAD-DATE:** January 31, 2007