MAUREEN E. McCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
MATTHEW P. VANDALL (State Bar No. 196962)
Email: vandall@kmm.com
KAUFF McCLAIN & McGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 421-3111
Facsimile: (415) 421-0938

Attorneys for Defendants
ALTA BATES SUMMIT MEDICAL CENTER;
RUSSELL D. STANTEN, M.D., LEIGH I.G.
IVERSON, M.D., STEVEN A. STANTEN, M.D., and
WILLIAM M. ISENBERG, M.D., Ph.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX, JR., M.D., as an individual and in his representative capacity under Business & Professions Code Section 17200 et seq., <br><br> Plaintiff, <br><br> v. <br><br> RUSSELL D. STANTEN, M.D., LEIGH I.G. IVERSON, M.D., STEVEN A. STANTEN, M.D., WILLIAM M. ISENBERG, M.D., Ph.D., ALTA BATES SUMMIT MEDICAL CENTER and does 1 through 100, <br><br> Defendants. | CASE NO. C 07-2486 WHA <br><br> **DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORD TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF** <br><br> JUDGE: Hon. William H. Alsup <br><br> COMPLAINT FILED: May 9, 2007 <br> TRIAL DATE: No date set. |

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORD TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

## REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL

Pursuant to Local Rules 7-11 and 79-5 for the United States District Court for the Northern District of California, Defendants Alta Bates Summit Medical Center, Russell D. Stanten, M.D., Leigh I.G. Iverson, M.D., Steven A. Stanten, M.D. and William M. Isenberg, M.D., Ph.D., ("Defendants") request that the Court issue an administrative order sealing in part certain factual excerpts from the Reply to Plaintiff's Opposition to Defendants' Special Motion to Strike (the "Reply Brief").

As described below, Defendants' request is narrowly tailored and compelling reasons exist to justify sealing the specified records. *See Kamakana v. United States*, 447 F.3d 1172, 1180 (9th Cir. 2006) (holding that parties seeking to maintain the confidentiality of records supporting dispositive motions must establish "compelling reasons" to file records under seal). The document Defendants wish to seal includes references to facts contained in documents already filed under seal with the Court pursuant to the June 1, 2007 Order Granting Defendants' Administrative Motion to File Under Seal (the "First Sealing Order"). In addition, Defendants wish to seal references to confidential information, as that term is defined in the Confidentiality Stipulation and Protective Order on file in this action, contained in Plaintiff's Opposition to Defendants' Special Motion to Strike, and supporting documents.[1] The factual excerpts Defendants wish to seal in the Reply Brief refer to or describe (1) confidential communications made during hospital peer review proceedings concerning Plaintiff, (2) declarations describing how those proceedings were conducted, (3) the facts the peer review decisions were based upon and (4) information revealing the identity of the

---

[1] The opposition brief and supporting papers were filed with the Court on July 12, 2007, without an administrative request for a sealing order. Hernaez Decl., ¶ 2. Immediately following Defendants' review of those documents, Defendants' notified Plaintiff that certain documents and information should have been filed under seal with the Court's approval. *See id.* At the time this administrative request for a sealing order was filed, Plaintiff was in the process of correcting the problem and had withdrawn certain documents from the public view. *Id*

-1-

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORD TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

peer review participants. Both the content of the documents and the identification information they contain should remain confidential and subject to a sealing order for the reasons discussed below. Plaintiff agrees with the scope of this request. Hernaez Decl., ¶ 3 and Exh. A.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  **ARGUMENT.**

Plaintiff is an African American cardiac surgeon with current surgical privileges at the Medical Center. Compl., ¶ 5. Like all other practicing physicians in California, Plaintiff is subject to peer review by his colleagues in a process mandated by state and federal law to insure patient safety and quality patient care. For example, the Health Care Quality Improvement Act (HCQIA), 42 U.S.C. §§ 11101 *et seq.* provides substantial immunity for the actions of physician committee members undertaking peer review. See 42 U.S.C. § 11112(a). The HCQIA effectuates certain Congressional findings, including that: "There is an overriding national need to provide incentive and protection for physicians engaging in effective peer review." 42 U.S.C. § 11101 (5). California law extends equivalent, if not greater, protection to physician peer review. "Peer review, fairly conducted, is essential to preserving the highest standards of medical practice." California Business & Professions Code § 809(a)(3).

As suggested by the above-quoted statutes, sealing the records will effectuate legislative intent and protect the well-being of the public. The Medical Center's "peer review procedure plays a significant role in protecting the public against incompetent, impaired or negligent physicians." *Kibler v. Northern Inyo County Local Hosp. Dist.*, 39 Cal. 4th 192, 200 (2006). That policy is best served by maintaining the confidential nature of the proceedings. As the *Kibler* Court recognized (and as is true at the Medical Center), "membership on a hospital's peer review committee is voluntary and unpaid, and many physicians are reluctant to join peer review committees so as to avoid sitting in judgment of their peers." *Id.* at 201; *see also Matchett v. Superior Court,*

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-2-

DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF
RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486
WHA

40 Cal. App. 623, 628-629 (1974) (confidentiality of medical peer review information is the cornerstone of internal quality assurance in hospitals).

