G. SCOTT EMBLIDGE, State Bar No. 121613
RACHEL J. SATER, State Bar No. 14976
ANDREW E. SWEET, State Bar No. 160870
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104
Telephone:   (415) 362-3599
Facsimile:   (415) 362-2006

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D., as an individual and in his representative capacity under Business & Professions Code § 17200 *et seq.*,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL D. STANTEN, M.D., et al.,<br><br>Defendants. | Case No.: C 07-2486 WHA<br><br>**ADMINISTRATIVE MOTION TO REMOVE DOCUMENTS INCORRECTLY FILED AND TO FILE UNDER SEAL**<br><br>Date:   August 16, 2007<br>Time:   8:00 a.m.<br>Dept:    Ctrm. 9, 19TH Floor<br><br>Trial Date**:**   TBA<br>Judge:    Hon. William H. Alsup |

**NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO REMOVE**

**INCORRECTLY FILED DOCUMENTS AND TO FILE UNDER SEAL**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, and this Court's Order Approving Stipulated Protective Order Subject to Stated Conditions, Plaintiff hereby moves the Court for an Order removing documents containing confidential information incorrectly filed and allowing filing of the same documents under seal. Specifically, the documents at issue are portions of Plaintiffs Opposition to Motion to Strike, and the Declarations of Coyness L. Ennix Jr., M.D.; J. Nilas Young, M.D.; Howard Barkan, DrPH; Richard E. Shaw; and John A. Etchevers, filed therewith.  Plaintiff respectfully submits that good

1

cause exists because these documents include information designated as "confidential" under the Stipulated Protective Order. Moreover, Defendants support filing under seal of all documents or portions of documents identified in the Stipulated Protective Order as "confidential."

This motion is based on the following Memorandum of Points and Authorities, the Declaration of Rachel J. Sater in Support of Administrative Motion to Remove Documents Incorrectly Filed and to File Under Seal, and the documents in the Court file.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The complaint in this case alleges that Defendants Steven A. Stanten, M.D., Russell D. Stanten, M.D., Leigh I.G. Iverson, M.D., and William M. Isenberg, M.D., Ph. D. (collectively "Individual Defendants") and Alta Bates Summit Medial Center ("Alta Bates Summit") engaged in an justified, racially-motivated sham peer review process that nearly destroyed the career of Plaintiff Coyness L. Ennix Jr., M.D. ("Plaintiff or "Dr. Ennix"), a highly experienced and accomplished African American cardiac surgeon. Dr. Ennix claims race discrimination under 42 U.S.C. Section 1981, violations of California's Unruh Act, tortious interference with Dr. Ennix's right to practice his profession, violations of California's Cartwright Act, and violations of California's Unfair Competition Law. Dr. Ennix agreed to Defendants' request for an early deposition to facilitate Defendants' filing of their Special Motion to Strike, which seeks to strike all but Dr. Ennix's Federal civil rights claims.

Prior to filing their Special Motion to Strike, Defendants sought Plaintiff's agreement to the Stipulated Protective Order, which designates as "confidential" several categories of documents and information, including patient-identifying information, documents considered or produced in the course of the peer review, and the names of participants in the peer review process other than Individual Defendants. (Sater Decl. ¶ 2.) Plaintiff agreed to the Stipulation, and this Court approved it subject to stated conditions. (*Id.*) When Defendants filed their Special Motion to Strike, Defendants moved for an order allowing filing of substantial portions of their documents under seal. (*Id.*)

When Plaintiff filed his Opposition to Motion to Strike, counsel for Plaintiff inadvertently failed to redact confidential portions of the following documents: Plaintiffs Opposition to Motion to Strike, and the Declarations of Coyness L. Ennix Jr., M.D.; J. Nilas Young, M.D.; Howard Barkan, DrPH; Richard E. Shaw; and John A. Etchevers, filed therewith. (Sater Decl. ¶ 3.) The next day, counsel for Defendants alerted Plaintiff's counsel to this oversight. (*Id.*) The following business day, Plaintiff's counsel arranged for the temporary removal of the Ennix Declaration from public access, having determined that it included information and documents identified as "confidential" under the Stipulated Protective Order. (*Id.*) The following day, after reviewing the contents of Plaintiff's other filings in Opposition to the Motion to Strike in light of the Stipulated Protective Order, Plaintiff's counsel arranged for the temporary removal from public access of Plaintiff's Opposition to Motion to Strike and the remaining declarations listed above. (*Id.*)

Plaintiff now seeks an Order permanently removing the incorrectly-filed documents from the Court's file and permitting their refiling in redacted form and under seal.

## II.    ARGUMENT

Northern District Civil Local Rule 79-5(c) provides that counsel seeking to file portions of documents under seal may file a motion under Local Rule 7-11 and may lodge with the Court documents for which sealing is requested. Civil Local Rule 79-5(a) provides that the Court may order documents sealed if they are "privileged or protectable as a trade secret or otherwise entitled to protection under the law. . . ." This Court's Order Approving Stipulated Protective Order Subject to Stated Conditions provides that the parties must make a good faith determination that information designated "confidential" warrants protection.

Further, Local Rule 7-11 allows for parties to move the Court for an order regarding miscellaneous administrative matters. This Court may order the removal of the incorrectly filed documents pursuant to Rule 7-11. Plaintiff was informed by the Court's efiling service that such an order is necessary to ensure the permanent removal of the unredacted documents from the public file. (Sater Decl. ¶ 3.)

The portions of documents Plaintiff seeks to file under seal include patient-identifying information, the names of Medical Staff members who participated in the peer review (with the

exception of the Individual Defendants), and documents generated or considered as part of the peer review. Plaintiff agreed to Defendants' request to treat such information as "confidential" under the Stipulated Protective Order, which requires that such information be redacted from publicly filed documents and filed under seal. Plaintiff requests redaction of only those narrowly-tailored portions of the documents at issue that contain such information. (Sater Decl. ¶ 4.) Finally, Defendants support Plaintiffs filing under seal information and documents designated as "confidential" under the Stipulated Protective Order. (Sater Decl. ¶ 5.)

## III.   CONCLUSION

For the foregoing reasons, Plaintiff requests the removal of the incorrectly filed documents from the public file and refilling under seal and in redacted form.

Dated:  July 19, 2007                                Respectfully Submitted,

MOSCONE, EMBLIDGE & QUADRA, LLP


By:_____/s/_____
             G. Scott Emblidge
             Rachel J. Sater