G. SCOTT EMBLIDGE, State Bar No. 121613
RACHEL J. SATER, State Bar No. 14976
ANDREW E. SWEET, State Bar No. 160870
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104
Telephone:    (415) 362-3599
Facsimile:    (415) 362-2006

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D., as an individual and in his representative capacity under Business & Professions Code § 17200 *et seq.*,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL D. STANTEN, M.D., et al.,<br><br>Defendants. | Case No.: C 07-2486 WHA<br><br>**DECLARATION OF RACHEL J. SATER IN SUPPORT OF ADMINISTRATIVE MOTION TO REMOVE DOCUMENTS INCORRECTLY FILED AND TO FILE UNDER SEAL**<br><br>Date:           August 16, 2007<br>Time:          8:00 a.m.<br>Dept:          Ctrm. 9, 19TH Floor<br><br>Trial Date**:**  TBA<br>Judge:         Hon. William H. Alsup |

I, Rachel J. Sater, hereby declare as follows:

1.    I am an attorney admitted to practice before this Court. I am of counsel at Moscone, Emblidge & Quadra LLP, counsel for Plaintiff Coyness L. Ennix, Jr., M.D. I have personal knowledge of all matters set forth below and am competent to testify thereto.

2.    Prior to filing their Special Motion to Strike, Defendants sought Plaintiff's agreement to the Stipulated Protective Order, which designates as "confidential" several categories of documents and information, including patient-identifying information, documents considered or produced in the course of the peer review, and the names of participants in the peer review process other than Individual Defendants.   Plaintiff agreed to the Stipulation, and this Court approved it subject to stated conditions. True and correct copies of the Stipulated

1

Protective Order and the Order Approving Stipulated Protective Order Subject to Stated Conditions are attached hereto as Exhibits A and B, respectively. When Defendants filed their Special Motion to Strike, Defendants moved for an order allowing filing of substantial portions of their documents under seal pursuant to these orders.

3. When Plaintiff filed his Opposition to Motion to Strike, counsel for Plaintiff inadvertently failed to redact confidential portions of the following documents: Plaintiffs Opposition to Motion to Strike, and the Declarations of Coyness L. Ennix Jr., M.D.; J. Nilas Young, M.D.; Howard Barkan, DrPH; Richard E. Shaw; and John A. Etchevers, filed therewith. The next day, counsel for Defendants alerted Plaintiff's counsel to this oversight. The following business day, Plaintiff's counsel arranged for the temporary removal of the Ennix Declaration from public access, having determined that it included information and documents identified as "confidential" under the Stipulated Protective Order. The following day, Plaintiff's counsel arranged for the temporary removal from public access of Plaintiff's Opposition to Motion to Strike and the declarations of J. Nilas Young, M.D.; Howard Barkan, DrPH; Richard E. Shaw; and John A. Etchevers, filed therewith, after determining that these documents and/or their exhibits included information identified as "confidential" under the Stipulated Protective Order. The Court's efiling service informed this office that an order from this Court would be needed to remove the incorrectly filed documents permanently from the Court's files.

4. The portions of the documents Plaintiff seeks to file under seal include patient-identifying information, the names of Medical Staff members who participated in the peer review (with the exception of the Individual Defendants), and documents generated or considered as part of the peer review, all information identified as "confidential" under the Stipulated Protective Order. Plaintiff requests redaction of only narrowly-tailored portions of the documents that contain such information.

5. I telephoned counsel for Defendants on Tuesday, July 17, 2007 to ask if Defendants would stipulate to this motion. Counsel for Defendants declined to so stipulate, but agreed that documents and portions thereof that are identified in the Stipulated Protective Order as "confidential" should be filed under seal pursuant to that Order.

1 | I declare under penalty of perjury under the laws of the United States that the foregoing is
2 | true and correct.
3 | DATED: July 19, 2007                           _____/s/_____
4 |                                                 Rachel J. Sater