# EXHIBIT A

1  MAUREEN E. McCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  MATTHEW P. VANDALL (State Bar No. 196962)
   Email: vandall@kmm.com
4  KAUFF McCLAIN & McGUIRE LLP
   One Post Street, Suite 2600
5  San Francisco, California 94104
   Telephone:  (415) 421-3111
6  Facsimile:  (415) 421-0938

7  Attorneys for Defendants
   ALTA BATES SUMMIT MEDICAL CENTER,
8  RUSSELL D. STANTEN, M.D., LEIGH I.G.
   IVERSON, M.D., STEVEN A. STANTEN, M.D.,
9  WILLIAM M. ISENBERG, M.D., Ph.D.

10 G. SCOTT EMBLIDGE (State Bar No. 121613)
   emblidge@meqlaw.com
11 RACHEL J. SATER (State Bar No. 147976)
   sater@meqlaw.com
12 ANDREW E. SWEET (State Bar No. 160870)
   sweet@meqlaw.com
13 MOSCONE, EMBLIDGE & QUADRA, LLP
   220 Montgomery Street, Suite 2100
14 San Francisco, CA 94104-4238
   Telephone:  (415) 362-3599
15 Facsimile:  (415) 362-2006

16 Attorneys for Plaintiff
   COYNESS L. ENNIX, JR., M.D.
17

18                UNITED STATES DISTRICT COURT

19                NORTHERN DISTRICT OF CALIFORNIA

20

| COYNESS L. ENNIX, JR., M.D., as an individual and in his representative capacity under Business & Professions Code Section 17200 et seq., | CASE NO. C 07-2486 WHA |
|---|---|
| Plaintiff, | **CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| v. | JUDGE: Hon. William H. Alsup |
| RUSSELL D. STANTEN, M.D., LEIGH I.G. IVERSON, M.D., STEVEN A. STANTEN, M.D., WILLIAM M. ISENBERG, M.D., Ph.D., ALTA BATES SUMMIT MEDICAL CENTER and does 1 through 100, | COMPLAINT FILED: May 9, 2007<br>TRIAL DATE: None set |
| Defendants. | |

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

CONFIDENTIALITY STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

CASE NO. C 07-2486 WHA

1   WHEREAS, on April 3, 2007, Plaintiff Coyness L. Ennix, M.D. ("Plaintiff")
2   commenced an action in the Superior Court of California for the County of Alameda
3   entitled *Coyness L. Ennix, Jr., M.D., as an individual and in his representative capacity*
4   *under Business & Professions Code § 17200 et seq. v. Russell D. Stanten, M.D., Leigh*
5   *I.G. Iverson, M.D., William M. Isenberg, M.D., Ph.D., Alta Bates Summit Medical Center*
6   *and does 1 through 100* (Case No. RG 07318658) (the "State Court Action");
7   WHEREAS, on May 9, 2007, Plaintiff commenced the above-entitled action
8   in the United States District Court for the Northern District of California;
9   WHEREAS, on May 10, 2007, Plaintiff voluntarily dismissed the State
10  Court Action without prejudice;
11  WHEREAS, Defendants Alta Bates Summit Medical Center ("Alta Bates");
12  Leigh I.G. Iverson, M.D.; Russell D. Stanten, M.D.; Steven A. Stanten, M.D.; and William
13  M. Isenberg, M.D., Ph.D., (collectively, "Defendants") intend to respond to the Complaint
14  within the time period allowed by law;
15  WHEREAS, the parties will be exchanging discovery materials throughout
16  this litigation through their initial disclosures and pursuant to their respective discovery
17  requests in this action; and
18  WHEREAS, the parties have agreed that Plaintiff will be deposed on May
19  25 and May 26, 2007 pursuant to a deposition notice served in the State Court Action, at
20  which time confidential discovery materials may be exchanged, and
21  WHEREAS, the parties' discovery materials may contain information of a
22  personal, confidential, or proprietary nature or which may be otherwise protected from
23  disclosure by public policy, third-party privacy or confidentiality interests, or state and/or
24  federal law;
25  IT IS THEREFORE STIPULATED that:
26  1.   This Confidentiality Stipulation and Protective Order ("Stipulated
27  Protective Order") shall govern the production and disclosure of information through the
28  discovery and pretrial processes. This Stipulated Protective Order is not intended to

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

CONFIDENTIALITY STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

-1-

CASE NO. C 07-2486 WHA

1  govern at trial. The parties will cooperate in establishing procedures acceptable to the
2  Court with respect to the protection of information designated as "CONFIDENTIAL" or
3  "ATTORNEYS' EYES ONLY" pursuant to this Stipulated Protective Order at any trial and
4  upon any appeal of this case.

