1  MAUREEN E. McCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  MATTHEW P. VANDALL (State Bar No. 196962)
   Email: vandall@kmm.com
4  KAUFF McCLAIN & McGUIRE LLP
   One Post Street, Suite 2600
5  San Francisco, California 94104
   Telephone:  (415) 421-3111
6  Facsimile:  (415) 421-0938

7  Attorneys for Defendants
   ALTA BATES SUMMIT MEDICAL CENTER,
8  RUSSELL D. STANTEN, M.D., LEIGH I.G.
   IVERSON, M.D., STEVEN A. STANTEN, M.D., and
9  WILLIAM M. ISENBERG, M.D., Ph.D.

10 G. SCOTT EMBLIDGE (State Bar No. 121613)
   emblidge@meqlaw.com
11 RACHEL J. SATER (State Bar No. 147976)
   sater@meqlaw.com
12 ANDREW E. SWEET (State Bar No. 160870)
   sweet@meqlaw.com
13 MOSCONE, EMBLIDGE & QUADRA LLP
   220 Montgomery Street, Suite 2100
14 San Francisco, California 94104-4238
   Telephone:  (415) 362-3599
15 Facsimile:  (415) 362-7332

16 Attorneys for Plaintiff
   COYNESS L. ENNIX, JR., M.D.
17

18                    UNITED STATES DISTRICT COURT

19                   NORTHERN DISTRICT OF CALIFORNIA

20 | COYNESS L. ENNIX, JR., M.D., as an individual and in his representative capacity under Business & Professions Code Section 17200 et seq., | CASE NO. C 07-2486 WHA |
21 | | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
22 | | |
23 | Plaintiff, | DATE: August 16, 2007 |
24 | v. | TIME: 8:00 a.m.<br>DEPT: Ctrm. 9, 19th Flr.<br>JUDGE: Hon. William H. Alsup |
25 | RUSSELL D. STANTEN, M.D., LEIGH I.G. IVERSON, M.D., STEVEN A. STANTEN, M.D., WILLIAM M. ISENBERG, M.D., Ph.D., ALTA BATES SUMMIT MEDICAL CENTER and does 1 through 100, | COMPLAINT FILED: May 9, 2007<br>TRIAL DATE: No date set |
26 | | |
27 | | |
28 | Defendants. | |

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER    CASE NO. C 07-2486 WHA

Plaintiff and Defendants, through their respective counsel, submit the following Joint Case Management Statement.

1. <u>Jurisdiction and Service.</u>

As Plaintiff pleads a claim under 42 U.S.C. § 1981, the Court has subject matter jurisdiction under 28 U.S.C. § 1331. In their pending Motion to Dismiss, Defendants have asked the Court, inter alia and depending upon the outcome of the motion, to decline to exercise supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367 (c) (2) or § 1367 (c) (3). Plaintiff has opposed such request. All named Defendants have been served. There are no issues regarding personal jurisdiction or venue.

2. <u>Facts.</u>

Plaintiff, a cardiothoracic surgeon who is African-American, is a member of the medical staff of Defendant Alta Bates Summit Medical Center ("Medical Center"). He has sued the Medical Center and four current or former members of the Medical Staff of the Summit campus of the Medical Center. (The Alta Bates campus has a separate medical staff.) The four individual defendants (and their Medical Staff positions during periods alleged in the Complaint) are: William Isenberg, M.D., Medical Staff President from 2/2004 through 2/2006; Russell Stanten, M.D., Chief of the Cardiothoracic Surgery Service; Steven Stanten, M.D., Chair of the Department of Surgery; and Leigh Iverson, M.D., a cardiothoracic surgeon (now retired) who served on the Surgery Department Peer Review Committee and Medical Executive Committee during certain relevant time periods.

Plaintiff contends, in five different legal theories, that a peer review process undertaken by the Summit Medical Staff from about early 2004 through mid-2006 was a "sham" process under which he was treated in a disparate manner because of his race. Plaintiff also contends that the individual defendants conspired to harm him in order to gain a competitive advantage for defendants Russell Stanten and Leigh Iverson in the field of cardiac surgery. Defendants deny Plaintiff's allegations, and contend that the

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-1-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER                                    CASE NO. C 07-2486 WHA

peer review process was both warranted by issues concerning Plaintiff's care of patients, and undertaken in accordance with Medical Staff responsibilities established by federal and state law. A summary of factual issues in dispute is:

    a. Whether various indicators concerning Plaintiff's surgeries combined with other issues concerning Plaintiff's provision of patient care reasonably led to the peer review process here undertaken. Plaintiff contends that the scope and nature of the peer review was not warranted and unprecedented; Defendants contend that they were required under both the Medical Staff Bylaws and governing law to engage in such peer review.

