1   MAUREEN E. McCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   ALEX HERNAEZ (State Bar No. 201441)
    Email: hernaez@kmm.com
3   MATTHEW P. VANDALL (State Bar No. 196962)
    Email: vandall@kmm.com
4   KAUFF McCLAIN & McGUIRE LLP
    One Post Street, Suite 2600
5   San Francisco, California 94104
    Telephone:  (415) 421-3111
6   Facsimile:   (415) 421-0938

7   Attorneys for Defendants
    ALTA BATES SUMMIT MEDICAL CENTER,
8   RUSSELL D. STANTEN, M.D., LEIGH I.G.
    IVERSON, M.D., STEVEN A. STANTEN, M.D., and
9   WILLIAM M. ISENBERG, M.D., Ph.D.

10                  UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13  COYNESS L. ENNIX, JR., M.D., as an               CASE NO. C 07-2486 WHA
    individual and in his representative capacity
14  under Business & Professions Code Section       **DEFENDANT ALTA BATES**
    17200 et seq.,                                   **SUMMIT MEDICAL CENTER'S**
15                                                   **NOTICE OF MOTION AND**
                           Plaintiff,                **MOTION FOR LEAVE TO FILE A**
16                                                   **MOTION FOR**
         v.                                          **RECONSIDERATION;**
17                                                   **MEMORANDUM OF POINTS AND**
    RUSSELL D. STANTEN, M.D., LEIGH I.G.             **AUTHORITIES IN SUPPORT**
18  IVERSON, M.D., STEVEN A. STANTEN,                **THEREOF**
    M.D., WILLIAM M. ISENBERG, M.D.,
19  Ph.D., ALTA BATES SUMMIT MEDICAL
    CENTER and does 1 through 100,                   **JUDGE:**  Hon. William H. Alsup
20
                           Defendants.               **COMPLAINT FILED:**  May 9, 2007
21                                                   **TRIAL DATE:**        June 2, 2008

22          TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

23               PLEASE TAKE NOTICE that, pursuant to Local Rule 7-9(b)(3), Defendant

24  Alta Bates Summit Medical Center ("ABSMC" or "Defendant") will, and hereby does,

25  seek leave to file a Motion for Reconsideration of the Court Order Granting In Part And

26  Denying In Part Motion To Dismiss (the "Order"), which was filed on August 28, 2007.

27  Specifically, ABSMC respectfully requests that the Court allow briefing on whether it

28  should reconsider its finding that the anti-SLAPP motion filed by defendants is moot.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

1    ABSMC contends that the anti-SLAPP motion is not moot because a request for an

2    award of attorneys' fees and costs is still pending pursuant to California Code of Civil

3    Procedure § 425.16(c).

4              Defendant's motion is based upon this Notice of Motion and Motion, the

5    accompanying Memorandum of Points and Authorities, all pleadings and papers on file

6    in this action, and such oral argument as may be presented to the Court at the time of

7    the hearing, if any.

8    DATED:  August 31, 2007                    Respectfully submitted,

9                                              KAUFF McCLAIN & McGUIRE LLP

10

11                                             By: _____/S/_____
                                                        ALEX HERNAEZ
12

13                                             Attorneys for Defendants
                                               ALTA BATES SUMMIT MEDICAL
                                               CENTER; RUSSELL D. STANTEN, M.D.,
14                                             LEIGH I.G. IVERSON, M.D., STEVEN A.
                                               STANTEN, M.D., and WILLIAM M.
15                                             ISENBERG, M.D., Ph.D.

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.    INTRODUCTION**

3    ABSMC respectfully requests that the Court allow briefing on whether it

4    should reconsider its finding that the anti-SLAPP motion filed by defendants is moot.

5    *See* Order at 14:13-14.  ABSMC contends that the anti-SLAPP motion is not moot

6    because a request for an award of attorneys' fees and costs is still pending.

7    **II.    ARGUMENT**

8    **A.    Defendants' Moving Papers Expressly Requested An Award Of Attorneys' Fees And Costs.**

9

10    On May 30, 2007 Defendants filed two motions: a special motion to strike

pursuant to California Code of Civil Procedure § 425.16 ("§ 425.16" or the "anti-SLAPP

11    statute") and a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  The motion to

12    strike expressly requested an award of attorneys' fees and costs:

13

14    Pursuant to CCP § 425.16(c), Defendants also respectfully

request that the Court order Plaintiff to pay to Defendants an

15    amount equal to the attorneys' fees and costs incurred by

16    them to strike any portion of the Complaint.

