1  MAUREEN E. McCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  MATTHEW P. VANDALL (State Bar No. 196962)
   Email: vandall@kmm.com
4  KAUFF McCLAIN & McGUIRE LLP
   One Post Street, Suite 2600
5  San Francisco, California 94104
   Telephone: (415) 421-3111
6  Facsimile: (415) 421-0938

7  Attorneys for Defendant
   ALTA BATES SUMMIT MEDICAL CENTER

8

9  UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  COYNESS L. ENNIX, JR., M.D., as an individual and in his representative capacity 13  under Business & Professions Code Section 17200 et seq., 14  Plaintiff, 15  v. 16  RUSSELL D. STANTEN, M.D., LEIGH I.G. 17  IVERSON, M.D., STEVEN A. STANTEN, M.D., WILLIAM M. ISENBERG, M.D., 18  Ph.D., ALTA BATES SUMMIT MEDICAL CENTER and does 1 through 100, 19  Defendants. | CASE NO. C 07-2486 WHA  **DEFENDANT'S REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORD TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MATTHEW VANDALL IN SUPPORT THEREOF**  JUDGE: Hon. William H. Alsup  COMPLAINT FILED: May 9, 2007 TRIAL DATE: June 2, 2008 |

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S REQUEST FOR ADMINISTRATIVE RELIEF AND
IDENTIFICATION OF RECORD TO BE FILED UNDER SEAL;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;
DECLARATION OF MATTHEW VANDALL IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

# REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL

Pursuant to Local Rules 7-11 and 79-5 for the United States District Court for the Northern District of California, Defendant Alta Bates Summit Medical Center ("ABSMC") requests that the Court issue an administrative order sealing in part certain factual excerpts from the Answer of Alta Bates Summit Medical Center to Plaintiff's Complaint ("Answer").

As described below, ABSMC's request is narrowly tailored and compelling reasons exist to justify sealing the specified records. *See Kamakana v. United States*, 447 F.3d 1172, 1180 (9th Cir. 2006) (holding that parties seeking to maintain the confidentiality of records supporting dispositive motions must establish "compelling reasons" to file records under seal). The document ABSMC wishes to seal includes references to facts contained in documents already filed under seal with the Court pursuant to the June 1, 2007 and July 30, 2007 Orders Granting Defendants' Administrative Motion to File Under Seal (the "First Sealing Order") and the "Second Sealing Order", respectively). The factual excerpts ABSMC wishes to seal in the Answer refer to or describe (1) confidential communications made during hospital peer review proceedings concerning Plaintiff, (2) the facts the peer review decisions were based upon and (3) information revealing the identity of the peer review participants. Both the content of the documents and the identification information they contain should remain confidential and subject to a sealing order for the reasons discussed below. Plaintiff agrees with the scope of this request. Vandall Decl., ¶ 3 and Exh. A.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **ARGUMENT.**

Plaintiff is an African American cardiac surgeon with current surgical privileges at the Medical Center. Compl., ¶ 5. Like all other practicing physicians in California, Plaintiff is subject to peer review by his colleagues in a process mandated by

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1

DEFENDANT'S REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORD TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MATTHEW VANDALL IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

state and federal law to insure patient safety and quality patient care. For example, the Health Care Quality Improvement Act (HCQIA), 42 U.S.C. §§ 11101 *et seq.* provides substantial immunity for the actions of physician committee members undertaking peer review. *See* 42 U.S.C. § 11112(a). The HCQIA effectuates certain Congressional findings, including that: "There is an overriding national need to provide incentive and protection for physicians engaging in effective peer review." 42 U.S.C. § 11101 (5). California law extends equivalent, if not greater, protection to physician peer review. "Peer review, fairly conducted, is essential to preserving the highest standards of medical practice." California Business & Professions Code § 809(a)(3).

As suggested by the above-quoted statutes, sealing the factual excerpts in the Answer will effectuate legislative intent and protect the well-being of the public. The Medical Center's "peer review procedure plays a significant role in protecting the public against incompetent, impaired or negligent physicians." *Kibler v. Northern Inyo County Local Hosp. Dist.,* 39 Cal. 4th 192, 200 (2006). That policy is best served by maintaining the confidential nature of the proceedings. As the *Kibler* Court recognized (and as is true at the Medical Center), "membership on a hospital's peer review committee is voluntary and unpaid, and many physicians are reluctant to join peer review committees so as to avoid sitting in judgment of their peers." *Id.* at 201; *see also Matchett v. Superior Court*, 40 Cal. App. 623, 628-629 (1974) (confidentiality of medical peer review information is the cornerstone of internal quality assurance in hospitals).

