G. SCOTT EMBLIDGE, State Bar No. 121613
RACHEL J. SATER, State Bar No. 147976
ANDREW E. SWEET, State Bar No. 160870
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104
Telephone:    (415) 362-3599
Facsimile:    (415) 362-2006

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D., as an individual and in his representative capacity under Business & Professions Code § 17200 *et seq.*,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL D. STANTEN, M.D., et al.,<br><br>Defendants. | Case No.: C 07-2486 WHA<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' (1) MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND (2) MOTION FOR RECONSIDERATION**<br><br>Date:    None<br>Time:    None<br>Dept:    Ctrm. 9, 19TH Floor<br><br>Trial Date: TBA<br>Judge:    Hon. William H. Alsup |

## I. THE COURT SHOULD NOT REVISIT ITS PRIOR RULING.

This Court considered and denied defendants' request for attorneys' fees, on the grounds that the anti-SLAPP motion was mooted by the grant of summary judgment. *See* Order of August 28, 2007 at p. 14. That decision should not be revisited unless defendants establish that new law or new facts require such reconsideration, Civ. L.R. 7-9(b)(1) & (2), or that there was a "manifest failure by the Court to consider material facts or dispositive legal arguments," Civ. L.R. 7-9(b)(3). *See also Carroll v. Nakatani*, 342 F.3d 934, 945 (2003) ("a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law").

Defendants purport to rely on Rule 7-9(b)(3)—the "manifest failure" ground—to support their reconsideration request, but they do not bother to describe that standard or establish how the Court's original ruling meets it. In fact, far from being "manifestly" incorrect, the Court's ruling is supported by a number of other courts that have reached the very same conclusion – that the dismissal of underlying claims moots an anti-SLAPP motion based on the dismissed claims. *See Burnett v. Twentieth Century Fox Film Corp.*, 491 F.Supp.2d 962, 974 (C.D. Cal. 2007); *Tozzi v. Jones*, 2006 WL 1582311 at *16 (E.D. Cal. 2006); *Crowe v. County of San Diego*, 303 F.Supp.2d 1050, 1111 (S.D. Cal. 2004); *Dole Food Co. v. Gutierrez*, 2004 WL 3737123 at *15 (C.D. Cal. 2004); *Foster-Gwin, Inc. v. Fallwell*, 2001 WL 1382069 at *8 (N.D. Cal. 2001).

Because defendants have failed to establish a basis for reconsideration, and because the Court's ruling is well-supported, defendants' motion should be denied.

## II. DR. ENNIX'S CLAIMS HAD AT LEAST "MINIMAL MERIT" NOTWITHSTANDING THE COURT'S GRANT OF SUMMARY JUDGMENT.

Even if the Court revisits its prior ruling, it should deny defendants' motion to strike and for attorney's fees. Motions to strike under the anti-SLAPP statute should be denied so long as the plaintiff's claims have at least "minimal merit." *Kreeger v. Wanland*, 141 Cal.App.4th 826, 832 (2006); *see also Soukup v. Law Offices of Herbert Hafif*, 39 Cal.4th 260, 291 (2006).

Notwithstanding this Court's determination that Dr. Ennix's state law claims were subject to a grant of summary judgment, those claims were premised on a reasonable interpretation of the relevant caselaw in California regarding the exhaustion doctrine.  The application of *Westlake Community Hospital v. Superior Court*, 17 Cal. 3d 465 (1976) to the particular circumstances presented by this case—an administrative settlement of a dispute over disciplinary action—is an open question under California law.  It was entirely reasonable for Dr. Ennix to contend:

- The hospital's pronouncement that Dr. Ennix had no appeal rights if he accepted lesser sanctions excused him from exhausting administrative remedies.  "The rule that a party must exhaust his administrative remedies prior to seeking judicial relief in the courts has no application in a situation where an administrative remedy is unavailable or inadequate."  *Payne v. Anaheim Memorial Medical Center*, 130 Cal.App.4th 729, 743 (2005) (quotations omitted).

