IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COYNESS L. ENNIX JR., M.D., as an individual and in his representative capacity under Business & Professions Code Section 17200, et seq.,

    Plaintiff,

  v.

RUSSELL D. STANTEN, M.D., LEIGH I.G. IVERSON, M.D., STEVEN A. STANTEN, M.D., WILLIAM M. ISENBERG, M.D., Ph.D., ALTA BATES SUMMIT MEDICAL CENTER, and DOES 1 through 100,

    Defendants.

No. C 07-02486 WHA

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

    In this case arising out of a medical peer review, defendant Alta Bates Summit Medical Center moves for leave to file a motion for reconsideration. On August 28, 2007, the Court granted in part and denied in part defendants' motion to dismiss the complaint. Defendants then filed its notice for leave to file a motion for reconsideration on August 31, 2007. In its motion, defendants argue that the Court should reconsider its finding that the anti-SLAPP (Strategic Lawsuit Against Public Participation) motion filed by defendants was moot because its motion expressly requested an award of attorneys' fees and costs pursuant to California Code of Civil Procedure 425.16(c). A response from plaintiffs was requested and received on September 7, 2007.

    Motions for reconsideration are decided within the discretion of the district court. "To prevail on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." *Walker v. Carnival Cruise Lines*, 107 F.Supp.2d 1135, 1138 (N.D. Cal. 2000). Pursuant to Civil Local Rule 7-9(b), motions for leave

to file a motion for reconsideration may be filed if a party can demonstrate: (1) that there is a material difference of fact or law between the time of the motion for leave and the time of an entry of an interlocutory order; (2) that new material facts emerged or a change of law occurred after the entry of the order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented before the interlocutory order was entered.

The only potential basis for granting reconsideration in this case is that there was a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented before the interlocutory order was entered. Plaintiff's complaint stated the following six claims against defendants: (1) violation of California's Unruh Act; (2) violation of California's Cartwright Act; (3) tortious interference with plaintiff's right to practice his profession; (4) violation of California Business and Professions Code 17200; and (5) racial discrimination in violation of 42 U.S.C. 1981. The Court finds that there is no justification for granting leave to file a motion for reconsideration. First, there was no manifest failure by the Court to consider material facts just because it had determined that the anti-SLAPP motion to strike was moot. The August 28 order found that defendants' motion to strike was only directed at the state claims, which had been dismissed on other grounds. Facts material to the motion to strike were considered by the Court because they were the same facts considered in dismissing plaintiffs' state claims. Second, there was no manifest failure by the Court to consider dispositive legal arguments. Whether or not to grant attorneys' fees and costs is an issue tangential to plaintiff's California state claims and claim of racial discrimination.

Accordingly, defendants' motion for leave to file a motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 10, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2