# KM&M

KAUFF McCLAIN & McGUIRE LLP

ONE POST STREET · SUITE 2600
SAN FRANCISCO, CA 94104

TELEPHONE (415) 421-3111
TELECOPIER (415) 421-0938

NEW YORK
SAN FRANCISCO
LOS ANGELES
WWW.KMM.COM

November 29, 2007

Magistrate Judge Joseph C. Spero
United States District Court,
Northern District of California
Courtroom A, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:    *Coyness L. Ennix, Jr., M.D. v. Alta Bates Summit Medical Center –*
       *Case No. C 07-2486 WHA*

Dear Magistrate Judge Spero:

This joint letter is respectfully submitted concerning disputed issues following the conclusion of an in-person discovery conference of lead trial counsel. Counsel made a good faith effort to adhere to the Court's 3 page limit in connection with this submission, however, the complexity of the issues presented required an additional one half of one page.

## Defendant's Request for Non-Testifying Expert Discovery.

Defendant seeks non-testifying "expert" discovery concerning individuals who provided Plaintiff with opinions (as well as the underlying opinions) concerning the quality of Plaintiff's care at the Summit Medical Center between January 1, 2004 and July 31, 2006 ("the Relevant Time Period") but whose opinions were not provided by Plaintiff to the Summit Medical Staff during Plaintiff's peer review. See **Exh. A** at p. 3; see also **Exh. B** at pp. 2-3. Plaintiff admits such opinions exist but objects to the discovery on work product grounds. See Exh. A at p. 3; Exh. B at p. 3.

**Defendant's Position.** The requested discovery is relevant to Plaintiff's allegation that "all evaluations of [his] performance provided by qualified, disinterested experts found no deviation from the standard of care and no justification for the restrictions placed on [Plaintiff's] privileges." Compl., ¶ 3 at p. 2:18-20. Although Plaintiff admits he received opinions which he did not disclose to the Summit Medical Staff during his peer review (see Exh. A at pp. 2-3), he now refuses to disclose those opinions. Such refusal suggests that "all" evaluators did not agree with Plaintiff's position at the time the Complaint was filed. If true, such discovery will undermine Plaintiff's credibility at trial by showing that Plaintiff knew that disinterested "experts" who harbored no discriminatory animus towards Plaintiff either observed problems with Plaintiff's patient care or supported the privilege restrictions the Summit Medical Staff imposed. Defendant also contends that Plaintiff's work product objection is misplaced. To begin, it is Plaintiff's knowledge of the falsity of the paragraph 3 allegation which is at issue and not the "work product" of his counsel. See also F.R.C.P. 26(b)(4), Adv. Comm. Notes (1970) (rejecting "as ill-considered the decisions which have sought to bring [such] expert information within the work product doctrine"). Even if work product was a proper objection, Plaintiff waived it by failing to produce a privilege log. See Judge Alsup's Supplemental CMC Order, ¶ 17. Plaintiff also impliedly waived fact work product protection by placing the requested discovery at issue in paragraph 3 because evidence of

**KMcM**
K A U F F   M c C L A I N  &  M c G U I R E   L L P

Hon. Joseph C. Spero
November 29, 2007
Page 2

Plaintiff's veracity is a vital component of ABSMC's defense. See <u>Tennison v. City & County of San Francisco</u>, 226 F.R.D. 615, 623 (N.D. Cal. 2005) (granting similar discovery on such grounds). Finally, the requested discovery is the sole means through which Defendant may establish Plaintiff's state of mind at the time he alleged that "all" evaluators agreed with him. Thus, there are exceptional circumstances present supporting Defendant's requests. See Rule 26(b)(4)(B).

      **Plaintiff's Position.** Plaintiff maintains that the identities and opinions of non-testifying experts that he retained or employed during the peer review process are not discoverable. F.R.C.P. Rule 26(b)(4) addresses the issue and states that Defendant is entitled to this discovery only "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Here, Defendant has access to all of the information any non-testifying expert could have reviewed regarding Plaintiff's performance on the patient cases they reviewed. Defendant has not identified any exceptional circumstances to circumvent rule 26(b)(4) and the desired discovery should not be allowed.

