# EXHIBIT A

LAW OFFICES OF
## MOSCONE, EMBLIDGE & QUADRA, LLP
MILLS TOWER
220 MONTGOMERY STREET, SUITE 2100
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE: (415) 362-3599  FAX: (415) 362-2006

December 10, 2007

VIA HAND DELIVERY
Mathew Vandall, Esq.
Kauff, McClain & McGuire LLP
One Post Street, Suite 2600
San Francisco, California 94104

Re: *Ennix v. Alta Bates Summit Medical Center*

Dear Matt:

The purpose of this letter is to meet and confer regarding Defendant's response to Plaintiff's Requests for Production, Set Two. In response to Plaintiff's requests for over sixty categories of documents, Defendant produced only excerpts of one document and amended its Exhibit A to address several of the requests. This is patently insufficient.

In light of Judge Spero's order following the hearing on Friday, this letter seeks further responses regarding only the Summit campus, without waiving the right to seek further responses regarding the Alta Bates campus at a later time.

**Request No. 10**

This request seeks documents regarding the financial benefit Defendant obtains relating to medical services Dr. Ennix rendered at Summit and Alta Bates. In lieu of providing documents, you suggested a statement that ABSMC invoices patients for hospital services provided in conjunction with physician services. This is not the only kind of financial benefit the Medical Center receives. For example, Dr. Ennix pays annual membership dues to maintain his privileges on the Medical Staff. We would accept your compromise if the statement were revised to make it more specific and to include membership dues and any other type of financial benefit the hospital receives in this regard. We propose the following:

> Defendant receives payment from patients and/or insurers or other payment providers for hospital services provided to patients in conjunction with Dr. Ennix's provision of patient care services at the Medical Center. Each physician bills separately for physician services. Dr. Ennix also pays the Medical Center annual Staff Membership dues in the amount of [specify]. [Add any other types of financial benefit the Medical Center receives relating to medical services Plaintiff performs.]

Please confirm whether there are any other categories of financial benefit.

Mr. Vandall
December 10, 2007
Page 2

**Requests Nos. 11 through 16**

These seek ABSMC bylaws, rules and regulations and related documents. You produced only excerpts of the "Amended and Restated Bylaws of Alta Bates Summit Medical Center," dated June 30, 2002. Please provide the entirety of that document. We will not seek the remaining documents in this category at this time, although we do not waive the right to do so later if necessary.

**Requests Nos. 17 through 26 and 44, 45, 61, 63, 64, 69, 71, and 72.**

These seek minutes and other documents related to activities of the Surgery Peer Review Committee and Cardiothoracic Peer Review Committee from 1985 to 2006. The purpose of these requests is to elucidate whether these committees have treated Caucasian and non-Caucasian physicians differently in peer reviews with respect to the complications and issues encountered in the ten cases. To many of these requests, Defendant objected based on the use of the term "Investigation," and on privacy and other grounds.

Defendant's repeated objection that Plaintiff is not entitled to any peer review documents, medical charts or minutes based on privacy grounds is plainly meritless given the Protective Order. Nevertheless, in the interest of compromise and to lessen the production burden, we ask that Defendant produce only the following documents in lieu of responding to the specific requests:

1.      All minutes of Summit's (a) Surgery Peer Review Committee meetings and (b) Cardiothoracic Peer Review Committee meetings, from 1992 to 2006.

2.      All documents documenting the nurse's review of cases that "fell out" for peer review by the Summit Cardiothoracic Peer Review Committee and Surgery Peer Review Committee from 1992 to 2006. Dr. Isenberg testified that, when a case falls out for peer review, the first step of that review ordinarily is a nurse's review; the nurse either determines a case needs no further review, or refers the case to a physician for further review. We are seeking the documents that evidence the nurse's review ("Nurses' Reports") for all cardiothoracic surgeries and all general surgeries from 1992 to 2006. As an alternative to producing all Nurses' Reports for general surgery, we would accept all Nurses Reports for cases that fell out due to death, excessive blood or blood product use, excessive fluid use, prolonged surgical time, retention of foreign objects, or return to surgery.

3.      All Quality Management Worksheets prepared for the Summit Cardiothoracic Peer Review Committee and Surgery Peer Review Committee from 1992 to 2006. Here, we are seeking the physician's reports on the cases referred to a physician by a nurse following the nurse's review described in the previous paragraph. It is our understanding that such physician reports are called "Quality Management Worksheets." If this is incorrect, please produce the documents regardless of the correct name. Again,

Mr. Vandall
December 10, 2007
Page 3

as an alternative to producing all Quality Management Worksheets for general surgeries from 1992 to 2006, we would accept all such reports for cases that fell out due to death, excessive blood or blood product use, excessive fluid use, prolonged surgical time, retention of foreign objects, or return to surgery.

Please produce these documents—**and all other documents that include physician-identifying information produced in response to this letter and/or Plaintiff's second document request**—in Attorneys' Eyes Only form, and do not redact physician-identifying information. Please also produce, in Attorneys Eyes Only form, a key identifying the physician names associated with each physician number. This information is critical to determine the race of the physicians at issue. Obviously, patient-identifying information should be redacted in accordance with the Protective Order. Given these protections, Defendant can have no remaining patient or physician privacy concerns regarding this or any other of these document requests.

**Requests Nos. 27 through 31 and 47**

These requests essentially seek all peer review documents underlying Defendant's Exhibit A and documents relating to other MEC actions. You object on privacy grounds. For the reasons mentioned above, there can be no genuine privacy concerns. Plaintiff has a right to this information and must have it to prove disparate treatment.

We would accept as a compromise all meeting minutes of the Summit MEC, its officers and its subcommittees (including but not limited to ad hoc committees), regarding all the cases included on Defendant's supplemented Exhibit A.

In offering this compromise, we do not waive the right to request the underlying documents at a later date.

**Requests Nos. 34 and 35**

These requests seek information regarding instances when ABSMC has referred matters to outside peer review. You objected based on privacy grounds, which is baseless for the reasons stated above. Please confirm that all instances of outside peer review at Summit have been disclosed on Exhibit A, or supplement Exhibit A to include any additional instances. Additionally, please confirm that there have been no instances, other than Dr. Ennix's case, where cases were referred to outside peer review after having been cleared of standard of care issues by an internal peer review. If this is not the case, please produce the responsive documents regarding all such cases.

In offering this compromise, we do not waive the right to request the underlying documents at a later date.

