# EXHIBIT E

1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  MATTHEW P. VANDALL (State Bar No. 196962)
   Email: vandall@kmm.com
4  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
5  San Francisco, California 94104
   Telephone:  (415) 421-3111
6  Facsimile:   (415) 421-0938

7  Attorneys for Defendant
   ALTA BATES SUMMIT MEDICAL CENTER
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  COYNESS L. ENNIX, JR., M.D.,              CASE NO.  C 07-2486 WHA

13             Plaintiff,                     DEFENDANT'S OBJECTIONS AND
                                             RESPONSES TO PLAINTIFF'S
14  v.                                        REQUEST FOR PRODUCTION OF
                                             DOCUMENTS, SET TWO
15  ALTA BATES SUMMIT MEDICAL CENTER,
                                             DEPT:            Ctrm. 9, 19th Flr.
16             Defendant.                     JUDGE:           Hon. William H. Alsup
                                             COMPLAINT FILED: May 9, 2007
17                                            TRIAL DATE:      June 2, 2008

18

19
   **PROPOUNDING PARTY:** Plaintiff COYNESS L. ENNIX, JR., M.D.
20
   **RESPONDING PARTY:**   Defendant ALTA BATES SUMMIT MEDICAL CENTER
21
   **SET NUMBER:**         TWO
22

23       Defendant Alta Bates Summit Medical Center ("Defendant" or "ABSMC") hereby

24  makes the following responses (including objections) to Plaintiff Coyness L. Ennix, Jr.,

25  M.D.'s ("Plaintiff") Request for Production of Documents, Set Two, dated October 29,

26  2007.  Each response is subject to all objections as to competence, relevance,

27  materiality, propriety and admissibility, and any and all other objections and grounds

28  which would require the exclusion of any statements contained herein, if such

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  statements were made by a witness present and testifying at court, all of which

2  objections and grounds are reserved and may be interposed at the time of trial.

3       Defendant also notes that the requests, in their scope, and in their repetition of

4  discovery issues, seem designed for harassment purposes. Defendant has already

5  interposed an objection to providing information regarding any peer review conducted by

6  the Alta Bates Medical Staff on the grounds of lack of relevancy and undue interference

7  with the privacy rights of physicians and patients. Defendant has additionally objected to

8  the production of information for a time frame earlier than the date of the establishment

9  of the Summit Medical Staff in 1992 on the grounds of lack of relevancy and undue

10 burden. Defendant notes that Plaintiff has in fact enlarged the time period of his

11 requests (from 20 to 22 years) notwithstanding Defendant's objections to the expansive

12 time frame of the previous discovery. Defendant continues these objections in

13 responding to this discovery request, and incorporates these objections into each

14 specific response provided below. Throughout these responses, Defendant uses the

15 terms lack of relevancy or objection on relevancy grounds to refer to information which is

16 neither relevant to the lawsuit nor likely to lead to the discovery of admissible

17 information. Objections on the ground of physician privacy are based on the California

18 Constitution, California Evidence Code Section 1157, and the confidentiality

19 representations and obligations contained in the Summit Medical Staff's Bylaws which

20 have been produced to Plaintiff. The terms "Medical Staff" and "MEC" (Medical

21 Executive Committee) refer to the Summit Medical Staff. Objections on the ground of

22 patient privacy are based on applicable laws, including HIPAA, 42 USC § 1320 (d) et

23 seq. and the California Confidentiality of Medical Information Act, California Civil Code

24 § 56 et seq. In referring to Exhibit A to its Responses to the First Set of Special

25 Interrogatories (as supplemented to include the time from 1992 through 1994; hereafter

26 "Exhibit A"), Defendant continues its objection that each peer review action depicted in

27 Exhibit A involving different decision-makers, different departments and different

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1  underlying issues, is too dissimilar from Plaintiff's situation to be relevant to Plaintiff's

2  claim.

3      Regarding the Court's Supplemental Order (Docket #10), Defendant states as

4  follows:  the locations which have been reviewed as sources of documents to be

5  considered for production within the parameters of Defendant's Objections are the

6  records of the office of the Summit Medical Staff, the ABSMC administrative office, and

7  departments involved in developing and implementing Patient Care Policies and

8  Procedures.  The persons involved in such review are: Joanne Jellin, PsyD, Director of

9  the Medical Staff Services, Karen Weaver, Administrative Assistant to the CEO, and

10  John Gentile, M.D., Vice President for Medical Affairs.

11  **REQUEST FOR PRODUCTION NO. 10:**

12      ALL DOCUMENTS (including but not limited to invoices, receipts and copies of

13  checks) RELATING TO monetary compensation or other financial benefit YOU obtained

14  RELATING TO medical services performed by Plaintiff between January 2002 to July

15  2006.

16  **OBJECTION TO REQUEST FOR PRODUCTION ("RFP") NO. 10:**

17      Defendant objects to RFP No. 10 on the grounds of vagueness, lack of relevancy

18  and undue burden.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

20      Instead of providing such documents and pursuant to a meet and confer session

21  on this issue between counsel, Defendant is prepared to enter into an agreed-upon

22  statement that Defendant invoices patients and/or their insurers or other payment

23  providers for hospital services provided to patients in conjunction with a physician's

24  provision of patient care services at the Medical Center.  The physician bills separately

25  for physician services.

26  **REQUEST FOR PRODUCTION NO. 11:**

27      ALL DOCUMENTS RELATING TO YOUR Bylaws that in any way address the

28  conduct or responsibilities of YOUR MEDICAL STAFFS, including but not limited to Alta

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 3 -

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1    Bates Medical Center and Summit Medical Center, between January 2002 to July 2006.

2    "MEMBER" and "MEDICAL STAFF" have the definitions given in the Bylaws of the

3    Summit Medical Staff (June 2006) ("Bylaws"), except that both terms refer to Alta Bates

4    campus members and medical staff as well Summit campus members and medical staff.

5    **OBJECTION TO REQUEST FOR PRODUCTION NO. 11:**

6        Defendant objects to the request for "all documents that in any way address the

7    conduct or the responsibilities of YOUR MEDICAL STAFFS" on the grounds of

8    vagueness, overbreadth, lack of relevancy and undue burden.  Defendant also objects to

9    the time period of the request.  The only relevant period is the period of the peer review

10   challenged in Plaintiff's lawsuit, from late January 2004 to July 2006.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

12       Defendant will produce any Medical Center Bylaw reference to the Medical Staffs

13   during the time frame of January 2004 to July 2006, and has already produced

14   references in the Medical Center Board of Directors' records to the peer review of

15   Plaintiff challenged in this lawsuit.  The Medical Center Bylaws are maintained by the

16   Administration Office of ABSMC.

17   **REQUEST FOR PRODUCTION NO. 12:**

18       ALL DOCUMENTS RELATING TO Hospital Bylaws of Defendant or any of its

19   subsidiaries, including but not limited to Alta Bates Summit Medical Center, Alta Bates

20   Medical Center and Summit Medical Center, between January 2002 to July 2006.

21   **OBJECTION TO REQUEST FOR PRODUCTION NO. 12:**

22       Defendant objects to RFP No. 12 on the grounds of vagueness, overbreadth, lack

23   of relevancy or undue burden.  This request could refer to any document regarding the

24   governance or business of the Medical Center, whether or not in any way related to peer

25   review.

26   **REQUEST FOR PRODUCTION NO. 13:**

27       ALL DOCUMENTS RELATING TO YOUR Rules and Regulations between

28   January 2002 to July 2006.

- 4 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

**OBJECTION TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to RFP No. 13 on the grounds of duplication of discovery and lack of relevancy as to the time period from January 2002 through January 2004. Defendant objects to "all documents relating to Your Rules and Regulations" on the grounds of vagueness and overbreadth. By way of example only, the Rules and Regulations bearing a revision date of 4/05 have a section describing Medical Staff members' dues. This Request would seek the totally irrelevant dues records for the years of the request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant has already produced the Rules and Regulations of the Summit Medical Staff for the time period of 2/04 through 4/07. The Medical Center does not have a document termed "Rules and Regulations".

**REQUEST FOR PRODUCTION NO. 14:**

ALL versions of YOUR Human Resources Policy and Procedure Manuals between January 2002 to July 2006.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to RFP No. 14 on relevancy grounds. This lawsuit involves a member of the Medical Staff and a process particular to the Medical Staff (peer review); employee policies and procedures are not relevant to such issues.

**REQUEST FOR PRODUCTION NO. 15:**

ALL versions of YOUR Patient Care/Clinical Policy and Procedure Manuals between January 2002 to July 2006.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to RFP No. 15 on the grounds of overbreadth. Defendant has Clinical Policies and Procedures applicable to RN's and other employees that are in effect throughout the Medical Center, in addition to department-specific Policies and Procedures.


KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104

TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

2        Defendant will respond further once it receives a more specific delineation of what

3    is requested.

4    **REQUEST FOR PRODUCTION NO. 16:**

5        ALL versions of YOUR Standardized Procedures between January 2002 to July

6    2006.

7    **OBJECTION TO REQUEST FOR PRODUCTION NO. 16:**

8        Defendant objects to RFP No. 16 on relevancy grounds.  The term "Standardized

9    Procedures" refers to procedures relative to nursing practices in any number of Medical

10   Center Departments unrelated to Plaintiff's area of practice.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

12       Defendant will respond further once it receives a more specific delineation of what

13   is requested.

14   **REQUEST FOR PRODUCTION NO. 17:**

15       ALL DOCUMENTS RELATING TO Cardiac Surgery Peer Review Committee

16   INVESTIGATION of any MEMBER of the MEDICAL STAFFS of the Alta Bates or

17   Summit Campuses of ABSMC conducted by YOU between January 1985 to July 2006.

18   "INVESTIGATION" has the definitions given in the Bylaws of the Summit Medical Staff

19   (June 2006)

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

21       Defendant objects to this interrogatory on vagueness grounds.  The Bylaw

22   definition of an investigation means an investigation conducted by the MEC or the

23   President on behalf of the MEC.  The Summit Medical Staff Cardiac Surgery Peer

24   Review Committee does not conduct investigations.

25   **REQUEST FOR PRODUCTION NO. 18:**

26       ALL DOCUMENTS RELATING TO the meeting minutes of YOUR Cardiac

27   Surgery Peer Review Committees between January 1985 to July 2006.

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

**OBJECTION TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects on relevancy grounds as well as grounds of physician and patient privacy. The peer review process challenged by Plaintiff in this lawsuit was conducted at the MEC and Medical Staff Officer level. Defendant has provided information concerning all investigations conducted at that level between 1992 and present (except for those involving pending physician privacy objections).

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS RELATING TO the initiation (including but not limited to by complaints received) of any INVESTIGATIONS by YOUR Cardiac Surgery Peer Review Committees between January 1985 to July 2006. "INVESTIGATION" has the meaning given in the Bylaws.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this request on vagueness grounds. The Bylaw definition of an investigation means an investigation conducted by the MEC or the President on behalf of the MEC. The Bylaws exclude from the definition of an INVESTIGATON the usual activities of departments and other Medical Staff committees. The Summit Medical Staff Cardiac Surgery Peer Review Committee does not initiate an INVESTIGATION.

**REQUEST FOR PRODUCTION NO. 20:**

ALL DOCUMENTS RELATING TO decisions after a complaint was made, not to initiate an INVESTIGATION by YOUR Cardiac Surgery Peer Review Committees between January 1985 to July 2006. "INVESTIGATION" has the meaning given in the Bylaws.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to this request on vagueness grounds. The Bylaw definition of an investigation means an investigation conducted by the MEC or the President on behalf of the MEC. The Bylaws exclude from the definition of an INVESTIGATON the usual activities of departments and other Medical Staff committees. The Summit Medical

-7-

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1    Staff Cardiac Surgery Peer Review Committee does not initiate or decide not to initiate

2    an INVESTIGATION.

