LAW OFFICES OF
**MOSCONE, EMBLIDGE & QUADRA, LLP**
MILLS TOWER
220 MONTGOMERY STREET, SUITE 2100
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE: (415) 362-3599  FAX: (415) 362-2006

January 16, 2008

<u>Via E-filing and Hand Delivery</u>

Magistrate Judge Joseph C. Spero
United States District Court,
Northern District of California
Courtroom A, 15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

     Re: *Ennix v. Alta Bates Summit Medical Center*, Case No. C 07-2486 WHA

Dear Magistrate Judge Spero:

     Regrettably, we are writing to seek to Court's guidance related to deposition scheduling issues in this case. This letter follows an in-person meet-and-confer session held yesterday afternoon. Given that the discovery cutoff date is January 25, 2008, and after considering Defendant's positions at the meet-and-confer, we find no alternative to seeking the Court's assistance with these issues. Because of the need for immediate resolution of these issues, we are writing directly to you without first trying to negotiate with opposing counsel the text of a joint letter. Here are the issues:

     (1)    Defendant's refusal to produce a critical witness for deposition, claiming he has scheduling conflicts;

     (2)    Defendant's willingness to produce a second important witness for deposition only during a three-hour time period from 7:00 p.m. to 10:00 p.m.;

     (3)    Defendant's refusal to produce two other significant witnesses at our offices for the continuation of their depositions, demanding instead that the depositions take place at a location of Defendant's choosing; and

     (4)    Defendant's unwillingness to agree to a necessary eleventh deposition.

**Defendant has refused to produce Neil Smithline, M.D. from National Medical Audit ("NMA") for deposition**

     Dr. Smithline is perhaps the most important witness in this case. He coordinated and authored the outside peer review report Defendant commissioned regarding Dr. Ennix's patient care abilities.

Hon. Joseph C. Spero                                                                January 16, 2008
Page 2

      Early in this case we recognized that in order to take an effective deposition of Dr. Smithline, we would first need to gather all the facts regarding the underlying cases Dr. Smithline evaluated. Accordingly, we established a discovery schedule that had the "fact" witnesses come first, with Dr. Smithline's deposition to follow. To date we have deposed surgeons involved in the cases and individuals involved in the decision to retain Dr. Smithline and his company.

      We originally noticed Dr. Smithline's for December 21, 2007. On December 14, 2007, we wrote to Dr. Smithline to request production of responsive subpoenaed documents by December 19, 2007 in order that we could review what we understood would be voluminous records prior to the deposition. Although Dr. Smithline is a third party witness, Defendant responded that Dr. Smithline had the documents and was prepared to produce them on December 21, 2007, but would not produce the responsive documents by December 19, 2007 since the subpoena requested their production on December 21, 2007. Counsel met and discussed this issue (among others) and Defendant took the position that we could not have the documents in advance, and that if we spent time reviewing the documents at Dr. Smithline's deposition on December 21, the time we spent doing so would count against the seven-hour deposition time limit.

      In light of Defendant's position, we were forced to cancel the December 21 session so that we could obtain the documents and review them in advance of Dr. Smithline's deposition. We re-noticed his deposition for January 9, 2008 and issued a new subpoena requiring document production on December 21, 2007. On December 20, Defendant filed objections to the third party subpoena. On December 21, Dr. Smithline produced three boxes of documents but withheld two other boxes of responsive documents. As to those two boxes, Defendant stated that we could inspect, but not copy, those documents during a five-hour time frame on December 21, 2007. We rejected Defendant's condition that we inspect but not copy or possess the documents – despite the Protective Order in place in this matter – and asked for immediate production of all responsive documents.

      Because Dr. Smithline was unavailable for the January 9, 2008, deposition, we agreed to accommodate him and rescheduled the depostion for January 16, 2008.

