# KM&M
KAUFF McCLAIN & McGUIRE LLP

ONE POST STREET · SUITE 2600
SAN FRANCISCO, CA 94104

TELEPHONE (415) 421-3111
TELECOPIER (415) 421-0938

MATTHEW P. VANDALL
VANDALL@KMM.COM

NEW YORK
SAN FRANCISCO
LOS ANGELES
WWW.KMM.COM

January 17, 2007

Hon. Joseph C. Spero
Magistrate Judge
United States District Court
Northern District of California
Courtroom A, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *Ennix v. Alta Bates Summit Medical Center*
           Case No. C 07-2486 WHA

Dear Magistrate Judge Spero:

    This letter responds to the Plaintiff's January 16th letter briefing. Plaintiff's request for relief should be denied for the following reasons:

    First, the submission is not authorized by the Court's October 31, 2007 Notice of Reference which requires that discovery disputes be submitted in a joint letter format not to exceed three pages. Plaintiff's letter concedes that it was filed "without first trying to negotiate with opposing counsel the text of a joint letter." Ltr. Brf. at p. 1. The Court should deny Plaintiff's requests on this ground.

    Second, the submission violates the Confidentiality Stipulation and Protective Order by publicly identifying three doctors who participated in the underlying peer review. See Protective Order, ¶ 8(a); see also Ltr. Brf at pp. 1-4. The violation and the potential resultant harm (which could have been prevented either by negotiating a joint submission with Defendant or by complying with ¶ 11) is inexcusable. Further, requiring Defendant to respond point-by-point to Plaintiff's briefing (and to submit supporting documents containing the names Defendant seeks to protect) would result in a potential waiver of confidentiality by the Defendant. Therefore, Defendant respectfully requests that the Court deny deposition discovery from the NMA doctors and order that Plaintiff's letter brief be stricken from the record. Defendant is also willing to submit additional documentation refuting Plaintiff's claims at the Court's request.

    Third, to the extent Plaintiff seeks a modification of the Court's pre-trial scheduling orders, he must first seek leave from Judge Alsup and establish good cause. See Fed. R. Civ. Proc. 16(b) and 30(a)(2); see also N.D. Cal. Civ. L-R 26-2. Moreover, the "good cause" requirement "primarily focuses upon the diligence of the party requesting the amendment." *O'Neal v. SmithKline Beecham Corp.*, 2007 U.S. Dist.

4852-6971-8018.1

Hon. Joseph C. Spero
January 17, 2007
Page 2

LEXIS 78131, *4-*5 (E.D. Cal. 2007) ("the district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"). The discovery disputes and the document production issues Plaintiff describes are a normal and foreseeable component of the litigation process. Even if Plaintiff's request for relief from the pre-trial schedule could be decided without leave from Judge Alsup (and it cannot), Plaintiff has failed to establish good cause either for a limited extension of the fact discovery cut off date or for an eleventh deposition.

Fourth, there are no extraordinary circumstances present which justify Plaintiff's strategic decision to wait until the eleventh hour to conduct "critical" deposition discovery. The three National Medical Audit doctors were identified as potential fact witnesses in Defendant's Initial Disclosures on August 7, 2007. In addition, the doctors participated in two interviews with Plaintiff in 2005 and contributed to or authored the external peer review report referenced in paragraph 24 of the Complaint. The notion that Plaintiff now requires an extension of the fact discovery period to depose witnesses he knew about more than three years ago (Compl., ¶ 24) is absurd.

Fifth, Defendant did not obstruct Plaintiff's efforts to obtain deposition discovery from the first NMA doctor. That doctor (who is represented by separate counsel) received a subpoena to appear for deposition and to produce records on December 21, 2007. After clearing his schedule and delaying his vacation plans to appear on the specified date, Plaintiff insisted that he produce documents in advance of the production deadline (*i.e.*, on 12/19). Defendant assisted with the production of more than 6,700 confidential documents on 12/21 on the doctor's behalf. The records included draft reports, correspondence, interview notes, recordings of interviews, research, statistics and other NMA work product. See Plf's, Exh. A at p. 1. Moreover, the doctor made available for Plaintiff's inspection on 12/21 all of the supporting medical records in the NMA's possession and offered to produce the records if Plaintiff would pay the redaction costs. See Protective Order, ¶ 6 (requiring full redaction of patient names from all written material produced in the case). Plaintiff did not show up for the inspection and subsequently refused to pay any production costs. The medical records were redacted (at Defendant's expense) and produced to Plaintiff by Noon on January 14th. Thus, all the records in the first doctor's possession were available to Plaintiff before the January 16 deposition date.

Sixth, Plaintiff's repeated violations of Judge Alsup's Supplemental Order and the Local Rules of this Court should not be countenanced. Paragraph 18 requires that "counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually-convenient times and places." Local Rule 30-1 contains a similar requirement. Plaintiff failed to consult the first doctor twice when he unilaterally postponed his December 21 and January 16 deposition dates. Regardless, the first doctor was available on January 16th. He is traveling out of state on business from January 18th through the 23rd and has other obligations he is unable to change on January 24th and 25th. Similarly, Plaintiff made no effort to consult

4852-6971-8018.1

**KM&M**
KAUFF McCLAIN & McGUIRE LLP

Hon. Joseph C. Spero
January 17, 2007
Page 3

the second doctor (a cardiac surgeon) prior to serving him with a deposition subpoena on January 14th. The second doctor schedules patients 3-4 weeks in advance and cannot reasonably be expected to disrupt his surgery schedule at Plaintiff's whim. Plaintiff's failure to make any effort to find a mutually convenient date and time for these depositions and his failure to adhere to a convenient schedule once it was set does not provide grounds for compelling deposition discovery on a date that is not available for either physician.

Seventh, the Supplemental Order precludes Plaintiff's argument that conflicts with Mr. Emblidge's schedule warranted changing the date of the first doctor's deposition. See Supp. Order, ¶ 18 ("[t]hat some counsel may be unavailable shall not, however, be grounds for deferring or postponing a deposition if another attorney from the same firm . . . is able to attend"). Plaintiff fails to explain why Mr. Sweet or Ms. Sater (two of Plaintiff's other lawyers with sufficient knowledge) were unable to cover the first doctor's deposition as agreed on January 16th. Regardless, Mr. Emblidge's stated conflicts (a Court hearing and a Board meeting) were reasonably foreseeable and should have been anticipated when Plaintiff agreed to the deposition date.

Eighth, approximately 40 minutes before receiving electronic notice of Plaintiff's letter brief, Defendant confirmed that both Dr. Horn and Dr. Russell Stanten would travel to San Francisco for their depositions. Moreover, Mr. Emblidge acknowledged that schedule 20 minutes later (and prior to Defendant's receipt of the e-filing notification). Thus, there was no dispute concerning the location of these depositions when the letter brief was filed and the Court does not need to take any action on this issue.

Respectfully Submitted,

*[signature]*

MATTHEW P. VANDALL
Counsel for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

4852-6971-8018.1