G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:   (415) 362-3599
Facsimile:    (415) 362-2006

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX, JR., M.D.<br><br>Plaintiff,<br><br>v.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>Defendants. | Case No.: C 07-2486 WHA (JCS)<br><br>**DECLARATION OF ANDREW E. SWEET PURSUANT TO LOCAL RULE 6-2(A) IN SUPPORT OF JOINT STIPULATION TO ENLARGE TIME FOR DISCLOSURE OF EXPERT REPORTS OF 1) CARDIAC SURGEON EXPERTS AND 2) STATISTICIAN EXPERTS**<br><br>Date:    None<br>Time:   None<br>Dept:    Ctrm. 9, 19TH Floor<br><br>Trial Date**:**    June 2, 2008 |

I, Andrew E. Sweet, declare:

1. I am an attorney in the firm of Moscone, Emblidge & Quadra LLP, counsel for Plaintiff Coyness L. Ennix, Jr., M.D., in this action. I am licensed to practice law in the State of California and before this Court. I have personal knowledge of the facts stated in this declaration.

2. Beginning in October of 2007, Dr. Ennix sought discovery of documents that Defendant used to conclude that Dr. Ennix fell below the standard of care in his cardiac surgery practice. Defendant disagrees with Plaintiff's characterization.

3. Defendant produced a large quantity of documents but also refused to produce a substantial volume of responsive discovery documents. These documents consist of medical records and statistical data Defendant used in its peer review of Dr. Ennix and statistical data relating to similarly situated cardiac surgeons. This information is crucial to Dr. Ennix's ability to prove he was treated much more harshly than Caucasian cardiac surgeons. Plaintiff made good faith and repeated efforts to obtain the documents, and ultimately brought Defendant's lack of compliance to the attention of the Honorable Joseph C. Spero. Defendant disagrees with Plaintiff's characterization.

4. On October 29, 2007, Plaintiff propounded Request for Production of Documents, Set Two ("RFP #2"), which called for the documents at issue. On November 13, 2007, Plaintiff propounded Request for Production of Documents, Set Three ("RFP #3"), which also called for the documents at issue. On November 28, 2007, Defendant served Objections and Responses to RFP #2 and did not produce the documents at issue. On December 13, 2007, Defendant served Objections and Responses to RFP #3 and did not produce the documents at issue.

5. On December 10, 2007, this firm sent Defendant a letter to meet and confer as to the failure to produce documents pursuant to RFP #2. On December 13, 2007, this firm sent Defendant a letter to request the parties meet and confer in person as to the failure to produce documents pursuant to RFP #2 and RFP #3  On December 18, 2007, the parties met and conferred. On December 26, 2007, the parties submitted a joint letter to Judge Spero, outlining the dispute related to these documents.

6. On January 11, 2008, Judge Spero held a hearing and on January 15, 2008, issued the Order Granting in part and Denying in Part Motion to Compel Medical Peer Review Information requiring Defendant to produce certain documents and information to Plaintiff subject to an Attorney's Eyes Only confidentiality designation. The production date specified in the Order is January 25, 2008, the same day that expert reports must be disclosed.

7. Plaintiff and Defendant assign to the other responsibility that these documents will be produced at the end of the discovery period. Nonetheless, Plaintiff and Defendant agree to stipulate to an enlargement of time as described in the accompanying stipulation.

8. Plaintiff's cardiac surgery and statistics experts will likely need to review the documents in preparation of their reports. It is anticipated that Defendants will produce the documents on January 25, 2008. If production is made on January 25, 2008, Plaintiff's experts will not have time to review the documents in preparation of their reports due that day.

9. A two-week enlargement of time is necessary in order to provide Plaintiff's cardiac surgery and statistics experts an opportunity to review the documents in preparation of their reports. The parties agree that fairness dictates that any enlargement of time requested by Plaintiff should also be granted to Defendant on fairness grounds.

10. Previous time modifications in this matter are as follows: On June 7, 2007, the Court granted Plaintiff's Motion to Alter the Briefing and Hearing Dates Related to Defendant's Special Motion to Strike (Document 40); On July 30, 2007, the Court continued a Case Management Conference (Document 72).

11. The proposed stipulated enlargement will have little or no effect on the schedule for the case since it only seeks to extend the cutoff for expert discovery seven days, and only related to cardiac surgery experts and statistics experts. For all other experts, the discovery cutoff date will remain February 29, 2008.

12. Defendant does not agree that the extension is necessary, but is willing to cooperate with this stipulation in good faith.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 17, 2008

                                               /s/
                                      Andrew E. Sweet