MAUREEN E. McCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
MATTHEW P. VANDALL (State Bar No. 196962)
Email: vandall@kmm.com
KAUFF McCLAIN & McGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 421-3111
Facsimile: (415) 421-0938

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX, JR., M.D.<br><br>Plaintiff,<br><br>v.<br><br>ALTA BATES SUMMIT MEDICAL CENTER<br><br>Defendant. | CASE NO. C 07-2486 WHA<br><br>**DEFENDANT'S REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF**<br><br>**JUDGE:** Hon. William H. Alsup<br><br>**COMPLAINT FILED:** May 9, 2007<br>**TRIAL DATE:** No date set. |

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

## REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL

Pursuant to Local Rules 7-11 and 79-5 for the United States District Court for the Northern District of California, Defendant Alta Bates Summit Medical Center, ("Defendant") requests that the Court issue an administrative order allowing Defendant to file under seal certain records supporting its concurrently filed Motion for Summary Judgment. The Court previously granted two administrative requests for a sealing order submitted by Defendant which allowed Defendant to file certain documents and information under seal. See June 1 and July 30, 2007, Orders Granting Defendants' Administrative Motion to File Under Seal (the "Prior Sealing Orders"). This motion requests the same relief.

As described below, Defendant's request is narrowly tailored and compelling reasons exist to justify sealing the specified records. See *Kamakana v. United States*, 447 F.3d 1172, 1180 (9th Cir. 2006) (holding that parties seeking to maintain the confidentiality of records supporting dispositive motions must establish "compelling reasons" to file records under seal).

The documents Defendant wishes to seal include (1) a chart summarizing certain peer review activity at Defendant's Summit Campus during the time period from 1992 through 2007;[1] (2) confidential excerpts of testimony from the deposition transcripts of Drs. Neil Smithline, Leland Housman, Bruce Reitz, and Hon Lee; (3) certain facts the peer review decisions were based upon; and (4) information revealing the identity of the peer review participants or Summit Medical Center patients. In addition, under the Health Insurance Portability and Accountability Act, Defendants must seal records contain patient identifying information. Both the content of the documents and the

---

[1] The chart was the subject of United States Magistrate Judge Joseph C. Spero's December 5, 2007 Discovery Order which designated its contents as "Attorneys' Eyes Only" (the highest level of confidentiality available under the Confidentiality Stipulation and Protective Order in this action).

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-1-

DEFENDANT'S REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

identification information they contain should remain confidential and subject to a sealing order for the reasons discussed below.

The specific documents at issue are as follows (1) Factual excerpts from Defendant's Memorandum of Points and Authorities in Support of Motion for Summary Judgment (partial redactions only); (2) Exhibits A, C, D, E, F, G, H, and I to the Declaration of Alex Hernaez in Support of Defendant's Motion for Summary Judgment.[2] And (3) Exhibit A to the Supporting Declarations of Two Physicians (whose names are also redacted) filed in Support of Defendant's Motion for Summary Judgment.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    ARGUMENT.

Plaintiff is an African American cardiac surgeon with current surgical privileges at Defendant's Summit Campus. Compl., ¶ 5. Like all other practicing physicians in California, Plaintiff is subject to peer review by his colleagues in a process mandated by state and federal law to insure patient safety and quality patient care. For example, the Health Care Quality Improvement Act (HCQIA), 42 U.S.C. §§ 11101 *et seq.* provides substantial immunity for the actions of physician committee members undertaking peer review. *See* 42 U.S.C. § 11112(a). The HCQIA effectuates certain Congressional findings, including that: "There is an overriding national need to provide incentive and protection for physicians engaging in effective peer review." 42 U.S.C. § 11101 (5). California law extends equivalent, if not greater, protection to physician peer review. "Peer review, fairly conducted, is essential to preserving the highest standards of medical practice." California Business & Professions Code § 809 (a)(3).

