MAUREEN E. McCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
MATTHEW P. VANDALL (State Bar No. 196962)
Email: vandall@kmm.com
KAUFF McCLAIN & McGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone:   (415) 421-3111
Facsimile:   (415) 421-0938

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX, JR., M.D.,<br><br>           Plaintiff,<br><br>v.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>           Defendant. | CASE NO. C 07-2486 WHA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>DATE:   April 3, 2008<br>TIME:   8:00 a.m.<br>DEPT:   Ctrm. 9, 19th Flr.<br>JUDGE:  Hon. William H. Alsup<br><br>COMPLAINT FILED:  May 9, 2007<br>TRIAL DATE:            No date set. |

The motion for summary judgment on the Complaint of Plaintiff Coyness L. Ennix, Jr., M.D., ("Plaintiff") pursuant to Fed. R. Civ. P. 56 filed by Defendant Alta Bates Summit Medical Center (the "Medical Center") came on for hearing on April 3, 2008, at 8:00 a.m., before this Court, the Honorable William H. Alsup presiding. Maureen E. McClain and Alex Hernaez, Kauff, McClain & McGuire LLP, appeared as attorneys for the Defendant and G. Scott Emblidge and Andrew E. Sweet of Moscone, Emblidge and Quadra, LLP, appeared as attorneys for Plaintiff.

After full consideration of the parties' papers, as well as the argument of counsel, the Court finds that there is no material dispute of fact concerning Plaintiff's

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT            CASE NO. C 07-2486 WHA

race discrimination claim arising under 42 U.S.C. § 1981 (the sole remaining claim in the lawsuit) and therefore that summary judgment is proper.

A. **SUMMARY JUDGMENT STANDARDS.**

On its motion for summary judgment, ABSMC bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). It need not disprove Plaintiff's case, however. *See Celotex Corporation v. Catrett*, 477 U.S. 317, 325 (1986). If ABSMC meets its initial burden, then Plaintiff "may not rely merely on allegations or denials in [his] own pleading; rather, [Plaintiff's] response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If [he] does not so respond, summary judgment should, if appropriate, be entered against that party." *See* Fed. R. Civ. P. 56(e).

Moreover, Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for [Plaintiff], there is no 'genuine issue for trial.'" *See Matsushita Electrical Industry Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *See Celotex*, 477 U.S. at 327. "[T]he mere existence of a scintilla of evidence" is insufficient to create a genuine issue of material fact. *See Anderson*, 477 U.S. at 252.

B. **Plaintiff Has Not Established a Prima Facie Case of Race Discrimination Under § 1981 and the Burden Shifting Analysis of *McDonnell Douglas Corp. v. Green.***

In evaluating disparate treatment claims under § 1981, the Court applies the analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004). The applicable test under *McDonnell Douglas* is as follows:

A plaintiff must first establish a *prima facie* case of

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. C 07-2486 WHA

discrimination. If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for a discriminatory motive.

*Green*, 411 U.S. at 802-05. "[P]roof of intent to discriminate is necessary to establish a violation" of Section 1981. *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1438 (9th Cir. 1984) (emphasis added). Here, Plaintiff's claim fails because he cannot establish a *prima facie* case of race discrimination.

In order to establish his *prima facie* case, Plaintiff was required to offer giving "rise to an inference of unlawful discrimination." *See Yartzoff v. Thomas*, 809 F. 2d 1371, 1374 (9th Cir. 1987). The failure to show "specific facts" that establish a *prima facie* case warrants a summary judgment order. *Id.* at 1374; *see also Palmer v. United States*, 794 F.2d 534, 536-39 (9th Cir. 1986). During his deposition, Plaintiff conceded that he has no direct evidence of discriminatory intent by any of the now-dismissed individual defendants:

> Q. Is it correct, then, that none of the defendants ever said anything to you which was disparaging of your race?
>
> A. Of course not. I just told you that these are highly intelligent people. Of course not.

Plaintiff Tr. at 106:6-10.

Plaintiff also conceded that he has no evidence as to whether any of the non-defendant members of the February 8, 2005 MEC "had a racial bone in his [or her] body," which was defined by Ennix to mean having "any racial animus against African Americans." See Plaintiff Tr. at 339:12-25. Specifically, when asked whether any non-defendant member of the February 8, 2005 MEC harbored any racial animus against

-3-

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. C 07-2486 WHA

African Americans, Plaintiff answered either "no," "probably not" or "I don't know" as to each member. See Plaintiff Tr. at 325:12-327:18.

And, as to the members of the February 8, 2005 MEC who are also defendants (i.e., William Isenberg, Leigh Iverson and Steven Stanten), Plaintiff made equally important concessions:

> Q. Aside from the fact that Dr. Isenberg participated in the peer review process that you globally believed to have been discriminatory, do you have any basis for believing that Dr. Isenberg has a racial bone in his body?
>
> A. I don't know.

See Plaintiff Tr. at 328:1-6.

> Q. Aside from the facts that you believe Dr. Iverson participated in a peer review process which you globally believe to have had aspects of racial discrimination, do you have any factual evidence that Dr. Iverson has a racial bone in his body?
>
> A. Tough to say.
>
> Q. That's your answer?
>
> A. That's my answer.

See Plaintiff Tr. at 328:16-24.

> Q. Aside from participating in a peer review process which you globally believe had some aspects of racial discrimination, do you have any factual basis for saying that Dr. Steve Stanten has a racial bone in his body?
>
> A. I suspect that he has.
>
> Q. Give me one factual basis for that suspicion?
>
> A. I can't give you any.

See Plaintiff Tr. at 329:17-25.

These concessions preclude Plaintiff from establishing a prima facie case of discrimination under Section 1981. Plaintiff's mere belief that discrimination occurred, without specific supporting facts, is insufficient to avoid summary judgment. This rule has been unequivocally stated by the Ninth Circuit:

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-4-

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. C 07-2486 WHA

> A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive. To be cognizable on summary judgment, evidence **must** be competent.

*Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) (emphasis added); *see also Lindsey v. Shalmy*, 29 F.3d 1382, 1385 (9th Cir. 1994) ("Mere conclusory assertions of discriminatory intent, embodied in affidavits or deposition testimony, cannot be sufficient to avert summary judgment."); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) ("When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.").

Based upon the foregoing, the Court finds that Plaintiff has not established a *prima facie* case of discrimination under Section 1981. Defendant's request for a Summary Judgment order is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**.

### C. ABSMC Is Entitled To An Award Of Attorneys' Fees.

Pursuant to 42 U.S.C. § 1988, a party prevailing in a cause of action arising under, *inter alia*, § 1981 may be awarded reasonable attorneys' fees. *See Staton v. Boeing Co.*, 327 F.3d 938, 966 (9th Cir. 2003). The Court finds that fees are appropriate here. Accordingly, Defendant's request for reasonable attorneys' fees is **GRANTED**.

**IT IS SO ORDERED.**

DATED: _____

Hon. William H. Alsup
United States District Court Judge

4848-2217-7282.1

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-5-

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CASE NO. C 07-2486 WHA