G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:   (415) 362-3599
Facsimile:   (415) 362-2006

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>Defendant. | Case No.: C 07-2486 WHA<br><br>**PLAINTIFF'S MOTION TO CHANGE TIME REGARDING THE BRIEFING AND HEARING DATES RELATING TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   TBS<br>Time:   TBS<br>Dept.:   Ctrm. 9, 19th Floor<br>Judge: Hon. William H. Alsup<br><br>Complaint Filed: May 9, 2007<br>Trial Date:          June 2, 2008 |

Pursuant to Civil Local Rule 6-3, plaintiff hereby requests that the Court issue an Order changing the briefing and hearing dates for defendant's Motion for Summary Judgment. This motion is based on this memorandum, the Declaration of Andrew E. Sweet filed herewith, the pleadings in this case and such other and further evidence and arguments as the Court may properly consider at any hearing on this motion.

**RELIEF SOUGHT**

Plaintiff respectfully seeks this Court's order changing the hearing date for defendant's Motion for Summary Judgment from April 3, 2008, to April 17, 2008, and changing the date by which plaintiff's Opposition is due from March 13, 2008, to March 27, 2008.

**FACTUAL BACKGROUND**

This case alleges that Alta Bates Medical Center subjected plaintiff, a highly respected African American cardiac surgeon, to unlawful and unfair treatment in the course of a sham peer review process. (Sweet Decl. ¶ 2.) Discovery in this matter is ongoing and has been voluminous, complicated and contentious. (Sweet Decl. ¶ 3.)

On February 22, 2008, defendant filed a Motion for Summary Judgment. The Motion was filed three weeks prior to its due date.[1] When the motion was filed, defendant had yet to fulfill fact discovery obligations. Defendant had promised to re-produce for deposition at least one key fact witness based on defendant's untimely document production and still owed an obligation to meet and confer with plaintiff to devise a joint method of determining the racial makeup of the Summit medical staff. Finally, defendant knew five time-intensive expert depositions remained to be completed during the limited time plaintiff now has to oppose the motion. (Sweet Decl. ¶ 4.)

This is a critical and complicated motion involving complex legal issues. The commentary to Local Rule 7-2 makes clear that briefing should be extended for complex

---

[1] Plaintiff takes no issue with counsel's diligence. However, the timing of the motion severely impacted Plaintiff's ability to effectively oppose the motion due to his continued pursuit of overdue fact discovery and due to the expenditure of time necessary to prepare for expert depositions.

motions, and encourages parties to stipulate or seek a Court order establishing longer notice periods for motions like these. Defendant did not consult with plaintiff before noticing this motion, which allows little more than the minimum briefing schedule and spans a period of intensive expert discovery. (Sweet Decl. ¶ 5.)

Upon request, defendant refused to agree or stipulate to any change in time to allow plaintiff an opportunity to sufficiently prepare his opposition. (Sweet Decl. ¶ 6.) Plaintiff now seeks this Court's order changing the hearing date for defendant's Motion for Summary Judgment from April 3, 2008, to April 17, 2008, and changing the date by which plaintiff's Opposition is due from March 13, 2008, to March 27, 2008.

**Expert Discovery**

Defendant filed its motion so that the time to conduct and defend time-intensive expert depositions would run concurrently with the time for plaintiff to prepare an opposition. Defendant noticed the motion to be heard by this Court on April 3, 2008, almost the minimum amount of time possible under the Local Rules. Defendant's counsel did not consult with plaintiff's counsel before setting the hearing. The expert discovery cutoff was February 29, 2008 for some experts, and March 7, 2008, for others.[2] (Sweet Decl. ¶ 7.)

