G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:  (415) 362-3599
Facsimile:  (415) 362-2006

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D<br><br>Plaintiff,<br><br>vs.<br><br>ALTA BATES SUMMIT MEDICAL CENTER<br><br>Defendant. | Case No.: C 07-2486 WHA<br><br>**DECLARATION OF ANDREW E. SWEET IN SUPPORT OF MOTION TO CHANGE TIME REGARDING THE BRIEFING AND HEARING DATES RELATING TO DEFENDANT'S MOTION FOR SUMMERY JUDGMENT**<br><br>Date:  TBS<br>Time:  TBS<br>Dept.:  Ctrm. 9, 19th Floor<br>Judge:  Hon. William H. Alsup<br><br>Complaint Filed: May 9, 2007<br>Trial Date:           June 2, 2008 |

I, Andrew E. Sweet, declare:

1. I am an attorney in the firm of Moscone, Emblidge & Quadra LLP, counsel for plaintiff Coyness Ennix, M.D., in this action. I am licensed to practice law in the State of California and before this Court. I have personal knowledge of the facts stated in this declaration.

1

SWEET DECLARATION                Case No. C 07-2486 WHA

2. This case alleges that Alta Bates Medical Center subjected plaintiff, a highly respected African American cardiac surgeon, to unlawful and unfair treatment in the course of a sham peer review process.

3. Discovery in this matter is ongoing and has been voluminous, complicated and contentious.

4. On February 22, 2008, defendant filed a Motion for Summary Judgment. The Motion was filed three weeks prior to its due date. When the motion was filed, defendant had yet to fulfill fact discovery obligations. Defendant had promised to re-produce for deposition at least one key fact witness based on defendant's untimely document production and still owed an obligation to meet and confer with plaintiff to devise a joint method of determining the racial makeup of the Summit medical staff. Finally, defendant knew five time-intensive expert depositions remained to be completed during the limited time plaintiff now has to oppose the motion.

5. Defendant did not consult with plaintiff before noticing this motion, which allows little more than the minimum briefing schedule and spans a period of intensive expert discovery.

6. Upon request, defendant refused to agree or stipulate to any change in time to allow plaintiff an opportunity to sufficiently prepare his opposition. (See Exhibit A – E-mail exchanges where plaintiff requested a stipulation and defendant refused.)

7. Defendant filed its motion so that the time to conduct and defend time-intensive expert depositions would run concurrently with the time for plaintiff to prepare an opposition. Defendant noticed the motion to be heard by this Court on April 3, 2008, almost the minimum amount of time possible under the Local Rules. Defendant's counsel did not consult with plaintiff's counsel before setting the hearing. The expert discovery cutoff was February 29, 2008 for some experts, and March 7, 2008, for others.

8. When defendant filed the motion, six additional expert depositions were scheduled (or in the process of being scheduled). Including the re-deposition of fact

witness Dr. Stanten, the deposition schedule during the time plaintiff has to prepare an opposition is as follows:

- 2/26/08    Eugene Spiritius (peer review expert)
- 2/28/08    Jed Greene (damages expert)
- 2/29/08    Margo Leahy (expert psychiatrist)
- 2/29/08    John Caldwell (damages expert)
- 2/29/08    Kimberly Ware (peer review expert)
- 3/4/08     Steven Stanten (re-deposition of fact witness)
- 3/7/08     Gregory Duncan (statistics expert)

9. Fact discovery closed on January 25, 2008. That day, defendant produced for the first time at least 64 pages of documents responsive to a Request for Production served by plaintiff on October 29, 2007. The late-produced documents included minutes from defendant's Surgery Peer Review Committee, one of defendant's key decision-making bodies intimately involved in the sham peer review process imposed on plaintiff.

10. The late production denied plaintiff the opportunity to use the documents during key depositions. On February 5, 2008, plaintiff requested the opportunity to re-depose two key witnesses related to these documents. On February 6, 2008, defendant agreed to re-produce one of the witnesses, the Chair of the Surgery Peer Review Committee Dr. Steven Stanten. Dr. Stanten's re-deposition is scheduled for March 4, 2008.

