1   MAUREEN E. MCCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   ALEX HERNAEZ (State Bar No. 201441)
    Email: hernaez@kmm.com
3   MATTHEW P. VANDALL (State Bar No. 196962)
    Email: vandall@kmm.com
4   KAUFF MCCLAIN & MCGUIRE LLP
    One Post Street, Suite 2600
5   San Francisco, California  94104
    Telephone:   (415) 421-3111
6   Facsimile:    (415) 421-0938

7   Attorneys for Defendant
    ALTA BATES SUMMIT MEDICAL CENTER
8

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  COYNESS L. ENNIX, JR., M.D.,            CASE NO.  C 07-2486 WHA

13              Plaintiff,                  **OPPOSITION TO PLAINTIFF'S
                                            MOTION TO CHANGE TIME
14  v.                                      REGARDING THE BRIEFING AND
                                            HEARING DATES RELATING TO
15  ALTA BATES SUMMIT MEDICAL CENTER,       DEFENDANT'S MOTION FOR
                                            SUMMARY JUDGMENT**
16              Defendant.
                                            **DEPT:**     Ctrm. 9, 19th Flr
17                                          **JUDGE:**    Hon. William H. Alsup

18                                          **COMPLAINT FILED:**    May 9, 2007
                                            **TRIAL DATE:**    June 2, 2008
19

20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

I.    **INTRODUCTION**

Ennix's proposal to extend the summary judgment deadlines is manifestly unreasonable because it would force ABSMC to unnecessarily incur substantial attorneys' fees.  In particular, the motion in limine deadline is set for April 18, 2008—the day after the summary judgment hearing date proposed by Ennix.  Because none of the alleged hardships cited in Ennix's moving papers have been caused by ABSMC, the Court should not alter the existing deadlines, which have been set in accordance with this Court's Local Rules.

II.   **ARGUMENT**

A.    **There Has Been No "Untimely" Document Production.**

As the primary grounds for his motion, Ennix argues that ABSMC "had yet to fulfill fact discovery obligations."  This is simply untrue.  Ennix's reference is to certain Surgery Peer review minutes that Judge Spero ordered ABSMC to produce on December 6, 2007.  However, throughout this litigation ABSMC argued that it was not required to produce these documents.  Indeed, it first objected to their production on November 28, 2007--more than three (3) months ago.  Had Ennix wanted these documents earlier, he should have moved to compel earlier.  Ennix's decision to delay such a motion is not grounds to extend the summary judgment deadlines.

B.    **The Expert Witness Depositions Have No Bearing On The Summary Judgment Motion.**

Ennix disingenuously argues that ABSMC "timed" its motion to run concurrently with certain expert witness depositions.  But Ennix fails to inform the Court that he is the one who requested a continuation of the expert discovery deadline.  ABSMC asserted that an extension was unnecessary (as is expressly noted in the January 25, 2008 Stipulation and Order), but did not oppose the request.  Ennix's decision to create these eleventh hour difficulties simply cannot be blamed on ABSMC.  Moreover, none of the expert discovery at issue is needed to oppose the summary judgment motion.

- 1 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1

**C.    The Deposition Of Dr. Steve Stanten Is Not Grounds To Extend The Summary Judgment Deadlines.**

2

3

ABSMC agreed to produce Dr. Stanten for an additional hour of deposition

in order to avoid a further discovery motion.  In fact, ABSMC disputes that this additional

4

hour is necessary.  Moreover, because this one-hour deposition is set for March 4, 2008,

5

Ennix will be able to incorporate the testimony into his opposition papers.

6

**D.    An Agreement Regarding The Racial Makeup Of The Medical Staff Should Not Delay The Summary Judgment Motion.**

7

8

Ennix argues that the racial makeup of the medical staff is relevant to this

9

case.  But both parties have the same underlying factual data on this issue.  Therefore it

10

is irrelevant that the parties have yet to agree on a method to interpret this data.  Ennix

11

may urge whatever interpretation he wishes.  And ABSMC will do the same.  Obtaining

12

the agreement of ABSMC is simply unnecessary with respect to the pending motion.

13

Indeed, it may be that, notwithstanding their good faith efforts, the parties will never

14

reach agreement on the interpretation of this data.

15

**III.    CONCLUSION**

16

The current hearing date, April 3, 2008, is the last date that will allow

17

ABSMC to avoid incurring the substantial attorneys' fees associated with preparing its

18

motions in limine.  Ennix has offered no good reason to change this date.  Therefore his

19

request should be denied.

20

DATED:        February 29, 2008              Respectfully submitted,

21

KAUFF MCCLAIN & MCGUIRE LLP

22

23

By:_____/S/_____

ALEX HERNAEZ

24

25

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL
CENTER

26

4830-2629-5042.1

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

OPPOSITION TO PLAINTIFF'S MOTION TO CHANGE TIME REGARDING THE BRIEFING AND
HEARING DATES RELATING TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

CASE NO.C 07-2486 WHA