Public disclosure of the identities of the peer review participants as well as unfettered access to their thoughts and impressions will hinder this process. Indeed, as described in the Declaration of Dr. R. Stanten, this lawsuit, even at such an early stage, has already adversely affected the Medical Center's peer review process by making it even more difficult to recruit participating physicians. These problems will only intensify if the underlying records are disclosed. *E.g., Pagano v. Oroville Hospital*, 145 F.R.D. 683, 699 (E.D. Cal. 1993) (recognizing the need to protect the identity of peer review physicians) (overruled on other grounds).

In addition, the sealing of the records will not prejudice any third-party. To the contrary, no information is being denied to any third-party litigant. Therefore, in weighing the competing interests, there is nothing to offset the public good accomplished by sealing the records. Indeed, the contents of the information being sealed—e.g., the opinions of the reviewers and their identities—is not critical to the resolution of the anti-SLAPP motion. It is sufficient for the Court, and anyone seeking to understand the Court's decision, to know that the Complaint is defective because the collateral attack on peer review proceedings is not cognizable. The actual underlying opinions simply are not at issue.

Finally, the Court has already sealed documents and information in this action on the above grounds. *See* First Sealing Order at p. 1. The factual excerpts contained in the Reply Brief refer to the documents and information covered by the First Sealing Order as well as documents and information which Plaintiff filed with the Court and which Defendants contend should have been filed under seal to begin with. *See* Hernaez Decl., ¶ 2. Plaintiff does not object to Defendants' request. *See* Hernaez Decl., ¶ 3 and Exh. A.

## II. CONCLUSION

Defendants request that this motion to seal be granted.

-3-

DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

| | |
|---|---|
| DATED: July 19, 2007 | Respectfully submitted, |
| | KAUFF McCLAIN & McGUIRE LLP |
| | By: _____/S/_____<br>      ALEX HERNAEZ |
| | Attorneys for Defendants<br>ALTA BATES SUMMIT MEDICAL CENTER; RUSSELL D. STANTEN, M.D., LEIGH I.G. IVERSON, M.D., STEVEN A. STANTEN, M.D., and WILLIAM M. ISENBERG, M.D., Ph.D. |

### DECLARATION OF ALEX HERNAEZ

I, Alex Hernaez, declare:

1. I am a partner with the firm of Kauff, McClain & McGuire, LLP, attorneys of record for Defendants Alta Bates Summit Medical Center; Russell D. Stanten, M.D., Leigh I.G. Iverson, M.D., Steven A. Stanten, M.D., and William M. Isenberg, M.D., Ph.D. in the above-captioned matter. I have personal knowledge of the facts stated in this declaration and, if called as a witness, would be competent to testify thereto.

2. The Parties' Confidential Stipulation and Protective Order ("Stipulation" filed on 5/23/07), as approved by the Court (See Order Approving Stipulated Protective Order Subject to Stated Conditions filed on 5/29/07), defines peer review as confidential and contains a provision that: "Unless a patient agrees otherwise, patient-identifying information (as defined by state and federal law) shall be fully redacted from all written material produced or filed in this case." (¶ 6 of the Stipulation) On July 12, 2007, Plaintiff filed his opposition without complying with the confidentiality portions of the Stipulation, and such initial filing in the public view included peer review records containing patients' names and confidential medical information. On July 13, 2007, Defendants' counsel brought such issue to Plaintiff's counsel's attention. Subsequently, Plaintiff's counsel took steps to correct the issues (initially by having the

-4-

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

1  Ennix opposition declaration removed from the public file and by representing that they
2  would seek to file redacted documents).  At the time this administrative request was filed,
3  Plaintiff had not completed his efforts to correct this problem although it appears that
4  Plaintiff remains in the process of doing so.

5          3.        Defendants, through counsel, asked that Plaintiff stipulate to the
6  instant Request For Administrative Relief And Identification Of Records To Be Filed
7  Under Seal.  In making this request, Defendants advised Plaintiff that they intended to
8  redact factual excerpts from the Reply Brief which met the definition of "CONFIDENTIAL"
9  contained in the Confidentiality Stipulation and Protective Order on file in this action. Mr.
10 G. Scott Emblidge, one of the counsel of record for Plaintiff in this action, agreed to this
11 Request via electronic mail on July 18, 2007.  Attached hereto as **EXHIBIT A** is a true
12 and correct copy of Mr. Emblidge's electronic mail message.

13         4.        For the reasons stated in the accompanying Memorandum of Points
14 and Authorities, I believe that the Reply Brief should be sealed in part.

15         I declare, under penalty of perjury under the laws of the United States of
16 America, that the foregoing is true and correct.

17         Executed this 19th day of July, 2007 at San Francisco, California.

18         /S/
19         ALEX HERNAEZ

20 ::ODMA\PCDOCS\KMM-SF\120001\1

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111