5       2.   For purposes of this Stipulated Protective Order, "Discovery
6  Materials" shall include documents, responses to FRCP Rule 33 and Rule 34 requests,
7  deposition testimony, and all other information that may be disclosed by the parties in
8  the course of discovery in this action, as well as compilations or excerpts of such
9  materials. "Discovery Materials" shall also include any documents or information, as well
10 as compilations or excerpts of such materials, which either party seeks to file with the
11 Court regardless of whether such documents or information are the subject of a pending
12 discovery request.

13      3.   The parties anticipate there will be significant discovery disputes
14 regarding the production of documents and information concerning the record of peer
15 review, quality or credentialing processes or proceedings of Alta Bates or of its Medical
16 Staffs, or of incident or other reports leading to such peer review, quality or credentialing
17 processes or proceedings. This Stipulated Protective Order does not concede, abrogate
18 or diminish, and shall not be construed to concede, abrogate or diminish, the application
19 of California Evidence Code section 1157 ("Section 1157") to discovery concerning the
20 peer review, quality or credentialing processes or proceedings and records of Alta Bates
21 or of its Medical Staffs. Nor shall this Stipulated Protective Order operate as a waiver of
22 either party's right to contest the application of Section 1157 in this litigation. This
23 Stipulated Protective Order shall not abrogate or diminish any other privilege, or any
24 contractual, statutory or other legal obligation or right of any individual with respect to
25 Discovery Materials.

26      4.   Any party may identify Discovery Materials it deems to be entitled to
27 protection under this Stipulated Protective Order by designating such Discovery
28 Materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". Any such designation

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-2-

CONFIDENTIALITY STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

CASE NO. C 07-2486 WHA

shall be made in good faith and Discovery Materials so designated shall be marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

5. In the event that a party makes documents available for inspection rather than delivering copies to another party, no marking need be made in advance of the initial inspection. However, the counsel producing the documents shall notify the inspecting counsel of the documents which the producing party considers either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", and the inspecting counsel shall respect such designation pending production and marking of the documents. Deposition transcript pages may be designated "CONFIDENTIAL" within two weeks of receipt of the transcript, and shall be deemed to have been designated "CONFIDENTIAL" in their entirety until those two weeks have elapsed. Testimony may also be designated on the record of any deposition as "CONFIDENTIAL."

6. Unless a patient agrees otherwise, any patient-identifying information (as defined by state and federal law) shall be fully redacted from all written material produced or filed in this case. In addition, the parties and their counsel agree to employ their best efforts to avoid disclosing any patient-identifying information in testimonial form and that, to the extent feasible, any inadvertent disclosures of patient-identifying information made in testimonial form shall be stricken from the record as soon as is reasonably practical.

7. Defendants do not believe that documents and information concerning the peer review, quality and/or credentialing processes or proceedings of the members of the Alta Bates' Medical Staffs will be subject to discovery in this action. If, however, the Court orders Defendants to produce such Discovery Materials or the parties stipulate to their production, in whole or in part, then the procedures described herein shall apply. The identity of the members of Alta Bates' Medical Staffs in relationship to their having been subject to peer review, quality and/or credentialing processes or proceedings, shall not be provided or utilized in this litigation, but rather the Medical Staffs' members names shall be kept confidential and their identities otherwise

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-3-

CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER   CASE NO. C 07-2486 WHA

1  designated (e.g., Physician A, Physician B, etc.). Counsel shall develop a process to
2  advise any Medical Staff member whose peer review, quality or credentialing material
3  could be made part of this lawsuit of such a potential occurrence, so that such affected
4  persons have the option of taking individual steps to protect their privacy interests.
5  Notwithstanding the foregoing, Plaintiff does not waive his right to seek discovery at a
6  later time of the identity of the members of Alta Bates' Medical Staffs in relationship to
7  their having been subject to peer review, quality and/or credentialing processes or
8  proceedings. This paragraph does not apply to the identification of Plaintiff who has
9  already made such identification public. Except for the individuals identified in the
10 Complaint (whose names shall not be designated as "CONFIDENTIAL") and insofar as
11 the information is discoverable at all, the names of the members of the Alta Bates'
12 Medical Staffs who participated in Plaintiff's peer review, quality and/or credentialing
13 processes or proceedings shall be provided by name, however, those names shall be
14 designated as "CONFIDENTIAL" under the terms of this Stipulated Protective Order.