    b. Whether Plaintiff was discriminated against on the basis of his race. Plaintiff contends that discovery will establish that he was subject to disparate treatment when the peer review process applied to him and the discipline imposed on him are compared with peer review processes and discipline involving non-African-American physicians. Defendants dispute both Plaintiff's contention and his intended methodology of proof. Because of the wide variation among medical procedures and the fact specific nature of peer review, even within the same medical specialty, Defendants contend that it will be impossible to establish similar circumstances to support an argument of differential treatment as a predicate for an intentional discrimination claim. Plaintiff contends that he is entitled to conduct discovery regarding other peer review processes and to prove his case by comparing his treatment with that of similarly-situated White physicians.

    c. Whether Plaintiff failed to exhaust applicable hearing procedures set forth in the Medical Staff Bylaws or governing law, and if so, whether such failure to exhaust precludes his challenging the peer review process placed at issue in his Complaint. Plaintiff argues that he is not so precluded; Defendants argue the opposite.

    d. Whether the immunity provisions of state and federal law governing peer review apply as a matter of fact to the peer review process placed at

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-2-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

CASE NO. C 07-2486 WHA

issue in this Complaint, and if so, whether those provisions preclude all or some of Plaintiff's claims. Plaintiff contends that the immunity protections do not apply; Defendants contend that they apply on the face of the Complaint to Plaintiff's state law claims.

    e. Whether Plaintiff can establish the elements of a Cartwright Act violation, including a definable market and an anti-competitive effect, and if so, whether Plaintiff can establish that the individual defendants conspired to restrain trade in the manner Plaintiff alleges.

    f. Whether the lawsuit has resulted (and will continue to result) in the chilling of the peer review process such that the provisions of California Code of Civil Procedure § 425.16 (the SLAPP statute; "C.C.P. § 425.16") require the striking of Plaintiff's state law claims (Defendants' Special Motion to Strike is currently pending before the Court). Plaintiff does not agree that any alleged "chilling effect" is relevant to whether the SLAPP statute requires the striking of any of Plaintiff's claims.

    g. Whether Plaintiff can establish the elements of a common law claim of interference with his right to practice a profession against any Defendant.

    h. Whether Defendant Leigh Iverson, M.D. refrained from participation in the peer review process such that he is not a proper defendant in this action. Plaintiff contends that Dr. Iverson is a proper defendant if he conspired to harm Plaintiff and injure competition, regardless of the extent to which Dr. Iverson formally participated in the peer review process.

    i. Whether Plaintiff has incurred any damage and if so the nature and extent of any such claimed damage.

    j. Whether Plaintiff can establish the elements of a claim for unfair business practices under California Business & Professions Code Section 17200.

3. <u>Legal Issues.</u>

    a. What is the required contractual showing for proving a claim under 42 U.S.C. § 1981 given the holding of *Domino's Pizza, Inc. v. McDonald*. 546 U.S.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-3-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER   CASE NO. C 07-2486 WHA

470, 480 (2006). Plaintiff contends the holding of *Domino's* is not applicable to this case given what Plaintiff asserts to be clear contractual relationships between Plaintiff and the hospital and its Medical Executive Committee. Defendants contend that Plaintiff cannot establish a direct contractual relationship with Defendant ABSMC so as to meet the legal requirements of *Domino's.*

      b.    What are the elements of a Section 1981 claim, and how do they apply to the particularized facts of this case. See, *Lindsey v. SLT Los Angeles, LLC,* 447 F. 3d 1138, 1144-1145 (9th Cir. 2006) which applies the *McDonnell Douglas* elements of proof to a Section 1981 claim.

      c.    What is the effect, if any, of C.C.P. § 425.16 upon the maintainability of Plaintiff's state law claims which are: the Second Cause (violation of the Unruh Act, California Civil Code § 51 et seq. pled against the Medical Center); the Third Cause (violation of the Cartwright Act, Cal. Bus. & Prof. Code §§ 16700 et seq. pled against the individual Defendants); the Fourth Cause (a common law claim of interference with right to practice a profession pled against all Defendants); and the Fifth Cause (a claim under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. pled against all Defendants).

      d.    What is the effect, if any, of the exhaustion requirements in the Medical Staff's Bylaws upon Plaintiff's claims. Cal. C.C.P. § 1085. See also, *Westlake Comm. Hosp. v. Los Angeles Superior Ct. (Kaiman),* 17 Cal. 3d 465, 483-484 (1976).

      e.    What is the applicability, if any, of the immunity provisions of the Health Care Quality Improvement Act, 42 U.S.C. §§ 11101 et seq. to Plaintiff's state law claims.

      f.    What is the applicability, if any, of various state law immunity protections (Cal. Civil Code §§ 43.7, 43.8 and 47) to Plaintiff's state law claims.

      g.    What are the elements of a Cartwright Act claim, and how do they apply to this case.