17

* * * *

18

19    Pursuant to CCP § 425.16(c), "[i]n any action subject to

20    subdivision (b) [of § 425.16], a prevailing defendant on a

special motion to strike shall be entitled to recover his or her

21    attorney's fees and costs."  If Defendants prevail, they will file

22    a motion establishing the amount of fees sought.

23

24    *See* Notice of Special Motion to Strike at 1:12-13; Memorandum of Points and

25    Authorities at 25:10-17.

26

27

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-1-

DEFENDANT ALTA BATES SUMMIT MEDICAL CENTER'S NOTICE OF MOTION AND      CASE NO. C 07-2486 WHA
MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**B.    The Court Dismissed The Claims That Were At Issue In The Motion To Strike And Therefore ABSMC Is A Prevailing Party.**

The motion to strike and the motion to dismiss both argued that each of Plaintiff's state law causes of action were barred by *Westlake Comm. Hosp. v. Los Angeles Superior Ct.*, 17 Cal. 3d 465, 483-84 (1976), which holds that a doctor whose staff privileges have been restricted as a result of hospital peer review may not sue without first exhausting his administrative remedies. *See* Motion to Dismiss at § III(B); Motion to Strike at § IV(B)(1). The Court found that *Westlake* did in fact bar Plaintiff's state law causes of action; however in doing so it converted the Motion to Dismiss into a summary judgment motion and it ruled that the motion to strike was therefore moot.

**C.    Subsection (c) Of The Anti-SLAPP Statute Is Applicable Here.**

ABSMC respectfully submits that the relevant case law requires a different result. The anti-SLAPP statute contains a mandatory fee and cost shifting provision:

> In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5.

Cal Code Civ Proc § 425.16(c). The Ninth Circuit Court of Appeals has held that this subsection is applicable in federal court. *See United States v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 970-73 (9th Cir. 1999) (holding that subsections (b) and (c) of the anti-SLAPP statute may be applied to pendant state law claims without running afoul of Federal Rules 8, 12 and 56). Here, because ABSMC's request for fees does not conflict with any Federal Rule of Civil Procedure, the Court should apply subsection (c) as required by *Lockheed Missiles*.

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT ALTA BATES SUMMIT MEDICAL CENTER'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

1   **D.    ABSMC Is Entitled To An Award Of Fees And Costs.**

2   The right to obtain an award under subsection (c) is "triggered" by the filing

3   of a motion to strike. *S.B. Beach Properties v. Berti*, 39 Cal. 4th 374. 381 (2006).

4   Because of this trigger, the right is not extinguished even if a plaintiff subsequently

5   dismisses his lawsuit. *eCash Techs., Inc. v. Guagliardo*, 210 F. Supp. 2d 1138, 1154-

6   1155 (C. D. Cal. 2000) ("[E]ven though these claims were voluntarily dismissed, this

7   does not absolve the Defendants of liability for fees and costs incurred by Plaintiff in

8   striking these counterclaims."); *Garrison v. Baker*, 2000 U.S. App. LEXIS 2833 *4 (9th

9   Cir. 2000) (voluntary dismissal will not automatically preclude a later award of attorney's

10  fees under the anti-SLAPP statute).

11  And this trigger has been applied to allow fee and cost awards in numerous

12  analogous situations. E.g.*, Pfeiffer Venice Properties v. Bernard*, 101 Cal. App. 4th 211,

13  218 (2002) (defendant who has been sued in violation of his or her free speech rights is

14  entitled to an award of attorney fees even if the matter has been dismissed prior to the

15  hearing on that motion); *Moraga-Orinda Fire Protection Dist. v. Weir*, 115 Cal. App. 4th

16  477, 480 (2004) (resolution of the underlying action on the ground of lack of standing

17  does not moot a fee request under the anti-SLAPP statute).