Public disclosure of the identities of the peer review participants as well as references to the peer review decisions they made will hinder this process. Indeed, as described in the Declaration of Dr. R. Stanten (previously filed under seal with the Court), this lawsuit, even at such an early stage, has already adversely affected the Medical Center's peer review process by making it even more difficult to recruit participating physicians. These problems will only intensify if peer review information contained in the Answer is disclosed. *E.g., Pagano v. Oroville Hospital*, 145 F.R.D. 683,

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-2-

DEFENDANT'S REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORD TO BE FILED UNDER SEAL; M

CASE NO. C 07-2486 WHA

699 (E.D. Cal. 1993) (recognizing the need to protect the identity of peer review physicians) (overruled on other grounds).

In addition, the sealing of the records will not prejudice any third-party. To the contrary, no information is being denied to any third-party litigant. Therefore, in weighing the competing interests, there is nothing to offset the public good accomplished by sealing the records.

Finally, the Court has already sealed documents and information in this action on the above grounds. *See* First Sealing Order at p. 1 and Second Sealing Order at p. 1. The factual excerpts contained in the Answer refer to the documents and information covered by the First Sealing Order and the Second Sealing Order. *See* Vandall Decl., ¶ 2. Plaintiff does not object to Defendants' request. *See* Vandall Decl., ¶ 3 and Exh. A.

## II. CONCLUSION

Defendants request that this motion to seal be granted.

DATED: September 7, 2007

Respectfully submitted,

KAUFF McCLAIN & McGUIRE LLP

By: _____/S/_____
MATTHEW P. VANDALL

Attorneys for Defendants
ALTA BATES SUMMIT MEDICAL CENTER

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-3-

DEFENDANT'S REQUEST FOR ADMINISTRATIVE RELIEF AND
IDENTIFICATION OF RECORD TO BE FILED UNDER SEAL; M

CASE NO. C 07-2486 WHA

## DECLARATION OF MATTHEW VANDALL

I, Matthew Vandall, declare:

1. I am a an associate with the firm of Kauff, McClain & McGuire, LLP, attorneys of record for Defendant Alta Bates Summit Medical Center in the above-captioned matter. I have personal knowledge of the facts stated in this declaration and, if called as a witness, would be competent to testify thereto.

2. The Parties' Confidential Stipulation and Protective Order ("Stipulation" filed on 5/23/07), as approved by the Court (See Order Approving Stipulated Protective Order Subject to Stated Conditions filed on 5/29/07), defines peer review as confidential and contains a provision that: "Unless a patient agrees otherwise, patient-identifying information (as defined by state and federal law) shall be fully redacted from all written material produced or filed in this case." (¶ 6 of the Stipulation)

3. ABSMC, through counsel, asked that Plaintiff stipulate to the instant Request For Administrative Relief And Identification Of Records To Be Filed Under Seal. In making this request, ABSMC advised Plaintiff that they intended to redact factual excerpts from the Answer which met the definition of "CONFIDENTIAL" contained in the Confidentiality Stipulation and Protective Order on file in this action (through reference to the prior sealing requests). Plaintiff was advised to register any objections by 10:00 a.m. on September 7, 2007, and no objections were made. Attached hereto as **EXHIBIT A** is a true and correct copy of my electronic mail message to Mr. G. Scott Emblidge and Ms. Rachel Sater, Plaintiff's counsel of record.

4. For the reasons stated in the accompanying Memorandum of Points and Authorities, I believe that the Answer should be sealed in part.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 7th day of September, 2007 at San Francisco, California.

/S/
_____
MATTHEW VANDALL

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-4-

DEFENDANT'S REQUEST FOR ADMINISTRATIVE RELIEF AND
IDENTIFICATION OF RECORD TO BE FILED UNDER SEAL; M

CASE NO. C 07-2486 WHA

# EXHIBIT A

## Vandall, Matthew

**From:** Vandall, Matthew
**Sent:** Thursday, September 06, 2007 2:59 PM
**To:** 'Scott Emblidge'; 'sater@meqlaw.com'
**Subject:** Ennix v. ABSMC

Scott and Rachel -

I plan to file portions of the Answer to Plaintiff's Complaint under seal tomorrow. Much like our prior filings, the factual excerpts I wish to seal are those referencing peer review information which has already been filed pursuant to sealing orders. Please let me know whether you have an objection to this proposal by 10:00 a.m. tomorrow morning. If I do not hear from you, I will assume Plaintiff has no objection.

Thanks.

Matt