- Even if Dr. Ennix could be said to have forfeited his rights to administrative appeals by accepting the lesser, compromise sanctions the hospital offered, that does *not* establish that he forfeited his rights to pursue damages claims arising from his suspensions.  *See Joel v. Valley Surgical Center*, 68 Cal.App.4th 360, 371 (1998) (rejecting hospital's argument that "the elimination of [plaintiff's] right to an administrative hearing in return for a reinstatement of his privileges constitutes a waiver or release of the tort claims" subsequently brought by the physician).

- Dr. Ennix was not required to reject the hospital's lesser sanction and remain suspended to satisfy the exhaustion requirement because to do so would cause him "irreparable injury."  *Kaiser Foundation Hospitals v. Sacramento County Superior Court*, 128 Cal.App.4th 85, 105 (2005).  The Court rejected this argument at this early stage of this case based on assumptions (1) regarding how "devastating" it would have been for Dr. Ennix to lose "one set of privileges," and (2) that any financial hardship to Dr. Ennix consisted of the "litigation expense" associated with the "time and effort" involved in pursuing an administrative

2

appeal. (See Order at 9:9-21 and 11:16-25.) In fact, there was *no evidence* before the Court that Dr. Ennix had any significant surgical practice at any hospital other than ABSMC, or that he would have been able to pursue a surgical practice at other hospitals while his privileges were suspended at ABSMC. His livelihood was based on his practice at ABSMC, where he was one of the most sought-after and busiest cardiac surgeons. See Ennix Decl., ¶¶ 10 and 11 and Ex. E. Moreover, Dr. Ennix did not assert that he should be excused from pursuing administrative remedies because of the litigation costs. His point was based on a much more significant financial harm: "I accepted the [lesser sanctions] because it was the only way I could hope to rebuild my damaged practice, and support my family. My action was hardly 'voluntary' given the alternative – financial and professional devastation – to not accepting the requirement." Ennix Decl., ¶ 25. If the Court's decision hinged on these factual issues – the nature and extent of the hardship Dr. Ennix faced if he rejected the lesser sanctions the hospital offered – then Dr. Ennix requests leave to provide additional evidence on the impact to his life from the suspension of his surgical privileges at ABSMC.

- Defendants are estopped from raising exhaustion as a defense where, as here, the hospital repeatedly told Dr. Ennix that he had no avenues to appeal the restrictions on his surgical privileges.

This Court's ultimate disagreement with Dr. Ennix's contentions does not suggest that those contentions lacked "minimal merit."

"The special motion to strike a SLAPP suit is a drastic and extraordinary remedy." *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1129 (1999) (Baxter, J., concurring in part and dissenting in part). To hold that a grant of summary judgment is *ipso facto* a determination that the plaintiff's claims lack "minimal merit" under the anti-SLAPP statute would result in an unwarranted expansion of this "drastic" statute, by exposing plaintiffs to the sanction of attorney's fees *every time* their claims are defeated before trial, even where

3

those claims were brought in good faith and were premised on a fair reading of existing law. Such an interpretation of the "probability of prevailing" standard, coupled with the *very* broad interpretation of what constitutes a SLAPP suit, is certain to dissuade plaintiffs from bringing potentially meritorious suits. That could not be what the California legislature intended when it struck the *balance* between (1) preventing baseless suits aimed at chilling free speech rights and (2) preserving plaintiffs' access to the courts. *See Gallant v. City of Carson*, 128 Cal.App.4th 705, 712 (2005) ("We do not quarrel with the proposition the Legislature intended to prevent SLAPPs by ending them early and without great cost to the SLAPP target. *But the Legislature also intended to avoid jeopardizing meritorious lawsuits*.") (emphasis added).

For all these reasons and the reasons set forth in Dr. Ennix's brief in opposition to defendants' special motion to strike, the Court should deny that motion and defendants' request for attorney's fees.

Dated: September 7, 2007                    Respectfully Submitted,

                                            MOSCONE, EMBLIDGE & QUADRA, LLP


                                        By:_____/s/_____
                                                G. Scott Emblidge

                                            Attorneys for Plaintiff