### Plaintiff Requests Documents Regarding Peer Review at the Alta Bates Campus

      **Plaintiff's Position.** Plaintiff contends that peer review discovery from the Alta Bates Campus is relevant to Plaintiff's Section 1981 Claim. Defendant is one entity with two hospital campuses, which share not only a corporate identity but also a common culture. Many members of the Medical Staffs of each campus belong to the Medical Staff of the other campus. Plaintiff has surgical privileges at both campuses and his privileges at the Summit campus were summarily suspended in part due to his alleged poor performance at the Alta Bates Campus. Members of the Summit Medical Staff identified by Defendant as involved in the peer review of Plaintiff also served or serve on the Medical Staff of the Alta Bates Campus, some with peer review responsibilities. Plaintiff's contention is that he was treated differently based on his race by Defendant's peer reviewers. He must prove that similarly situated non-white physician were treated more favorably. *Aragon v. Republic Silver State Disposal* 292 F.3d 654 (9th Cir. 2002). He is entitled to know how Defendant's peer review process has treated white and non-white physicians. In the meet and confer session, Plaintiff agreed to consider withdrawing or limiting his discovery requests regarding the Alta Bates Campus upon Defendant providing a record of which physicians involved in his peer review were actually on the Alta Bates Medical Staff and involved in peer review at Alta Bates. Defendant provided information regarding which Summit physicians were on the Alta Bates Medical Staff, but would only provide information related to peer review activities of these physicians for the 18-month period from January 1, 2004 through July 31, 2006. Given the clear intermingling of the two campus's Medical Staffs, and the fact that Defendant based its summary suspension of Dr. Ennix on events at Alta Bates, this limited window of information regarding peer review activities at Alta Bates is insufficient for Plaintiff to conclude there is no basis to pursue the requested discovery regarding how other physicians were treated at Defendant's Alta Bates Campus.

      **Defendant's Position.** First, Plaintiff is not entitled to information concerning the Alta Bates Medical Staff, including the peer review information of its members. The peer review placed at issue by the Complaint was conducted by the Summit Medical Staff. The Summit and Alta Bates Medical Staffs are distinct, with separate Bylaws, Rules and Regulations, officers, peer review committees, and peer review processes. Moreover, the discovery requests seek information over a twenty year time period and the two hospitals were separate legal entities for most of that time. And it is the

Hon. Joseph C. Spero
November 29, 2007
Page 3

Medical Staff members of the respective Campuses which comprise the peer review decision-makers for each hospital. Of approximately 27 decision-makers involved in Plaintiff's peer review at the Summit Campus, none were involved in peer review at the Alta Bates Campus at the Medical Executive Committee level and none were involved in the peer review of cardiac surgeons. In fact, only two of the decision-makers had any role in Alta Bates Medical Staff peer review and that role concerned the unrelated specialties of OB/GYN and Pathology. Second, to prevail on his Section 1981 Claim, Plaintiff must establish that a similarly situated individual is "directly comparable" to him "in all material respects" and that such individual was treated more favorably than Plaintiff. See Mbadiwe v. Union Mem'l Reg'l Med. Ctr., Inc., 2007 U.S. Dist. LEXIS 30319, *5-*6 (W.D.N.C. Apr. 24, 2007) (applying this standard to a minority physician's Section 1981 claim that his privileges were restricted due to his race and requiring the Plaintiff to establish that the alleged acts of his comparators were of "'comparable seriousness' to his own infractions."); see also Vesom v. Atchison Hosp. Ass'n, 2006 U.S. Dist. LEXIS 68576, *70-*71 (D. Kan. 2006) (similar and granting summary judgment to hospital in part because Plaintiff's "similarly situated" evidence did not "deal with the same time period, and therefore the same MEC, as the period during which plaintiff applied for and was denied renewal of staff privileges."). Taking into account the unique problems associated with Plaintiff's provision of patient care at the Summit Campus and the varied composition and number of decision-makers involved in Plaintiff's 19-month peer review, it will not be possible for Plaintiff to establish the existence of a similarly situated individual at the Alta Bates Campus even if some of the decision-makers held privileges there. There is simply no factual or legal basis for Plaintiff to argue that peer review proceedings conducted at the Alta Bates Campus are relevant to the peer review proceedings at issue in this case. Finally, because of the issues presented by the discovery (including substantial public policy concerns), Defendant requests that this issue be resolved only following a fully noticed motion.

## Plaintiff's Request That Defendant Produce Race-Based Data Concerning the Medical Staffs

**Plaintiff's Position.** Plaintiff propounded an interrogatory (Special Interrogatory #2) that requested "how many members of the medical staffs of the Alta Bates or Summit campuses of ABSMC during the period of 2004 to 2006 were Caucasian?" The type of statistical information sought is relevant to prove racial discrimination. See *McDonnell Douglas Corp. v. Green* 411 U.S. 792, 805 (1973). Defendant does not dispute the relevance of the information sought, but rather makes the claim that they do not have the race information requested. A corporate entity answering interrogatories must furnish "such information as is available to the party." F.R.C.P. §33(a). Defendant has made no showing that the information requested is not available to it, and it should be by a mere review of its roster. Instead, Defendant has only stated that they do not record the race of physicians. The court should order that Defendant make reasonable efforts to answer the interrogatory based on information available to it.

**Defendant's Position.** Defendant disputes the relevance of the requested discovery with respect to the Alta Bates Medical Staff for the reasons described in the preceding section. With respect to the Summit Medical Staff, Defendant provided a verified response stating that the Summit Medical Staff does not record the race of its physicians. Defendant should not be ordered to produce information it does not maintain. See F.R.C.P. 33(a) (requiring the party answering interrogatories to "furnish such information as is available to the party."). Moreover, Defendant is not attempting unreasonably to withhold discoverable information. Defendant has produced a chart describing generally the peer review investigations at the Summit Campus and the corrective actions taken by its Medical Executive

**KM&M**
K A U F F   M c C L A I N   *&*   M c G U I R E   L L P

Hon. Joseph C. Spero
November 29, 2007
Page 4

Committee from 1992 to the present. That chart includes Defendant's "best guess" concerning the race of the reviewed physicians. Estimates were necessary because, after a reasonable inquiry, Defendant could not state with certainty the race of its individual members. Further, Defendant disagrees that race can be determined from a "mere review" of the Summit Medical Staff roster. Physician names are not race specific and, in any event, there have been approximately 800 Summit Medical Staff members holding clinical privileges each year during the Relevant Time Period. Reviewing that many names and providing a best estimate of race will result in uncertain responses which Defendant will be unable to verify. Finally, Defendant intends to produce the Summit Medical Staff rosters for the Relevant Time Period in response to Plaintiff's Request for Production No. 132 (due on December 21, 2007). See **Exh. C** at p. 4. Plaintiff, who currently holds privileges at the Summit Campus and who held such privileges during the Relevant Time Period may review those rosters and provide his own estimate concerning the race information it contains.

Respectfully submitted,

/S/                                               /S/

MATTHEW P. VANDALL                    ANDREW SWEET
Counsel for Defendant                     Counsel for Plaintiff
ALTA BATES SUMMIT MEDICAL CENTER    COYNESS L. ENNIX, JR., M.D.


**I HEREBY ATTEST THAT THE CONTENT OF THIS DOCUMENT
IS ACCEPTABLE TO ALL PERSONS REQUIRED TO SIGN THIS DOCUMENT.**


/S/
MATTHEW P. VANDALL
Counsel for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

# EXHIBIT A

REC'D OCT 29 2007

1  G. SCOTT EMBLIDGE, State Bar No. 121613
   e-mail:  emblidge@meqlaw.com
2  RACHEL J. SATER, State Bar No. 147976
   e-mail:  sater@meqlaw.com
3  ANDREW E. SWEET, State Bar No. 160870
   e-mail:  sweet@meqlaw.com
4  MOSCONE, EMBLIDGE, & QUADRA, LLP
   220 Montgomery Street
5  Suite 2100, Mills Tower
   San Francisco, California 94104
6  Telephone:    (415) 362-3599
   Facsimile:    (415) 362-2006
7
   Attorneys for Coyness L. Ennix Jr., M.D.
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  COYNESS L. ENNIX JR., M.D.,              Case No.:  C 07-2486 WHA

13        Plaintiff,

14     vs.                                   PLAINTIFF'S RESPONSE TO
                                             DEFENDANT ALTA BATES SUMMIT
15  ALTA BATES SUMMIT MEDICAL               MEDICAL CENTER'S SPECIAL
    CENTER,                                  INTERROGATORIES, SET TWO
16
17        Defendants.

18

19  PROPOUNDING PARTY:    Defendant Alta Bates Summit Medical Center

20  RESPONDING PARTY:     Plaintiff Coyness Ennix, Jr., M.D.

21  SET NUMBER:           Two

22

23  TO DEFENDANT AND ITS ATTORNEY OF RECORD:

24        Plaintiff Coyness L. Ennix, Jr., MD.. ("Plaintiff") responds to the Second Set of Special

25  Interrogatories propounded by Alta Bates Summit Medical Center ("Defendant") in this action.

26        Plaintiff has not fully completed his investigation of the facts relating to this case, has not

27  fully completed his discovery in this action and has not completed his preparation for trial.  All

28

---

PLAINTIFF'S RESPONSE TO DEFENDANT ALTA          CASE NO. C 07-2486 WHA
BATES SUMMIT MEDICAL CENTER'S SPECIAL
INTERROGATORIES, SET TWO

1  of the responses contained herein are based only upon such information and documents that are

2  presently available to and specifically known to Plaintiff and contains only those contentions

3  which presently occur to Plaintiff.  It is anticipated that further discovery, independent

4  investigation, legal research and analysis will supply additional facts, add meaning to the known

5  facts, as well as establish entirely new factual conclusions and legal contentions, all of which

6  may lead to substantial additions to, changes in and variations from the responses herein set

7  forth.  The following responses are given without prejudice to Plaintiffs right to produce

8  evidence of any subsequently discovered fact or facts that this responding party may later recall.

9          Plaintiff accordingly reserves the right to change any and all responses herein as

10  additional facts are ascertained, analyses are made, legal research is completed and contentions

11  are made.

12          The responses contained herein are made in a good faith effort to supply as much factual

13  information and as much specification of legal contentions as is presently known but should in

14  no way prejudice Plaintiff in relation to further discovery, research and analysis.

15          Plaintiff accepts the definitions contained in Defendant's Second Set of Interrogatories

16  only for the purpose of providing a response thereto; Plaintiff does not admit the accuracy of any

17  such definition.

18                          **GENERAL OBJECTION**

19          Plaintiff objects to any interrogatory herein that seeks information protected from

20  discovery by the attorney/client privilege, the attorney work product doctrine, the right to privacy

21  or any other privilege, basing its objection on the grounds of such privilege or such doctrine.

22                  **RESPONSE TO SPECIAL INTERROGATORIES**

23  **SPECIAL INTERROGATORY NO. 18:**

24          Did YOU receive any opinions, comments or statements from any source (e.g., from

25  physicians, statisticians, or medial consultants, etc.) concerning the quality of patient care YOU

26  provided during the TIME PERIOD which opinions, comments or statements were not submitted

27  to SUMMIT during the PEER REVIEW?

28

---

2

PLAINTIFF'S RESPONSE TO DEFENDANT ALTA          CASE NO. C 07-2486 WHA
BATES SUMMIT MEDICAL CENTER'S SPECIAL
INTERROGATORIES, SET TWO

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

2      Yes.

3  **SPECIAL INTERROGATORY NUMBER 19:**

4      If YOUR answer to the preceding Special Interrogatory is "yes," IDENTIFY each person

5  who rendered such opinion, comment or statement.

6  **RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

7      Plaintiff objects to this interrogatory because it seeks information that is not likely to lead

8  to discoverable material and is protected attorney work product.

9  Dated:   August 29, 2007                     MOSCONE, EMBLIDGE & QUADRA, LLP

10

11

12                                    By: _____

13                                         G. Scott Emblidge
                                           Rachel J. Sater
14                                         Andrew E. Sweet

15                                    Attorneys for Coyness L. Ennix Jr., M.D.

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| PLAINTIFF'S RESPONSE TO DEFENDANT ALTA BATES SUMMIT MEDICAL CENTER'S SPECIAL INTERROGATORIES. SET TWO | CASE NO. C 07-2486 WHA |

3

## VERIFICATION

I, Coyness L. Ennix Jr., M.D., declare as follows:

I am the Plaintiff in *Ennix v. Alta Bates Summit Medical Center*. I have read the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT ALTA BATES SUMMIT MEDICAL CENTER'S SPECIAL INTERROGATORIES, SET TWO** and know its contents.

I am a party to this action. The matters stated in the foregoing document are true to my own knowledge, except as to those matters that are stated on information and belief and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 26 day of October 2007, at OAKLAND                    .

Coyness L. Ennix Jr., M.D.
COYNESS L. ENNIX JR., M.D.

*Ennix v. Stanton, et al.*

**PROOF OF SERVICE**
*Case No. C07-02486 WHA*

I, Omar Lateef, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action.

On October 29, 2007, I served the attached:

- **PLAINTIFF'S RESPONSE TO DEFENDANT ALTA BATES SUMMIT MEDICAL CENTER'S SPECIAL INTERROGATORIES, SET TWO**

on the interested party(ies) named below:

Maureen E. McClain
Alex Hernaez
Matthew P. Vandall
Kauff, McClain & McGuire, LLP
One Post Street, Suite 2600
San Francisco, California 94104

I served the attached document(s) in the manner indicated below:

☒    **BY PERSONAL SERVICE:** I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed October 29, 2007, at San Francisco, California.

_____
Omar Lateef

# EXHIBIT B

REC'D OCT 2 9 2007

G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
MOSCONE, EMBLIDGE & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:     (415) 362-3599
Facsimile:     (415) 362-7332

Attorneys for Plaintiff
COYNESS L. ENNIX JR., M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COYNESS L. ENNIX JR., M.D.,

      Plaintiff,

    vs.

ALTA BATES SUMMIT MEDICAL
CENTER,

      Defendant.

Case No.: C 07-2486 WHA

**PLAINTIFF'S RESPONSE TO
DEFENDANT ALTA BATES SUMMIT
MEDICAL CENTER'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET
TWO**

REQUESTING PARTY:     Defendant ALTA BATES SUMMIT MEDICAL CENTER

RESPONDING PARTY:     Plaintiff COYNESS ENNIX, JR., M.D.

SET NUMBER:     TWO

TO DEFENDANT AND ITS ATTORNEY OF RECORD:

Plaintiff Coyness L. Ennix, Jr., MD.. ("Plaintiff") responds to the Second Set of Request

for Production of Documents propounded by Alta Bates Summit Medical Center ("Defendant")

in this action.

Plaintiff has not fully completed his investigation of the facts relating to this case, has not

fully completed his discovery in this action and has not completed his preparation for trial. All

1   of the responses contained herein are based only upon such information and documents that are

2   presently available to and specifically known to Plaintiff and contains only those contentions

3   which presently occur to Plaintiff. It is anticipated that further discovery, independent

4   investigation, legal research and analysis will supply additional facts, add meaning to the known

5   facts, as well as establish entirely new factual conclusions and legal contentions, all of which

6   may lead to substantial additions to, changes in and variations from the responses herein set

7   forth. The following responses are given without prejudice to Plaintiffs right to produce

8   evidence of any subsequently discovered fact or facts that this responding party may later recall.

9       Plaintiff accordingly reserves the right to change any and all responses herein as

10  additional facts are ascertained, analyses are made, legal research is completed and contentions

11  are made.

12      The responses contained herein are made in a good faith effort to supply as much factual

13  information and as much specification of legal contentions as is presently known but should in

14  no way prejudice Plaintiff in relation to further discovery, research and analysis.

15      Plaintiff accepts the definitions contained in Defendant's Second Set of Requests for

16  Production only for the purpose of providing a response thereto; Plaintiff does not admit the

17  accuracy of any such definition.

18  ### GENERAL OBJECTION

19      Plaintiff objects to any request for production herein that seeks information protected

20  from discovery by the attorney/client privilege, the attorney work product doctrine, the right to

21  privacy or any other privilege, basing its objection on the grounds of such privilege or such

22  doctrine.

23  ### RESPONSE TO REQUEST FOR PRODUCTION

24  ### REQUEST FOR PRODUCTION NO. 11:

25      All DOCUMENTS which constitute, evidence or reflect the opinions, comments or

26  statements YOU received, as described in YOUR responses to ABSMC's Special

27  Interrogatories, Set Two (served contemporaneously with this request).

28

2

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff objects because this request seeks information that is not likely to lead to discoverable material and is protected attorney work product.

Dated:   October 29, 2007

MOSCONE, EMBLIDGE & QUADRA, LLP

By: _____
G. Scott Emblidge
Rachel J. Sater
Andrew E. Sweet

Attorneys for Coyness L. Ennix Jr., M.D.

PLAINTIFF'S RESPONSE TO DEFENDANT ALTA
BATES SUMMIT MEDICAL CENTER'S REQUEST FOR
PRODUCTION OF DOCUMENTS, SET TWO

CASE NO. C 07-2486 WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, Coyness L. Ennix Jr., M.D., declare as follows:

I am the Plaintiff in *Ennix v. Alta Bates Summit Medical Center*. I have read the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT ALTA BATES SUMMIT MEDICAL CENTER'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO** and know its contents.

I am a party to this action. The matters stated in the foregoing document are true to my own knowledge, except as to those matters that are stated on information and belief and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **26** day of October 2007, at ___OAKLAND___.

COYNESS L. ENNIX JR., M.D.

Ennix v. Statten, et al.

**PROOF OF SERVICE**
*Case No. C07-02486 WHA*

I, Omar Lateef, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action.

On October 29, 2007, I served the attached:

- **PLAINTIFF'S RESPONSE TO DEFENDANT ALTA BATES SUMMIT MEDICAL CENTER'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**

on the interested party(ies) named below:

Maureen E. McClain
Alex Hernaez
Matthew P. Vandall
Kauff, McClain & McGuire, LLP
One Post Street, Suite 2600
San Francisco, California 94104

I served the attached document(s) in the manner indicated below:

☒  **BY PERSONAL SERVICE:** I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed October 29, 2007, at San Francisco, California.

_____
Omar Lateef

1

PROOF OF SERVICE

# EXHIBIT C

G. SCOTT EMBLIDGE, State Bar No. 121613
RACHEL J. SATER, State Bar No. 147976
ANDREW E. SWEET, State Bar No. 160870
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:    (415) 362-3599
Facsimile:    (415) 362-2006

Attorneys for Coyness L. Ennix Jr., M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COYNESS L. ENNIX JR., M.D.,

      Plaintiff,

      vs.

ALTA BATES SUMMIT MEDICAL
CENTER,

      Defendants.

Case No.:  C 07-2486 WHA

**PLAINTIFF'S REQUEST FOR
PRODUCTION OF DOCUMENTS,
SET FOUR**

REQUESTING PARTY:    Plaintiff Coyness L. Ennix Jr., M.D.

RESPONDING PARTY:    Alta Bates Summit Medical Center

SET NUMBER:    FOUR

      Pursuant to Federal Rule of Civil Procedure 34, plaintiff COYNESS L. ENNIX, JR.,
M.D. ("Plaintiff") hereby requests that defendant ALTA BATES SUMMIT MEDICAL
CENTER ("Defendant") produce to counsel for Plaintiffs for inspection and copying.

**DEFINITIONS**

      1.    The terms "YOU" and "YOUR" as used herein means Alta Bates Summit
Medical Center and includes without limitation, each predecessor and successor-in-interest,
parent corporation, subsidiary and affiliated entity of Alta Bates Summit Medical Center,
including but not limited to the Alta Bates Campus and the Summit Campus, as well as any

1

1   officer, agent, employee, attorney, representative of such entities or any other persons acting

2   under the control of or on behalf of such entities.

3       2.      The term "PERSON" as used herein includes, without limitation, any natural

4   person, firm, entity, corporation, partnership, association, cooperative, governmental entity or

5   agency, or any other entity.

6       3.      The word "DOCUMENT" or "DOCUMENTS" as used herein means any written,

7   recorded and/or graphic matter, however produced or reproduced, including every non-identical

8   copy thereof and including, but not limited to, contracts, agreements, communications, policies,

9   manuals, correspondence, telegrams, memoranda, records, reports, books, summaries or records

10  of telephone conversations, summaries or records of personal conversations or interviews,

11  diaries, forecasts, statistical statements, work papers, drafts, copies, graphs, charts, accounts,

12  analytical records, minutes or records of meetings or conferences, consultant's reports,

13  appraisals, reports of summaries of negotiations, notes, marginal notations, bills, invoices,

14  checks, photographs, lists, journals, ledgers, receipts, bank statements, financial statements,

15  profit and loss summaries, and income and expense summaries.  To the extent not heretofore

16  included in the term document or documents, those terms shall also mean handwriting,

17  typewriting, printing, photostating, photocopying, information recorded, stored or existing in

18  electronic, magnetic or other machine memory, and every other means of recording any tangible

19  thing, any form of communication or representation, including, but not limited to, letters, words,

20  pictures, sounds, or symbols, or combination thereof, within the possession, custody or control of

21  plaintiff or of any agent, employee, representative (including, without limitation, attorneys and

22  accountants), or of any other person acting or purporting to act for or on behalf of defendants.

23      4.      The phrase "RELATING TO" as used herein includes referring to, relating to,

24  relates to, responding to, concerning, connected with, commenting on, in respect of, about,

25  regarding, discussing, showing, describing, depicting, mentioning, reflecting, analyzing,

26  comprising, constituting, evidencing, and pertaining to, whether in whole or in part.

27      5.      The terms "AND" and "OR" when used herein each mean "and/or."

28

6.    All references to the singular include the plural, and all references to the plural include the singular. All references to the masculine gender include the feminine and neuter genders and vice versa.

## INSTRUCTIONS

A.    To the extent that YOU consider any of the requests objectionable for reasons other than a claim of privilege, produce as much of the material requested as to which such objection is not made, and, separately with respect to each remaining part, state the nature of YOUR objection, set forth each and every ground for YOUR objection, and describe the factual basis, if any, upon which YOU rely in making such objections.

B.    Each request contained herein extends to all DOCUMENTS in YOUR possession, custody, or control. A DOCUMENT is deemed to be in YOUR possession, custody, or control if it is in YOUR physical custody, or if it is in the physical custody of any PERSON and YOU: (1) own such DOCUMENT in whole or in part; (2) have a right by contract, statute or otherwise to use, inspect, examine or copy such DOCUMENT on any terms; (3) have an understanding, express or implied, that YOU may use, inspect, examine or copy such DOCUMENT on any terms; or (4) have, as a practical matter, been able to use, inspect, examine or copy such DOCUMENT when YOU have sought to do so. Specifically, and without limiting the foregoing, this request encompasses all DOCUMENTS in the possession, custody or control of YOU, YOUR attorneys, YOUR employees and YOUR agents, and/or any other person substantially owned or controlled by YOU.

C.    All DOCUMENTS should be produced in conformance with Federal Rule of Civil Procedure 34(b) and, pursuant to such rules, YOU are required to produce DOCUMENTS for inspection that are organized and labeled to correspond to each document request.

D.    A request to produce all DOCUMENTS RELATING TO one or more matters set forth is a request to produce all DOCUMENTS RELATING TO any one or more of the matters listed.

E.    A request to produce DOCUMENTS sufficient to show one or more matters set forth is a request to produce DOCUMENTS to show such matters to the fullest extent possible.

3

## DOCUMENTS REQUESTED

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 132:

ALL DOCUMENTS RELATING TO a list or roster of the MEMBERS of the MEDICAL STAFF of the Summit campus of Alta Bates Summit Medical Center ("ABSMC") for each year from 2000 to 2005. ("MEMBER" and "MEDICAL STAFF" have the definitions given in the Bylaws of the Summit Medical Staff (June 2006).)

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 133:

ALL DOCUMENTS RELATING TO a list or roster of the MEMBERS of the MEDICAL STAFF of the Alta Bates campus of ABSMC for each year from 2000 to 2005. ("MEMBER" and "MEDICAL STAFF" have the definitions given in the Bylaws of the Summit Medical Staff (June 2006), except that both terms refer to Alta Bates campus members and medical staff.)

Dated:   November 19, 2007

MOSCONE, EMBLIDGE & QUADRA, LLP

By: _____
G. Scott Emblidge
Rachel J. Sater
Andrew E. Sweet

Attorneys for Coyness L. Ennix Jr., M.D.

## PROOF OF SERVICE
*Case No. C07-02486 WHA*

I, Omar Lateef, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action.

On November 21, 2007, I served the attached:

- **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUEMENTS, SET FOUR**

on the interested party(ies) named below:

Maureen McClain
Kauff McClain & McGuire LLP
One Post Street, Suite 2600
San Francisco, CA 94104

I served the attached document(s) in the manner indicated below:

☒ **BY PERSONAL SERVICE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed November 21, 2007, at San Francisco, California.

Omar Lateef

1

PROOF OF SERVICE