Mr. Vandall
December 10, 2007
Page 4

**Requests Nos. 36 and 37**

These requests seek documents regarding communications and peer review by National Medical Audit. You objected based on privacy grounds and offered to supplement Exhibit A. That is not enough. At issue in this case is the qualifications and objectivity of NMA. Plaintiff alleges that the AHC sent only information critical of Dr. Ennix to the NMA. Dr. Isenberg testified that the NMA was chosen to review Dr. Ennix's cases based on its performance on an earlier peer review. Plaintiff has the right to evaluate those claims by comparison of communications between ABSMC and the NMA, the fairness of the process used, and the NMA's final report for the other peer review at Summit conducted by the NMA.

Accordingly, for the other instance where Summit used the NMA, please provide the communications between Summit and the NMA and the NMA's report on that peer review. As a compromise, we will accept at this time (without waiving the right to seek the underlying documents later) a detailed descriptive list of attachments or supporting documents (such as the medical charts and records of internal peer reviews) in lieu of the actual documents.

**Requests Nos. 39 and 40**

These requests seek information regarding other ad hoc committees used for peer reviews at Summit. You objected based on privacy grounds. Again, Plaintiff is entitled to this information to determine whether Summit treats physicians of color differently than Caucasian physicians with respect to the ad hoc committee process. In lieu of producing the requested documents, we would accept at this time a chart listing each instance where an ad hoc committee has been used at Summit from 1992 to 2006 (along with a statement that the chart is an exhaustive list of such cases), including all the categories listed in Exhibit A as well as the specialties of the physicians serving on each ad hoc committee. In offering this compromise, we do not waive the right to request the underlying documents at a later date.

**Requests Nos. 41 and 42**

For clarification, these requests seek information regarding proctoring that was imposed as corrective action only. Please confirm that Exhibit A includes all such proctoring requirements imposed by the MEC. Please produce a chart, similar to Exhibit A, listing all such proctoring requirements and summary suspensions imposed by any individual or committee other than the MEC. "Corrective action" is not meant to include only that imposed by the MEC, but rather to include any proctoring or summary suspension used for corrective purposes (rather than for new staff purposes or commencing additional privileges).

Mr. Vandall
December 10, 2007
Page 5

**Requests Nos. 51, 65 and 70**

You objected on vagueness grounds to the request for Cardiothoracic Peer
Review Committee data. In response to Request No. 65, you stated that Defendant has
already produced "all documents relating to the conversion rates from off pump to on
pump bypass procedures considered during Plaintiff's peer review," and you made a
similar response for No. 70. However, the documents to which you refer do not include
raw data. Please produce the source documents with the raw data used to generate the
documents to which you refer. Plaintiff needs and is entitled to this raw data in order to
evaluate the statistical analyses used to justify the corrective action taken against Dr.
Ennix. Your responses to these requests should include (but not be limited to) the source
documents containing the raw data underlying the charts or tables found at D 4312, D
1754, D 1968-1872, D 1885, D 1970-1975, D 2068-2069, and D 1901-1903.

**Requests Nos. 53 and 68**

You objected on privacy grounds to these requests regarding falsification of
medical chart information. Your objection has no merit in light of Plaintiff's willingness
to accept responsive documents in Attorneys' Eyes Only form. Accordingly, please
produce all documents, other than those relating to Dr. Ennix or cases on Exhibit A,
relating to allegations that a physician falsified documents, including but not limited to by
allegedly back-dating a note or entry, at Summit from 1992 to 2006, or state that there are
no such cases.

**Request No. 54**

This request seeks information regarding when a department chair has requested
review by an in-house specialist and then referred a matter to an ad hoc committee. You
agreed to supplement Exhibit A in response; however, that response would include only
matters that went before the MEC, while the request also seeks information regarding
cases that did not go to the MEC. If there are no such cases, please so state. Otherwise,
please produce the requested documents or a chart with the same or similar categories as
Exhibit A (as appropriate) regarding such instances.

Finally, we have not yet reviewed the supplemented Exhibit A, which we received
at the end of the day Friday. This letter does not purport to address any inadequacies in
Defendant's supplementation of that document.

Mr. Vandall
December 10, 2007
Page 6

Please respond by Wednesday, December 12th.

Sincerely,

MOSCONE, EMERGIDGE & QUADRA LLP

Rachel J. Sater

# EXHIBIT B

# Confirmation Report — Memory Send

Time    : 12-13-2007   04:13pm
Tel line : 4153622006
Name    : MOSCONE EMBLIDGE & QUADRA LLP

| | | |
|---|---|---|
| Job number | : | 625 |
| Date | : | 12-13  04:12pm |
| To | : | 4210938 |
| Document pages | : | 003 |
| Start time | : | 12-13  04:12pm |
| End time | : | 12-13  04:13pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 625              *** SEND SUCCESSFUL ***

LAW OFFICES OF
MOSCONE, EMBLIDGE & QUADRA, LLP
MILLS TOWER
220 MONTGOMERY STREET, SUITE 2100
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE: (415) 362-3599  FAX: (415) 362-2006

## FACSIMILE COVER SHEET

December 13, 2007
4:13:42 PM

| | | | |
|---|---|---|---|
| To: | Maureen E. McClain | Fax: | (415) 421-0938 |
| Company: | Kauff, McClain & McGuire LLP | Pages: | 3 including cover |
| From: | Omar Lateef for Scott Emblidge | | Please contact our office if you did not receive all of the pages or there is another problem. |
| Re: | *Ennix v. Alta Bates Summit Medical Center* | CC: | |

MESSAGE:
Please see attached correspondence.

CONFIDENTIALITY NOTE: This and any accompanying pages contain information from the Law Offices of Moscone, Emblidge & Quadra, LLP which is confidential and privileged. The information is intended for the use of the individual or entity named above. If you are not the intended recipient, then be aware that any disclosure, copying, distribution or use of the accompanying document (or the information contained in it) is prohibited. If you have received this facsimile transmission in error, please notify our offices immediately so that we can arrange for retrieval at no cost to you.

LAW OFFICES OF
**MOSCONE, EMBLIDGE & QUADRA, LLP**
MILLS TOWER
220 MONTGOMERY STREET, SUITE 2100
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE: (415) 362-3599  FAX: (415) 362-2006

# FACSIMILE COVER SHEET

December 13, 2007
4:13:42 PM

| | | | |
|---|---|---|---|
| **To:** | Maureen E. McClain | **Fax:** | (415) 421-0938 |
| **Company:** | Kauff, McClain & McGuire LLP | **Pages:** | 3 including cover |
| **From:** | Omar Lateef for Scott Emblidge | | *Please contact our office if you did not receive all of the pages or there is another problem.* |
| **Re:** | *Ennix v. Alta Bates Summit Medical Center* | **CC:** | |

**MESSAGE:**
Please see attached correspondence.

CONFIDENTIALITY NOTE: This and any accompanying pages contain information from the Law Offices of **Moscone, Emblidge & Quadra, LLP** which is confidential and privileged. The information is intended for the use of the individual or entity named above. If you are not the intended recipient, then be aware that any disclosure, copying, distribution or use of the accompanying document (or the information contained in it) is prohibited. If you have received this facsimile transmission in error, please notify our offices immediately so that we can arrange for retrieval at no cost to you.

LAW OFFICES OF
## MOSCONE, EMBLIDGE & QUADRA, LLP
MILLS TOWER
220 MONTGOMERY STREET, SUITE 2100
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE: (415) 362-3599  FAX: (415) 362-2006

December 13, 2007

Via Fax

Maureen E. McClain
Kauff, McClain & McGuire LLP
One Post Street, Suite 2600
San Francisco, California 94104

      Re: *Ennix v. Stanten, et al.*

Dear Maureen:

      Magistrate Judge Spero's standing order requires that lead trial counsel meet in person to attempt to resolve outstanding discovery issues before seeking the court's assistance. I would like to schedule such a meeting on December 18, 2007, at 9:30 am. Please confirm your availability at your earliest convenience.

      The subject of the meet and confer will be ABSMC's refusal to produce documents in response to Plaintiff's Requests for Production, Sets Two and Three. It appears that Defendant's position is that it need not produce anything other than its Exhibit A and documents it produced in its initial disclosures. In response to requests for over 100 categories of documents, Defendant produced only excerpts of one document. We sent a letter to meet and confer regarding Set Two earlier this week, offering significant compromises to the scope of the discovery response and offering to accept many responses in Attorneys' Eyes Only form, in order to address Defendant's privacy concerns. We requested a reply by yesterday, but have received none.

      Today, we received Defendant's response to Set Three, which included nothing but objections and references to nonresponsive documents allegedly already produced. Defendant repeatedly objected based on duplication, relevancy, and "interference with physician and patient privacy." None of these objections has merit. Regarding duplication, although some of the requests in Set Three overlap with requests in Set Two, Defendant did not produce documents in response to either request, so a duplication objection is nonsensical. Regarding physician and patient privacy, Plaintiff's offer to accept any documents with physician- or patient-identifying information in Attorneys' Eyes Only form removes any basis for such objections.

      Finally, regarding relevancy: this suit claims disparate treatment by the hospital of Dr. Ennix and other physicians of color as compared to Caucasian physicians. ABSMC and the individual physicians who participated in Dr. Ennix's peer review

Ms. McClain
December 13, 2007
Page 2

justified the peer review and the procedural irregularities therein by allegations that his
cases over a period of time involved certain issues and outcomes that lay outside the
norm for the practice. Plaintiff is entitled to the raw source data underlying the tables and
charts that the hospital prepared to make its case at the peer review level. Without such
raw data, Dr. Ennix cannot possibly test the hospital's statistical analysis or its assertion
that Dr. Ennix's record lay outside the norm for his practice. Further, the minutes, the
nurse's reports and related documents of the Surgical Peer Review Committee, the
Cardiothoracic Peer Review Committee and MEC are relevant because they will
elucidate whether these committees treated Dr. Ennix's case any differently from a
procedural or substantive standpoint than other physicians. Moreover, the hospital has
taken the position that the issues allegedly surrounding the four minimally invasive cases
could not be explained by the newness of the procedure. Dr. Ennix is entitled to get the
records of the first few minimally invasive cases of other doctors as well as later case to
test this assertion; the same holds true (for comparisons sake) of the other relatively new
procedures for which Plaintiff sought documents.

Finally, Defendant's periodic reference to slip opinions from other district courts
to support its weak relevance argument is unavailing. The Ninth Circuit has not adopted
such a narrow interpretation of "similarly situated." (*See Aragon v. Republic Silver State
Disposal*, 292 F.3d 654, 660 (9th Cir. 2002) [citing with approval the Second Circuit's
opinion in *McGuinness v. Lincoln Hall*, 263 F.3d 49, 53-54 (2nd Cir.2001) as "explaining
[the] minimal showing necessary to establish co-workers were similarly situated."].)

Especially in light of the significant compromises Plaintiff offered regarding
responses to Set Two, these are not burdensome requests: the hospital keeps records of
the raw data related to outcomes and complications related to cardiac surgery and all
other surgery and reports them annually to the state and the STS. Further, the minutes of
the committees cannot be hard to locate or burdensome to duplicate and produce. In light
of the manifest lack of valid objections and the ease of producing the fundamental
information Plaintiff seeks (and has requested in several different forms), the only reason
for Defendant's repeated objections and failure to produce any relevant documents
appears to be obstruction and interference with the development of Plaintiff's case.

Given the imminence of the holidays and the approaching discovery cut-off, I ask
that you respond immediately to schedule a meeting. If the date and time suggested
above does not work for you, please suggest other times next week when we are not in or
traveling to depositions.

Sincerely,

MOSCONE, EMBLIDGE & QUADRA, LLP

G. Scott Emblidge

# EXHIBIT C



# KM&M

K A U F F   M c C L A I N   &   M c G U I R E   L L P

## ATTORNEYS AT LAW

### ONE POST STREET
### SUITE 2600
### SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE (415) 421-3111  FAX  (415) 421-0938

NEW YORK
SAN FRANCISCO
LOS ANGELES
WWW.KMM.COM

## FAX COVER SHEET

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Addressee(s) named below. If you are not the intended recipient of this facsimile, or the agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

**DATE:**       December 17, 2007            **FILE NUMBER:**       10117.0166

**TO:**

| NAME | FAX NO. | PHONE NO. |
|------|---------|-----------|
| G. Scott Emblidge, Esq. Moscone, Emblidge & Quadra, LLP | (415) 362-2006 | (415) 362-3599 |

**FROM:**    Matthew P. Vandall, Esq.

**RE:**    Ennix v. Alta Bates Summit Medical Center, et al.

| NUMBER OF PAGES WITH COVER PAGE: 5 | ORIGINAL WILL NOT FOLLOW |
|---|---|

**MESSAGE:**

Please see attached.

**PLEASE CALL (415) 421-3111 IF FAX TRANSMISSION IS NOT SATISFACTORY.**

4820-6165-8114.1



**KM&M**

K A U F F   M C C L A I N  *&*  M C G U I R E   L L P

ONE POST STREET · SUITE 2600
SAN FRANCISCO, CA 94104

TELEPHONE (415) 421-3111
TELECOPIER (415) 421-0938

NEW YORK
SAN FRANCISCO
LOS ANGELES
WWW.KMM.COM

December 17, 2007

**VIA FACSIMILE**

G. Scott Emblidge, Esq.
Rachel J. Sater, Esq.
Moscone, Emblidge & Quadra, LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94104

      Re:   Ennix v. Alta Bates Summit Medical Center

Dear Scott & Rachel:

      I am responding to Plaintiff's December 10 and December 13 letters. Neither letter references the supplemental information contained in Exhibit A which Defendant served on December 6, 2007. Accordingly, it is impossible to tell whether the issues which relate to the chart remain in controversy. Please review that information prior to tomorrow's meet and confer session.

**Request No. 10**

      The proposed compromise is acceptable to Defendant. Defendant is not aware of categories of financial benefit other than payments for hospital services provided to patients in conjunction with Plaintiff's provision of patient care services and the payment of Medical Staff membership dues (made by Plaintiff or on Plaintiff's behalf during the responsive time period).

**Request Nos. 11-16**

      Defendant will search for a complete set of the ABSMC Bylaws dated June 30, 2002.

**Documents Underlying Defendant's Exhibit A**

      Request Nos. 27-31, 47, and 78 seek the documents underlying Defendant's Exhibit A which are highly confidential and protected by substantial privacy rights asserted on behalf of the individual Summit Medical Staff Members. At the November 30, 2007 Discovery Hearing, Judge Spero recognized these confidentiality



G. Scott Emblidge, Esq.
Rachel Sater, Esq.
December 17, 2007
Page 2

and privacy interests and expressed great concern for the potential encroachment upon the peer review process this litigation presents.  He also noted that the most protective provisions of the Confidentiality Stipulation and Protective Order should apply.  Defendant recognizes, however, that Plaintiff's counsel must be allowed to confirm that the information contained on Exhibit A is accurate.  Defendant therefore proposes that certain supporting records be made available (in redacted form) for inspection by Plaintiff's counsel for the purpose of validating the summary information contained on Exhibit A.  Once the summary information is confirmed by Plaintiff's counsel, the parties can meet and confer regarding the submission of summary information to the Court as a set of stipulated facts.

### Departmental Peer Review Documents

First, Ms. Sater's December 10 letter does not address Defendant's objection concerning the definition of the term "INVESTIGATION" (see Request Nos. 17, 19-22 and 24-26).  These requests state that the defined term has the meaning ascribed to it in the June 2006 Bylaws.  Under Article VII, Section 7.1(B) of those Bylaws, the term means "an investigation ordered by the Medical Executive Committee, or by the Medical Staff President on its behalf, indicating that a Member has exhibited" certain behavior (also identified in the Bylaws).  The term "INVESTIGATION" specifically excludes "the usual activities of departments and other committees of the Medical Staff, including the usual quality assessment and improvement activities undertaken by the Medical Staff . . . or inquiries of the Medical Executive Committee, or its representatives, to determine whether to order an Investigation."  Id.  Thus, the records contemplated by Request Nos. 17, 19-22 and 24-26 constitute documents created in connection with MEC Level "Investigations" of the sort summarized in Exhibit A.  To the extent Plaintiff seeks the documents underlying Exhibit A with these Requests, Defendant refers Plaintiff to the compromise proposed in the preceding section.  To the extent Plaintiff seeks peer review documents which were not part of an MEC level investigation, the requests are fatally defective.

Second, Defendant's privacy objections to requests seeking documents concerning departmental peer review of physicians practicing at Summit Medical Center (see Request Nos. 17-26, 39-42, 44, 45, 51, 53, 54, 61, 63, 64, 65, 68, 69, 70-72, 75-76 and 78) may not be dismissed merely because there is an Attorney' Eyes Only designation which applicable to third party peer review documents in this case.  The records Plaintiff seeks are highly confidential and protected by privacy rights asserted on behalf of the individual Summit Medical Staff Members who were promised (as Plaintiff was) that their peer review would be conducted on a confidential basis and in accordance with California Evidence Code section 1157 as well as the provisions of the Summit Medical Staff Bylaws.  The Attorneys' Eyes Only designation imposed upon



G. Scott Embledge, Esq.
Rachel Sater, Esq.
December 17, 2007
Page 3

Exhibit A by Judge Spero during the November 30 Discovery Hearing serves to protect the confidentiality and privacy interests of those individuals who were provided with actual notice of the potential production of their peer review information. The physicians identified in Exhibit A received such notice and had an opportunity to be heard by the Court. The physicians reviewed generally at the departmental or committee level (e.g., below the MEC Investigation level) did not receive such notice. As you know, the Protective Order requires Counsel to develop a process to advise <u>any</u> Medical Staff member whose peer review, quality or credentialing material could be made part of this lawsuit of such a potential occurrence, so that the affected persons have the option of taking individual steps to protect their interests. <u>See</u> Protective Order, ¶ 7. Compliance with that obligation (given the scope of these Requests) would impose an undue burden upon Defendant by requiring Defendant to locate each potentially affected person for the purposes of providing proper notice under the Protective Order. With respect to the individuals who have already received notice (e.g., the individuals identified in Exhibit A), Defendant believes the compromise identified in the preceding section is sufficient to address Plaintiff's concerns.

Third, the privacy concerns (and concomitant burdens entailed with those concerns) are paramount given the lack of relevance of the documents Plaintiff seeks. Because Plaintiff lacks evidence of discriminatory conduct or comments made by any of the individuals involved in his peer review, he must establish that that a similarly situated Caucasian "directly comparable" to him "in all material respects" was treated more favorably than he was. <u>See Mbadiwe v. Union Mem'l Reg'l Med. Ctr., Inc.</u>, 2007 U.S. Dist. LEXIS 30319, *5-*6 (W.D.N.C. Apr. 24, 2007) (applying the "similarly situated" standard to the Section 1981 claim of a minority physician who complained that his hospital privileges were restricted due to his race); <u>see also Vesom</u>, 2006 U.S. Dist. LEXIS 68576, *70-*71 (same within the context of an application for reappointment privileges). In the traditional employment context, the Court would consider two employees "similarly situated" if they "dealt with the same supervisor' and were 'subject to the same standards.'" <u>See Radue v. Kimberly-Clark Corp.</u>, 219 F.3d 612, 617-618 (7th Cir. 2000) (noting that "[d]ifferent employment decisions, concerning different employees, made by different supervisors, are seldom sufficiently comparable."); <u>see also Patterson v. Avery Dennison Corp.</u>, 281 F.3d 676, 680 (7th Cir. 2002) (rejecting an argument that two employees were similarly situated where they reported to different supervisors, had different levels of experience and different job responsibilities). These opinions provide the appropriate framework for similar situation analysis under Section 1981 given the lack of authority on point in the Ninth Circuit. Thus, the manner in which Caucasian or non-African American physicians were treated at the departmental peer review level over a twenty year time period has no bearing on Plaintiff's Section 1981 claim here because Plaintiff must compare himself with other Summit Medical Staff Members who had similarly alarming performance deficiencies and who were evaluated



**KM&M**

KAUFF McCLAIN & McGUIRE LLP

G. Scott Emblidge, Esq.
Rachel Sater, Esq.
December 17, 2007
Page 4

by the same set of decision makers. Departmental review which did not rise to the MEC level cannot satisfy these criteria and further discovery in this area will not be provided.

Finally, Defendant will not disclose the identities of any physicians who were peer reviewed by the Summit Medical Staff – whether or not such individuals also appear on Exhibit A – and Defendant disagrees that physician names have any bearing on their race. The Confidentiality Stipulation and Protective Order specifically states that the "identity of the members of Alta Bates' Medical Staffs in relationship to their having been subject to peer review, quality and/or credentialing processes or proceedings, shall not be provided or utilized in this litigation, but rather the Medical Staff's members names shall be kept confidential and their identities otherwise designated (e.g., Physician A, Physician B, etc.)." Protective Order, ¶ 7 at pp. 3-4.

### Request Nos. 34 & 35

In addition to the foregoing concerns, Defendant refers Plaintiff to the supplemental information produced in Exhibit A on December 6, 2007.

### Request Nos. 36 and 37

The inspection referenced above for the documents underlying Exhibit A will include an NMA Report for Physician G which will enable Plaintiff to gauge the objectivity of the outside evaluators as well as the accuracy of Dr. Isenberg's deposition testimony concerning some of the reasons why NMA was chosen in Plaintiff's case.

### Request Nos. 65 and 70 and the Source Data Requested In Set Three

Defendant is willing to discuss the potential for compromise concerning the provision of summary data regarding certain of the procedures identified in these Requests.

Very truly yours,

MATTHEW P. VANDALL

# EXHIBIT D

1   MAUREEN E. McCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   ALEX HERNAEZ (State Bar No. 201441)
    Email: hernaez@kmm.com
3   MATTHEW P. VANDALL (State Bar No. 196962)
    Email: vandall@kmm.com
4   KAUFF McCLAIN & McGUIRE LLP
    One Post Street, Suite 2600
5   San Francisco, California 94104
    Telephone:   (415) 421-3111
6   Facsimile:   (415) 421-0938

7   Attorneys for Defendants
    ALTA BATES SUMMIT MEDICAL CENTER,
8   RUSSELL D. STANTEN, M.D., LEIGH I.G.
    IVERSON, M.D., STEVEN A. STANTEN, M.D.,
9   WILLIAM M. ISENBERG, M.D., Ph.D.

10  G. SCOTT EMBLIDGE (State Bar No. 121613)
    emblidge@meqlaw.com
11  RACHEL J. SATER (State Bar No. 147976)
    sater@meqlaw.com
12  ANDREW E. SWEET (State Bar No. 160870)
    sweet@meqlaw.com
13  MOSCONE, EMBLIDGE & QUADRA, LLP
    220 Montgomery Street, Suite 2100
14  San Francisco, CA 94104-4238
    Telephone:   (415) 362-3599
15  Facsimile:   (415) 362-2006

16  Attorneys for Plaintiff
    COYNESS L. ENNIX, JR., M.D.

17

18                  UNITED STATES DISTRICT COURT

19                 NORTHERN DISTRICT OF CALIFORNIA

20
    COYNESS L. ENNIX, JR., M.D., as an          CASE NO. C 07-2486 WHA
21  individual and in his representative capacity
    under Business & Professions Code Section   CONFIDENTIALITY
22  17200 et seq.,                              STIPULATION AND [PROPOSED]
                                                PROTECTIVE ORDER
23                          Plaintiff,
                                                JUDGE:  Hon. William H. Alsup
24          v.
                                                COMPLAINT FILED:  May 9, 2007
25  RUSSELL D. STANTEN, M.D., LEIGH I.G.        TRIAL DATE:       None set
    IVERSON, M.D., STEVEN A. STANTEN,
26  M.D., WILLIAM M. ISENBERG, M.D.,
    Ph.D., ALTA BATES SUMMIT MEDICAL
27  CENTER and does 1 through 100,

28                          Defendants.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

1    WHEREAS, on April 3, 2007, Plaintiff Coyness L. Ennix, M.D. ("Plaintiff")

2    commenced an action in the Superior Court of California for the County of Alameda

3    entitled *Coyness L. Ennix, Jr., M.D., as an individual and in his representative capacity*

4    *under Business & Professions Code § 17200 et seq. v. Russell D. Stanten, M.D., Leigh*

5    *I.G. Iverson, M.D., William M. Isenberg, M.D., Ph.D., Alta Bates Summit Medical Center*

6    *and does 1 through 100* (Case No. RG 07318658) (the "State Court Action");

7    WHEREAS, on May 9, 2007, Plaintiff commenced the above-entitled action

8    in the United States District Court for the Northern District of California;

9    WHEREAS, on May 10, 2007, Plaintiff voluntarily dismissed the State

10    Court Action without prejudice;

11    WHEREAS, Defendants Alta Bates Summit Medical Center ("Alta Bates");

12    Leigh I.G. Iverson, M.D.; Russell D. Stanten, M.D.; Steven A. Stanten, M.D.; and William

13    M. Isenberg, M.D., Ph.D., (collectively, "Defendants") intend to respond to the Complaint

14    within the time period allowed by law;

15    WHEREAS, the parties will be exchanging discovery materials throughout

16    this litigation through their initial disclosures and pursuant to their respective discovery

17    requests in this action; and

18    WHEREAS, the parties have agreed that Plaintiff will be deposed on May

19    25 and May 26, 2007 pursuant to a deposition notice served in the State Court Action, at

20    which time confidential discovery materials may be exchanged, and

21    WHEREAS, the parties' discovery materials may contain information of a

22    personal, confidential, or proprietary nature or which may be otherwise protected from

23    disclosure by public policy, third-party privacy or confidentiality interests, or state and/or

24    federal law;

25    IT IS THEREFORE STIPULATED that:

26    1.    This Confidentiality Stipulation and Protective Order ("Stipulated

27    Protective Order") shall govern the production and disclosure of information through the

28    discovery and pretrial processes. This Stipulated Protective Order is not intended to

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-1-

CONFIDENTIALITY STIPULATION AND [PROPOSED]    CASE NO. C 07-2486 WHA
PROTECTIVE ORDER

Case 3:07-cv-02486-WHA    Document 8    Filed 05/23/2007    Page 3 of 11

1    govern at trial.  The parties will cooperate in establishing procedures acceptable to the

2    Court with respect to the protection of information designated as "CONFIDENTIAL" or

3    "ATTORNEYS' EYES ONLY" pursuant to this Stipulated Protective Order at any trial and

4    upon any appeal of this case.

5         2.    For purposes of this Stipulated Protective Order, "Discovery

6    Materials" shall include documents, responses to FRCP Rule 33 and Rule 34 requests,

7    deposition testimony, and all other information that may be disclosed by the parties in

8    the course of discovery in this action, as well as compilations or excerpts of such

9    materials.  "Discovery Materials" shall also include any documents or information, as well

10   as compilations or excerpts of such materials, which either party seeks to file with the

11   Court regardless of whether such documents or information are the subject of a pending

12   discovery request.

13        3.    The parties anticipate there will be significant discovery disputes

14   regarding the production of documents and information concerning the record of peer

15   review, quality or credentialing processes or proceedings of Alta Bates or of its Medical

16   Staffs, or of incident or other reports leading to such peer review, quality or credentialing

17   processes or proceedings.  This Stipulated Protective Order does not concede, abrogate

18   or diminish, and shall not be construed to concede, abrogate or diminish, the application

19   of California Evidence Code section 1157 ("Section 1157") to discovery concerning the

20   peer review, quality or credentialing processes or proceedings and records of Alta Bates

21   or of its Medical Staffs.  Nor shall this Stipulated Protective Order operate as a waiver of

22   either party's right to contest the application of Section 1157 in this litigation.  This

23   Stipulated Protective Order shall not abrogate or diminish any other privilege, or any

24   contractual, statutory or other legal obligation or right of any individual with respect to

25   Discovery Materials.

26        4.    Any party may identify Discovery Materials it deems to be entitled to

27   protection under this Stipulated Protective Order by designating such Discovery

28   Materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".  Any such designation

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-2-

CONFIDENTIALITY STIPULATION AND [PROPOSED]          CASE NO. C 07-2486 WHA
PROTECTIVE ORDER

1   shall be made in good faith and Discovery Materials so designated shall be marked

2   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

3           5.      In the event that a party makes documents available for inspection

4   rather than delivering copies to another party, no marking need be made in advance of

5   the initial inspection.  However, the counsel producing the documents shall notify the

6   inspecting counsel of the documents which the producing party considers either

7   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", and the inspecting counsel shall

8   respect such designation pending production and marking of the documents.

9   Deposition transcript pages may be designated "CONFIDENTIAL" within two weeks of

10  receipt of the transcript, and shall be deemed to have been designated

11  "CONFIDENTIAL" in their entirety until those two weeks have elapsed.  Testimony may

12  also be designated on the record of any deposition as "CONFIDENTIAL."

13          6.      Unless a patient agrees otherwise, any patient-identifying

14  information (as defined by state and federal law) shall be fully redacted from all written

15  material produced or filed in this case.  In addition, the parties and their counsel agree to

16  employ their best efforts to avoid disclosing any patient-identifying information in

17  testimonial form and that, to the extent feasible, any inadvertent disclosures of patient-

18  identifying information made in testimonial form shall be stricken from the record as soon

19  as is reasonably practical.

20          7.      Defendants do not believe that documents and information

21  concerning the peer review, quality and/or credentialing processes or proceedings of the

22  members of the Alta Bates' Medical Staffs will be subject to discovery in this action.  If,

23  however, the Court orders Defendants to produce such Discovery Materials or the

24  parties stipulate to their production, in whole or in part, then the procedures described

25  herein shall apply.  The identity of the members of Alta Bates' Medical Staffs in

26  relationship to their having been subject to peer review, quality and/or credentialing

27  processes or proceedings, shall not be provided or utilized in this litigation, but rather the

28  Medical Staffs' members names shall be kept confidential and their identities otherwise

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-3-

CONFIDENTIALITY STIPULATION AND [PROPOSED]                          CASE NO. C 07-2486 WHA
PROTECTIVE ORDER

1    designated (e.g., Physician A, Physician B, etc.).  Counsel shall develop a process to

2    advise any Medical Staff member whose peer review, quality or credentialing material

3    could be made part of this lawsuit of such a potential occurrence, so that such affected

4    persons have the option of taking individual steps to protect their privacy interests.

5    Notwithstanding the foregoing, Plaintiff does not waive his right to seek discovery at a

6    later time of the identity of the members of Alta Bates' Medical Staffs in relationship to

7    their having been subject to peer review, quality and/or credentialing processes or

8    proceedings.  This paragraph does not apply to the identification of Plaintiff who has

9    already made such identification public.  Except for the individuals identified in the

10   Complaint (whose names shall not be designated as "CONFIDENTIAL") and insofar as

11   the information is discoverable at all, the names of the members of the Alta Bates'

12   Medical Staffs who participated in Plaintiff's peer review, quality and/or credentialing

13   processes or proceedings shall be provided by name, however, those names shall be

14   designated as "CONFIDENTIAL" under the terms of this Stipulated Protective Order.

15          8.    Access to Discovery Materials designated "CONFIDENTIAL" shall

16   be restricted in accordance with the following provisions:

17          (a)    "CONFIDENTIAL" Discovery Materials means information

18   (other than either "ATTORNEYS' EYES ONLY" designated information or information the

19   confidentiality of which has not been maintained) designated by a party as

20   CONFIDENTIAL and which contains, among other things:  (1) non-public, proprietary

21   and/or trade secret information; (2) confidential personnel file information about current

22   or former Alta Bates employees; (3) confidential private information about members of

23   the Medical Staffs, including allied health professionals; (4) incident or other reports

24   leading to or constituting the peer review, quality or credentialing processes or

25   proceedings; (5) written records and information obtained from any source, reviewed, or

26   generated relative to, during or immediately after proceedings, investigations or

27   meetings of an Ad Hoc Committee, the Medical Executive Committee and/or the Medical

28   Executive Board (the "MEC") or any other committee of the Medical Staffs regarding the

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-4-

CONFIDENTIALITY STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

CASE NO. C 07-2486 WHA

1   peer review, quality or credentialing of the Medical Staffs' members as well as verbal

2   statements or testimony describing or recounting those Medical Staffs' committee

3   proceedings, investigations or meetings; (6) information about or concerning a current or

4   former member (including applicants for membership) of the Medical Staffs which was

5   submitted, collected, or prepared by any agent or representative of Alta Bates, any other

6   health care facility, any medical practitioner or any organization of the Medical Staffs for

7   the purpose of achieving and maintaining quality patient care, reducing morbidity and

8   mortality, or contributing to clinical research.

9           (b)    "CONFIDENTIAL" Discovery Materials and all information

10   extracted from "CONFIDENTIAL" Discovery Materials shall be used solely for the

11   purposes of prosecuting or defending this action, and for no other purpose.

12           (c)    'CONFIDENTIAL" Discovery Materials produced pursuant to

13   this Order may be disclosed and made available only to the parties' counsel (and their

14   staffs); to Plaintiff; to any officer, director, employee or representative of Alta Bates

15   necessary to aid in the prosecution, defense or settlement of this action; to any trier of

16   fact or law (and their administrative staffs) in this proceeding, and to any mediator

17   relative to a mediation session governed by the mediation privilege (as described in

18   California Evidence Code §§ 1115-1128).  Any and all further disclosure of

19   "CONFIDENTIAL" Discovery Materials shall be governed by the provisions of

20   subparagraphs (d)-(h) and paragraphs 9-11, below.

21           (d)    No copies, extracts or summaries of any "CONFIDENTIAL"

22   Discovery Materials produced by another party shall be made except by or on behalf of

23   the parties' counsel; and such copies, extracts or summaries shall also be designated

24   and treated as "CONFIDENTIAL" Discovery Materials and shall not be delivered or

25   exhibited to any persons except as provided in this Stipulated Protective Order.

26           (e)    All persons who are permissibly shown "CONFIDENTIAL"

27   Discovery Materials shall be advised of the confidentiality of such material, and certain

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-5-

CONFIDENTIALITY STIPULATION AND [PROPOSED]                    CASE NO. C 07-2486 WHA
PROTECTIVE ORDER

1   such persons as specified below, shall sign a copy of Exhibit A acknowledging their

2   confidentiality obligations.

3                     (f)      Counsel may allow access to "CONFIDENTIAL" Discovery

4   Materials produced by another party to consultants (and their staffs), including

5   consultants designated to testify as expert witnesses, provided that any such consultant

6   shall first be provided with a copy of this Stipulated Protective Order and shall execute

7   an undertaking in the form annexed hereto as Exhibit A.  Consultants are hereby

8   specifically advised that their written work product which contains or discloses the

9   substance of "CONFIDENTIAL" Discovery Materials is subject to all the provisions of this

10  Stipulated Protective Order.  Counsel disclosing "CONFIDENTIAL" Discovery Materials

11  to consultants shall be responsible for obtaining the executed undertaking in advance of

12  such disclosure and also shall retain the original executed copy of said undertaking.

13                    (g)      During depositions, Counsel may question any witness about

14  "CONFIDENTIAL" Discovery Materials.  Any "CONFIDENTIAL" document so referred to

15  may be marked as an exhibit, but no such "CONFIDENTIAL" document, or any portion

16  thereof, shall be attached to any publicly-available deposition or other transcript without

17  the written consent of the party that designated the document as "CONFIDENTIAL."

18  Portions of deposition transcripts designated "CONFIDENTIAL" shall be so marked.

19  "CONFIDENTIAL" portions, including exhibits consisting of "CONFIDENTIAL"

20  documents, shall be bound under seal separately from the non-confidential portions of

21  the transcript.

22                    (h)      "CONFIDENTIAL" Discovery Materials shall be deemed

23  "sealable" in accordance with the provisions of Civil Local Rule 79-5, which provisions

24  shall apply to any presentation of "CONFIDENTIAL" Discovery Materials, or any

25  references thereto, relative to any submission to the Court.

26                    9.      Access to Discovery Materials designated "ATTORNEYS' EYES

27  ONLY" shall be restricted in accordance with the following provisions:

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-6-

CONFIDENTIALITY STIPULATION AND [PROPOSED]                    CASE NO. C 07-2486 WHA
PROTECTIVE ORDER

1    (a)    "ATTORNEYS' EYES ONLY" shall mean information (other

2    than information either the confidentiality of which has not been maintained or which

3    qualifies for "CONFIDENTIAL" treatment only), which falls within the categories

4    delineated in (1) through (6) of paragraph 8(a) above and refers to or describes the peer

5    review, quality or credentialing processes of members of the Alta Bates Medical Staffs,

6    other than Plaintiff. Documents and information may only be designated "ATTORNEYS'

7    EYES ONLY" after following the procedures described in subparagraph (b).

8    (b)    The parties agree to meet and confer with each other prior to

9    the designation of any documents or information as "ATTORNEYS' EYES ONLY"

10    pursuant to this Stipulated Protective Order. Before producing the documents or

11    information, the designating party shall contact the receiving party and describe

12    generally the documents or information it seeks to designate as "ATTORNEYS' EYES

13    ONLY". The parties will meet and confer in good faith concerning the designation of

14    documents or information as "ATTORNEYS' EYES ONLY" and such meet and confer

15    shall last no longer than 5 court days. If the parties agree, the documents or information

16    may be designated and treated as "ATTORNEYS EYES' ONLY" documents or

17    information under this Stipulated Protective Order. If the parties disagree, the

18    designating party shall file a motion for protective order concerning the designation

19    dispute and the court will determine whether the documents or information at issue

20    warrant heightened protection. Such motion shall be filed within 5 court days of the

21    completion of the meet and confer process described herein.

22    (c)    "ATTORNEYS' EYES ONLY" Discovery Materials and any

23    information summarized or extracted therefrom shall be used solely for the purposes of

24    prosecuting or defending this action, and for no other purpose.

25    (d)    "ATTORNEYS' EYES ONLY" Discovery Materials shall be

26    disclosed only to counsel for the parties (including their staffs), and to consultants (and

27    their staffs), including consultants designated to testify as expert witnesses who execute

28    Exhibit A. Insofar as "ATTORNEYS' EYES ONLY" Discovery Materials constitute

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-7-

CONFIDENTIALITY STIPULATION AND [PROPOSED]
PROTECTIVE ORDER                                            CASE NO. C 07-2486 WHA

1    documents or information concerning the record of peer review, quality or credentialing

2    processes or proceedings of Alta Bates or of its Medical Staffs, or of incident or other

3    reports leading to such peer review, quality or credentialing processes or proceedings,

4    such "ATTORNEYS' EYES ONLY" Discovery Materials may also be disclosed to

5    witnesses who participated in the peer review, quality or credentialing processes or

6    proceedings that are the subject of said Discovery Materials and who also execute

7    Exhibit A. Insofar as such consultants or witnesses refer to or rely upon documents or

8    information protected from disclosure by Section 1157, their testimony, declarations and

9    reports also will be protected from disclosure in this action. Plaintiff makes no

10    concessions concerning the application of Section 1157 to protect documents or

11    information from disclosures in this action.

12        (e)    No copies, extracts or summaries of any "ATTORNEYS'

13    EYES ONLY" Discovery Materials produced by another party shall be made except by or

14    on behalf of the parties' counsel; and such copies, extracts or summaries shall also be

15    designated and treated as "ATTORNEYS' EYES ONLY" Discovery Materials and shall

16    not be delivered or exhibited to any persons except as provided in this Stipulated

17    Protective Order.

18        (f)    "ATTORNEYS' EYES ONLY" Discovery Materials shall be

19    deemed "sealable" in accordance with the provisions of Civil Local Rule 79-5, which

20    provisions shall apply to any presentation of "CONFIDENTIAL Discovery Materials, or

21    any references thereto, relative to any submission to the Court.

22        10.    The disclosure of any Discovery Materials pursuant to the terms of

23    this Stipulated Protective Order is not intended to be and shall not be construed as a

24    waiver of any right or a relinquishment of any confidentiality or privilege claim as to said

25    Discovery Materials or as a waiver of any claim that the information disclosed is a trade

26    secret or is proprietary.

27        11.    If any dispute arises concerning whether documents or information

28    designated as "CONFIDENTIAL" should in fact be considered "CONFIDENTIAL" for

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-8-

CONFIDENTIALITY STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

CASE NO. C 07-2486 WHA

1   purposes of this Stipulated Protective Order, then the parties shall try first to resolve

2   such dispute in good faith on an informal basis.  The receiving party shall initiate a meet

3   and confer teleconference within ten (10) calendar days of the date the Discovery

4   Materials were served by the producing party.  The parties shall complete their meet and

5   confer discussions within five (5) calendar days and no longer.  If the parties disagree,

6   the designating party shall file a motion for protective order concerning the designation

7   dispute and the court will determine whether the documents or information at issue

8   warrant protection under the terms of this Stipulated Protective Order.

9           12.    Upon final resolution of this litigation, including any appellate

10  proceedings or expiration of the time allowed for appeal, counsel for each party shall

11  return all Discovery Materials marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

12  received hereunder, including all copies thereof, to counsel for the party that produced

13  said materials.  Such returned materials shall include any such "CONFIDENTIAL" or

14  "ATTORNEYS' EYES ONLY" documents in the possession of consultants retained by

15  that counsel.  Such return shall occur within 30 days of dismissal or final resolution of the

16  action.   Counsel shall be permitted to retain for their work product and privileged files

17  (i) copies of all papers and documents filed with the Court, and (ii) their work product,

18  such as pleadings, correspondence, and memoranda, which contain or refer to

19  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Materials.

20          13.    Nothing contained in this Stipulated Protective Order shall preclude

21  any party from seeking or obtaining, upon an appropriate showing, additional protection

22  with respect to any documents, information, or other Discovery Materials.  Nothing

23  contained herein relieves any party of its obligation to respond to discovery properly

24  initiated pursuant to the Discovery Order.

25          14.    The Court may modify this Stipulated Protective Order at any time or

26  consider any dispute which may arise hereunder upon motion of any of the parties.

27

28

KAUFF, MCCLAIN
& MCQUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-9-

CONFIDENTIALITY STIPULATION AND [PROPOSED]                    CASE NO. C 07-2486 WHA
PROTECTIVE ORDER

1        15.   This Stipulated Protective Order shall remain in effect for the

2  duration of the action unless terminated by stipulation or pursuant to Court order.  The

3  Stipulated Protective Order shall survive the final termination of this action, and the Court

4  shall retain jurisdiction to enforce, construe or modify its terms.

5

6  **I HEREBY ATTEST THAT THE CONTENT OF THIS DOCUMENT IS ACCEPTABLE TO ALL PERSONS REQUIRED TO SIGN THIS DOCUMENT.**

7  DATED:  May 23, 2007            KAUFF McCLAIN & McGUIRE LLP

8

9                               By: /S/  Matthew P. Vandall

10                                   MAUREEN E. McCLAIN
                                     ALEX HERNAEZ

11                                   MATTHEW P. VANDALL

12                            Attorneys for Defendants
                            ALTA BATES SUMMIT MEDICAL

13                            CENTER; RUSSELL D. STANTEN, M.D.;
                            LEIGH I.G. IVERSON, M.D., STEVEN A.

14                            STANTEN, M.D.; and WILLIAM M.
                            ISENBERG, M.D. Ph.D.

15

16  DATED:  May 23, 2007            MOSCONE, EMBLIDGE & QUADRA, LLP

17

18                                  By: /S/  Rachel J. Sater
                                     G. SCOTT EMBLIDGE

19                                     RACHEL J. SATER
                                     ANDREW SWEET

20                          Attorneys for Plaintiff

21                          COYNESS L. ENNIX, JR., M.D.

22  **IT IS SO ORDERED.**

23  DATED:  _____, 2007

24

25

26                        United States District Court Judge

27

28

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-10-

CONFIDENTIALITY STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

CASE NO. C 07-2486 WHA

# EXHIBIT A

## EXHIBIT A

## AGREEMENT TO BE BOUND BY THE
## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation and Protective Order entered into on behalf of the parties to *Coyness L. Ennix Jr., M.D. v. Leigh I.G. Iverson, M.D., Russell D. Stanten, M.D., Steven A. Stanten, M.D., William M. Isenberg, M.D., Ph.D., Alta Bates Summit Medical Center, and does 1 through 100*, Case No. C 07-2486 WHA, filed in the United States District Court for the Northern District of California; that he or she understands the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this action; and that he or she agrees to be bound by all provisions of that order. The undersigned further agrees that when he/she is notified that this lawsuit has been finally concluded, the undersigned is obliged to return to the counsel who produced the documents to him/her any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Materials in his/her possession so that such counsel may return all such documents to the producing party.

DATED: _____          _____

                                             Signature

::ODMA\PCDOCS\KMM-SF\115929\1

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

CONFIDENTIALITY STIPULATION AND [PROPOSED]          CASE NO. C 07-2486 WHA
PROTECTIVE ORDER