3    **REQUEST FOR PRODUCTION NO. 21:**

4           ALL DOCUMENTS RELATING TO the outcome or result or subsequent action of

5    INVESTIGATIONS by YOUR Cardiac Surgery Peer Review Committees between

6    January 1985 to July 2006. "INVESTIGATION" has the meaning given in the Bylaws.

7    **OBJECTION TO REQUEST FOR PRODUCTION NO. 21:**

8           Defendant objects to this request on vagueness grounds. The Bylaw definition of

9    an investigation means an investigation conducted by the MEC or the President on

10   behalf of the MEC, and excludes departmental activity. The Summit Medical Staff

11   Cardiac Surgery Peer Review Committee does not conduct an INVESTIGATION.

12   **REQUEST FOR PRODUCTION NO. 22:**

13          ALL DOCUMENTS RELATING TO Surgery Peer Review Committee

14   Investigations of any MEMBER of the MEDICAL STAFFS of the Alta Bates or Summit

15   Campuses of ABSMC conducted by YOU between January 1985 to July 2006.

16   "INVESTIGATION" has the meaning given in the Bylaws.

17   **OBJECTION TO REQUEST FOR PRODUCTION NO. 22:**

18          Defendant objects to this request on vagueness grounds. The Bylaw definition of

19   an investigation means an investigation conducted by the MEC or the President on

20   behalf of the MEC. The Summit Medical Staff Surgery Peer Review Committee does not

21   conduct INVESTIGATIONS.

22   **REQUEST FOR PRODUCTION NO. 23:**

23          ALL DOCUMENTS RELATING TO the meeting minutes of YOUR Surgery Peer

24   Review Committees between January 1985 to July 2006.

25   **OBJECTION TO REQUEST FOR PRODUCTION NO. 23:**

26          Defendant objects on relevancy grounds as well as grounds of physician and

27   patient privacy. The peer review process challenged by Plaintiff in this lawsuit was

28   conducted at the MEC and Medical Staff Officer level. Defendant has provided

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1    information concerning all investigations conducted at that level between 1992 and

2    present (except for those involving pending physician privacy objections).

3    **REQUEST FOR PRODUCTION NO. 24:**

4         ALL DOCUMENTS RELATING TO the initiation (including but not limited to

5    complaints received) of any INVESTIGATIONS by YOUR Surgery Peer Review

6    Committees between January 1985 to July 2006. "INVESTIGATION" has the meaning

7    given in the Bylaws.

8    **OBJECTION TO REQUEST FOR PRODUCTION NO. 24:**

9         Defendant objects to this request on vagueness grounds. The Bylaw definition of

10   an investigation means an investigation conducted by the MEC or the President on

11   behalf of the MEC. The Summit Medical Staff Surgery Peer Review Committee does not

12   initiate INVESTIGATIONS.

13   **REQUEST FOR PRODUCTION NO. 25:**

14        ALL DOCUMENTS RELATING TO decisions after a complaint was made, not to

15   initiate an INVESTIGATION by YOUR Surgery Peer Review Committees between

16   January 1985 to July 2006. "INVESTIGATION" has the meaning given in the Bylaws.

17   **OBJECTION TO REQUEST FOR PRODUCTION NO. 25:**

18        Defendant objects to this request on vagueness grounds. The Bylaw definition of

19   an investigation means an investigation conducted by the MEC or the President on

20   behalf of the MEC. The Cardiac Surgery Peer Review Committee does not initiate or

21   decide not to initiate an INVESTIGATION.

22   **REQUEST FOR PRODUCTION NO. 26:**

23        ALL DOCUMENTS RELATING TO the outcome, result or subsequent action of

24   INVESTIGATIONS by YOUR Surgery Peer Review Committees between January 1985

25   to July 2006. "INVESTIGATION" has the meaning given in the Bylaws.

26   **OBJECTION TO REQUEST FOR PRODUCTION NO. 26:**

27        Defendant objects to this request on vagueness grounds. The Bylaw definition of

28   an investigation means an investigation conducted by the MEC or the President on

- 9 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  behalf of the MEC. The Cardiac Surgery Peer Review Committee does not conduct

2  INVESTIGATIONS.

3  **REQUEST FOR PRODUCTION NO. 27:**

4  　　ALL DOCUMENTS RELATING TO Medical Executive Committee Peer Review

5  Investigations of every MEMBER of the MEDICAL STAFFS of the Alta Bates or Summit

6  Campuses of ABSMC conducted by YOU between January 1985 to July 2006.

7  "INVESTIGATION" has the meaning given in the Bylaws.

8  **OBJECTION TO REQUEST FOR PRODUCTION NO. 27:**

9  　　Defendant objects on the grounds of invasion of privacy of the Medical Staff

10  members who have been promised that peer review would be conducted on a

11  confidential basis in accordance with California Evidence Code Section 1157 and the

12  provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

13  such privacy interests with Plaintiff's request for information in compiling a summary

14  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

15  That chart does not yet provide information concerning physicians who have raised

16  privacy objections in response to a notice from Defendant's counsel and pending further

17  hearing by the court on November 30, 2007. Providing records beyond the summary

18  information already produced would unduly interfere with such privacy interests and

19  undermine the system of peer review. Such request would also interfere with patient

20  privacy rights.

21  **REQUEST FOR PRODUCTION NO. 28:**

22  　　ALL DOCUMENTS RELATING TO the meeting minutes of YOUR Medical

23  Executive Committee Peer Review Committees between January 1985 to July 2006.

24  **OBJECTION TO REQUEST FOR PRODUCTION NO. 28:**

25  　　Defendant objects on vagueness grounds, and interprets the question to seek

26  information about peer review investigations conducted by the MEC or the Medical Staff

27  President on behalf of the MEC in accordance with the Bylaw definition of the term

28  "investigation". Defendant objects on the grounds of invasion of privacy of the Medical

- 10 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1    Staff members who have been promised that peer review would be conducted on a

2    confidential basis in accordance with California Evidence Code Section 1157 and the

3    provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

4    such privacy interests with Plaintiff's request for information in compiling a summary

5    chart of corrective actions undertaken by the MEC during the period of 1992 to present.

6    That chart does not yet provide information concerning physicians who have raised

7    privacy objections in response to a notice from Defendant's counsel and pending further

8    hearing by the court on November 30, 2007.   Providing records beyond the summary

9    information already produced would unduly interfere with such privacy interests and

10    undermine the system of peer review.  Such request would also interfere with patient

11    privacy rights.

12    **REQUEST FOR PRODUCTION NO. 29:**

13        ALL DOCUMENTS RELATING TO the initiation (including but not limited to

14    complaints received) of any INVESTIGATIONS by of YOUR Medical Executive

15    Committees between January 1985 to July 2006.  "INVESTIGATION" has the meaning

16    given in the Bylaws.

17    **OBJECTION TO REQUEST FOR PRODUCTION NO. 29:**

18        Defendant objects to RFP No. 29 on vagueness grounds to the term "complaint",

19    an objection that Defendant has previously raised.  Defendant further objects on the

20    grounds of invasion of privacy of the Medical Staff members who have been promised

21    that peer review would be conducted on a confidential basis in accordance with

22    California Evidence Code Section 1157 and the provisions of the Summit Medical Staff

23    Bylaws.  Defendant has attempted to balance such privacy interests with Plaintiff's

24    request for information in compiling a summary chart of corrective actions undertaken by

25    the MEC during the period of 1992 to present.  That chart does not yet provide

26    information concerning physicians who have raised privacy objections in response to a

27    notice from Defendant's counsel and pending further hearing by the court on November

28    30, 2007.   Providing records beyond the summary information already produced would

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

- 11 -

1  unduly interfere with such privacy interests and undermine the system of peer review.

2  Such request would also interfere with patient privacy rights.

3  **REQUEST FOR PRODUCTION NO. 30:**

4      ALL DOCUMENTS RELATING TO decisions after a complaint was made, not to

5  initiate an INVESTIGATION by YOUR Medical Executive Committees between January

6  1985 to July 2006. "INVESTIGATION" has the meaning given in the Bylaws.

7  **OBJECTION TO REQUEST FOR PRODUCTION NO. 30:**

8      Defendant objects to RFP No. 30 on grounds of vagueness (as to the term

9  "complaint"), undue burden and lack of relevancy. Defendant has provided information

10  of investigations undertaken by the MEC and the outcome of such investigations during

11  the time period delineated in Defendant's responses. These are the "complaints" the

12  MEC deemed appropriate to investigate.

13  **REQUEST FOR PRODUCTION NO. 31:**

14      ALL DOCUMENTS RELATING TO the outcome or result or subsequent action of

15  INVESTIGATIONS by YOUR Medical Executive Committees between January 1985 to

16  July 2006. "INVESTIGATION" has the meaning given in the Bylaws.

17  **OBJECTION TO REQUEST FOR PRODUCTION NO. 31:**

18      Defendant objects on the grounds of invasion of privacy of the Medical Staff

19  members who have been promised that peer review would be conducted on a

20  confidential basis in accordance with California Evidence Code Section 1157 and the

21  provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

22  such privacy interests with Plaintiff's request for information in compiling a summary

23  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

24  That chart does not yet provide information concerning physicians who have raised

25  privacy objections in response to a notice from Defendant's counsel and pending further

26  hearing by the court on November 30, 2007. Providing records beyond the summary

27  information already produced would unduly interfere with such privacy interests and

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  undermine the system of peer review.  Such request also has the potential of interfering

2  with patient privacy rights.

3  **REQUEST FOR PRODUCTION NO. 32:**

4      ALL DOCUMENTS RELATING TO hearings conducted pursuant to Article VIII of

5  the Bylaws involving a MEMBER of the MEDICAL STAFFS of the Alta Bates or Summit

6  campuses of ABSMC, between January 1985 to July 2006.

7  **OBJECTION TO REQUEST FOR PRODUCTION NO. 32:**

8      Defendant objects on the grounds of invasion of privacy of the Medical Staff

9  members who have been promised that peer review would be conducted on a

10  confidential basis in accordance with California Evidence Code Section 1157 and the

11  provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

12  such privacy interests with Plaintiff's request for information in compiling a summary

13  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

14  That chart does not yet provide information concerning physicians who have raised

15  privacy objections in response to a notice from Defendant's counsel and pending further

16  hearing by the court on November 30, 2007.   Providing records beyond the summary

17  information already produced would unduly interfere with such privacy interests and

18  undermine the system of peer review.  Such request could also interfere with patient

19  privacy rights.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

21      As noted on Exhibit A to Defendant's Responses to Plaintiff's First Set of

22  Interrogatories, only one hearing has been commenced during the period of 1992 to

23  present.  The hearing did not go beyond the first day and a transcript of those

24  proceedings was not produced.

25  **REQUEST FOR PRODUCTION NO. 33:**

26      ALL DOCUMENTS RELATING TO instances where a MEMBER of the MEDICAL

27  STAFFS of the Alta Bates or Summit campuses of ABSMC agreed to restrict or suspend

28

- 13 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1   his or her clinical privileges in lieu of CORRECTIVE ACTION, between January 1985 to

2   July 2006. "CORRECTIVE ACTION" has the meaning given by the Bylaws.

3   **OBJECTION TO REQUEST FOR PRODUCTION NO. 33:**

4         Defendant objects on the grounds of invasion of privacy of the Medical Staff

5   members who have been promised that peer review would be conducted on a

6   confidential basis in accordance with California Evidence Code Section 1157 and the

7   provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

8   such privacy interests with Plaintiff's request for information in compiling a summary

9   chart of corrective actions undertaken by the MEC during the period of 1992 to present.

10   That chart does not yet provide information concerning physicians who have raised

11   privacy objections in response to a notice from Defendant's counsel and pending further

12   hearing by the court on November 30, 2007.   Providing records beyond the summary

13   information already produced would unduly interfere with such privacy interests and

14   undermine the system of peer review.  Such request could also interfere with patient

15   privacy rights.

16   **REQUEST FOR PRODUCTION NO. 34:**

17         ALL DOCUMENTS RELATING TO instances between January 1985 to July 2006,

18   where YOU referred any investigation involving a MEMBER of YOUR MEDICAL STAFF

19   for review to OUTSIDE PEER REVIEW. "OUTSIDE PEER REVIEW" means peer review

20   conducted by doctors without privileges at any campus of ABSMC.

21   **OBJECTION TO REQUEST FOR PRODUCTION NO. 34:**

22         Defendant objects on the grounds of invasion of privacy of the Medical Staff

23   members who have been promised that peer review would be conducted on a

24   confidential basis in accordance with California Evidence Code Section 1157 and the

25   provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

26   such privacy interests with Plaintiff's request for information in compiling a summary

27   chart of corrective actions undertaken by the MEC during the period of 1992 to present.

28   That chart does not yet provide information concerning physicians who have raised

- 14 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1  privacy objections in response to a notice from Defendant's counsel and pending further

2  hearing by the court on November 30, 2007.   Providing records beyond the summary

3  information already produced would unduly interfere with such privacy interests and

4  undermine the system of peer review.  Such request would also interfere with patient

5  privacy rights.

6  **REQUEST FOR PRODUCTION NO. 35:**

7         ALL DOCUMENTS RELATING TO instances between January 1985 to July 2006,

8  where YOU referred cases for OUTSIDE PEER REVIEW after an INTERNAL PEER

9  REVIEW concluded there had been no deviation from the standard of care. "OUTSIDE

10  PEER REVIEW" means peer review conducted by doctors without privileges at any

11  campus of ABSMC.  "INTERNAL PEER REVIEW" means peer review conducted by

12  doctors with privileges at any campus of ABSMC.

13  **OBJECTION TO REQUEST FOR PRODUCTION NO. 35:**

14         Defendant objects on the grounds of invasion of privacy of the Medical Staff

15  members who have been promised that peer review would be conducted on a

16  confidential basis in accordance with California Evidence Code Section 1157 and the

17  provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

18  such privacy interests with Plaintiff's request for information in compiling a summary

19  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

20  That chart does not yet provide information concerning physicians who have raised

21  privacy objections in response to a notice from Defendant's counsel and pending further

22  hearing by the court on November 30, 2007.   Providing records beyond the summary

23  information already produced would unduly interfere with such privacy interests and

24  undermine the system of peer review.  Such request would also interfere with patient

25  privacy rights.

26  **REQUEST FOR PRODUCTION NO. 36:**

27         ALL DOCUMENTS RELATING TO communications between YOU and the

28  National Medical Audit, including but not limited to letters of engagement, regarding peer

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1   review of any MEMBER of YOUR MEDICAL STAFFS, between January 1985 to July

2   2006.

3   **OBJECTION TO REQUEST FOR PRODUCTION NO. 36:**

4   　　　Defendant objects on the grounds of invasion of privacy of the Medical Staff

5   members who have been promised that peer review would be conducted on a

6   confidential basis in accordance with California Evidence Code Section 1157 and the

7   provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

8   such privacy interests with Plaintiff's request for information in compiling a summary

9   chart of corrective actions undertaken by the MEC during the period of 1992 to present.

10  That chart does not yet provide information concerning physicians who have raised

11  privacy objections in response to a notice from Defendant's counsel and pending further

12  hearing by the court on November 30, 2007.   Providing records beyond the summary

13  information already produced would unduly interfere with such privacy interests and

14  undermine the system of peer review.  Such request would also interfere with patient

15  privacy rights.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

17  　　　As to communications with NMA regarding Plaintiff's peer review, such

18  documents have already been produced.  As to the retention of NMA for peer review of

19  others, Defendant will supplement Exhibit A to identify the outside peer review

20  conducted by NMA.

21  **REQUEST FOR PRODUCTION NO. 37:**

22  　　　ALL DOCUMENTS RELATING TO OUTSIDE PEER REVIEW conducted for YOU

23  by the National Medical Audit between January 1985 to July 2006.  "OUTSIDE PEER

24  REVIEW" means peer review conducted by doctors without privileges at any campus of

25  ABSMC.

26  **OBJECTION TO REQUEST FOR PRODUCTION NO. 37:**

27  　　　Defendant objects on the grounds of invasion of privacy of the Medical Staff

28  members who have been promised that peer review would be conducted on a

- 16 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1   confidential basis in accordance with California Evidence Code Section 1157 and the

2   provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

3   such privacy interests with Plaintiff's request for information in compiling a summary

4   chart of corrective actions undertaken by the MEC during the period of 1992 to present.

5   That chart does not yet provide information concerning physicians who have raised

6   privacy objections in response to a notice from Defendant's counsel and pending further

7   hearing by the court on November 30, 2007.   Providing records beyond the summary

8   information already produced would unduly interfere with such privacy interests and

9   undermine the system of peer review.  Such request would also interfere with patient

10  privacy rights.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

12       All documents relating to NMA's review of Plaintiff have already been produced.

13  Defendant will supplement Exhibit A to identify the instance of outside peer review

14  conducted by NMA.

15  **REQUEST FOR PRODUCTION NO. 38:**

16       ALL DOCUMENTS RELATING TO the Ad Hoc Committee investigation of

17  Plaintiff, including but not limited to meeting minutes.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

19       All such documents have already been produced.

20  **REQUEST FOR PRODUCTION NO. 39:**

21       ALL DOCUMENTS RELATING TO any instance where YOU formed an Ad Hoc

22  Committee regarding peer review of a MEMBER of the MEDICAL STAFFS of the Alta

23  Bates or Summit Campuses between January 1985 to July 2006.

24  **OBJECTION TO REQUEST FOR PRODUCTION NO. 39:**

25       Defendant objects on the grounds of invasion of privacy of the Medical Staff

26  members who have been promised that peer review would be conducted on a

27  confidential basis in accordance with California Evidence Code Section 1157 and the

28  provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

- 17 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1    such privacy interests with Plaintiff's request for information in compiling a summary

2    chart of corrective actions undertaken by the MEC during the period of 1992 to present.

3    That chart does not yet provide information concerning physicians who have raised

4    privacy objections in response to a notice from Defendant's counsel and pending further

5    hearing by the court on November 30, 2007.   Providing records beyond the summary

6    information already produced (which summary identifies when ad hoc committees were

7    used in the peer review process) would unduly interfere with such privacy interests and

8    undermine the system of peer review.  Such request would also interfere with patient

9    privacy rights.

10   **REQUEST FOR PRODUCTION NO. 40:**

11       ALL DOCUMENTS RELATING TO the selection and constitution of Committee

12   Members of any Ad Hoc Committee YOU appointed regarding peer view of a MEMBER

13   of the MEDICAL STAFFS of the Alta Bates or Summit Campuses between January 1985

14   to July 2006.

15   **OBJECTION TO REQUEST FOR PRODUCTION NO. 40:**

16       Defendant objects on the grounds of invasion of privacy of the Medical Staff

17   members who have been promised that peer review would be conducted on a

18   confidential basis in accordance with California Evidence Code Section 1157 and the

19   provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

20   such privacy interests with Plaintiff's request for information in compiling a summary

21   chart of corrective actions undertaken by the MEC during the period of 1992 to present.

22   That chart does not yet provide information concerning physicians who have raised

23   privacy objections in response to a notice from Defendant's counsel and pending further

24   hearing by the court on November 30, 2007.   Providing records beyond the summary

25   information already produced would unduly interfere with such privacy interests and

26   undermine the system of peer review.

27   **REQUEST FOR PRODUCTION NO. 41:**

28       ALL DOCUMENTS RELATING TO instances where YOU imposed a proctoring

- 18 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1    restriction on a MEMBER OF YOUR MEDICAL STAFFS at the Alta Bates or Summit

2    campuses between January 1985 to July 2006.

3    **OBJECTION TO REQUEST FOR PRODUCTION NO. 41:**

4         Defendant objects on relevancy grounds to provision of any proctoring information

5    concerning the proctoring of new staff or members commencing additional privileges. As

6    to proctoring used as a corrective action, Defendant objects on the grounds of invasion

7    of privacy of the Medical Staff members who have been promised that peer review would

8    be conducted on a confidential basis in accordance with California Evidence Code

9    Section 1157 and the provisions of the Summit Medical Staff Bylaws. Defendant has

10   attempted to balance such privacy interests with Plaintiff's request for information in

11   compiling a summary chart of corrective actions undertaken by the MEC during the

12   period of 1992 to present. That chart does not yet provide information concerning

13   physicians who have raised privacy objections in response to a notice from Defendant's

14   counsel and pending further hearing by the court on November 30, 2007.  Providing

15   records beyond the summary information already produced would unduly interfere with

16   such privacy interests and undermine the system of peer review. Such provision of

17   records would also interfere with patient privacy rights.

18   **REQUEST FOR PRODUCTION NO. 42:**

19        ALL DOCUMENTS RELATING TO instances where the where YOU extended or

20   renewed a proctoring restriction on a MEMBER OF YOUR MEDICAL STAFFS at the

21   Alta Bates or Summit campuses between January 1985 to July 2006.

22   **OBJECTION TO REQUEST FOR PRODUCTION NO. 42:**

23        Defendant objects to information regarding proctoring of new Medical Staff

24   members or members who are obtaining additional privileges on the grounds of lack of

25   relevancy. Defendant objects on the grounds of invasion of privacy of the Medical Staff

26   members who have been promised that peer review would be conducted on a

27   confidential basis in accordance with California Evidence Code Section 1157 and the

28   provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1   such privacy interests with Plaintiff's request for information in compiling a summary

2   chart of corrective actions undertaken by the MEC during the period of 1992 to present.

3   That chart does not yet provide information concerning physicians who have raised

4   privacy objections in response to a notice from Defendant's counsel and pending further

5   hearing by the court on November 30, 2007.   Providing records beyond the summary

6   information already produced would unduly interfere with such privacy interests and

7   undermine the system of peer review.  Such request also interferes with patient privacy

8   rights.

9   **REQUEST FOR PRODUCTION NO. 43:**

10          ALL DOCUMENTS RELATING TO complaints YOU received regarding Russell

11  D. Stanten, M.D., Steven A. Stanten, M.D., Leigh I.G. Iverson, M.D., and William M.

12  Isenberg, M.D. between January 1985 to July 2006.

13  **OBJECTION TO REQUEST FOR PRODUCTION NO. 43:**

14          Defendant objects to RFP No. 43 on vagueness grounds as to the term

15  "complaints" and further objects on privacy grounds, as enunciated and protected by

16  California Evidence Code Section 1157, the Medical Staff Bylaws and the California

17  Constitution.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

19          The Summit Medical Staff MEC has not conducted an investigation, as such term

20  is defined in its Bylaws, concerning any such individuals.

21  **REQUEST FOR PRODUCTION NO. 44:**

22          ALL DOCUMENTS reflecting or RELATING TO membership on YOUR Surgery

23  Peer Review Committees between January 1985 to July 2006.

24  **OBJECTION TO REQUEST FOR PRODUCTION NO. 44:**

25          Defendant objects on the grounds of overbreadth, relevancy and interference with

26  physician and patient privacy rights to the extent that this request seeks "all documents"

27  reflecting membership on the Surgery Peer Review Committee ("SPRC") for the time

28

- 20 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1   believed to be relevant by Defendant.  Such request could cover the minutes of any

2   SPRC meeting.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

4       Defendant has identified such committee members in its Initial Disclosures for the

5   time period of Plaintiff's peer review.

6   **REQUEST FOR PRODUCTION NO. 45:**

7       ALL DOCUMENTS reflecting or RELATING TO membership on YOUR Cardiac

8   Surgery Peer Review Committees between January 1985 to July 2006.

9   **OBJECTION TO REQUEST FOR PRODUCTION NO. 45:**

10      Defendant objects on the grounds of overbreadth, relevancy and interference with

11  physician and patient privacy rights to the extent that this request seeks "all documents"

12  reflecting membership on the Cardiac Surgery Peer Review Committee ("CSPRC") for

13  the time believed to be relevant by Defendant.  Such request could cover the minutes of

14  any CSPRC meeting.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

16      Defendant has identified such committee members in its Initial Disclosures for the

17  time period of Plaintiff's peer review.

18  **REQUEST FOR PRODUCTION NO. 46:**

19      ALL DOCUMENTS RELATING TO INVESTIGATION or CORRECTIVE ACTION

20  or any other disciplinary action with respect to MEMBERS of the MEDICAL STAFF,

21  other than Plaintiff, who participated or were involved in the TEN CASES.  "TEN CASES"

22  means the cases relating to Plaintiff that were examined by the Ad Hoc Committee and

23  were referred to National Medical Audit for review.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

25      Not applicable.  See, Defendant's Response to Interrogatory No. 15 of Plaintiff's

26  Special Interrogatories, Set One.

27

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1  **REQUEST FOR PRODUCTION NO. 47:**

2      ALL DOCUMENTS RELATED TO the INVESTIGATIONS of Physicians A through

3  N listed in Exhibit A to Defendant's Response to Plaintiff's Special Interrogatories, Set

4  One.

5  **OBJECTION TO REQUEST FOR PRODUCTION NO. 47:**

6      Defendant objects on the grounds of invasion of privacy of the Medical Staff

7  members who have been promised that peer review would be conducted on a

8  confidential basis in accordance with California Evidence Code Section 1157 and the

9  provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

10  such privacy interests with Plaintiff's request for information in compiling a summary

11  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

12  That chart does not yet provide information concerning physicians who have raised

13  privacy objections in response to a notice from Defendant's counsel and pending further

14  hearing by the court on November 30, 2007.   Providing records beyond the summary

15  information already produced would unduly interfere with such privacy interests and

16  undermine the system of peer review.  Such provision of records would also interfere

17  with patient privacy rights.

18  **REQUEST FOR PRODUCTION NO. 48:**

19      ALL DOCUMENTS RELATED TO rates of survival and/or complications involving

20  cardiac surgeons who have practiced at YOUR Summit campus from January 1985 to

21  present.

22  **OBJECTION TO REQUEST FOR PRODUCTION NO. 48:**

23      Defendant objects on grounds of overbreadth, vagueness, physician privacy and

24  patient privacy.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

26      To the extent that such request seeks documents containing statistical information

27  considered during Plaintiff's peer review, such documents have already been produced

28  to Plaintiff.

- 22 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1    **REQUEST FOR PRODUCTION NO. 49:**

2        ALL DOCUMENTS RELATED TO minimally invasive cases performed by all

3    cardiac surgeons at ABSMC during 2004 and 2005.

4    **OBJECTION TO REQUEST FOR PRODUCTION NO. 49:**

5        Defendant objects on the grounds of overbreadth and patient privacy.

6    **REQUEST FOR PRODUCTION NO. 50:**

7        ALL DOCUMENTS RELATED TO INVESTIGATIONS YOU conducted in which a

8    Cardiologist or Cardiac Surgeon MEMBER of THE MEDICAL STAFFS was investigated

9    by a committee or other group of physicians that did not include Cardiac Surgeons or

10    Cardiologists. "INVESTIGATION" has the meaning given in the Bylaws.

11    **OBJECTION TO REQUEST FOR PRODUCTION NO. 50:**

12        See Exhibit A to Defendant's Responses to Plaintiff's Special Interrogatories, Set

13    One. The MEC has not conducted any INVESTIGATION of a cardiac surgeon, and only

14    one investigation of a cardiologist during the time period covered by the chart. As to that

15    one investigation, Defendant objects to the production of any documents relating thereto

16    on physician and patient privacy grounds.

17    **REQUEST FOR PRODUCTION NO. 51:**

18        ALL DOCUMENTS RELATED TO Cardiothoracic Peer Review Committee Data

19    from the Alta Bates or Summit Campuses of ABSMC from 1995 to present.

20    **OBJECTION TO REQUEST FOR PRODUCTION NO. 51:**

21        Defendant objects on vagueness grounds. To the extent that Plaintiff seeks data

22    regarding his own peer review, it has been produced. To the extent that Plaintiff seeks

23    such data regarding the peer review of other Medical Staff members, Defendant objects

24    on physician and patient privacy grounds.

25    **REQUEST FOR PRODUCTION NO. 52:**

26        ALL DOCUMENTS RELATED TO instances during 2004 to 2006 where YOUR

27    Medical Executive Committee received quality assurance information regarding any

28    MEMBER of the MEDICAL STAFFS of Defendant.

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1  **OBJECTION TO REQUEST FOR PRODUCTION NO. 52:**

2       Defendant objects on grounds of vagueness, undue burden and lack of relevancy.

3  To the extent that Plaintiff seeks information regarding individuals who were the subject

4  of a MEC investigation, such information has been provided in summary form on Exhibit

5  A. Producing underlying documents would unduly violate the physician and patient

6  privacy rights asserted by Defendant in this lawsuit.

7  **REQUEST FOR PRODUCTION NO. 53:**

8       ALL DOCUMENTS RELATED TO instances or claims that a MEMBER of YOUR

9  MEDICAL STAFFS falsified medical chart information, between January 1985 to July

10  2006. "INVESTIGATION" has the meaning given in the Bylaws.

11  **OBJECTION TO REQUEST FOR PRODUCTION NO. 53:**

12       Defendant objects on the grounds of invasion of privacy of the Medical Staff

13  members who have been promised that peer review would be conducted on a

14  confidential basis in accordance with California Evidence Code Section 1157 and the

15  provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

16  such privacy interests with Plaintiff's request for information in compiling a summary

17  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

18  That chart does not yet provide information concerning physicians who have raised

19  privacy objections in response to a notice from Defendant's counsel and pending further

20  hearing by the court on November 30, 2007. Providing records beyond the summary

21  information already produced would unduly interfere with such privacy interests and

22  undermine the system of peer review. Such provision of records would also interfere

23  with patient privacy rights.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

25       Defendant will supplement Exhibit A to provide further detail re any issues of

26  falsification of medical chart information.

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 24 -

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

**REQUEST FOR PRODUCTION NO. 54:**

ALL DOCUMENTS RELATED TO or reflecting instances from 1995 to the present when the Chair of a Department at the Alta Bates or Summit campuses requested a review of a MEMBER of the MEDICAL STAFF by an in-house specialist and then established an Ad Hoc Committee to review the MEMBER even though the in-house specialist found no deviations from the standard of care.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 54:**

Defendant objects to the phrase "even though the in-house specialist found no deviations from the standard of care" on the grounds of ambiguity and relevancy. Exhibit A to Defendant's Responses to Plaintiff's Special Interrogatories, Set One sets forth instances where an MEC investigation was conducted following a department review. See Defendant's Objection to Interrogatory No. 7 of Plaintiff's Special Interrogatories, Set One. To the extent that this request seeks documents underlying Exhibit A, Defendant objects on the grounds of invasion of privacy of the Medical Staff members who have been promised that peer review would be conducted on a confidential basis in accordance with California Evidence Code Section 1157 and the provisions of the Summit Medical Staff Bylaws. Defendant further objects on patient privacy grounds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Defendant will supplement Exhibit A to provide further information regarding the departmental review referenced in the chart.

**REQUEST FOR PRODUCTION NO. 55:**

ALL DOCUMENTS reflecting instances when poor documentation by a MEMBER of the MEDICAL STAFFS of the Alta Bates or Summit Campuses of ABSMC was examined by YOUR Medical Executive Committee, from 1995 to present.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 55:**

Defendant objects on the grounds of invasion of privacy of the Medical Staff members who have been promised that peer review would be conducted on a confidential basis in accordance with California Evidence Code Section 1157 and the

- 25 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

2  such privacy interests with Plaintiff's request for information in compiling a summary

3  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

4  That chart does not yet provide information concerning physicians who have raised

5  privacy objections in response to a notice from Defendant's counsel and pending further

6  hearing by the court on November 30, 2007.   Providing records beyond the summary

7  information already produced would unduly interfere with such privacy interests and

8  undermine the system of peer review.  Such provision of records would also interfere

9  with patient privacy rights.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

11        Defendant will supplement Exhibit A to provide further information regarding peer

12  review investigations concerning poor documentation.

13  **REQUEST FOR PRODUCTION NO. 56:**

14        ALL DOCUMENTS reflecting instances at the Alta Bates or Summit campuses of

15  ABSMC where cardiac patients had both a psychiatric diagnosis and an indication for

16  cardiac surgery, including documents reflecting whether any such patient underwent a

17  psychiatric evaluation, from 1995 to present.

18  **OBJECTION TO REQUEST FOR PRODUCTION NO. 56:**

19        Defendant objects on the grounds of lack of relevancy (in that one instance of

20  such occurring, if it ever did, cannot be compared with the multiple issues which were

21  raised concerning Plaintiff's quality of care) and undue burden.  This request would

22  require that Defendant review the files of every cardiac patient for a 12 year period.

23  **REQUEST FOR PRODUCTION NO. 57**

24        ALL DOCUMENTS reflecting INVESTIGATIONS, CORRECTIVE ACTION or

25  other discipline YOU imposed, in whole or in part, for failure to conduct a psychiatric

26  evaluation where cardiac patients had both a psychiatric diagnosis and an indication for

27  cardiac surgery from 1995 to present.

28

- 26 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

2      See, Exhibit A.  No cardiac surgeon was the subject of an MEC investigation

3  during the time period covered by the chart.

4  **REQUEST FOR PRODUCTION NO. 58:**

5      ALL DOCUMENTS reflecting instances from 1995 to present where YOU

6  criticized or disciplined a cardiac surgeon, in whole or in part, for the brevity of an

7  echocardiogram report.

8  **OBJECTION TO REQUEST FOR PRODUCTION NO. 58:**

9      Defendant objects on the grounds of lack of relevancy (in that one or more

10  instances of such occurring, if it ever did, cannot be compared with the multiple issues

11  which were raised concerning Plaintiff's quality of care) and undue burden.  Defendant

12  further objects on physician and patient privacy grounds.  See Exhibit A.  No cardiac

13  surgeon was the subject of an MEC investigation during the time period covered by the

14  chart.

15  **REQUEST FOR PRODUCTION NO. 59:**

16      ALL DOCUMENTS RELATED TO mitral valve repair or replacement procedures

17  at ABSMC from 2004 to 2006, where there was no history of coronary artery disease.

18  **OBJECTION TO REQUEST FOR PRODUCTION NO. 59:**

19      Defendant objects on the grounds of vagueness (as to the phrase "no history of

20  coronary artery disease), lack of relevancy (in that one or more instances of such

21  occurring, if it ever did, cannot be compared with the multiple issues which were raised

22  concerning Plaintiff's quality of care) and undue burden.  This request would require that

23  Defendant review the files of every cardiac procedure.  Defendant further objects on

24  physician and patient privacy grounds.

25  **REQUEST FOR PRODUCTION NO. 60:**

26      ALL DOCUMENTS RELATED TO patients at the Alta Bates or Summit campuses

27  of Defendant who underwent a second operation during the same hospitalization to

28  correct a valve problem from 1985 to present.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1  **OBJECTION TO REQUEST FOR PRODUCTION NO. 60:**

2      Defendant objects on the grounds of lack of relevancy (in that one or more

3  instances of such occurring, if it ever did, cannot be compared with the multiple issues

4  which were raised concerning Plaintiff's quality of care) and undue burden. This request

5  would require that Defendant review the files of every cardiac procedure. Defendant

6  further objects on physician and patient privacy grounds.

7  **REQUEST FOR PRODUCTION NO. 61:**

8      ALL DOCUMENTS reflecting review by YOUR Cardiac Surgery Peer Review

9  Committees, Surgical peer Review Committees or Medical Executive Committees of

10  cases or instances where patients underwent a second operation during the same

11  hospitalization to correct a valve problem.

12  **OBJECTION TO REQUEST FOR PRODUCTION NO. 61:**

13      Defendant objects on the grounds of lack of relevancy (in that one or more

14  instances of such occurring, if it ever did, cannot be compared with the multiple issues

15  which were raised concerning Plaintiff's quality of care) and undue burden. Defendant

16  further objects on physician and patient privacy grounds. See Exhibit A. No cardiac

17  surgeon was the subject of an MEC investigation during the period covered by the chart.

18  **REQUEST FOR PRODUCTION NO. 62:**

19      ALL DOCUMENTS RELATED TO patient deaths following aortic valve surgery

20  from 1995 to the present at YOUR Alta Bates or Summit campuses.

21  **OBJECTION TO REQUEST FOR PRODUCTION NO. 62:**

22      Defendant objects on the grounds of lack of relevancy, undue burden, and patient

23  and/or physician privacy. Defendant has already provided Plaintiff with statistics of

24  mortality rates considered during his peer review process.

25  **REQUEST FOR PRODUCTION NO. 63:**

26      ALL DOCUMENTS RELATED TO Surgery Peer Review Committee, Ad Hoc

27  Committee or Medical Executive Committee review of patient deaths following aortic

28  valve surgery from 1995 to the present at YOUR Alta Bates or Summit campuses.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1    **OBJECTION TO REQUEST FOR PRODUCTION NO. 63:**

2          Defendant objects on the grounds of lack of relevancy, undue burden and patient

3    and/or physician privacy.  See Exhibit A.  No cardiac surgeon was the subject of an MEC

4    investigation during the time period covered by the chart.

5    **REQUEST FOR PRODUCTION NO. 64:**

6          ALL DOCUMENTS RELATED TO review by YOUR Cardiac Surgery Peer Review

7    Committees, Surgical Peer Review Committees or Medical Executive Committees of

8    cases were a Jehovah's Witness patient was operated on at YOUR Alta Bates or

9    Summit campuses from 1995 to present.

10   **OBJECTION TO REQUEST FOR PRODUCTION NO. 64:**

11         Defendant objects on the grounds of lack of relevancy, undue burden, and patient

12   and/or physician privacy.

13   **REQUEST FOR PRODUCTION NO. 65:**

14         ALL DOCUMENTS RELATED TO conversion rates for all non-Kaiser cardiac

15   surgeons on YOUR MEDICAL STAFF from 2004 to 2006.

16   **OBJECTION TO REQUEST FOR PRODUCTION NO. 65:**

17         Defendant objects on vagueness grounds to the term "conversion" which could

18   refer to multiple meanings of conversion.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

20         Defendant has already produced all documents relating to the conversion rates

21   from off pump to on pump bypass procedures considered during Plaintiff's peer review.

22   **REQUEST FOR PRODUCTION NO. 66:**

23         ALL DOCUMENTS RELATED TO complaints made by YOUR operating room

24   staff regarding interactions with cardiac surgeons from 1995 to present.

25   **OBJECTION TO REQUEST FOR PRODUCTION NO. 66:**

26         Defendant objects on vagueness grounds to the term "complaints", and further

27   objects on grounds of lack of relevancy.

28

- 29 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO          C 07-2486 WHA

1  **REQUEST FOR PRODUCTION NO. 67:**

2  ALL DOCUMENTS RELATED TO or reflecting INVESTIGATIONS,

3  CORRECTIVE ACTION or other discipline YOU imposed, in whole or in part, for

4  complaints made by YOUR operating room staff regarding interactions with cardiac

5  surgeons from 1995 to present.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

7  See Exhibit A to Defendant's Responses to Plaintiff's Special Interrogatories, Set

8  One. During the time period covered by Exhibit A, the MEC did not conduct any such

9  investigation of a cardiac surgeon.

10  **REQUEST FOR PRODUCTION NO. 68:**

11  ALL DOCUMENTS RELATED TO or reflecting INVESTIGATIONS,

12  CORRECTIVE ACTION or other discipline YOU imposed from 1995 to present, in whole

13  or in part, based on instances where surgeons allegedly made chart notes on a date

14  other than the date actually identified in the chart notes.

15  **OBJECTION TO REQUEST FOR PRODUCTION NO. 68:**

16  See Defendant's Exhibit A which identifies corrective action taken by the MEC

17  related to the general category of falsification of records. To the extent that this request

18  seeks documents underlying Exhibit A, Defendant objects on the grounds of invasion of

19  privacy of the Medical Staff members who have been promised that peer review would

20  be conducted on a confidential basis in accordance with California Evidence Code

21  Section 1157 and the provisions of the Summit Medical Staff Bylaws. Defendant has

22  attempted to balance such privacy interests with Plaintiff's request for information in

23  compiling a summary chart of corrective actions undertaken by the MEC during the

24  period of 1992 to present. That chart does not yet provide information concerning

25  physicians who have raised privacy objections in response to a notice from Defendant's

26  counsel and pending further hearing by the court on November 30, 2007. Providing

27  records beyond the summary information already produced would unduly interfere with

28

- 30 -

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1    such privacy interests and undermine the system of peer review.  Such provision of

2    records would also interfere with patient privacy rights.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

4          Defendant will supplement Exhibit A to provide further information concerning any

5    MEC investigation relating to falsification of medical chart information.

6    **REQUEST FOR PRODUCTION NO. 69:**

7          ALL DOCUMENTS RELATED TO review by YOUR Cardiac Surgery Peer Review

8    Committees, Surgical Peer Review Committees or Medical Executive Committees of a

9    MEMBER of the MEDICAL STAFF based in whole or in part on the brevity of informed

10   consent obtained by the MEMBER.

11   **OBJECTION TO REQUEST FOR PRODUCTION NO. 69:**

12         See Exhibit A which identifies MEC investigation and corrective action related to

13   consent issues.   To the extent that this request seeks the production of documents

14   underlying Exhibit A, Defendant objects on the grounds of invasion of privacy of the

15   Medical Staff members who have been promised that peer review would be conducted

16   on a confidential basis in accordance with California Evidence Code Section 1157 and

17   the provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

18   such privacy interests with Plaintiff's request for information in compiling a summary

19   chart of corrective actions undertaken by the MEC during the period of 1992 to present.

20   That chart does not yet provide information concerning physicians who have raised

21   privacy objections in response to a notice from Defendant's counsel and pending further

22   hearing by the court on November 30, 2007.   Providing records beyond the summary

23   information already produced or for committee review at the non-MEC level would

24   unduly interfere with such privacy interests and undermine the system of peer review.

25   Such provision of records would also interfere with patient privacy rights.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

27         Defendant will supplement Exhibit A to provide further information involving MEC

28   investigations of informed consent issues.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                      C 07-2486 WHA

1    **REQUEST FOR PRODUCTION NO. 70:**

2        ALL DOCUMENTS RELATED TO the use of emergent CABG procedures at

3    YOUR Alta Bates or Summit campuses that ended in patient deaths from 2004 to 2006.

4    **OBJECTION TO REQUEST FOR PRODUCTION NO. 70:**

5        Defendant objects to the term "emergent" on vagueness grounds.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

7        Defendant has already provided statistical information concerning patient deaths

8    in CABG procedures considered during Plaintiff's peer review process.

9    **REQUEST FOR PRODUCTION NO. 71:**

10        ALL DOCUMENTS RELATED TO review by YOUR Cardiac Surgery Peer Review

11    Committees, Surgical Peer Review Committees or Medical Executive Committees of a

12    MEMBER of the MEDICAL STAFF based in whole or in part on lost or retained foreign

13    bodies in surgical patients since 1995.

14    **OBJECTION TO REQUEST FOR PRODUCTION NO. 71:**

15        Defendant objects to RFP No. 71 based on patient and physician privacy.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

17        Defendant will supplement Exhibit A to reference any consideration of this issue in

18    the investigations there delineated.

19    **REQUEST FOR PRODUCTION NO. 72:**

20        ALL DOCUMENTS RELATED TO review by YOUR Cardiac Surgery Peer Review

21    Committees, Surgical Peer Review Committees or Medical Executive Committees of a

22    MEMBER of the MEDICAL STAFF based in whole or in part on a MEMBER's failure to

23    visit a patient since 1995.

24    **OBJECTION TO REQUEST FOR PRODUCTION NO. 72:**

25        Defendant objects on the grounds of lack of relevancy (in that one instance of

26    such occurring, if it ever did, cannot be compared with the multiple issues which were

27    raised concerning Plaintiff's quality of care), interference with patient and physician

28    privacy.  Defendant objects on relevancy grounds to any review at a level other than

- 32 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1    that conducted by the MEC.  To the extent that the request seeks documentation

2    underlying Exhibit A, Defendant objects on grounds of patient and physician privacy.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

4        Defendant will supplement Exhibit A to provide further information regarding any

5    investigation by the MEC concerning failure to visit a patient.

6    **REQUEST FOR PRODUCTION NO. 73:**

7        ALL DOCUMENTS RELATED TO or reflecting INVESTIGATIONS,

8    CORRECTIVE ACTION or other discipline YOU imposed from 1995 to present, in whole

9    or in part, based on instances where surgeons were accused of excessive blood use.

10   **OBJECTION TO REQUEST FOR PRODUCTION NO. 73:**

11       Defendant objects on the grounds of invasion of privacy of the Medical Staff

12   members who have been promised that peer review would be conducted on a

13   confidential basis in accordance with California Evidence Code Section 1157 and the

14   provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

15   such privacy interests with Plaintiff's request for information in compiling a summary

16   chart of corrective actions undertaken by the MEC during the period of 1992 to present.

17   That chart does not yet provide information concerning physicians who have raised

18   privacy objections in response to a notice from Defendant's counsel and pending further

19   hearing by the court on November 30, 2007.  Providing records beyond the summary

20   information already produced would unduly interfere with such privacy interests and

21   undermine the system of peer review.  Such provision of records would also interfere

22   with patient privacy rights.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

24       See, Exhibit A.  To the extent that any of the corrective actions there discussed

25   involved excessive blood usage, Defendant will supplement the chart.

26   **REQUEST FOR PRODUCTION NO. 74:**

27       ALL DOCUMENTS RELATED TO or reflecting INVESTIGATIONS,

28   CORRECTIVE ACTION or other discipline YOU imposed from 1995 to present, in whole

- 33 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1   or in part, based on instances where surgeons were accused of lengthy operating times.

2   **OBJECTION TO REQUEST FOR PRODUCTION NO. 74:**

3          Defendant objects on the grounds of invasion of privacy of the Medical Staff

4   members who have been promised that peer review would be conducted on a

5   confidential basis in accordance with California Evidence Code Section 1157 and the

6   provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

7   such privacy interests with Plaintiff's request for information in compiling a summary

8   chart of corrective actions undertaken by the MEC during the period of 1992 to present.

9   That chart does not yet provide information concerning physicians who have raised

10  privacy objections in response to a notice from Defendant's counsel and pending further

11  hearing by the court on November 30, 2007.   Providing records beyond the summary

12  information already produced would unduly interfere with such privacy interests and

13  undermine the system of peer review.  Such provision of records would also interfere

14  with patient privacy rights.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

16          See, Exhibit A.  To the extent that any of the corrective actions there discussed

17  involved lengthy operating times, Defendant will supplement the chart.

18

19  DATED:      November 2?, 2007          KAUFF MCCLAIN & MCGUIRE LLP

20

21                                          By: _Ma ?L_____

22                                              MAUREEN E. MCCLAIN

23                                          Attorneys for Defendant
                                            ALTA BATES SUMMIT MEDICAL
24                                          CENTER

25      4841-6797-5682.1

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                     C 07-2486 WHA

## PROOF OF SERVICE

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Post Street, Suite 2600, San Francisco, California 94104. On November 28, 2007, I served a true and correct copy of the within documents:

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**

on the interested parties in said action by placing true and correct copies in a sealed envelope and giving it into the care of FREEWHEELIN' ATTORNEY SERVICE for same-day hand delivery to the parties as follows:

G. Scott Emblidge, Esq.
Moscone, Emblidge & Quadra, LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94104

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 28, 2007, at San Francisco, California.

_____
Rita I. Chavez

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

CASE NO. C 07-2486 WHA

# EXHIBIT F

1   MAUREEN E. MCCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   ALEX HERNAEZ (State Bar No. 201441)
    Email: hernaez@kmm.com
3   MATTHEW P. VANDALL (State Bar No. 196962)
    Email: vandall@kmm.com
4   KAUFF MCCLAIN & MCGUIRE LLP
    One Post Street, Suite 2600
5   San Francisco, California  94104
    Telephone:   (415) 421-3111
6   Facsimile:    (415) 421-0938

7   Attorneys for Defendant
    ALTA BATES SUMMIT MEDICAL CENTER
8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11

12   COYNESS L. ENNIX, JR., M.D.,              CASE NO.  C 07-2486 WHA

13              Plaintiff,                     DEFENDANT'S OBJECTIONS AND
                                               RESPONSES TO PLAINTIFF'S
14   v.                                        REQUEST FOR PRODUCTION OF
                                               DOCUMENTS, SET THREE
15   ALTA BATES SUMMIT MEDICAL CENTER,
                                               DATE:    June 2, 2008
16              Defendant.                     DEPT:    Ctrm. 9, 19th Flr.

17

18   PROPOUNDING PARTY:  Plaintiff COYNESS L. ENNIX, JR., M.D.
19
     RESPONDING PARTY:    Defendant ALTA BATES SUMMIT MEDICAL CENTER
20
     SET NUMBER:          THREE
21

22        Defendant Alta Bates Summit Medical Center ("Defendant" or "ABSMC") hereby

23   makes the following responses (including objections) to Plaintiff Coyness L. Ennix, Jr.,

24   M.D.'s ("Plaintiff") Request for Production of Documents, Set Three, served November

25   13, 2007.  Each response is subject to all objections as to competence, relevance,

26   materiality, propriety and admissibility, and any and all other objections and grounds

27   which would require the exclusion of any statements contained herein, if such

28   statements were made by a witness present and testifying at court, all of which

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE          CASE NO. C 07-2486 WHA

1    objections and grounds are reserved and may be interposed at the time of trial.

2    Defendant objects to the Third Request for Production of Documents on the grounds that

3    it is designed for harassment purposes in its repetition of earlier requests.  Defendant

4    continues the consistent objections it has made throughout discovery to the provision of

5    information regarding the Alta Bates Medical Staff, regarding peer review documents

6    prior to the start of the Summit Medical Staff and regarding peer review information at

7    other than the level of MEC investigations as such term is defined in the Summit Medical

8    Staff Bylaws.  Such objections are made on the grounds of relevancy and interference

9    with the privacy protections afforded physicians under the peer review process and

10    afforded patients under state and federal law.   Defendant incorporates all such

11    objections into each of the following responses, and answers all such requests for the

12    Summit Medical Staff only, for a time period commencing in 1992 and regarding

13    investigations at the MEC level.  As to such delineation, Defendant has already provided

14    a chart, as supplemented, summarizing all such peer review activities.  The reference to

15    "Plaintiff's peer review process" is to the process challenged in Plaintiff's complaint.

16    **REQUEST FOR PRODUCTION NO. 75:**

17         All minutes from all Summit and Alta Bates Cardiothoracic Surgery Peer Review

18    Committee meetings from 1987 through 2007, including but not limited to DOCUMENTS

19    RELATING TO the Quality Assurance number, event date, provider number, procedure,

20    abstract of the event and actions taken for every case reviewed at each meeting.

21    **OBJECTION TO REQUEST FOR PRODUCTION NO. 75:**

22         Defendant objects on the grounds of duplication (See RFP 18), relevancy and

23    interference with physician and patient privacy.  Such request, as is the case with

24    ensuing requests, is beyond the consistent limitations that Defendant has placed on

25    discovery throughout this lawsuit.

26    **REQUEST FOR PRODUCTION NO. 76:**

27         All minutes from all Summit and Alta Bates Surgery Peer Review Committee

28    Meetings from 1987 through 2007 when a peer review issue involved a cardiac surgeon,

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE                    CASE NO. C 07-2486 WHA

1  including but not limited to DOCUMENTS RELATING TO the Quality Assurance number,

2  event date, provider number, procedure, abstract of the event and actions taken for

3  every case reviewed at each meeting.

4  **OBJECTION TO REQUEST FOR PRODUCTION NO. 76:**

5       Defendant objects on the grounds of relevancy and interference with physician

6  and patient privacy.

7  **REQUEST FOR PRODUCTION NO. 77:**

8       ALL DOCUMENTS (including but not limited to meeting minutes) RELATING TO

9  complaints of any type to a Summit or Alta Bates department Chairperson or Vice-

10  Chairperson (including but not limited to Department of Surgery and Department of

11  Anesthesiology) or Service Chief or Associate-Chief (including but not limited to Chief

12  and Associate-Chief of Thoracic and Cardiac Surgery) RELATING TO a cardiac surgeon

13  for the years 1987 through 2007.

14  **OBJECTION TO REQUEST FOR PRODUCTION NO. 77:**

15       Defendant objects on the grounds of relevancy and interference with physician

16  and patient privacy.  Defendant also reasserts the consistent objection it has made to

17  the term "complaint" on vagueness and overbreadth grounds.

18  **REQUEST FOR PRODUCTION NO. 78:**

19       ALL minutes from all Summit and Alta Bates Medical Executive Committee

20  meetings for the years 1987 through 2007 when a cardiac surgeon, including the

21  plaintiff, was the subject of a peer review or complaint, including but not limited to the

22  charts of the cases reviewed.

23  **OBJECTION TO REQUEST FOR PRODUCTION NO. 78:**

24       Defendant objects on the grounds of duplication (See RFP 50), relevancy and

25  interference with physician and patient privacy.

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE          CASE NO. C 07-2486 WHA

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

2        See Exhibit A. Within the parameters of Defendant's Objections as to scope and

3    time, the MEC has not engaged in an investigation of any cardiac surgeon, aside from

4    Plaintiff.

5    **REQUEST FOR PRODUCTION NO. 79:**

6        ALL DOCUMENTS RELATING TO the Return to Surgery Profile for all cardiac

7    surgery performed at the Summit and Alta Bates campuses for each year from 1987 to

8    2007.

9    **OBJECTION TO REQUEST FOR PRODUCTION NO. 79:**

10       Defendant objects on grounds of duplication (See RFP 48), physician and patient

11   privacy.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

13       To the extent that return to surgery rates were considered in Plaintiff's peer review

14   process, those documents have already been produced.

15   **REQUEST FOR PRODUCTION NO. 80:**

16       ALL DOCUMENTS RELATING TO the Return to Surgery Profile for each cardiac

17   surgeon at the Summit and Alta Bates campuses for each year from 1987 to 2007.

18   **OBJECTION TO REQUEST FOR PRODUCTION NO. 80:**

19       Defendant objects on grounds of duplication (See RFP 48), relevancy and

20   physician and patient privacy grounds.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

22       To the extent that return to surgery rates were considered in Plaintiff's peer review

23   process, those documents have already been produced.

24   **REQUEST FOR PRODUCTION NO. 81:**

25       ALL DOCUMENTS RELATING TO the conversion to cardiopulmonary bypass

26   ("CPB") rate for each cardiac surgeon, while performing coronary artery bypass

27   procedures ("CABG"), at the Summit and Alta Bates campuses for each year from 1987

28   to 2007.

- 4 -

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE          CASE NO. C 07-2486 WHA

1  **OBJECTION TO REQUEST FOR PRODUCTION NO. 81:**

2      Defendant objects on duplication (See RFP 65) relevancy and physician and

3  patient privacy grounds.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

5      To the extent that such information was considered during Plaintiff's peer review

6  process, it has already been produced.

7  **REQUEST FOR PRODUCTION NO. 82:**

8      ALL DOCUMENTS RELATING TO each cardiothoracic surgeon's quality

9  management statistics for the Summit and Alta Bates campuses for each year from 1987

10 to 2007, including but not limited to all quality assurance numbers, provider numbers,

11 events, outcomes, event dates, quality assurance dispositions, final dispositions, and

12 standards of care.

13 **OBJECTION TO REQUEST FOR PRODUCTION NO. 82:**

14     Defendant objects on grounds of vagueness, relevancy, physician and patient

15 privacy.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

17     To the extent that such information was considered during Plaintiff's peer review

18 process, it has already been produced.

19 **REQUEST FOR PRODUCTION NO. 83:**

20     ALL DOCUMENTS RELATING TO the predicted versus observed mortality for

21 coronary artery bypass procedures ("CABG") for each cardiac surgeon at the Summit

22 and Alta Bates campuses for each year from 1987 to 2007.

23 **OBJECTION TO REQUEST FOR PRODUCTION NO. 83:**

24     Defendant objects on grounds of duplication (See RFP 48, RFP 70), relevancy,

25 and physician and patient privacy.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

27     To the extent that such information was considered during Plaintiff's peer review

28 process, it has already been produced.

- 5 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE          CASE NO. C 07-2486 WHA

1    **REQUEST FOR PRODUCTION NO. 84:**

2         ALL DOCUMENTS RELATING TO the number of ISOLATED CABG procedures

3    performed at the Summit and Alta Bates campuses for each year from 1987 to 2007.

4    ISOLATED means no other procedures were performed during the same surgery.

5    **OBJECTION TO REQUEST FOR PRODUCTION NO. 84:**

6         Defendant objects on the grounds of relevancy, physician and patient privacy.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

8         To the extent that such information was considered during Plaintiff's peer review

9    process, it has already been produced.

10   **REQUEST FOR PRODUCTION NO. 85:**

11        ALL DOCUMENTS RELATING TO the number of ISOLATED CABG procedures

12   performed by each cardiac surgeon at the Summit and Alta Bates campuses for each

13   year from 1987 to 2007.  ISOLATED means no other procedures were performed during

14   the same surgery.

15   **OBJECTION TO REQUEST FOR PRODUCTION NO. 85:**

16        Defendant objects on the grounds of relevancy, physician and patient privacy.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

18        To the extent that such information was considered during Plaintiff's peer review

19   process, it has already been produced.

20   **REQUEST FOR PRODUCTION NO. 86:**

21        ALL DOCUMENTS RELATING TO the number and percentage of in-hospital

22   mortalities RELATING TO cardiac surgeries at the Summit and Alta Bates campuses for

23   each year from 1987 to 2007.

24   **OBJECTION TO REQUEST FOR PRODUCTION NO. 86:**

25        Defendant objects on the grounds of relevancy, physician and patient privacy.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

27        To the extent that such information was subsumed within mortality rates

28   considered during Plaintiff's peer review process, it has already been produced.

- 6 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE            CASE NO. C 07-2486 WHA

1    **REQUEST FOR PRODUCTION NO. 87:**

2         ALL DOCUMENTS RELATING TO the number and percentage of in-hospital

3    mortalities for each cardiac surgeon at the Summit and Alta Bates campuses for each

4    year from 1987 to 2007.

5    **OBJECTION TO REQUEST FOR PRODUCTION NO. 87:**

6         Defendant objects on the grounds of relevancy, physician and patient privacy.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

8         To the extent that such information was subsumed within mortality rates

9    considered during Plaintiff's peer review process, it has already been produced.

10   **REQUEST FOR PRODUCTION NO. 88:**

11        ALL DOCUMENTS RELATING TO the number and percentage of in-hospital

12   mortalities for all ISOLATED CABG cases for the Summit and Alta Bates campuses for

13   each year from 1987 to 2007.  ISOLATED means no other procedures were performed

14   during the same surgery.

15   **OBJECTION TO REQUEST FOR PRODUCTION NO. 88:**

16        Defendant objects on the grounds of relevancy, physician and patient privacy.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

18        To the extent that such information was subsumed within mortality rates

19   considered during Plaintiff's peer review process, it has already been produced.

20   **REQUEST FOR PRODUCTION NO. 89:**

21        ALL DOCUMENTS RELATING TO the number and percentage of in-hospital

22   mortalities for all ISOLATED CABG cases for each cardiac surgeon at the Summit and

23   Alta Bates campuses for each year from 1987 to 2007.  ISOLATED means no other

24   procedures were performed during the same surgery.

25   **OBJECTION TO REQUEST FOR PRODUCTION NO. 89:**

26        Defendant objects on the grounds of relevancy, physician and patient privacy.

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE                    CASE NO. C 07-2486 WHA

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

2       To the extent that such information was subsumed within mortality rates

3  considered during Plaintiff's peer review process, it has already been produced.

4  **REQUEST FOR PRODUCTION NO. 90:**

5       ALL DOCUMENTS RELATING TO the number and percentage of returns to

6  surgery for mediastinal bleeding/tamponade for all open heart surgery cases for the

7  Summit and Alta Bates campuses for each year from 1987 to 2007.

8  **OBJECTION TO REQUEST FOR PRODUCTION NO. 90:**

9       Defendant objects on the grounds of relevancy, physician and patient privacy.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

11       To the extent that such information was subsumed within return to surgery rates

12  considered during Plaintiff's peer review process, it has already been produced.

13  **REQUEST FOR PRODUCTION NO. 91:**

14       ALL DOCUMENTS RELATING TO the number and percentage of returns to

15  surgery for mediastinal bleeding/tamponade for all open heart surgery cases for each

16  cardiac surgeon at the Summit and Alta Bates campuses for each year from 1987 to

17  2007.

18  **OBJECTION TO REQUEST FOR PRODUCTION NO. 91:**

19       Defendant objects on the grounds of relevancy, physician and patient privacy.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

21       To the extent that such information was subsumed within return to surgery rates

22  considered during Plaintiff's peer review process, it has already been produced.

23  **REQUEST FOR PRODUCTION NO. 92:**

24       ALL DOCUMENTS RELATING TO the number and percentage of returns to

25  surgery for mediastinal bleeding/tamponade for all ISOLATED CABG cases for the

26  Summit and Alta Bates campuses for each year from 1987 to 2007.  ISOLATED means

27  no other procedures were performed during the same surgery.

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE

CASE NO. C 07-2486 WHA

1  **OBJECTION TO REQUEST FOR PRODUCTION NO. 92:**

2      Defendant objects on the grounds of relevancy, physician and patient privacy.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

4      To the extent that such information was subsumed within return to surgery rates

5  considered during Plaintiff's peer review process, it has already been produced.

6  **REQUEST FOR PRODUCTION NO. 93:**

7      ALL DOCUMENTS RELATING TO the number and percentage of returns to

8  surgery for mediastinal bleeding/tamponade for all ISOLATED CABG cases for each

9  cardiac surgeon at the Summit and Alta Bates campuses for each year from 1987 to

10  2007.  ISOLATED means no other procedures were performed during the same surgery.

11  **OBJECTION TO REQUEST FOR PRODUCTION NO. 93:**

12      Defendant objects on the grounds of relevancy, physician and patient privacy.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

14      To the extent that such information was subsumed within return to surgery rates

15  considered during Plaintiff's peer review process, it has already been produced.

16  **REQUEST FOR PRODUCTION NO. 94:**

17      ALL DOCUMENTS RELATING TO the number and percentage of

18  cerebrovascular accidents RELATING TO all open heart surgery cases for the Summit

19  and Alta Bates campuses for each year from 1987 to 2007.

20  **OBJECTION TO REQUEST FOR PRODUCTION NO. 94:**

21      Defendant objects on the grounds of relevancy, physician and patient privacy.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

23      To the extent that such information was subsumed within the quality of care

24  information considered during Plaintiff's peer review process, it has been produced.

25  **REQUEST FOR PRODUCTION NO. 95:**

26      ALL DOCUMENTS RELATING TO the number and percentage of

27  cerebrovascular accidents RELATING TO for all open heart surgery cases for each

28

- 9 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE                    CASE NO. C 07-2486 WHA

1    cardiac surgeon at the Summit and Alta Bates campuses for each year from 1987 to

2    2007.

3    **OBJECTION TO REQUEST FOR PRODUCTION NO. 95:**

4         Defendant objects on the grounds of relevancy, physician and patient privacy.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

6         To the extent that such information was subsumed within quality of care

7    information considered during Plaintiff's peer review process, it has already been

8    produced.

9    **REQUEST FOR PRODUCTION NO. 96:**

10        ALL DOCUMENTS RELATING TO the number and percentage of deep sternal

11   wound infections for the Summit and Alta Bates campuses for each year from 1987 to

12   2007.

13   **OBJECTION TO REQUEST FOR PRODUCTION NO. 96:**

14        Defendant objects on the grounds of relevancy, physician and patient privacy.

15   **REQUEST FOR PRODUCTION NO. 97:**

16        ALL DOCUMENTS RELATING TO the number and percentage of deep sternal

17   wound infections, as defined by the STS, for each cardiac surgeon at the Summit and

18   Alta Bates campuses for each year from 1987 to 2007.

19   **OBJECTION TO REQUEST FOR PRODUCTION NO. 97:**

20        Defendant objects on the grounds of relevancy, physician and patient privacy.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

22        To the extent that such information was considered during Plaintiff's peer review

23   process, it has already been produced.

24   **REQUEST FOR PRODUCTION NO. 98:**

25        ALL DOCUMENTS RELATING TO the number and percentage of readmissions

26   within 30 days for deep sternal wound infection, as defined by the STS, for the Summit

27   and Alta Bates campuses for each year from 1987 to 2007.

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE                    CASE NO. C 07-2486 WHA

1    **OBJECTION TO REQUEST FOR PRODUCTION NO. 98:**

2        Defendant objects on the grounds of relevancy, physician and patient privacy.

3    **REQUEST FOR PRODUCTION NO. 99:**

4        ALL DOCUMENTS RELATING TO the number and percentage of readmissions

5    within 30 days for deep sternal wound infection, as defined by the STS, for each cardiac

6    surgeon at the Summit and Alta Bates campuses for each year from 1987 to 2007.

7    **OBJECTION TO REQUEST FOR PRODUCTION NO. 99:**

8        Defendant objects on the grounds of relevancy, physician and patient privacy.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

10       To the extent that such information is subsumed within information considered

11   during Plaintiff's peer review process, it has been produced.

12   **REQUEST FOR PRODUCTION NO. 100:**

13       ALL DOCUMENTS RELATING TO the number and percentage of vein donor site

14   infections for all CABG cases for the Summit and Alta Bates campuses for each year

15   from 1987 to 2007.

16   **OBJECTION TO REQUEST FOR PRODUCTION NO. 100:**

17       Defendant objects on the grounds of relevancy, physician and patient privacy.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

19       To the extent that such information was considered during Plaintiff's peer review

20   process, it has already been produced.

21   **REQUEST FOR PRODUCTION NO. 101:**

22       ALL DOCUMENTS RELATING TO the number and percentage of vein donor site

23   infections for all CABG cases for each cardiac surgeon at the Summit and Alta Bates

24   campuses for each year from 1987 to 2007.

25   **OBJECTION TO REQUEST FOR PRODUCTION NO. 101:**

26       Defendant objects on the grounds of relevancy, physician and patient privacy.

27

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE

CASE NO. C 07-2486 WHA

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

To the extent that such information was considered during Plaintiff's peer review process, it has already been produced.

**REQUEST FOR PRODUCTION NO. 102:**

ALL DOCUMENTS RELATING TO the number and percentage of returns to surgery for valve-related (prosthesis or native) problems during the same hospitalization or within sixty days of surgery for the Summit and Alta Bates campuses for each year from 1987 to 2007.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 102:**

Defendant objects on the grounds of relevancy, physician and patient privacy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

To the extent that such information was considered during Plaintiff's peer review process, it has already been produced.

**REQUEST FOR PRODUCTION NO. 103:**

ALL DOCUMENTS RELATING TO the number and percentage of returns to surgery for valve-related (prosthesis or native) problems during the same hospitalization or within sixty days of surgery for each cardiac surgeon at the Summit and Alta Bates campuses for each year from 1987 to 2007.

**OBJECTION TO REQUEST FOR PRODUCTION NO. 103:**

Defendant objects on the grounds of duplication (See RFP 60), relevancy, physician and patient privacy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

To the extent that such information was considered during Plaintiff's peer review process, it has already been produced.

**REQUEST FOR PRODUCTION NO. 104:**

ALL DOCUMENTS RELATING TO the number and percentage of returns to surgery during the same hospitalization for coronary bypass graft problems or

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE                    CASE NO. C 07-2486 WHA

1    complications in CABG cases for the Summit and Alta Bates campuses for each year

2    from 1987 to 2007.

3    **OBJECTION TO REQUEST FOR PRODUCTION NO. 104:**

4          Defendant objects on the grounds of relevancy, physician and patient privacy.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

6          To the extent that such information was considered during Plaintiff's peer review

7    process, it has already been produced.

8    **REQUEST FOR PRODUCTION NO. 105:**

9          ALL DOCUMENTS RELATING TO the number and percentage of returns to

10   surgery during the same hospitalization for coronary bypass graft problems or

11   complications in CABG cases for each cardiac surgeon at the Summit and Alta Bates

12   campuses for each year from 1987 to 2007.

13   **OBJECTION TO REQUEST FOR PRODUCTION NO. 105:**

14         Defendant objects on the grounds of relevancy, physician and patient privacy.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

16         To the extent that such information was considered during Plaintiff's peer review

17   process, it has already been produced.

18   **REQUEST FOR PRODUCTION NO. 106:**

19         ALL DOCUMENTS RELATING TO the number and percentage of returns to

20   surgery during the same hospitalization for problems other than valve, bleeding or graft

21   for the Summit and Alta Bates campuses for each year from 1987 to 2007.

22   **OBJECTION TO REQUEST FOR PRODUCTION NO. 106:**

23         Defendant objects on the grounds of relevancy, physician and patient privacy.

24   **REQUEST FOR PRODUCTION NO. 107:**

25         ALL DOCUMENTS RELATING TO the number and percentage of returns to

26   surgery during the same hospitalization for problems other than valve, bleeding or graft

27   for each cardiac surgeon at the Summit and Alta Bates campuses for each year from

28   1987 to 2007.

- 13 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE

CASE NO. C 07-2486 WHA

1    **OBJECTION TO REQUEST FOR PRODUCTION NO. 107:**

2         Defendant objects on the grounds of relevancy, physician and patient privacy.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

4         To the extent such information was considered during Plaintiff's peer review

5    process, it has already been produced.

6    **REQUEST FOR PRODUCTION NO. 108:**

7         ALL DOCUMENTS RELATING TO the predicted versus observed aortic valve

8    replacement ("AVR") operative mortality for the Summit and Alta Bates campuses for

9    each year from 1987 to 2007.

10   **OBJECTION TO REQUEST FOR PRODUCTION NO. 108:**

11        Defendant objects on the grounds of duplication (See RFP 48, RFP 62),

12   relevancy, physician and patient privacy.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

14        To the extent that such information was considered during Plaintiff's peer review

15   process, it has already been produced.

16   **REQUEST FOR PRODUCTION NO. 109:**

17        ALL DOCUMENTS RELATING TO the predicted versus observed AVR operative

18   mortality for each cardiac surgeon at the Summit and Alta Bates campuses for each year

19   from 1987 to 2007.

20   **OBJECTION TO REQUEST FOR PRODUCTION NO. 109:**

21        Defendant objects on the grounds of relevancy, physician and patient privacy.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

23        To the extent that such information was considered during Plaintiff's peer review

24   process, it has already been produced.

25   **REQUEST FOR PRODUCTION NO. 110:**

26        ALL DOCUMENTS RELATING TO the predicted versus observed mitral valve

27   replacement ("MVR") mortality for the Summit and Alta Bates campuses for each year

28   from 1987 to 2007.

- 14 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE          CASE NO. C 07-2486 WHA

1    **OBJECTION TO REQUEST FOR PRODUCTION NO. 110:**

2        Defendant objects on the grounds of relevancy, physician and patient privacy.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

4        To the extent that such information was considered during Plaintiff's peer review

5    process, it has already been produced.

6    **REQUEST FOR PRODUCTION NO. 111:**

7        ALL DOCUMENTS RELATING TO the predicted versus observed MVR mortality

8    for each cardiac surgeon at the Summit and Alta Bates campuses for each year from

9    1987 to 2007.

10   **OBJECTION TO REQUEST FOR PRODUCTION NO. 111:**

11       Defendant objects on the grounds of relevancy, physician and patient privacy.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

13       To the extent that such information was considered during Plaintiff's peer review

14   process, it has already been produced.

15   **REQUEST FOR PRODUCTION NO. 112:**

16       ALL DOCUMENTS RELATING TO the predicted versus observed coronary artery

17   bypass ("CABG") PLUS AVR mortality for the Summit and Alta Bates campuses for each

18   year from 1987 to 2007.

19   **OBJECTION TO REQUEST FOR PRODUCTION NO. 112:**

20       Defendant objects on the grounds of duplication (See RFP 70), relevancy,

21   physician and patient privacy.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

23       To the extent that such information was considered during Plaintiff's peer review

24   process, it has already been produced.

25   **REQUEST FOR PRODUCTION NO. 112:  [sic]**

26       ALL DOCUMENTS RELATING TO the predicted versus observed CABG PLUS

27   AVR mortality for each cardiac surgeon at the Summit and Alta Bates campuses for

28

- 15 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE    CASE NO. C 07-2486 WHA

1  each year from 1987 to 2007.  PLUS means the procedures were performed during the

2  same surgery.

3  **OBJECTION TO REQUEST FOR PRODUCTION NO. 112:**

4        Defendant objects on the grounds of relevancy, physician and patient privacy.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

6        To the extent that such information was considered during Plaintiff's peer review

7  process, it has already been produced.

8  **REQUEST FOR PRODUCTION NO. 113:**

9        ALL DOCUMENTS RELATING TO the predicted versus observed ACB PLUS

10  AVR mortality for the Summit and Alta Bates campuses for each year from 1987 to 2007.

11  PLUS means the procedures were performed during the same surgery.

12  **OBJECTION TO REQUEST FOR PRODUCTION NO. 113:**

13        Defendant objects on the grounds of relevancy, physician and patient privacy.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

15        To the extent that such information was considered during Plaintiff's peer review

16  process, it has already been produced.

17  **REQUEST FOR PRODUCTION NO. 113:  [sic]**

18        ALL DOCUMENTS RELATING TO the predicted versus observed ACB PLUS

19  AVR mortality for each cardiac surgeon at the Summit and Alta Bates campuses for

20  each year from 1987 to 2007.   PLUS means the procedures were performed during the

21  same surgery.

22  **OBJECTION TO REQUEST FOR PRODUCTION NO. 113:**

23        Defendant objects on the grounds of relevancy, physician and patient privacy.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

25        To the extent that such information was considered during Plaintiff's peer review

26  process, it has already been produced.

27

28

- 16 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE

CASE NO. C 07-2486 WHA

1  **REQUEST FOR PRODUCTION NO. 114:**

2      ALL DOCUMENTS RELATING TO the predicted versus observed ACB PLUS

3  MVR mortality for the Summit and Alta Bates campuses for each year from 1987 to

4  2007. PLUS means the procedures were performed during the same surgery.

5  **OBJECTION TO REQUEST FOR PRODUCTION NO. 114:**

6      Defendant objects on the grounds of relevancy, physician and patient privacy.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

8      To the extent that such information was considered during Plaintiff's peer review

9  process, it has already been produced.

10  **REQUEST FOR PRODUCTION NO. 115:**

11      ALL DOCUMENTS RELATING TO the predicted versus observed ACB PLUS

12  MVR mortality for each cardiac surgeon at the Summit and Alta Bates campuses for

13  each year from 1987 to 2007. PLUS means the procedures were performed during the

14  same surgery.

15  **OBJECTION TO REQUEST FOR PRODUCTION NO. 115:**

16      Defendant objects on the grounds of relevancy, physician and patient privacy.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

18      To the extent that such information was considered during Plaintiff's peer review

19  process, it has already been produced.

20  **REQUEST FOR PRODUCTION NO. 116:**

21      ALL DOCUMENTS RELATING TO peer review of all Alta Bates or Summit

22  medical staff members, other than Plaintiff, who have been required, as a result of peer

23  review action, to attend a course that is intended to improve the medical staff member's

24  documentation skills.

25  **OBJECTION TO REQUEST FOR PRODUCTION NO. 116:**

26      Defendant objects on the grounds of relevancy, physician and patient privacy.

27

28

- 17 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE
    CASE NO. C 07-2486 WHA

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

2      See Exhibit A which describes corrective actions imposed by the Summit Medical

3  Staff MEC during the time period and within the parameters covered by the chart.

4  **REQUEST FOR PRODUCTION NO. 117:**

5      ALL DOCUMENTS RELATING TO AVR surgeries on patients whose age was 37

6  years or less at the time of surgery and had coronary angiography in preparation for

7  surgery at the Summit campus from 1999 to 2007.

8  **OBJECTION TO REQUEST FOR PRODUCTION NO. 117:**

9      Defendant objects on grounds of relevancy, physician and patient privacy.

10  **REQUEST FOR PRODUCTION NO. 118:**

11      ALL DOCUMENTS RELATING TO CABG surgeries on Jehovah's Witness

12  patients at the Summit campus from 1999 to 2007.

13  **OBJECTION TO REQUEST FOR PRODUCTION NO. 118:**

14      Defendant objects on the grounds of duplication (See RFP 64), relevancy and

15  physician and patient privacy.

16  **REQUEST FOR PRODUCTION NO. 119**

17      ALL DOCUMENTS RELATING TO the first ten (10) gastric bypass procedures

18  performed at the Summit campus, including but not limited to ALL DOCUMENTS

19  indicating the length of time of the surgical procedure and outcome and ALL

20  DOCUMENTS RELATING TO peer review of these cases.

21  **OBJECTION TO REQUEST FOR PRODUCTION NO. 119:**

22      Defendant objects on the grounds of relevancy, and physician and patient

23  privacy.

24  **REQUEST FOR PRODUCTION NO. 120:**

25      ALL DOCUMENTS RELATING TO the first fifteen (15) gastric bypass procedures

26  performed at the Summit campus in 2007, including but not limited to DOCUMENTS

27  indicating the length of time of the surgical procedure and outcome.

28

- 18 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE          CASE NO. C 07-2486 WHA

1    **OBJECTION TO REQUEST FOR PRODUCTION NO. 120:**

2        Defendant objects on the grounds of relevancy, and physician and patient

3    privacy.

4    **REQUEST FOR PRODUCTION NO. 121:**

5        ALL DOCUMENTS RELATING TO all patients who deteriorated hemodynamically

6    in the cardiopulmonary unit ("CPU") at the Summit Campus that required open-chest

7    massage from 1999 to 2007, including but not limited to nurses' notes and other

8    DOCUMENTS indicating the tine **(sic)** in minutes it took the surgeon who performed the

9    original surgery to return to the CPU to attend the patient.

10    **OBJECTION TO REQUEST FOR PRODUCTION NO. 121:**

11        Defendant objects on the grounds of relevancy, undue burden, and physician and

12    patient privacy.

13    **REQUEST FOR PRODUCTION NO. 122:**

14        ALL DOCUMENTS RELATING TO the first ten (10) radical prostectomies **(sic)**

15    using robotic technique performed at the Summit campus, including but not limited to

16    ALL DOCUMENTS indicating the length of time of the surgical procedure and outcome

17    and ALL DOCUMENTS RELATING TO peer review of these cases.

18    **OBJECTION TO REQUEST FOR PRODUCTION NO. 122:**

19        Defendant objects on the grounds of relevancy, and physician and patient

20    privacy.

21    **REQUEST FOR PRODUCTION NO. 123:**

22        ALL DOCUMENTS RELATING TO the first fifteen (15) radical prostectomies **(sic)**

23    using robotic technique performed at the Summit campus in 2007, including but not

24    limited to DOCUMENTS indicating the length of time of the surgical procedure and

25    outcome.

26    **OBJECTION TO REQUEST FOR PRODUCTION NO. 123:**

27        Defendant objects on the grounds of relevancy, and physician and patient

28    privacy.

- 19 -

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE        CASE NO. C 07-2486 WHA

1   **REQUEST FOR PRODUCTION NO. 124:**

2       ALL DOCUMENTS RELATING TO the first ten (10) laparoscopic colonectomies

3   **(sic)** performed at the Summit campus, including but not limited to ALL DOCUMENTS

4   indicating the length of time of the surgical procedure and outcome and ALL

5   DOCUMENTS RELATING TO peer review of these cases.

6   **OBJECTION TO REQUEST FOR PRODUCTION NO. 124:**

7       Defendant objects on the grounds of relevancy, physician and patient privacy.

8   **REQUEST FOR PRODUCTION NO. 125:**

9       ALL DOCUMENTS RELATING TO the first fifteen (15) laparoscopic

10  colonectomies **(sic)** performed at the Summit campus in 2007, including but not limited

11  to DOCUMENTS indicating the length of time of the surgical procedure and outcome.

12  **OBJECTION TO REQUEST FOR PRODUCTION NO. 125:**

13      Defendant objects on the grounds of relevancy, physician and patient privacy.

14  **REQUEST FOR PRODUCTION NO. 126:**

15      ALL DOCUMENTS RELATING TO the first twenty (20) port access (minimally

16  invasive) valve surgical procedures performed by non-Kaiser surgeons at the Summit

17  Campus, following the four minimally invasive procedures Plaintiff performed, including

18  but not limited to ALL DOCUMENTS indicating the length of time of the surgical

19  procedure, blood usage, outcome, and peer review of the cases.

20  **OBJECTION TO REQUEST FOR PRODUCTION NO. 126:**

21      Defendant objects on the grounds of relevancy, and physician and patient

22  privacy.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

24      Defendant will meet and confer with Plaintiff regarding the provision of summary

25  information that does not identify patients or physicians.

26  **REQUEST FOR PRODUCTION NO. 127:**

27      ALL DOCUMENTS RELATING TO the first fifteen (15) port access (minimally

28  invasive) valve surgical procedures performed by non-Kaiser surgeons at the Summit

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1    Campus in 2007, including but not limited to ALL DOCUMENTS indicating the length of

2    time of the surgical procedure, blood usage, outcome, and peer review of the cases.

3    **OBJECTION TO REQUEST FOR PRODUCTION NO. 127:**

4        Defendant objects on relevancy and physician and patient privacy grounds.

5    **REQUEST FOR PRODUCTION NO. 128:**

6        ALL DOCUMENTS RELATING TO the number of instances in which each cardiac

7    surgeon at the Summit Campus had DELINQUENT MEDICAL RECORDS from 1987 to

8    2007. DELINQUENT MEDICAL RECORDS has the meaning given in paragraph 23.7 or

9    the Summit medical staff Rules and Regulations.

10   **OBJECTION TO REQUEST FOR PRODUCTION NO. 128:**

11       Defendant objects on relevancy and physician privacy grounds.

12   **REQUEST FOR PRODUCTION NO. 129:**

13       ALL DOCUMENTS RELATING TO DELINQUENT MEDICAL RECORDS for each

14   cardiac surgeon at the Summit Campus where such delinquency was reviewed, acted on

15   or responded to by the Chairman of the Department of Surgery, the Surgery Peer

16   Review Committee, Medical Executive Committee or its officers from 1987 to 2007.

17   **OBJECTION TO REQUEST FOR PRODUCTION NO. 129:**

18       Defendant objects on relevancy and physician privacy concerns.

19   **REQUEST FOR PRODUCTION NO. 130:**

20       ALL DOCUMENTS RELATING TO correspondence, including but not limited to

21   letters, notes, emails, or memoranda, between Maire C. Daugharty, M.D., and ABSMC

22   or any of its subsidiaries or members of the Summit or Alta Bates medical staffs

23   RELATING TO Plaintiff.

24   **OBJECTION TO REQUEST FOR PRODUCTION NO. 130:**

25       Defendant objects to a request for "all" correspondence on any topic between Dr.

26   Daugharty and any one of the approximate 800 members of the Summit Medical staff

27   relating in any way to Plaintiff on the basis of relevancy and the further ground that

28

- 21 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE                    CASE NO. C 07-2486 WHA

1   correspondence between members of the Medical Staff unrelated to Plaintiff's peer

2   review process are not in the custody or subject to the control of Defendant.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

4       Defendant has already produced all such documents relating to Plaintiff's peer

5   review process.

6   **REQUEST FOR PRODUCTION NO. 131:**

7       ALL DOCUMENTS RELATING TO the Physician Specific Profile, as described in

8   Paragraph 28.4 of the Summit medical staff Rules and Regulations, for each cardiac

9   surgeon on the Summit medical staff at any time from 1987 to 2007.

10  **OBJECTION TO REQUEST FOR PRODUCTION NO. 131:**

11      Defendant objects on the grounds of relevancy (this case does not involve re-

12  appointment to the Medical Staff) and physician privacy.

13

14  DATED:    December 13, 2007    KAUFF MCCLAIN & MCGUIRE LLP

15

16      By: _____

17          MAUREEN E. MCCLAIN

18      Attorneys for Defendant
19      ALTA BATES SUMMIT MEDICAL
        CENTER

20

21  4838-4305-1010.1

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE      CASE NO. C 07-2486 WHA

**PROOF OF SERVICE**

I, Rita I. Chavez, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Post Street, Suite 2600, San Francisco, California 94104. On December 13, 2007, I served a copy of the within document(s):

> **DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**

☒     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

G. Scott Emblidge, Esq.
Moscone, Emblidge & Quadra, LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Fax: (415) 362-2006
Email: emblidge@meqlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 13, 2007, at San Francisco, California.

_____
Rita I. Chavez

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE

CASE NO. C 07-2486 WHA