      On December 26, 2007, the parties submitted a joint discovery letter to this Court, which included (among other things) the issue of whether Defendant was entitled to restrict our access to responsive documents – not the Smithline documents specifically, but other documents regarding which Defendants had taken the same position – by saying we could inspect but not copy or possess them. At a hearing on Friday, January 11, 2008, the Court ruled that Defendant's position was not justified.

      On Sunday, January 13, 2008, I sent Defendant's counsel an email where I explained that I could not go forward with the January 16, 2008, deposition date for Dr. Smithline because (1) as of that date Dr. Smithline still had not produced the two boxes of additional responsive documents, and (2) I now had two important and unavoidable scheduling conflicts that made it impossible for me to prepare for and take the deposition

on that date. I stated: "I will work with you and Dr. Smithline to reschedule this deposition for a mutually convenient time after all of Dr. Smithline's documents have been produced. I will do it on a weekend or during evenings, or on multiple days, if that is necessary." A copy of my email and Defendant's response is attached hereto.

Defendant produced the documents on before the close of business on Monday, January 14. On Tuesday, January 15, during our meet-and-confer, Defendant refused to provide any date or time to depose Dr. Smithline prior to the discovery cutoff of January 25. Defendant has also refused to agree to extend the discovery cutoff for purposes of this deposition. We have now served Dr. Smithline with a deposition subpoena for Friday, January 25. Defendant's email says Dr. Smithline is in town that day but has "conflicting obligations."

We ask the Court to order Defendant to produce Dr. Smithline for a deposition prior to the discovery cutoff date or to allow his deposition to take place after that time.

**Defendant will only produce Leland Housman, M.D. for deposition for a three-hour time period from 7:00 p.m. to 10:00 p.m.**

Dr. Housman was employed by Dr. Smithline's company ("NMA") to review Dr. Ennix's patient care abilities. After receiving Dr. Smithline's documents, it became clear that we would need to depose Dr. Housman, who provided substantial input into the NMA's report critical of Dr. Ennix. On January 14, 2008, we served Dr. Housman with a deposition subpoena for a January 25 deposition. Dr. Housman has not communicated with our office, but Defendant represented yesterday that Dr. Housman was not available at any time on January 25, 2008. Defendant further represented that Dr. Housman can be deposed only from 7:00 p.m. to 10:00 p.m. on January 23, 2008 and at no other time prior to the discovery cutoff date. The deposition is to take place in San Diego.

Dr. Housman is under subpoena to appear for deposition in San Diego where he resides on January 25, 2008. Plaintiff will accommodate Dr. Housman's schedule, but cannot agree to limit this deposition to three hours. We ask the Court to order either that Defendant produce Dr. Housman on January 25, 2008, produce Dr. Housman at some other time prior to the discovery cutoff date for a full deposition, or allow his deposition to take place after the discovery cutoff date.

**Defendant refuses to produce Russell Stanten, M.D. and Barry Horn, M.D. at our offices for the continuation of their depositions, demanding instead that the depositions take place at a location of Defendant's choosing.**

We commenced Dr. Russell Stanten's deposition at our offices on December 12, 2007. We adjourned the deposition with the understanding that it would resume after the parties resolved their dispute over documents Defendant refused to produce. The Court has now ordered production of those documents. Defendant has agreed to reconvene this deposition on January 23, 2008, but only at Dr. Stanten's office in Oakland. Defendant has given no reason why Dr. Stanten cannot appear for deposition at our office.

Dr. Horn's deposition commenced on January 11, 2008. That day, he was only available for three hours. The deposition did not conclude. Defendant has stated that it will only produce Dr. Horn to complete his deposition on January 18, 2008, from 2:00 p.m. to 4:30 p.m. and only at his office in Berkeley.

There are thousands of documents relevant this case and to these two depositions. While we can be prepared to show these witnesses most of the documents that should come up during their depositions, we cannot anticipate every document that we may need based on the deponents' answers to questions. For this reason, we need to conduct these depositions in our law offices. When possible, we *have* accommodated Defendant's requests that we take depositions at locations convenient to witnesses. However, these depositions are very important and we are not aware of any extraordinary reason why the deponents cannot travel across the Bay to San Francisco. We ask the Court to order Defendant to produce Dr. Russell Stanten and Dr. Horn at our offices on the agree-upon dates to complete their depositions or, if that is for some reason impossible for the witnesses, to allow these depositions to take place after the discovery cutoff.

**Defendant will not agree to an eleventh deposition**

Upon review of the material produced by Dr. Smithline, it became clear that Plaintiff must depose Robert Breyer, M.D. Dr. Breyer was a second consultant hired by NMA to conduct a review of Dr. Ennix's patient care abilities. Dr. Breyer's deposition will be Plaintiff's eleventh deposition.

As the Court is no doubt aware, the number of different witnesses involved in Dr. Ennix's peer review complicates this matter. We have taken care to only depose the ten most important witnesses, even though many other witnesses are very knowledgeable about facts directly relevant to this case. The NMA report is the key document relied upon by Defendant to impose discipline on Dr. Ennix. Through the discovery process and our review the recently produced NMA documents, it is now clear that the NMA report is of dubious quality. It appears that Dr. Smithline, who is not a cardiac surgeon or cardiologist, wrote the report after soliciting input from Dr. Breyer, who is a cardiac surgeon. We seek one additional deposition to explore Dr. Breyer's role in the NMA process, how he reached his conclusions, how the conclusions were transmitted to Dr. Smithline and whether the final report accurately reflects those opinions.

Thank you for your consideration of these issues.

Sincerely,

MOSCONE, EMBLIDGE & QUADRA, LLP

G. Scott Emblidge

cc: Matthew Vandall (via facsimile)

**EXHIBIT A**

**Scott Emblidge**

| | |
|---|---|
| **From:** | Vandall, Matthew [vandall@kmm.com] |
| **Sent:** | Monday, January 14, 2008 11:11 AM |
| **To:** | Scott Emblidge |
| **Cc:** | McClain, Maureen; sweet@meqlaw.com |

**Subject:** RE: Smithline Deposition

Scott -

I received your message.

First, I respectfully disagree that the patient medical files and your scheduling constraints provide a valid ground for attempting to further postpone this deposition. The documents you are referring to constitute two boxes (not four) of medical records for the patient whose cases were reviewed by the NMA during Plaintiff's peer review. Those records were made available for inspection on December 21st (as required by the original deposition subpoena) but no one from your office showed up to review them. The underlying medical records of the cases peer reviewed in this case were also made available to you in November 2007, but no one from your office made any effort to inspect those records. On Friday, you demanded that the NMA medical records be produced by Noon today. Defendant is in the process of complying with that demand (I will send you an invoice for the associated redaction costs). Moreover, Plaintiff received 6714 confidential documents from Dr. Smithline's office on December 21st. Those documents constitute all of the draft reports, correspondence, interview notes, recordings of interviews, etc., concerning the NMA Report. You have had more than enough information to prepare for Dr. Smithline's deposition. Further, this is not the first time Plaintiff has unilaterally canceled this deposition (Andy canceled the December 21st deposition shortly before it was scheduled to commence). Further still, and although Defendant is very sympathetic to scheduling issues, events such as Court hearings and Board meetings are reasonably foreseeable and should have been anticipated while Plaintiff was planning discovery and when your office agreed to schedule Dr. Smithline's deposition on January 16th. Finally, Judge Alsup was clear during the case management conference that the parties should anticipate scheduling problems and discovery disputes while setting their discovery plan and there are at least two other lawyers at your firm with sufficient knowledge to attend this deposition. See Judge Alsup's Supp. CMC Order, ¶ 18 ("That some counsel may be unavailable shall not [provide] grounds for deferring or postponing a deposition if another attorney from the same firm . . . is able to attend."). Your email fails to explain why either Rachel or Andy are not able to depose Dr. Smithline on the date your office agreed to proceed with the deposition.

Second, I spoke with Dr. Smithline about his availability through the January 25th. He also has other responsibilities and obligations and your second late decision to cancel the deposition is not convenient for him. Dr. Smithline previously delayed his vacation plans to make himself available on December 21st. And he reorganized his January travel schedule to make himself available to you on January 16th. He is not available on any other date between now and January 25th. In fact, Dr. Smithline will be traveling out of state from the morning of January 18th until late in the evening on January 23rd. He has conflicting obligations on January 24th and 25th.

Third, Defendant will not agree to extend the fact discovery cut-off date beyond January 25th for this purpose (nor could Defendant do so given Judge Alsup's position

concerning the case management schedule). Given the above and given that Plaintiff knew about Dr. Smithline's involvement in this case since at least August 9, 2007 (the date he was identified as a potential witness through Defendant's Initial Disclosures), Defendant does not believe that your decision to take this deposition off calendar two business days before it is scheduled to commence constitutes a reasonable ground for extending the discovery period.

Finally, I received a copy of the Notice of Deposition of Leland B. Houseman, M.D. I understand that Dr. Houseman's office received a copy of the subpoena today (although I do not know whether it was served properly). Plaintiff made no effort to meet and confer with my office concerning this deposition date. In any event, I understand that Dr. Houseman (whose name was also disclosed through Initial Disclosures August 9, 2007) has a scheduled surgery on January 25th.

I will be prepared to meet and confer further with you concerning deposition issues at tomorrow's live conference.

Matt

---

**From:** Scott Emblidge [mailto:emblidge@meqlaw.com]
**Sent:** Sunday, January 13, 2008 3:53 PM
**To:** McClain, Maureen; Vandall, Matthew
**Cc:** Andy Sweet; Rachel Sater
**Subject:** Smithline Deposition

Maureen and Matt:

I cannot go forward with Dr. Smithline's deposition on Wednesday. This is not posturing, or my seeking to inconvenience anyone, or my seeking some sort of strategic advantage. It is for two simple reasons. First, I understand from Andy that Matt has indicated there are *four boxes* of Smithline documents still not produced. Even if I were to get them on Monday afternoon (I will be at a hearing in the USDC for the Southern District tomorrow morning), I could not possibly review them in time for a deposition on Wednesday.

Second, even apart from the document issue, my schedule on Wednesday does not permit me to go forward that day. As we already informed Matt, I have a 9:00 a.m. hearing that morning in Marin Superior Court that I must attend. I do not know when it will be over, but I would hope by 10:30. Then, I need to attend a meeting of the Landmarks Preservation Advisory Board at City Hall at 12:30. I represent a major developer seeking to obtain the Board's approval for historic renovation tax credits. (The building at issue is a block from your offices: 690 Market Street.) I found out on Thursday that the Board intends to hear this matter next Wednesday. This hearing involves a tremendous financial issue for my clients (who are flying in from the Florida for the meeting), is the culmination of over a year of work, and I am not just the lead attorney here on this matter, I am the only attorney in my firm that has substantial knowledge of the highly technical issues that will be presented to the Board. I also have a settlement conference in San Francisco Superior Court at 3:30 that day, but I hope to have someone else cover that for me because the Landmark's Board meeting will likely last the entire afternoon.

In short, it is not possible for me to prepare for and take this important deposition on Wednesday. I will work with you and Dr. Smithline to reschedule this deposition for a mutually convenient time after all of Dr. Smithline's documents have been produced. I will do it on a weekend or during evenings, or on multiple days, if that is necessary.

Scott

G. Scott Emblidge
Moscone, Emblidge & Quadra LLP
220 Montgomery Street
Mills Tower, Suite 2100
San Francisco, California 94104
(415) 362-3599 (phone)
(415) 362-2006 (fax)
emblidge@meqlaw.com
www.meqlaw.com