---

[2] Defendant's Memorandum of Points and Authorities filed in support of its Motion for Summary Judgment refers to supporting evidence contained in the declarations of William Isenberg, M.D.; Lamont Paxton, M.D., and Karen Weaver. Excerpts from each of those declarations were previously filed under seal pursuant to the Sealing Orders. Defendant does not seek to disturb those orders which, in Defendant's view, remain in full force and effect.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-2-

DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

As suggested by the above-quoted statutes, sealing the records will effectuate legislative intent and protect the well-being of the public. The Summit Medical Staff's "peer review procedure plays a significant role in protecting the public against incompetent, impaired or negligent physicians." *Kibler v. Northern Inyo County Local Hosp. Dist.*, 39 Cal. 4th 192, 200 (2006). That policy is best served by maintaining the confidential nature of the proceedings. As the *Kibler* Court recognized (and as is true at the Medical Center), "membership on a hospital's peer review committee is voluntary and unpaid, and many physicians are reluctant to join peer review committees so as to avoid sitting in judgment of their peers." *Id.* at 201; *see also Matchett v. Superior Court*, 40 Cal. App. 623, 628-629 (1974) (confidentiality of medical peer review information is the cornerstone of internal quality assurance in hospitals).

Public disclosure of the identities of the peer review participants as well as unfettered access to their thoughts and impressions will significantly hinder this process. Indeed, as described in the Declaration of Dr. R. Stanten,[3] this lawsuit, even at such an early stage, has already adversely affected the Medical Center's peer review process by making it even more difficult to recruit participating physicians. These problems will only intensify if the underlying records are disclosed. *E.g., Pagano v. Oroville Hospital*, 145 F.R.D. 683, 699 (E.D. Cal. 1993) (recognizing the need to protect the identity of peer review physicians) (overruled on other grounds).

In addition, the sealing of the records will not prejudice any third-party. To the contrary, no information is being denied to any third-party litigant. Therefore, in weighing the competing interests, there is nothing to offset the public good accomplished by sealing the records.

//

---

[3] The Declaration of R. Stanten was filed in support of Defendants' Special Motion to Strike Plaintiff's Complaint Under C.C.P. § 425.16 on May 30, 2007.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-3-

DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF
RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

## II. CONCLUSION.

Defendants request that this motion to seal be granted.

DATED: February 22, 2008

Respectfully submitted,

KAUFF McCLAIN & McGUIRE LLP

By: _____/S/_____
      ALEX HERNAEZ

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-4-

DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF
RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA

## DECLARATION OF ALEX HERNAEZ

I, Alex Hernaez, declare:

1. I am a partner with the firm of Kauff, McClain & McGuire, LLP, attorneys of record for Defendant Alta Bates Summit Medical Center. I have personal knowledge of the facts stated in this declaration and, if called as a witness, would be competent to testify thereto.

2. Defendant, through counsel, asked that Plaintiff stipulate to the two prior Requests For Administrative Relief And Identification Of Records To Be Filed Under Seal. Plaintiff did not oppose those prior requests which were ultimately granted by the Court. *See* Sealing Orders. There is no substantive difference in the relief requested here (other than the fact that Judge Spero has designated the peer review chart as "Attorneys' Eyes Only") and each of the documents and factual excerpts cited have already been designated confidential and reviewed by Plaintiff's counsel in one manner or form. Plaintiff and his counsel have not objected to any of the confidentiality designations for which Defendant now seeks a sealing order.

3. Each of the documents for which Defendant now seeks a sealing order have been reviewed (in one manner or form) by Plaintiff or his counsel during the fact discovery period. To the best of the declarant's knowledge and belief, neither Plaintiff nor his counsel have objected to the confidentiality designations made or the Attorneys' Eyes Only designations rendered in this case.

4. For the reasons stated in the accompanying Memorandum of Points and Authorities, I believe that the documents at issue should be sealed, in whole or in part.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 22nd day of February, 2008 at San Francisco, California.

/S/
ALEX HERNAEZ

-5-

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' REQUEST FOR ADMINISTRATIVE RELIEF AND IDENTIFICATION OF RECORDS TO BE FILED UNDER SEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ALEX HERNAEZ IN SUPPORT THEREOF

CASE NO. C 07-2486 WHA