When defendant filed the motion, six additional expert depositions were scheduled (or in the process of being scheduled). Including the re-deposition of fact witness Dr. Stanten, the deposition schedule during the time plaintiff has to prepare an opposition is as follows:

- 2/26/08    Eugene Spiritius (peer review expert)
- 2/28/08    Jed Greene (damages expert)
- 2/29/08    Margo Leahy (expert psychiatrist)
- 2/29/08    John Caldwell (damages expert)
- 2/29/08    Kimberly Ware (peer review expert)

---

[2] The expert discovery cutoff for some experts was extended for two weeks to allow plaintiff's experts time to review documents that defendant produced untimely.

3

MOTION TO CHANGE TIME REGARDING BRIEFING AND HEARING DATES     Case No. C 07-2486 WHA

- 3/4/08   Steven Stanten (re-deposition of fact witness)
- 3/7/08   Gregory Duncan (statistics expert) (Sweet Decl. ¶ 8.)

**Fact Discovery**

On numerous discovery issues, plaintiff necessarily sought intervention by Magistrate Judge Spero to compel defendant's compliance with discovery obligations. (See Document 132 – Order Granting in Part and Denying in Part Plaintiff's Motion to Compel NMA Depositions; and Document 126 - Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Medical Peer Review Information.)

Fact discovery closed on January 25, 2008. That day, defendant produced for the first time at least 64 pages of documents responsive to a Request for Production served by plaintiff on October 29, 2007. The late-produced documents included minutes from defendant's Surgery Peer Review Committee, one of defendant's key decision-making bodies intimately involved in the sham peer review process imposed on plaintiff. (Sweet Decl. ¶ 9.) The late production denied plaintiff the opportunity to use the documents during key depositions. On February 5, 2008, plaintiff requested the opportunity to re-depose two key witnesses related to these documents. On February 6, 2008, defendant agreed to re-produce one of the witnesses, the Chair of the Surgery Peer Review Committee Dr. Steven Stanten. Dr. Stanten's re-deposition is scheduled for March 4, 2008. (Sweet Decl. ¶ 10.)

On December 7, 2007, Judge Spero ordered that the parties "meet and confer and devise a joint method of determining the racial makeup of the medical staff at the Summit campus." (Document 118; 2:4-5.) The racial makeup of the Summit Medical Staff is an important factor in assessing the legal issue of "disparate treatment" in this case. The parties made efforts to devise a joint method, but as of the cutoff date for fact discovery, no meeting of the minds existed regarding a final determination of the racial makeup of the Summit medical staff. The parties have agreed to further meet and confer, but discussions have not occurred. (Sweet Decl. ¶ 11.)

**Other Factors**

1 | The Court granted one previous Motion to Change Time filed by plaintiff where defendant also refused to agree to alter the briefing and hearing dates for its Motion to Dismiss. (Documents 32-40.) (Sweet Decl. ¶ 12.)

## ARGUMENT

If this Court does not alter the hearing date and briefing schedule as requested, plaintiff would be substantially harmed because plaintiff's counsel cannot respond adequately to this critically important motion with almost the minimum statutory notice due to 1) the substantial time that counsel must concurrently devote to prepare, conduct and defend six expert witness depositions; 2) the time that counsel must concurrently devote to re-depose Dr. Stanten as a continuation of fact discovery caused by defendant's untimely document production; and 3) continuing obligations to meet and confer in order to determine the crucial facts regarding the racial makeup of the Summit medical staff.

In contrast, hearing this motion on April 17, 2008, rather than April 3, 2008, would not prejudice defendants, nor would it significantly impact the schedule for this case.

## CONCLUSION

For the reasons stated herein, this Court should grant plaintiff's motion changing the hearing date for defendant's Motion for Summary Judgment from April 3, 2008, to April 17, 2008, and changing the date by which plaintiff's Opposition is due from March 13, 2008, to March 27, 2008.

Dated:  February 28, 2008                Respectfully Submitted,

                                         MOSCONE, EMBLIDGE & QUADRA, LLP


                                         By:_____/s/_____
                                                 G. Scott Emblidge
                                                 Rachel J. Sater
                                                 Andrew E. Sweet

                                         Attorneys for Coyness L. Ennix Jr., M.D.