11. On December 7, 2007, Judge Spero ordered that the parties "meet and confer and devise a joint method of determining the racial makeup of the medical staff at the Summit campus." The racial makeup of the Summit Medical Staff is an important factor in assessing the legal issue of "disparate treatment" in this case. The parties made efforts to devise a joint method, but as of the cutoff date for fact discovery, no meeting of the minds existed regarding a final determination of the racial makeup of the Summit medical staff. The parties have agreed to further meet and confer, but discussions have not occurred.

12. The Court granted one previous Motion to Change Time filed by plaintiff where defendant also refused to agree to alter the briefing and hearing dates for its Motion to Dismiss.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 28, 2008                               /s/
                                                   Andrew E. Sweet

# EXHIBIT A

## Andrew Sweet

**From:** Hernaez, Alex [hernaez@kmm.com]
**Sent:** Monday, February 25, 2008 6:28 PM
**To:** Andy Sweet
**Subject:** RE: Ennix v. ABSMC

We are not inclined to alter the date for the motion hearing.

Alex Hernaez
Kauff McClain & McGuire LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 955-1408
Mobile: (415) 902-5628
Fax: (415) 421-0938

www.kmm.com

This e-mail is intended only for the addressee and contains information that is
privileged, confidential or otherwise protected from disclosure.
Dissemination, distribution or copying of this e-mail or the information herein by anyone
other than the intended recipient is prohibited.  If you have received this e-mail in
error, please delete it and notify me immediately.

-----Original Message-----
From:       Andrew Sweet [mailto:sweet@meqlaw.com]
Sent: Monday, February 25, 2008 07:14 PM Central Standard Time
To:    Vandall, Matthew
Cc:    emblidge@meqlaw.com; sater@meqlaw.com
Subject:    Ennix v. ABSMC

Matt:

Defendant's Motion for Summary Judgment was filed with a scheduled hearing date of April 3, 2008.  Plaintiff's Opposition is therefore due by March 13, 2008.  Between now and March 13, the depositions of Dr.
Spititus, Dr. Leahy, Mr. Greene, Dr. S. Stanten (one hour), Mr. Duncan and Mr. Calwell must be completed.  Given the significant time commitment necessary for each of these depositions, we are concerned that the March 13 deadline to file the Opposition is too tight.

Will Defendant agree to re-notice the hearing date for April 24, which will effectively enlarge the time to file the Opposition to April 3?
Defendant dutifully filed its Motion for Summary Judgment almost three weeks prior to the deadline for dispositive motions of March 13.  Had Defendant filed on the last day, the earliest hearing date would have been April 17 and it seems the Court would not consider it an imposition on its schedule to hold this hearing only one week after that time. I believe re-noticing the hearing is the easiest way to enlarge time.
Alternatively, will Defendant stipulate to a three week enlargement of time?

Please let me know Defendant's position as soon as possible.

## Andrew Sweet

**From:** Vandall, Matthew [vandall@kmm.com]
**Sent:** Monday, February 25, 2008 8:35 PM
**To:** sweet@meqlaw.com
**Cc:** emblidge@meqlaw.com; McClain, Maureen
**Subject:** RE: Ennix v. ABSMC

Andy - I am in Orange County for the Spiritus deposition. I do not have access to my files here. Perhaps we can discuss this at a break in tomorrow's proceeding. Otherwise, I intend to respond Wednesday morning. I am working on the deposition schedule. Both Caldwell and Duncan are available on the 6th. Can you double track on that day? I am checking on Dr. Stanten but have not heard back from him. Please be prepared to explain why Dr. Spiritus was directed to disregard the federal subpoena and to produce responsive documents at the deposition rather than as requested last Friday. Following the briefing on this very issue regarding Dr. Smithline, I do not think the Court will view that directive favorably.

-----Original Message-----
From: Andrew Sweet [mailto:sweet@meqlaw.com]
Sent: Monday, February 25, 2008 07:14 PM Central Standard Time
To: Vandall, Matthew
Cc: emblidge@meqlaw.com; sater@meqlaw.com
Subject: Ennix v. ABSMC

Matt:

Defendant's Motion for Summary Judgment was filed with a scheduled hearing date of April 3, 2008. Plaintiff's Opposition is therefore due by March 13, 2008. Between now and March 13, the depositions of Dr. Spititus, Dr. Leahy, Mr. Greene, Dr. S. Stanten (one hour), Mr. Duncan and Mr. Calwell must be completed. Given the significant time commitment necessary for each of these depositions, we are concerned that the March 13 deadline to file the Opposition is too tight.

Will Defendant agree to re-notice the hearing date for April 24, which will effectively enlarge the time to file the Opposition to April 3? Defendant dutifully filed its Motion for Summary Judgment almost three weeks prior to the deadline for dispositive motions of March 13. Had Defendant filed on the last day, the earliest hearing date would have been April 17 and it seems the Court would not consider it an imposition on its schedule to hold this hearing only one week after that time. I believe re-noticing the hearing is the easiest way to enlarge time. Alternatively, will Defendant stipulate to a three week enlargement of time?

Please let me know Defendant's position as soon as possible.

2/28/2008

## Andrew Sweet

**From:** Vandall, Matthew [vandall@kmm.com]
**Sent:** Wednesday, February 27, 2008 12:30 PM
**To:** sweet@meqlaw.com; sweet@mail.meqlaw.com
**Cc:** Scott Emblidge; Rachel Sater; McClain, Maureen
**Subject:** RE: Ennix v. ABSMC

Andy -

The deposition scheduling changes need to stop. When Plaintiff offers a date, he needs to adhere to it. The deponents are simply not available at Plaintiff's whim. Plaintiff has waited until the last minute to conduct expert discovery and that strategic decision is now resulting in a tight schedule. Plaintiff should make an effort to be flexible with respect to the deposition schedule rather than issuing demands, agreeing to dates and then withdrawing them and serving a document production subpoena that is unreasonable on its face. With that in mind, here is the deposition schedule for the next week:

- Dr. Steven Stanten is not available on March 7th. He is available briefly during the morning of March 4th, however, he has a full calendar that day and only a short window of time for the deposition. He is willing to sit for one hour beginning at 10:30 a.m. I have not been able to reach him concerning the deposition location but I believe that it will have to take place at his office. As soon as I am able to confirm that with him, I will let you know.

- I have not heard from Mr. Duncan regarding March 7th and will let you know when I do. He remains available on March 6th – a date originally proposed by Plaintiff. There are three attorneys in your office capable of conducting that deposition. See Supplemental Order, ¶ 18 ("[t]hat some counsel may be unavailable shall not, however, be grounds for deferring or postponing a deposition if another attorney from the same firm or who represents a party with similar interests to that witness is able to attend."). Please explain why all three of you are unable to attend the deposition as originally proposed on March 6th.

- Mr. Caldwell will appear at 1:00 p.m. on February 29th. That deposition must be completed by 4:30 p.m. It was Plaintiff's choice to initiate scheduling the deposition at the last minute and to begin the deposition at 1 p.m. You should therefore plan to conduct the deposition efficiently. It was also Plaintiff's choice to serve a request for documents on Defendant on the 26th with a production date and time of 2/28 at 1:00 a.m. This is patently absurd and the subpoena is unreasonable on its face. I will accept service of the subpoena on Mr. Duncan's behalf with a full reservation of his right to object to the production requests on timeliness grounds.

With respect to the summary judgment briefing schedule, I find your request for a professional courtesy disingenuous given that (1) Dr. Spiritus did not bother to produce documents in advance of his deposition (as demanded in the subpoena which you agreed to accept on his

behalf); (2) you initiated your request to depose Messrs. Caldwell and Duncan only after receiving notice of the summary judgment motion; and (3) the proposed hearing date violates Judge Alsup's case management order by requesting a hearing date more than 35 days past the March 13th filing deadline (see CMC Order, ¶ 10). Regardless, the expert deposition schedule has no bearing on the issues presented in the motion for summary judgment. Your law firm is adequately staffed to work on both the expert discovery issues and the unrelated opposition brief. Further, it is Defendant's right to request a hearing on its motion for summary judgment in accordance with the local rules of Court. April 3rd was chosen to avoid incurring further unnecessary fees defending Plaintiff's meritless race claim. Defendant cannot agree to an extension in the briefing schedule which would require it to expend additional and substantial fees drafting motions in limine (which are due on 4/18) and other related trial preparation costs. The hearing date was chosen so that Defendant could avoid such fees and costs. Your request for a professional courtesy simply does not support the imposition of the significant associated financial burden upon Defendant which your request necessarily entails.

Matt

---

**From:** Andrew Sweet [mailto:sweet@meqlaw.com]
**Sent:** Tuesday, February 26, 2008 5:02 PM
**To:** Vandall, Matthew; sweet@mail.meqlaw.com
**Cc:** 'Scott Emblidge'; 'Rachel Sater'
**Subject:** RE: Ennix v. ABSMC

Thanks Matt. We can depose Mr. Caldwell at 1:00 here on 2/29. Any earlier is impossible given the two other depositions scheduled that day. Can Mr. Duncan sit for his deposition on 3/7? I mis-read the calendar and 3/6 will not work. I will wait to hear from you re S. Stanten's availability for 3/7.

I emailed you yesterday to seek defendant's agreement or stipulation to allow plaintiff more time to file his msj opposition. Mr. Hernaez wrote back that defendant was not 'inclined' to agree or stipulate. An email from you suggested defendant might consider an agreement or stipulation. Can you please clarify defendant's position regarding plaintiff's request that defendant agree or stipulate that plaintiff may have an additional three weeks to file his msj opposition. I hope your response will consider the monumental amount of discovery still pending and the notion that the requested extra time will not derail the case schedule to find plaintiff's request within acceptable bounds of professional courtesy. Thank you, Andy

---

**From:** Vandall, Matthew [mailto:vandall@kmm.com]
**Sent:** Tuesday, February 26, 2008 4:22 PM
**To:** sweet@mail.meqlaw.com
**Cc:** Scott Emblidge; Rachel Sater
**Subject:** Re: Ennix v. ABSMC

Andy - Mr. Caldwell is available on Friday the 29th. He can start as early as 8 am. We are moving forward with Ms. Ware and Dr. Leahy that day as well (as previously scheduled).

Mr. Duncan is available on 3-6.

I will be able to confirm Dr. Stanten's depo when I return to the office tomorrow.

Matt

-----Original Message-----

From: sweet@mail.meqlaw.com [mailto:sweet@mail.meqlaw.com]
Sent: Tuesday, February 26, 2008 09:51 AM Central Standard Time
To: Vandall, Matthew
Cc: Scott Emblidge; Rachel Sater
Subject:     Re: Ennix v. ABSMC

We can do it the 27th, 28th or 29th. Please let me know which day works best. Thanks, Andy
Sent via BlackBerry by AT&T

-----Original Message-----
From: "Vandall, Matthew" <vandall@kmm.com>

Date: Tue, 26 Feb 2008 08:35:27
To:<sweet@meqlaw.com>
Cc:"Scott Emblidge " <emblidge@meqlaw.com>,"Rachel " <sater@meqlaw.com>
Subject: RE: Ennix v. ABSMC


Andy - as I mentioned yesterday I am in Orange County without access to my files. I believe, however, that Plaintiff should have noticed Mr. Caldwell's deposition for a date prior to the close of expert discovery regarding the issue of damages (which is 2/29). Can you explain Plaintiff's failure timely to pursue this deposition?

Matt

-----Original Message-----
From:   Andrew Sweet [mailto:sweet@meqlaw.com <mailto:sweet@meqlaw.com> ]
Sent:   Monday, February 25, 2008 03:28 PM Central Standard Time
To:     Vandall, Matthew
Cc:     'Scott Emblidge '; 'Rachel '
Subject:        Ennix v. ABSMC

Matt: Thank you for agreeing to produce Dr. Steve Stanten on March 5. Unfortunately, we are positively unavailable to conduct this deposition session that day. Can we do it March 7 in the am? Also, can you provide available date for the depositions of Gregory Duncan and John Caldwell for the week of March 3, except March 5. Thank you, Andy

2/28/2008