15    8.    Access to Discovery Materials designated "CONFIDENTIAL" shall
16 be restricted in accordance with the following provisions:

17         (a)    "CONFIDENTIAL" Discovery Materials means information
18 (other than either "ATTORNEYS' EYES ONLY" designated information or information the
19 confidentiality of which has not been maintained) designated by a party as
20 CONFIDENTIAL and which contains, among other things: (1) non-public, proprietary
21 and/or trade secret information; (2) confidential personnel file information about current
22 or former Alta Bates employees; (3) confidential private information about members of
23 the Medical Staffs, including allied health professionals; (4) incident or other reports
24 leading to or constituting the peer review, quality or credentialing processes or
25 proceedings; (5) written records and information obtained from any source, reviewed, or
26 generated relative to, during or immediately after proceedings, investigations or
27 meetings of an Ad Hoc Committee, the Medical Executive Committee and/or the Medical
28 Executive Board (the "MEC") or any other committee of the Medical Staffs regarding the

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-4-

CONFIDENTIALITY STIPULATION AND [PROPOSED]
PROTECTIVE ORDER                                                CASE NO. C 07-2486 WHA

Case 3:07-cv-02486-WHA   Document 66-2   Filed 07/20/2007   Page 7 of 15
Case 3:07-cv-02486-WHA   Document 8   Filed 05/23/2007   Page 6 of 11

peer review, quality or credentialing of the Medical Staffs' members as well as verbal statements or testimony describing or recounting those Medical Staffs' committee proceedings, investigations or meetings; (6) information about or concerning a current or former member (including applicants for membership) of the Medical Staffs which was submitted, collected, or prepared by any agent or representative of Alta Bates, any other health care facility, any medical practitioner or any organization of the Medical Staffs for the purpose of achieving and maintaining quality patient care, reducing morbidity and mortality, or contributing to clinical research.

(b)   "CONFIDENTIAL" Discovery Materials and all information extracted from "CONFIDENTIAL" Discovery Materials shall be used solely for the purposes of prosecuting or defending this action, and for no other purpose.

(c)   'CONFIDENTIAL" Discovery Materials produced pursuant to this Order may be disclosed and made available only to the parties' counsel (and their staffs); to Plaintiff; to any officer, director, employee or representative of Alta Bates necessary to aid in the prosecution, defense or settlement of this action; to any trier of fact or law (and their administrative staffs) in this proceeding, and to any mediator relative to a mediation session governed by the mediation privilege (as described in California Evidence Code §§ 1115-1128). Any and all further disclosure of "CONFIDENTIAL" Discovery Materials shall be governed by the provisions of subparagraphs (d)-(h) and paragraphs 9-11, below.

(d)   No copies, extracts or summaries of any "CONFIDENTIAL" Discovery Materials produced by another party shall be made except by or on behalf of the parties' counsel; and such copies, extracts or summaries shall also be designated and treated as "CONFIDENTIAL" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Stipulated Protective Order.

(e)   All persons who are permissibly shown "CONFIDENTIAL" Discovery Materials shall be advised of the confidentiality of such material, and certain

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

CONFIDENTIALITY STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

-5-

CASE NO. C 07-2486 WHA

1  such persons as specified below, shall sign a copy of Exhibit A acknowledging their
2  confidentiality obligations.
3           (f)   Counsel may allow access to "CONFIDENTIAL" Discovery
4  Materials produced by another party to consultants (and their staffs), including
5  consultants designated to testify as expert witnesses, provided that any such consultant
6  shall first be provided with a copy of this Stipulated Protective Order and shall execute
7  an undertaking in the form annexed hereto as Exhibit A. Consultants are hereby
8  specifically advised that their written work product which contains or discloses the
9  substance of "CONFIDENTIAL" Discovery Materials is subject to all the provisions of this
10 Stipulated Protective Order. Counsel disclosing "CONFIDENTIAL" Discovery Materials
11 to consultants shall be responsible for obtaining the executed undertaking in advance of
12 such disclosure and also shall retain the original executed copy of said undertaking.
13          (g)   During depositions, Counsel may question any witness about
14 "CONFIDENTIAL" Discovery Materials. Any "CONFIDENTIAL" document so referred to
15 may be marked as an exhibit, but no such "CONFIDENTIAL" document, or any portion
16 thereof, shall be attached to any publicly-available deposition or other transcript without
17 the written consent of the party that designated the document as "CONFIDENTIAL."
18 Portions of deposition transcripts designated "CONFIDENTIAL" shall be so marked.
19 "CONFIDENTIAL" portions, including exhibits consisting of "CONFIDENTIAL"
20 documents, shall be bound under seal separately from the non-confidential portions of
21 the transcript.
22          (h)   "CONFIDENTIAL" Discovery Materials shall be deemed
23 "sealable" in accordance with the provisions of Civil Local Rule 79-5, which provisions
24 shall apply to any presentation of "CONFIDENTIAL" Discovery Materials, or any
25 references thereto, relative to any submission to the Court.
26       9.   Access to Discovery Materials designated "ATTORNEYS' EYES
27 ONLY" shall be restricted in accordance with the following provisions:
28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-6-

CONFIDENTIALITY STIPULATION AND [PROPOSED]
PROTECTIVE ORDER                                                    CASE NO. C 07-2486 WHA

  (a) "ATTORNEYS' EYES ONLY" shall mean information (other than information either the confidentiality of which has not been maintained or which qualifies for "CONFIDENTIAL" treatment only), which falls within the categories delineated in (1) through (6) of paragraph 8(a) above and refers to or describes the peer review, quality or credentialing processes of members of the Alta Bates Medical Staffs, other than Plaintiff. Documents and information may only be designated "ATTORNEYS' EYES ONLY" after following the procedures described in subparagraph (b).

  (b) The parties agree to meet and confer with each other prior to the designation of any documents or information as "ATTORNEYS' EYES ONLY" pursuant to this Stipulated Protective Order. Before producing the documents or information, the designating party shall contact the receiving party and describe generally the documents or information it seeks to designate as "ATTORNEYS' EYES ONLY". The parties will meet and confer in good faith concerning the designation of documents or information as "ATTORNEYS' EYES ONLY" and such meet and confer shall last no longer than 5 court days. If the parties agree, the documents or information may be designated and treated as "ATTORNEYS EYES' ONLY" documents or information under this Stipulated Protective Order. If the parties disagree, the designating party shall file a motion for protective order concerning the designation dispute and the court will determine whether the documents or information at issue warrant heightened protection. Such motion shall be filed within 5 court days of the completion of the meet and confer process described herein.

  (c) "ATTORNEYS' EYES ONLY" Discovery Materials and any information summarized or extracted therefrom shall be used solely for the purposes of prosecuting or defending this action, and for no other purpose.

  (d) "ATTORNEYS' EYES ONLY" Discovery Materials shall be disclosed only to counsel for the parties (including their staffs), and to consultants (and their staffs), including consultants designated to testify as expert witnesses who execute Exhibit A. Insofar as "ATTORNEYS' EYES ONLY" Discovery Materials constitute

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-7-

CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER

CASE NO. C 07-2486 WHA

documents or information concerning the record of peer review, quality or credentialing processes or proceedings of Alta Bates or of its Medical Staffs, or of incident or other reports leading to such peer review, quality or credentialing processes or proceedings, such "ATTORNEYS' EYES ONLY" Discovery Materials may also be disclosed to witnesses who participated in the peer review, quality or credentialing processes or proceedings that are the subject of said Discovery Materials and who also execute Exhibit A. Insofar as such consultants or witnesses refer to or rely upon documents or information protected from disclosure by Section 1157, their testimony, declarations and reports also will be protected from disclosure in this action. Plaintiff makes no concessions concerning the application of Section 1157 to protect documents or information from disclosures in this action.

   (e) No copies, extracts or summaries of any "ATTORNEYS' EYES ONLY" Discovery Materials produced by another party shall be made except by or on behalf of the parties' counsel; and such copies, extracts or summaries shall also be designated and treated as "ATTORNEYS' EYES ONLY" Discovery Materials and shall not be delivered or exhibited to any persons except as provided in this Stipulated Protective Order.

   (f) "ATTORNEYS' EYES ONLY" Discovery Materials shall be deemed "sealable" in accordance with the provisions of Civil Local Rule 79-5, which provisions shall apply to any presentation of "CONFIDENTIAL Discovery Materials, or any references thereto, relative to any submission to the Court.

   10. The disclosure of any Discovery Materials pursuant to the terms of this Stipulated Protective Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment of any confidentiality or privilege claim as to said Discovery Materials or as a waiver of any claim that the information disclosed is a trade secret or is proprietary.

   11. If any dispute arises concerning whether documents or information designated as "CONFIDENTIAL" should in fact be considered "CONFIDENTIAL" for

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

CONFIDENTIALITY STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

-8-

CASE NO. C 07-2486 WHA

1  purposes of this Stipulated Protective Order, then the parties shall try first to resolve
2  such dispute in good faith on an informal basis. The receiving party shall initiate a meet
3  and confer teleconference within ten (10) calendar days of the date the Discovery
4  Materials were served by the producing party. The parties shall complete their meet and
5  confer discussions within five (5) calendar days and no longer. If the parties disagree,
6  the designating party shall file a motion for protective order concerning the designation
7  dispute and the court will determine whether the documents or information at issue
8  warrant protection under the terms of this Stipulated Protective Order.

9   12.   Upon final resolution of this litigation, including any appellate
10 proceedings or expiration of the time allowed for appeal, counsel for each party shall
11 return all Discovery Materials marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"
12 received hereunder, including all copies thereof, to counsel for the party that produced
13 said materials. Such returned materials shall include any such "CONFIDENTIAL" or
14 "ATTORNEYS' EYES ONLY" documents in the possession of consultants retained by
15 that counsel. Such return shall occur within 30 days of dismissal or final resolution of the
16 action. Counsel shall be permitted to retain for their work product and privileged files
17 (i) copies of all papers and documents filed with the Court, and (ii) their work product,
18 such as pleadings, correspondence, and memoranda, which contain or refer to
19 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Materials.

20   13.   Nothing contained in this Stipulated Protective Order shall preclude
21 any party from seeking or obtaining, upon an appropriate showing, additional protection
22 with respect to any documents, information, or other Discovery Materials. Nothing
23 contained herein relieves any party of its obligation to respond to discovery properly
24 initiated pursuant to the Discovery Order.

25   14.   The Court may modify this Stipulated Protective Order at any time or
26 consider any dispute which may arise hereunder upon motion of any of the parties.

27
28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-9-

CONFIDENTIALITY STIPULATION AND [PROPOSED]
PROTECTIVE ORDER                                          CASE NO. C 07-2486 WHA

15. This Stipulated Protective Order shall remain in effect for the duration of the action unless terminated by stipulation or pursuant to Court order. The Stipulated Protective Order shall survive the final termination of this action, and the Court shall retain jurisdiction to enforce, construe or modify its terms.

**I HEREBY ATTEST THAT THE CONTENT OF THIS DOCUMENT IS ACCEPTABLE TO ALL PERSONS REQUIRED TO SIGN THIS DOCUMENT.**

DATED: May 23, 2007                    KAUFF McCLAIN & McGUIRE LLP

By: /S/ Matthew P. Vandall
    MAUREEN E. McCLAIN
    ALEX HERNAEZ
    MATTHEW P. VANDALL

Attorneys for Defendants
ALTA BATES SUMMIT MEDICAL CENTER; RUSSELL D. STANTEN, M.D.; LEIGH I.G. IVERSON, M.D., STEVEN A. STANTEN, M.D.; and WILLIAM M. ISENBERG, M.D. Ph.D.

DATED: May 23, 2007                    MOSCONE, EMBLIDGE & QUADRA, LLP

By: /S/ Rachel J. Sater
    G. SCOTT EMBLIDGE
    RACHEL J. SATER
    ANDREW SWEET

Attorneys for Plaintiff
COYNESS L. ENNIX, JR., M.D.

**IT IS SO ORDERED.**

DATED: _____, 2007

_____
United States District Court Judge

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER                -10-                CASE NO. C 07-2486 WHA

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COYNESS L. ENNIX, JR., M.D.,

    Plaintiff,

v.

RUSSELL D. STANTEN, M.D., et al.,

    Defendants.

No. C 07-02486 WHA

**ORDER APPROVING STIPULATED PROTECTIVE ORDER SUBJECT TO STATED CONDITIONS**

    The stipulated protective order submitted by the parties is hereby **APPROVED**, subject to the following conditions:

    1.    The parties must make a good-faith determination that any information designated "confidential" warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Designations of material as "confidential" must be narrowly tailored to include only material for which there is good cause. A pattern of over-designation may lead to an order de-designating all or most materials on a wholesale basis.

    2.    In order to be treated as confidential, any materials filed with the Court must be lodged with a request for filing under seal in compliance with Civil Local Rule 79-5. Please limit your requests for sealing to only those narrowly-tailored portions of materials for which good cause to seal exists. Please include all other portions of your materials in the public file and

clearly indicate therein where material has been redacted and sealed. Each filing requires an individualized sealing order; blanket prospective authorizations are no longer allowed by Civil Local Rule 79-5.

3. Chambers copies should include all material — both redacted and unredacted — so that the chambers staff does not have to re-assemble the whole brief or declaration. Although chambers copies should clearly designate which portions are confidential, chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded.

4. Any confidential materials used openly in court hearings or trial will not be treated in any special manner absent a further order.

5. This order does not preclude any party from moving to de-designate information or documents that have been designated as confidential. The party seeking to designate material as confidential has the burden of establishing that the material is entitled to protection.

6. The Court will retain jurisdiction over disputes arising from the proposed and stipulated protective order for only 90 days after final termination of the action.

**IT IS SO ORDERED.**

Dated: May 29, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2