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER    CASE NO. C 07-2486 WHA

        h.    What are the elements of a common law claim of interference with a right to practice a profession and how do they apply to this case.

        i.    What are the requirements of a Cal. Bus. & Prof. Code § 17200 claim and how do they apply to the facts of this case. What types of relief are available under a § 17200 claim. Plaintiff seeks, inter alia, lost profits under this claim; Defendants contend that alleged lost profits are not recoverable under § 17200 because such element of claimed loss is not properly characterized as restitution.

        j.    What are the legal requirements for Plaintiff to establish damage entitlement under any of his claims, and what laws apply to the awarding of attorneys' fees and costs to either side in this action.

        k.    Whether Plaintiff is entitled to discovery regarding the peer review processes applied to, and discipline imposed on, other physicians in order to prove Plaintiff's disparate treatment claims.

    4.    <u>Motions.</u>

Defendants' Special Motion to Strike under Cal. C.C.P. 425.16 and Defendants' Fed. R. Civ. P. 12 (b) (6) motions are set for hearing on August 16, 2007.

As to any subsequent motions, Defendants anticipate further motions to dismiss and/or for summary judgment should their pending motions not resolve the case. Plaintiff may have motions addressing affirmative defenses or other issues; however, it is premature to delineate such motions given that the case is in a preliminary pleading stage.

    5.    <u>Amendment of Pleadings.</u>

There may be amendments by Plaintiff arising out of the pending Motion to Dismiss the Complaint, depending upon the Court's ruling.

    6.    <u>Evidence Preservation.</u>

Both sides have taken steps to preserve evidence. Plaintiff's counsel have notified their client to preserve all documentary evidence relating to the Lawsuit. Defendants' counsel have notified, both verbally and in writing, Medical Center

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-5-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER     CASE NO. C 07-2486 WHA

administrators, Medical Staff leadership, custodians of peer review records, and members of involved peer review committees to preserve all documentary evidence relating to this case.

7. <u>Disclosures.</u>

Both sides anticipate providing initial disclosures by August 9, 2007.

8. <u>Discovery.</u>

By agreement of the parties, Defendants have deposed Plaintiff whose deposition was initially noticed and scheduled when the case was in state court. Plaintiff has responded to an initial document production request in conjunction with the agreed-upon deposition. The parties have also exchanged substantial documentation in their filings regarding Defendants' Special Motion to Strike. Plaintiff intends to serve written discovery as an initial discovery step to be followed by witness depositions. Defendants intend to serve written discovery (including third party subpoenas) and to take depositions of witnesses identified by Plaintiff as well as of third party witnesses. The Parties have also agreed to consider the informal exchange of information which Plaintiff has identified as central to his analysis of the case. Both Parties expect the identification of experts and ensuing expert discovery.

The Parties anticipate substantial disputes over the scope of discovery. Plaintiff has indicated an intent to explore other peer review actions on the part of the Medical Staffs; Defendants have responded that such intended discovery raises significant confidentiality and privacy issues (on the part of both physicians and patients). Plaintiff asserts that both patient and physician privacy interests are adequately protected by the Stipulated Protective Order. Defendants have also questioned the propriety of any such discovery given the need to establish similar circumstances as a prerequisite for obtaining any probative evidence concerning the race discrimination allegations, and the fact that peer review processes are, in Defendants' view, inherently dissimilar. Plaintiff asserts that no determination can be made regarding the probative value of other physicians' peer review records without reviewing such records, and

1  further that Defendants' concerns regarding their probative nature does not form a basis
2  to deny discovery of those materials. The Parties expect that such disputes will be
3  raised in Defendants' responses to Plaintiff's initial propounding of written discovery.

4  The Parties have entered into a Confidentiality Stipulation, as approved by
5  the Court in accordance with certain conditions, and have submitted portions of their
6  respective filings relative to the Special Motion to Strike under seal in accordance Civil
7  Local Rule 79-5.

8  As to limitations imposed by the Federal Rules of Civil Procedure, the
9  Parties agree with a 7-hour limitation on deposition duration, but disagree regarding the
10 limitations on depositions and interrogatories set by Fed. R. Civ. P. Rule 30 (2) (A) and
11 Rule 33 (a). Defendants believe the Rules limitations should be followed; Plaintiff
12 believes that he requires up to 20 non-expert depositions and up to 50 written
13 interrogatories.

14  9.  <u>Class Actions.</u>
15  This case is not a class action.
16  10. <u>Related Cases.</u>
17  The Parties know of no related cases.
18  11. <u>Relief.</u>
19      a.  Plaintiff seeks the following relief:
20  Plaintiff seeks compensatory, and other special and general damages,
21 restitution, disgorgement and punitive damages according to proof as well as interest,
22 costs of suit, attorneys' fees and injunctive relief.
23      b.  Defendants seek the following relief:
24  Defendants seek dismissal of the case on, inter alia, the grounds set forth
25 in their Motion to Dismiss and Special Motion to Strike, and seek their attorneys' fees
26 and costs, including those sought in their Special Motion to Strike.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-7-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER        CASE NO. C 07-2486 WHA

12. <u>Settlement and ADR.</u>

There have been no settlement discussions or processes to date. At present, particularly given the pending motions, it is premature to discuss settlement. The Parties also believe that some discovery will be required before either side can realistically assess the prospects for settlement. The Parties have timely filed a stipulated request for the scheduling of an ENE session.

13. <u>Consent to Magistrate Judge for All Purposes.</u>

Defendants have filed a declination to proceed before a U.S. Magistrate.

14. <u>Other References.</u>

The Parties have no other references to propose at this time.

15. <u>Narrowing of Issues.</u>

The Parties are committed to exploring the narrowing of issues, and presenting as much of the case as possible on a set of stipulated facts. For example, the Parties believe that the steps taken in the peer review process are largely undisputed and hence can be presented by stipulated fact or an agreed-upon summary. Either Party may have proposals for bifurcation depending upon what issues remain in the case following hearing upon the pending motions.

16. <u>Expedited Schedule.</u>

As exemplified by Defendants' prompt filing of a Special Motion to Strike and their opposition to any continuance in hearing on such Motion (an opposition rejected by the Court), Defendants believe that this matter should be expedited given the fact that Plaintiff remains a member of the Medical Staff and hence subject to continuing peer review, and given Defendant's view (as presented in its Special Motion to Strike) that the pendency of this case has a chilling effect on the peer review process. Plaintiff does not agree with the need for expedition, in light of Plaintiff's view that he is under no greater peer review than any other physician at this time, and further believes that an expedited schedule will hinder his ability to conduct adequate discovery necessary to prove his case.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-8-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

CASE NO. C 07-2486 WHA

17. <u>Scheduling.</u>

Plaintiff proposes June 2008 for trial. As noted above, Defendants propose an expedited trial schedule. Depending upon the trial date, the Parties propose a dispositive motion cut-off of 90 days before trial; a non-expert discovery cut-off of 60 days before trial; an expert discovery cut-off of 45 days before trial; and a pretrial conference date approximately 30 days before trial.

18. <u>Trial.</u>

Plaintiff has demanded a jury. The Parties anticipate up to 10 court days for trial.

19. <u>Disclosure of Non-party Interested Entities or Persons.</u>

Plaintiff filed his Certificate of Interested Parties concurrently with the Complaint, which identified no interested parties.

Defendants filed their Certification of Interested Parties on 5/22/07. The Parties so identified are: Sutter Health, the Summit Medical Staff and the Alta Bates Medical Staff.

///

///

///

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-9-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

CASE NO. C 07-2486 WHA

20. <u>Other Matters Facilitating the Just, Speedy and Inexpensive Disposition of this Matter.</u>

The Parties know of no other matters at present.

DATED: August 8, 2007                KAUFF McCLAIN & McGUIRE LLP


By: _____/S/_____
         MAUREEN E. McCLAIN

Attorneys for Defendants
ALTA BATES SUMMIT MEDICAL
CENTER, RUSSELL D. STANTEN, M.D.,
LEIGH I.G. IVERSON, M.D., STEVEN A.
STANTEN, M.D., and WILLIAM M.
ISENBERG, M.D., Ph.D.

DATED: August 8, 2007                MOSCONE, EMBLIDGE & QUADRA LLP


By: _____/S/_____
         G. SCOTT EMBLIDGE

Attorneys for Plaintiff
COYNESS L. ENNIX, JR., M.D.[1]

---

[1] Maureen McClain, the e-filer of this document, hereby attests that she has the concurrence of Plaintiff's counsel, G. Scott Emblidge and Rachel Sater, to file this document as a joint statement from both counsel.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-10-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER                CASE NO. C 07-2486 WHA

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the Parties are ordered to comply with this Order.

**SO ORDERED.**

DATED: _____

_____
Hon. William H. Alsup
UNITED STATES DISTRICT JUDGE

120555.v1

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-11-

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER

CASE NO. C 07-2486 WHA