18  Here, because ABSMC in fact filed a motion to strike seeking fees under

19  subsection (c), and because that request does not conflict with any federal rule of civil

20  procedure, the Court should rule on the request. *White v. Lieberman*, 103 Cal. App. 4th

21  210 (2002).  Indeed, the *White* case is factually indistinguishable from the instant

22  situation:

23  The trial court ruled that because it sustained Lieberman's

24  demurrer without leave to amend, his motion to strike White's

25  complaint was moot.  But a defendant who prevails in an anti-

26  SLAPP motion is entitled to attorney's fees. (§ 425.16, subd.

    (c).)  The trial court therefore erred in determining that

27  Lieberman's motion was moot.

28

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-3-

DEFENDANT ALTA BATES SUMMIT MEDICAL CENTER'S NOTICE OF MOTION AND          CASE NO. C 07-2486
MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; MEMORANDUM OF       WHA
POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    *Id.* at 220.  And other federal courts have followed this approach.  For example, in *Whitty*

2    *v. First Nationwide Mortg. Corp.*, 2007 U.S. Dist. LEXIS 12988 (S. D. Cal. 2007) the

3    Court granted defendant's motion to dismiss "claim eleven" alleging "fraud on the court."

4    *Id.* at *47.  Notwithstanding its dispositive ruling on the Fed. R. Civ. P. 12(b)(6) motion,

5    the Court also applied § 425.16(c) and found that defendants are "entitled to fees and

6    costs based on their motion to strike Plaintiffs' claim for fraud on the court."  *Id.* at *43.

7        Moreover, in *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110-11 (9th

8    Cir. 2003) the Ninth Circuit favorably relied on *Pfeiffer* for the proposition that "a trial

9    court has jurisdiction to award attorneys' fees to a prevailing defendant whose SLAPP

10    motion was not heard solely because the matter was dismissed before defendants

11    obtained a ruling on the SLAPP motion."  Because defendants triggered their right to

12    fees and costs by filing a motion to strike, the granting of a motion to dismiss does not

13    extinguish this claim.  This is especially true where, as here, the defect in Plaintiff's

14    complaint (i.e., his failure to exhaust) was raised in both motions.

15        Without any discussion of the issue, the Court in *Crowe v. County of San*

16    *Diego*, 303 F. Supp. 2d 1050, 1065-66 (S. D. Cal. 2004) found that the granting of a

17    motion to dismiss mooted a claim for attorneys' fees under the anti-SLAPP statute.  This

18    case did not consider the foregoing authorities and, in any event, is not binding on this

19    Court.  In *Optinrealbig.com, LLC v. Ironport Sys., Inc.*, 2004 U.S. Dist. LEXIS 15375 (N.

20    D. Cal. 2004) the Court held that the filing of a first amended complaint mooted an anti-

21    SLAPP motion.  This conclusion, held the Court, was required by Fed. R. Civ. P. 15,

22    which gave plaintiff the absolute right to amend once as a matter of course.  *Id.* at *11.

23    By contrast, as the Ninth Circuit held in *Lockheed Missiles*, there is no "direct collision"

24    between § 425.16(c) and the Federal Rules of Civil Procedure.  Hence the subsection

25    should be applied.[1]

26

27    _____

[1]    ABSMC also requests that the Court change the word "Defendant" to the word "Plaintiff"
28    on page 10, line 1 of the Order.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-4-

DEFENDANT ALTA BATES SUMMIT MEDICAL CENTER'S NOTICE OF MOTION AND          CASE NO. C 07-2486
MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; MEMORANDUM OF          WHA
POINTS AND AUTHORITIES IN SUPPORT THEREOF

## III.    **CONCLUSION**

Peer review proceedings protect the public health. *Kibler v. Northern Inyo County Local Hosp. Dist.*, 39 Cal. 4th 192, 200 (2006). Indeed, the process is essential to preserving the highest standards of medical practice throughout California. *See id.* at 199. Because voluntary, candid physician participation in such review is absolutely crucial to the system's overall operation, doctors such as Dr. Ennix are affirmatively prohibited from the type of collateral attacks alleged in the Complaint. Notwithstanding the clear exhaustion requirements set forth in *Westlake*, Plaintiff filed a lawsuit nonetheless. ABSMC incurred significant attorneys' fees to defend against this attack. Given the Court's ruling that the state law claims are without merit, pursuant to Cal Code Civ Proc § 425.16(c) ABSMC is entitled to an award of attorneys' fees and costs. ABSMC requests that the Order be amended accordingly *sua sponte* or that the Court entertain a formal motion on this issue.

DATED:  August 31, 2007

Respectfully submitted,

KAUFF McCLAIN & McGUIRE LLP

By: _____/S/_____
ALEX HERNAEZ

Attorneys for Defendants
ALTA BATES SUMMIT MEDICAL CENTER; RUSSELL D. STANTEN, M.D., LEIGH I.G. IVERSON, M.D., STEVEN A. STANTEN, M.D., and WILLIAM M. ISENBERG, M.D., Ph.D.

121246.v1

DEFENDANT ALTA BATES SUMMIT MEDICAL CENTER'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA