# EXHIBIT FF

1   MAUREEN E. MCCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   ALEX HERNAEZ (State Bar No. 201441)
    Email: hernaez@kmm.com
3   MATTHEW P. VANDALL (State Bar No. 196962)
    Email: vandall@kmm.com
4   KAUFF MCCLAIN & MCGUIRE LLP
    One Post Street, Suite 2600
5   San Francisco, California 94104
    Telephone: (415) 421-3111
6   Facsimile: (415) 421-0938

7   Attorneys for Defendant
    ALTA BATES SUMMIT MEDICAL CENTER
8

9             UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12   COYNESS L. ENNIX, JR., M.D.,        CASE NO. C 07-2486 WHA

13           Plaintiff,        **DEFENDANT'S OBJECTIONS AND**
                             **RESPONSES TO PLAINTIFF'S**
14   v.                         **REQUEST FOR PRODUCTION OF**
                             **DOCUMENTS, SET TWO**
15   ALTA BATES SUMMIT MEDICAL CENTER,

16           Defendant.      **DEPT:**         Ctrm. 9, 19th Flr.
                         **JUDGE:**      Hon. William H. Alsup
17                          **COMPLAINT FILED:** May 9, 2007
                         **TRIAL DATE:**   June 2, 2008
18

19

20   **PROPOUNDING PARTY:** Plaintiff COYNESS L. ENNIX, JR., M.D.

21   **RESPONDING PARTY:**   Defendant ALTA BATES SUMMIT MEDICAL CENTER

22   **SET NUMBER:**       TWO

23       Defendant Alta Bates Summit Medical Center ("Defendant" or "ABSMC") hereby

24   makes the following responses (including objections) to Plaintiff Coyness L. Ennix, Jr.,

25   M.D.'s ("Plaintiff") Request for Production of Documents, Set Two, dated October 29,

26   2007. Each response is subject to all objections as to competence, relevance,

27   materiality, propriety and admissibility, and any and all other objections and grounds

28   which would require the exclusion of any statements contained herein, if such

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO         C 07-2486 WHA

1    statements were made by a witness present and testifying at court, all of which

2    objections and grounds are reserved and may be interposed at the time of trial.

3          Defendant also notes that the requests, in their scope, and in their repetition of

4    discovery issues, seem designed for harassment purposes.  Defendant has already

5    interposed an objection to providing information regarding any peer review conducted by

6    the Alta Bates Medical Staff on the grounds of lack of relevancy and undue interference

7    with the privacy rights of physicians and patients.  Defendant has additionally objected to

8    the production of information for a time frame earlier than the date of the establishment

9    of the Summit Medical Staff in 1992 on the grounds of lack of relevancy and undue

10   burden.  Defendant notes that Plaintiff has in fact enlarged the time period of his

11   requests (from 20 to 22 years) notwithstanding Defendant's objections to the expansive

12   time frame of the previous discovery.  Defendant continues these objections in

13   responding to this discovery request, and incorporates these objections into each

14   specific response provided below.  Throughout these responses, Defendant uses the

15   terms lack of relevancy or objection on relevancy grounds to refer to information which is

16   neither relevant to the lawsuit nor likely to lead to the discovery of admissible

17   information.  Objections on the ground of physician privacy are based on the California

18   Constitution, California Evidence Code Section 1157, and the confidentiality

19   representations and obligations contained in the Summit Medical Staff's Bylaws which

20   have been produced to Plaintiff.  The terms "Medical Staff" and "MEC" (Medical

21   Executive Committee) refer to the Summit Medical Staff.  Objections on the ground of

22   patient privacy are based on applicable laws, including HIPAA, 42 USC § 1320 (d) et

23   seq. and the California Confidentiality of Medical Information Act, California Civil Code

24   § 56 et seq.  In referring to Exhibit A to its Responses to the First Set of Special

25   Interrogatories (as supplemented to include the time from 1992 through 1994; hereafter

26   "Exhibit A"), Defendant continues its objection that each peer review action depicted in

27   Exhibit A involving different decision-makers, different departments and different

28

KAUFF MCCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  underlying issues, is too dissimilar from Plaintiff's situation to be relevant to Plaintiff's

2  claim.

3       Regarding the Court's Supplemental Order (Docket #10), Defendant states as

4  follows:  the locations which have been reviewed as sources of documents to be

5  considered for production within the parameters of Defendant's Objections are the

6  records of the office of the Summit Medical Staff, the ABSMC administrative office, and

7  departments involved in developing and implementing Patient Care Policies and

8  Procedures.  The persons involved in such review are: Joanne Jellin, PsyD, Director of

9  the Medical Staff Services, Karen Weaver, Administrative Assistant to the CEO, and

10  John Gentile, M.D., Vice President for Medical Affairs.

11  **REQUEST FOR PRODUCTION NO. 10:**

12       ALL DOCUMENTS (including but not limited to invoices, receipts and copies of

13  checks) RELATING TO monetary compensation or other financial benefit YOU obtained

14  RELATING TO medical services performed by Plaintiff between January 2002 to July

15  2006.

16  **OBJECTION TO REQUEST FOR PRODUCTION ("RFP") NO. 10:**

17       Defendant objects to RFP No. 10 on the grounds of vagueness, lack of relevancy

18  and undue burden.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

20       Instead of providing such documents and pursuant to a meet and confer session

21  on this issue between counsel, Defendant is prepared to enter into an agreed-upon

22  statement that Defendant invoices patients and/or their insurers or other payment

23  providers for hospital services provided to patients in conjunction with a physician's

24  provision of patient care services at the Medical Center.  The physician bills separately

25  for physician services.

26  **REQUEST FOR PRODUCTION NO. 11:**

27       ALL DOCUMENTS RELATING TO YOUR Bylaws that in any way address the

28  conduct or responsibilities of YOUR MEDICAL STAFFS, including but not limited to Alta

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1    Bates Medical Center and Summit Medical Center, between January 2002 to July 2006.

2    "MEMBER" and "MEDICAL STAFF" have the definitions given in the Bylaws of the

3    Summit Medical Staff (June 2006) ("Bylaws"), except that both terms refer to Alta Bates

4    campus members and medical staff as well Summit campus members and medical staff.

5    **OBJECTION TO REQUEST FOR PRODUCTION NO. 11:**

6        Defendant objects to the request for "all documents that in any way address the

7    conduct or the responsibilities of YOUR MEDICAL STAFFS" on the grounds of

8    vagueness, overbreadth, lack of relevancy and undue burden.  Defendant also objects to

9    the time period of the request.  The only relevant period is the period of the peer review

10   challenged in Plaintiff's lawsuit, from late January 2004 to July 2006.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

12       Defendant will produce any Medical Center Bylaw reference to the Medical Staffs

13   during the time frame of January 2004 to July 2006, and has already produced

14   references in the Medical Center Board of Directors' records to the peer review of

15   Plaintiff challenged in this lawsuit.  The Medical Center Bylaws are maintained by the

16   Administration Office of ABSMC.

17   **REQUEST FOR PRODUCTION NO. 12:**

18       ALL DOCUMENTS RELATING TO Hospital Bylaws of Defendant or any of its

19   subsidiaries, including but not limited to Alta Bates Summit Medical Center, Alta Bates

20   Medical Center and Summit Medical Center, between January 2002 to July 2006.

21   **OBJECTION TO REQUEST FOR PRODUCTION NO. 12:**

22       Defendant objects to RFP No. 12 on the grounds of vagueness, overbreadth, lack

23   of relevancy or undue burden.  This request could refer to any document regarding the

24   governance or business of the Medical Center, whether or not in any way related to peer

25   review.

26   **REQUEST FOR PRODUCTION NO. 13:**

27       ALL DOCUMENTS RELATING TO YOUR Rules and Regulations between

28   January 2002 to July 2006.

- 4 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  **OBJECTION TO REQUEST FOR PRODUCTION NO. 13:**

2      Defendant objects to RFP No. 13 on the grounds of duplication of discovery and

3  lack of relevancy as to the time period from January 2002 through January 2004.

4  Defendant objects to "all documents relating to Your Rules and Regulations" on the

5  grounds of vagueness and overbreadth.  By way of example only, the Rules and

6  Regulations bearing a revision date of 4/05 have a section describing Medical Staff

7  members' dues.  This Request would seek the totally irrelevant dues records for the

8  years of the request.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

10      Defendant has already produced the Rules and Regulations of the Summit

11  Medical Staff for the time period of 2/04 through 4/07.  The Medical Center does not

12  have a document termed "Rules and Regulations".

13  **REQUEST FOR PRODUCTION NO. 14:**

14      ALL versions of YOUR Human Resources Policy and Procedure Manuals

15  between January 2002 to July 2006.

16  **OBJECTION TO REQUEST FOR PRODUCTION NO. 14:**

17      Defendant objects to RFP No. 14 on relevancy grounds.  This lawsuit involves a

18  member of the Medical Staff and a process particular to the Medical Staff (peer review);

19  employee policies and procedures are not relevant to such issues.

20  **REQUEST FOR PRODUCTION NO. 15:**

21      ALL versions of YOUR Patient Care/Clinical Policy and Procedure Manuals

22  between January 2002 to July 2006.

23  **OBJECTION TO REQUEST FOR PRODUCTION NO. 15:**

24      Defendant objects to RFP No. 15 on the grounds of overbreadth.  Defendant has

25  Clinical Policies and Procedures applicable to RN's and other employees that are in

26  effect throughout the Medical Center, in addition to department-specific Policies and

27  Procedures.

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

2        Defendant will respond further once it receives a more specific delineation of what

3    is requested.

4    **REQUEST FOR PRODUCTION NO. 16:**

5        ALL versions of YOUR Standardized Procedures between January 2002 to July

6    2006.

7    **OBJECTION TO REQUEST FOR PRODUCTION NO. 16:**

8        Defendant objects to RFP No. 16 on relevancy grounds.  The term "Standardized

9    Procedures" refers to procedures relative to nursing practices in any number of Medical

10    Center Departments unrelated to Plaintiff's area of practice.

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

12        Defendant will respond further once it receives a more specific delineation of what

13    is requested.

14    **REQUEST FOR PRODUCTION NO. 17:**

15        ALL DOCUMENTS RELATING TO Cardiac Surgery Peer Review Committee

16    INVESTIGATION of any MEMBER of the MEDICAL STAFFS of the Alta Bates or

17    Summit Campuses of ABSMC conducted by YOU between January 1985 to July 2006.

18    "INVESTIGATION" has the definitions given in the Bylaws of the Summit Medical Staff

19    (June 2006)

20    **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

21        Defendant objects to this interrogatory on vagueness grounds.  The Bylaw

22    definition of an investigation means an investigation conducted by the MEC or the

23    President on behalf of the MEC.  The Summit Medical Staff Cardiac Surgery Peer

24    Review Committee does not conduct investigations.

25    **REQUEST FOR PRODUCTION NO. 18:**

26        ALL DOCUMENTS RELATING TO the meeting minutes of YOUR Cardiac

27    Surgery Peer Review Committees between January 1985 to July 2006.

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  **OBJECTION TO REQUEST FOR PRODUCTION NO. 18:**

2      Defendant objects on relevancy grounds as well as grounds of physician and

3  patient privacy.  The peer review process challenged by Plaintiff in this lawsuit was

4  conducted at the MEC and Medical Staff Officer level.  Defendant has provided

5  information concerning all investigations conducted at that level between 1992 and

6  present (except for those involving pending physician privacy objections).

7  **REQUEST FOR PRODUCTION NO. 19:**

8      ALL DOCUMENTS RELATING TO the initiation (including but not limited to by

9  complaints received) of any INVESTIGATIONS by YOUR Cardiac Surgery Peer Review

10  Committees between January 1985 to July 2006.  "INVESTIGATION" has the meaning

11  given in the Bylaws.

12  **OBJECTION TO REQUEST FOR PRODUCTION NO. 19:**

13      Defendant objects to this request on vagueness grounds.  The Bylaw definition of

14  an investigation means an investigation conducted by the MEC or the President on

15  behalf of the MEC.  The Bylaws exclude from the definition of an INVESTIGATON the

16  usual activities of departments and other Medical Staff committees. The Summit Medical

17  Staff Cardiac Surgery Peer Review Committee does not initiate an INVESTIGATION.

18  **REQUEST FOR PRODUCTION NO. 20:**

19      ALL DOCUMENTS RELATING TO decisions after a complaint was made, not to

20  initiate an INVESTIGATION by YOUR Cardiac Surgery Peer Review Committees

21  between January 1985 to July 2006.  "INVESTIGATION" has the meaning given in the

22  Bylaws.

23  **OBJECTION TO REQUEST FOR PRODUCTION NO. 20:**

24      Defendant objects to this request on vagueness grounds.  The Bylaw definition of

25  an investigation means an investigation conducted by the MEC or the President on

26  behalf of the MEC.  The Bylaws exclude from the definition of an INVESTIGATON the

27  usual activities of departments and other Medical Staff committees. The Summit Medical

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  Staff Cardiac Surgery Peer Review Committee does not initiate or decide not to initiate

2  an INVESTIGATION.

3  **REQUEST FOR PRODUCTION NO. 21:**

4      ALL DOCUMENTS RELATING TO the outcome or result or subsequent action of

5  INVESTIGATIONS by YOUR Cardiac Surgery Peer Review Committees between

6  January 1985 to July 2006.  "INVESTIGATION" has the meaning given in the Bylaws.

7  **OBJECTION TO REQUEST FOR PRODUCTION NO. 21:**

8      Defendant objects to this request on vagueness grounds.  The Bylaw definition of

9  an investigation means an investigation conducted by the MEC or the President on

10  behalf of the MEC, and excludes departmental activity.  The Summit Medical Staff

11  Cardiac Surgery Peer Review Committee does not conduct an INVESTIGATION.

12  **REQUEST FOR PRODUCTION NO. 22:**

13      ALL DOCUMENTS RELATING TO Surgery Peer Review Committee

14  Investigations of any MEMBER of the MEDICAL STAFFS of the Alta Bates or Summit

15  Campuses of ABSMC conducted by YOU between January 1985 to July 2006.

16  "INVESTIGATION" has the meaning given in the Bylaws.

17  **OBJECTION TO REQUEST FOR PRODUCTION NO. 22:**

18      Defendant objects to this request on vagueness grounds.  The Bylaw definition of

19  an investigation means an investigation conducted by the MEC or the President on

20  behalf of the MEC.  The Summit Medical Staff Surgery Peer Review Committee does not

21  conduct INVESTIGATIONS.

22  **REQUEST FOR PRODUCTION NO. 23:**

23      ALL DOCUMENTS RELATING TO the meeting minutes of YOUR Surgery Peer

24  Review Committees between January 1985 to July 2006.

25  **OBJECTION TO REQUEST FOR PRODUCTION NO. 23:**

26      Defendant objects on relevancy grounds as well as grounds of physician and

27  patient privacy.  The peer review process challenged by Plaintiff in this lawsuit was

28  conducted at the MEC and Medical Staff Officer level.  Defendant has provided

- 8 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  information concerning all investigations conducted at that level between 1992 and

2  present (except for those involving pending physician privacy objections).

3  **REQUEST FOR PRODUCTION NO. 24:**

4        ALL DOCUMENTS RELATING TO the initiation (including but not limited to

5  complaints received) of any INVESTIGATIONS by YOUR Surgery Peer Review

6  Committees between January 1985 to July 2006. "INVESTIGATION" has the meaning

7  given in the Bylaws.

8  **OBJECTION TO REQUEST FOR PRODUCTION NO. 24:**

9        Defendant objects to this request on vagueness grounds. The Bylaw definition of

10  an investigation means an investigation conducted by the MEC or the President on

11  behalf of the MEC. The Summit Medical Staff Surgery Peer Review Committee does not

12  initiate INVESTIGATIONS.

13  **REQUEST FOR PRODUCTION NO. 25:**

14        ALL DOCUMENTS RELATING TO decisions after a complaint was made, not to

15  initiate an INVESTIGATION by YOUR Surgery Peer Review Committees between

16  January 1985 to July 2006. "INVESTIGATION" has the meaning given in the Bylaws.

17  **OBJECTION TO REQUEST FOR PRODUCTION NO. 25:**

18        Defendant objects to this request on vagueness grounds. The Bylaw definition of

19  an investigation means an investigation conducted by the MEC or the President on

20  behalf of the MEC. The Cardiac Surgery Peer Review Committee does not initiate or

21  decide not to initiate an INVESTIGATION.

22  **REQUEST FOR PRODUCTION NO. 26:**

23        ALL DOCUMENTS RELATING TO the outcome, result or subsequent action of

24  INVESTIGATIONS by YOUR Surgery Peer Review Committees between January 1985

25  to July 2006. "INVESTIGATION" has the meaning given in the Bylaws.

26  **OBJECTION TO REQUEST FOR PRODUCTION NO. 26:**

27        Defendant objects to this request on vagueness grounds. The Bylaw definition of

28  an investigation means an investigation conducted by the MEC or the President on

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 9 -

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1    behalf of the MEC.  The Cardiac Surgery Peer Review Committee does not conduct

2    INVESTIGATIONS.

3    **REQUEST FOR PRODUCTION NO. 27:**

4         ALL DOCUMENTS RELATING TO Medical Executive Committee Peer Review

5    Investigations of every MEMBER of the MEDICAL STAFFS of the Alta Bates or Summit

6    Campuses of ABSMC conducted by YOU between January 1985 to July 2006.

7    "INVESTIGATION" has the meaning given in the Bylaws.

8    **OBJECTION TO REQUEST FOR PRODUCTION NO. 27:**

9         Defendant objects on the grounds of invasion of privacy of the Medical Staff

10   members who have been promised that peer review would be conducted on a

11   confidential basis in accordance with California Evidence Code Section 1157 and the

12   provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

13   such privacy interests with Plaintiff's request for information in compiling a summary

14   chart of corrective actions undertaken by the MEC during the period of 1992 to present.

15   That chart does not yet provide information concerning physicians who have raised

16   privacy objections in response to a notice from Defendant's counsel and pending further

17   hearing by the court on November 30, 2007.   Providing records beyond the summary

18   information already produced would unduly interfere with such privacy interests and

19   undermine the system of peer review.  Such request would also interfere with patient

20   privacy rights.

21   **REQUEST FOR PRODUCTION NO. 28:**

22        ALL DOCUMENTS RELATING TO the meeting minutes of YOUR Medical

23   Executive Committee Peer Review Committees between January 1985 to July 2006.

24   **OBJECTION TO REQUEST FOR PRODUCTION NO. 28:**

25        Defendant objects on vagueness grounds, and interprets the question to seek

26   information about peer review investigations conducted by the MEC or the Medical Staff

27   President on behalf of the MEC in accordance with the Bylaw definition of the term

28   "investigation".  Defendant objects on the grounds of invasion of privacy of the Medical

- 10 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  Staff members who have been promised that peer review would be conducted on a

2  confidential basis in accordance with California Evidence Code Section 1157 and the

3  provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

4  such privacy interests with Plaintiff's request for information in compiling a summary

5  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

6  That chart does not yet provide information concerning physicians who have raised

7  privacy objections in response to a notice from Defendant's counsel and pending further

8  hearing by the court on November 30, 2007.  Providing records beyond the summary

9  information already produced would unduly interfere with such privacy interests and

10  undermine the system of peer review.  Such request would also interfere with patient

11  privacy rights.

12  **REQUEST FOR PRODUCTION NO. 29:**

13      ALL DOCUMENTS RELATING TO the initiation (including but not limited to

14  complaints received) of any INVESTIGATIONS by of YOUR Medical Executive

15  Committees between January 1985 to July 2006.  "INVESTIGATION" has the meaning

16  given in the Bylaws.

17  **OBJECTION TO REQUEST FOR PRODUCTION NO. 29:**

18      Defendant objects to RFP No. 29 on vagueness grounds to the term "complaint",

19  an objection that Defendant has previously raised.  Defendant further objects on the

20  grounds of invasion of privacy of the Medical Staff members who have been promised

21  that peer review would be conducted on a confidential basis in accordance with

22  California Evidence Code Section 1157 and the provisions of the Summit Medical Staff

23  Bylaws.  Defendant has attempted to balance such privacy interests with Plaintiff's

24  request for information in compiling a summary chart of corrective actions undertaken by

25  the MEC during the period of 1992 to present.  That chart does not yet provide

26  information concerning physicians who have raised privacy objections in response to a

27  notice from Defendant's counsel and pending further hearing by the court on November

28  30, 2007.  Providing records beyond the summary information already produced would

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  unduly interfere with such privacy interests and undermine the system of peer review.

2  Such request would also interfere with patient privacy rights.

3  **REQUEST FOR PRODUCTION NO. 30:**

4       ALL DOCUMENTS RELATING TO decisions after a complaint was made, not to

5  initiate an INVESTIGATION by YOUR Medical Executive Committees between January

6  1985 to July 2006. "INVESTIGATION" has the meaning given in the Bylaws.

7  **OBJECTION TO REQUEST FOR PRODUCTION NO. 30:**

8       Defendant objects to RFP No. 30 on grounds of vagueness (as to the term

9  "complaint"), undue burden and lack of relevancy. Defendant has provided information

10  of investigations undertaken by the MEC and the outcome of such investigations during

11  the time period delineated in Defendant's responses. These are the "complaints" the

12  MEC deemed appropriate to investigate.

13  **REQUEST FOR PRODUCTION NO. 31:**

14       ALL DOCUMENTS RELATING TO the outcome or result or subsequent action of

15  INVESTIGATIONS by YOUR Medical Executive Committees between January 1985 to

16  July 2006. "INVESTIGATION" has the meaning given in the Bylaws.

17  **OBJECTION TO REQUEST FOR PRODUCTION NO. 31:**

18       Defendant objects on the grounds of invasion of privacy of the Medical Staff

19  members who have been promised that peer review would be conducted on a

20  confidential basis in accordance with California Evidence Code Section 1157 and the

21  provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

22  such privacy interests with Plaintiff's request for information in compiling a summary

23  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

24  That chart does not yet provide information concerning physicians who have raised

25  privacy objections in response to a notice from Defendant's counsel and pending further

26  hearing by the court on November 30, 2007. Providing records beyond the summary

27  information already produced would unduly interfere with such privacy interests and

28

KAUFF MCCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1    undermine the system of peer review. Such request also has the potential of interfering

2    with patient privacy rights.

3    **REQUEST FOR PRODUCTION NO. 32:**

4       ALL DOCUMENTS RELATING TO hearings conducted pursuant to Article VIII of

5    the Bylaws involving a MEMBER of the MEDICAL STAFFS of the Alta Bates or Summit

6    campuses of ABSMC, between January 1985 to July 2006.

7    **OBJECTION TO REQUEST FOR PRODUCTION NO. 32:**

8       Defendant objects on the grounds of invasion of privacy of the Medical Staff

9    members who have been promised that peer review would be conducted on a

10    confidential basis in accordance with California Evidence Code Section 1157 and the

11    provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

12    such privacy interests with Plaintiff's request for information in compiling a summary

13    chart of corrective actions undertaken by the MEC during the period of 1992 to present.

14    That chart does not yet provide information concerning physicians who have raised

15    privacy objections in response to a notice from Defendant's counsel and pending further

16    hearing by the court on November 30, 2007.  Providing records beyond the summary

17    information already produced would unduly interfere with such privacy interests and

18    undermine the system of peer review. Such request could also interfere with patient

19    privacy rights.

20    **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

21       As noted on Exhibit A to Defendant's Responses to Plaintiff's First Set of

22    Interrogatories, only one hearing has been commenced during the period of 1992 to

23    present. The hearing did not go beyond the first day and a transcript of those

24    proceedings was not produced.

25    **REQUEST FOR PRODUCTION NO. 33:**

26       ALL DOCUMENTS RELATING TO instances where a MEMBER of the MEDICAL

27    STAFFS of the Alta Bates or Summit campuses of ABSMC agreed to restrict or suspend

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO       C 07-2486 WHA

1    his or her clinical privileges in lieu of CORRECTIVE ACTION, between January 1985 to

2    July 2006. "CORRECTIVE ACTION" has the meaning given by the Bylaws.

3    **OBJECTION TO REQUEST FOR PRODUCTION NO. 33:**

4            Defendant objects on the grounds of invasion of privacy of the Medical Staff

5    members who have been promised that peer review would be conducted on a

6    confidential basis in accordance with California Evidence Code Section 1157 and the

7    provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

8    such privacy interests with Plaintiff's request for information in compiling a summary

9    chart of corrective actions undertaken by the MEC during the period of 1992 to present.

10   That chart does not yet provide information concerning physicians who have raised

11   privacy objections in response to a notice from Defendant's counsel and pending further

12   hearing by the court on November 30, 2007.  Providing records beyond the summary

13   information already produced would unduly interfere with such privacy interests and

14   undermine the system of peer review.  Such request could also interfere with patient

15   privacy rights.

16   **REQUEST FOR PRODUCTION NO. 34:**

17           ALL DOCUMENTS RELATING TO instances between January 1985 to July 2006,

18   where YOU referred any investigation involving a MEMBER of YOUR MEDICAL STAFF

19   for review to OUTSIDE PEER REVIEW. "OUTSIDE PEER REVIEW" means peer review

20   conducted by doctors without privileges at any campus of ABSMC.

21   **OBJECTION TO REQUEST FOR PRODUCTION NO. 34:**

22           Defendant objects on the grounds of invasion of privacy of the Medical Staff

23   members who have been promised that peer review would be conducted on a

24   confidential basis in accordance with California Evidence Code Section 1157 and the

25   provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

26   such privacy interests with Plaintiff's request for information in compiling a summary

27   chart of corrective actions undertaken by the MEC during the period of 1992 to present.

28   That chart does not yet provide information concerning physicians who have raised

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                              C 07-2486 WHA

1  privacy objections in response to a notice from Defendant's counsel and pending further

2  hearing by the court on November 30, 2007.  Providing records beyond the summary

3  information already produced would unduly interfere with such privacy interests and

4  undermine the system of peer review.  Such request would also interfere with patient

5  privacy rights.

6  **REQUEST FOR PRODUCTION NO. 35:**

7      ALL DOCUMENTS RELATING TO instances between January 1985 to July 2006,

8  where YOU referred cases for OUTSIDE PEER REVIEW after an INTERNAL PEER

9  REVIEW concluded there had been no deviation from the standard of care. "OUTSIDE

10  PEER REVIEW" means peer review conducted by doctors without privileges at any

11  campus of ABSMC. "INTERNAL PEER REVIEW" means peer review conducted by

12  doctors with privileges at any campus of ABSMC.

13  **OBJECTION TO REQUEST FOR PRODUCTION NO. 35:**

14      Defendant objects on the grounds of invasion of privacy of the Medical Staff

15  members who have been promised that peer review would be conducted on a

16  confidential basis in accordance with California Evidence Code Section 1157 and the

17  provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

18  such privacy interests with Plaintiff's request for information in compiling a summary

19  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

20  That chart does not yet provide information concerning physicians who have raised

21  privacy objections in response to a notice from Defendant's counsel and pending further

22  hearing by the court on November 30, 2007.  Providing records beyond the summary

23  information already produced would unduly interfere with such privacy interests and

24  undermine the system of peer review.  Such request would also interfere with patient

25  privacy rights.

26  **REQUEST FOR PRODUCTION NO. 36:**

27      ALL DOCUMENTS RELATING TO communications between YOU and the

28  National Medical Audit, including but not limited to letters of engagement, regarding peer

- 15 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1  review of any MEMBER of YOUR MEDICAL STAFFS, between January 1985 to July

2  2006.

3  **OBJECTION TO REQUEST FOR PRODUCTION NO. 36:**

4        Defendant objects on the grounds of invasion of privacy of the Medical Staff

5  members who have been promised that peer review would be conducted on a

6  confidential basis in accordance with California Evidence Code Section 1157 and the

7  provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

8  such privacy interests with Plaintiff's request for information in compiling a summary

9  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

10  That chart does not yet provide information concerning physicians who have raised

11  privacy objections in response to a notice from Defendant's counsel and pending further

12  hearing by the court on November 30, 2007.   Providing records beyond the summary

13  information already produced would unduly interfere with such privacy interests and

14  undermine the system of peer review.  Such request would also interfere with patient

15  privacy rights.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

17        As to communications with NMA regarding Plaintiff's peer review, such

18  documents have already been produced.  As to the retention of NMA for peer review of

19  others, Defendant will supplement Exhibit A to identify the outside peer review

20  conducted by NMA.

21  **REQUEST FOR PRODUCTION NO. 37:**

22        ALL DOCUMENTS RELATING TO OUTSIDE PEER REVIEW conducted for YOU

23  by the National Medical Audit between January 1985 to July 2006.  "OUTSIDE PEER

24  REVIEW" means peer review conducted by doctors without privileges at any campus of

25  ABSMC.

26  **OBJECTION TO REQUEST FOR PRODUCTION NO. 37:**

27        Defendant objects on the grounds of invasion of privacy of the Medical Staff

28  members who have been promised that peer review would be conducted on a

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  confidential basis in accordance with California Evidence Code Section 1157 and the

2  provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

3  such privacy interests with Plaintiff's request for information in compiling a summary

4  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

5  That chart does not yet provide information concerning physicians who have raised

6  privacy objections in response to a notice from Defendant's counsel and pending further

7  hearing by the court on November 30, 2007.   Providing records beyond the summary

8  information already produced would unduly interfere with such privacy interests and

9  undermine the system of peer review.  Such request would also interfere with patient

10  privacy rights.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

12      All documents relating to NMA's review of Plaintiff have already been produced.

13  Defendant will supplement Exhibit A to identify the instance of outside peer review

14  conducted by NMA.

15  **REQUEST FOR PRODUCTION NO. 38:**

16      ALL DOCUMENTS RELATING TO the Ad Hoc Committee investigation of

17  Plaintiff, including but not limited to meeting minutes.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

19      All such documents have already been produced.

20  **REQUEST FOR PRODUCTION NO. 39:**

21      ALL DOCUMENTS RELATING TO any instance where YOU formed an Ad Hoc

22  Committee regarding peer review of a MEMBER of the MEDICAL STAFFS of the Alta

23  Bates or Summit Campuses between January 1985 to July 2006.

24  **OBJECTION TO REQUEST FOR PRODUCTION NO. 39:**

25      Defendant objects on the grounds of invasion of privacy of the Medical Staff

26  members who have been promised that peer review would be conducted on a

27  confidential basis in accordance with California Evidence Code Section 1157 and the

28  provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1    such privacy interests with Plaintiff's request for information in compiling a summary

2    chart of corrective actions undertaken by the MEC during the period of 1992 to present.

3    That chart does not yet provide information concerning physicians who have raised

4    privacy objections in response to a notice from Defendant's counsel and pending further

5    hearing by the court on November 30, 2007.  Providing records beyond the summary

6    information already produced (which summary identifies when ad hoc committees were

7    used in the peer review process) would unduly interfere with such privacy interests and

8    undermine the system of peer review.  Such request would also interfere with patient

9    privacy rights.

10   **REQUEST FOR PRODUCTION NO. 40:**

11          ALL DOCUMENTS RELATING TO the selection and constitution of Committee

12   Members of any Ad Hoc Committee YOU appointed regarding peer view of a MEMBER

13   of the MEDICAL STAFFS of the Alta Bates or Summit Campuses between January 1985

14   to July 2006.

15   **OBJECTION TO REQUEST FOR PRODUCTION NO. 40:**

16          Defendant objects on the grounds of invasion of privacy of the Medical Staff

17   members who have been promised that peer review would be conducted on a

18   confidential basis in accordance with California Evidence Code Section 1157 and the

19   provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

20   such privacy interests with Plaintiff's request for information in compiling a summary

21   chart of corrective actions undertaken by the MEC during the period of 1992 to present.

22   That chart does not yet provide information concerning physicians who have raised

23   privacy objections in response to a notice from Defendant's counsel and pending further

24   hearing by the court on November 30, 2007.  Providing records beyond the summary

25   information already produced would unduly interfere with such privacy interests and

26   undermine the system of peer review.

27   **REQUEST FOR PRODUCTION NO. 41:**

28          ALL DOCUMENTS RELATING TO instances where YOU imposed a proctoring

- 18 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1    restriction on a MEMBER OF YOUR MEDICAL STAFFS at the Alta Bates or Summit

2    campuses between January 1985 to July 2006.

3    **OBJECTION TO REQUEST FOR PRODUCTION NO. 41:**

4         Defendant objects on relevancy grounds to provision of any proctoring information

5    concerning the proctoring of new staff or members commencing additional privileges. As

6    to proctoring used as a corrective action, Defendant objects on the grounds of invasion

7    of privacy of the Medical Staff members who have been promised that peer review would

8    be conducted on a confidential basis in accordance with California Evidence Code

9    Section 1157 and the provisions of the Summit Medical Staff Bylaws. Defendant has

10   attempted to balance such privacy interests with Plaintiff's request for information in

11   compiling a summary chart of corrective actions undertaken by the MEC during the

12   period of 1992 to present. That chart does not yet provide information concerning

13   physicians who have raised privacy objections in response to a notice from Defendant's

14   counsel and pending further hearing by the court on November 30, 2007. Providing

15   records beyond the summary information already produced would unduly interfere with

16   such privacy interests and undermine the system of peer review. Such provision of

17   records would also interfere with patient privacy rights.

18   **REQUEST FOR PRODUCTION NO. 42:**

19         ALL DOCUMENTS RELATING TO instances where the where YOU extended or

20   renewed a proctoring restriction on a MEMBER OF YOUR MEDICAL STAFFS at the

21   Alta Bates or Summit campuses between January 1985 to July 2006.

22   **OBJECTION TO REQUEST FOR PRODUCTION NO. 42:**

23         Defendant objects to information regarding proctoring of new Medical Staff

24   members or members who are obtaining additional privileges on the grounds of lack of

25   relevancy. Defendant objects on the grounds of invasion of privacy of the Medical Staff

26   members who have been promised that peer review would be conducted on a

27   confidential basis in accordance with California Evidence Code Section 1157 and the

28   provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  such privacy interests with Plaintiff's request for information in compiling a summary

2  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

3  That chart does not yet provide information concerning physicians who have raised

4  privacy objections in response to a notice from Defendant's counsel and pending further

5  hearing by the court on November 30, 2007.  Providing records beyond the summary

6  information already produced would unduly interfere with such privacy interests and

7  undermine the system of peer review.  Such request also interferes with patient privacy

8  rights.

9  **REQUEST FOR PRODUCTION NO. 43:**

10      ALL DOCUMENTS RELATING TO complaints YOU received regarding Russell

11  D. Stanten, M.D., Steven A. Stanten, M.D., Leigh I.G. Iverson, M.D., and William M.

12  Isenberg, M.D. between January 1985 to July 2006.

13  **OBJECTION TO REQUEST FOR PRODUCTION NO. 43:**

14      Defendant objects to RFP No. 43 on vagueness grounds as to the term

15  "complaints" and further objects on privacy grounds, as enunciated and protected by

16  California Evidence Code Section 1157, the Medical Staff Bylaws and the California

17  Constitution.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

19      The Summit Medical Staff MEC has not conducted an investigation, as such term

20  is defined in its Bylaws, concerning any such individuals.

21  **REQUEST FOR PRODUCTION NO. 44:**

22      ALL DOCUMENTS reflecting or RELATING TO membership on YOUR Surgery

23  Peer Review Committees between January 1985 to July 2006.

24  **OBJECTION TO REQUEST FOR PRODUCTION NO. 44:**

25      Defendant objects on the grounds of overbreadth, relevancy and interference with

26  physician and patient privacy rights to the extent that this request seeks "all documents"

27  reflecting membership on the Surgery Peer Review Committee ("SPRC") for the time

28

- 20 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  believed to be relevant by Defendant. Such request could cover the minutes of any

2  SPRC meeting.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

4      Defendant has identified such committee members in its Initial Disclosures for the

5  time period of Plaintiff's peer review.

6  **REQUEST FOR PRODUCTION NO. 45:**

7      ALL DOCUMENTS reflecting or RELATING TO membership on YOUR Cardiac

8  Surgery Peer Review Committees between January 1985 to July 2006.

9  **OBJECTION TO REQUEST FOR PRODUCTION NO. 45:**

10      Defendant objects on the grounds of overbreadth, relevancy and interference with

11  physician and patient privacy rights to the extent that this request seeks "all documents"

12  reflecting membership on the Cardiac Surgery Peer Review Committee ("CSPRC") for

13  the time believed to be relevant by Defendant. Such request could cover the minutes of

14  any CSPRC meeting.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

16      Defendant has identified such committee members in its Initial Disclosures for the

17  time period of Plaintiff's peer review.

18  **REQUEST FOR PRODUCTION NO. 46:**

19      ALL DOCUMENTS RELATING TO INVESTIGATION or CORRECTIVE ACTION

20  or any other disciplinary action with respect to MEMBERS of the MEDICAL STAFF,

21  other than Plaintiff, who participated or were involved in the TEN CASES. "TEN CASES"

22  means the cases relating to Plaintiff that were examined by the Ad Hoc Committee and

23  were referred to National Medical Audit for review.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

25      Not applicable. See, Defendant's Response to Interrogatory No. 15 of Plaintiff's

26  Special Interrogatories, Set One.

27

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 21 -

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1    **REQUEST FOR PRODUCTION NO. 47:**

2        ALL DOCUMENTS RELATED TO the INVESTIGATIONS of Physicians A through

3    N listed in Exhibit A to Defendant's Response to Plaintiff's Special Interrogatories, Set

4    One.

5    **OBJECTION TO REQUEST FOR PRODUCTION NO. 47:**

6        Defendant objects on the grounds of invasion of privacy of the Medical Staff

7    members who have been promised that peer review would be conducted on a

8    confidential basis in accordance with California Evidence Code Section 1157 and the

9    provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

10   such privacy interests with Plaintiff's request for information in compiling a summary

11   chart of corrective actions undertaken by the MEC during the period of 1992 to present.

12   That chart does not yet provide information concerning physicians who have raised

13   privacy objections in response to a notice from Defendant's counsel and pending further

14   hearing by the court on November 30, 2007.   Providing records beyond the summary

15   information already produced would unduly interfere with such privacy interests and

16   undermine the system of peer review.  Such provision of records would also interfere

17   with patient privacy rights.

18   **REQUEST FOR PRODUCTION NO. 48:**

19       ALL DOCUMENTS RELATED TO rates of survival and/or complications involving

20   cardiac surgeons who have practiced at YOUR Summit campus from January 1985 to

21   present.

22   **OBJECTION TO REQUEST FOR PRODUCTION NO. 48:**

23       Defendant objects on grounds of overbreadth, vagueness, physician privacy and

24   patient privacy.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

26       To the extent that such request seeks documents containing statistical information

27   considered during Plaintiff's peer review, such documents have already been produced

28   to Plaintiff.

- 22 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                C 07-2486 WHA

1  **REQUEST FOR PRODUCTION NO. 49:**

2      ALL DOCUMENTS RELATED TO minimally invasive cases performed by all

3  cardiac surgeons at ABSMC during 2004 and 2005.

4  **OBJECTION TO REQUEST FOR PRODUCTION NO. 49:**

5      Defendant objects on the grounds of overbreadth and patient privacy.

6  **REQUEST FOR PRODUCTION NO. 50:**

7      ALL DOCUMENTS RELATED TO INVESTIGATIONS YOU conducted in which a

8  Cardiologist or Cardiac Surgeon MEMBER of THE MEDICAL STAFFS was investigated

9  by a committee or other group of physicians that did not include Cardiac Surgeons or

10  Cardiologists.  "INVESTIGATION" has the meaning given in the Bylaws.

11  **OBJECTION TO REQUEST FOR PRODUCTION NO. 50:**

12      See Exhibit A to Defendant's Responses to Plaintiff's Special Interrogatories, Set

13  One.  The MEC has not conducted any INVESTIGATION of a cardiac surgeon, and only

14  one investigation of a cardiologist during the time period covered by the chart.  As to that

15  one investigation, Defendant objects to the production of any documents relating thereto

16  on physician and patient privacy grounds.

17  **REQUEST FOR PRODUCTION NO. 51:**

18      ALL DOCUMENTS RELATED TO Cardiothoracic Peer Review Committee Data

19  from the Alta Bates or Summit Campuses of ABSMC from 1995 to present.

20  **OBJECTION TO REQUEST FOR PRODUCTION NO. 51:**

21      Defendant objects on vagueness grounds.  To the extent that Plaintiff seeks data

22  regarding his own peer review, it has been produced.  To the extent that Plaintiff seeks

23  such data regarding the peer review of other Medical Staff members, Defendant objects

24  on physician and patient privacy grounds.

25  **REQUEST FOR PRODUCTION NO. 52:**

26      ALL DOCUMENTS RELATED TO instances during 2004 to 2006 where YOUR

27  Medical Executive Committee received quality assurance information regarding any

28  MEMBER of the MEDICAL STAFFS of Defendant.

- 23 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  **OBJECTION TO REQUEST FOR PRODUCTION NO. 52:**

2      Defendant objects on grounds of vagueness, undue burden and lack of relevancy.

3  To the extent that Plaintiff seeks information regarding individuals who were the subject

4  of a MEC investigation, such information has been provided in summary form on Exhibit

5  A. Producing underlying documents would unduly violate the physician and patient

6  privacy rights asserted by Defendant in this lawsuit.

7  **REQUEST FOR PRODUCTION NO. 53:**

8      ALL DOCUMENTS RELATED TO instances or claims that a MEMBER of YOUR

9  MEDICAL STAFFS falsified medical chart information, between January 1985 to July

10 2006. "INVESTIGATION" has the meaning given in the Bylaws.

11 **OBJECTION TO REQUEST FOR PRODUCTION NO. 53:**

12     Defendant objects on the grounds of invasion of privacy of the Medical Staff

13 members who have been promised that peer review would be conducted on a

14 confidential basis in accordance with California Evidence Code Section 1157 and the

15 provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

16 such privacy interests with Plaintiff's request for information in compiling a summary

17 chart of corrective actions undertaken by the MEC during the period of 1992 to present.

18 That chart does not yet provide information concerning physicians who have raised

19 privacy objections in response to a notice from Defendant's counsel and pending further

20 hearing by the court on November 30, 2007.  Providing records beyond the summary

21 information already produced would unduly interfere with such privacy interests and

22 undermine the system of peer review.  Such provision of records would also interfere

23 with patient privacy rights.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

25     Defendant will supplement Exhibit A to provide further detail re any issues of

26 falsification of medical chart information.

27

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 24 -

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1    **REQUEST FOR PRODUCTION NO. 54:**

2        ALL DOCUMENTS RELATED TO or reflecting instances from 1995 to the present

3    when the Chair of a Department at the Alta Bates or Summit campuses requested a

4    review of a MEMBER of the MEDICAL STAFF by an in-house specialist and then

5    established an Ad Hoc Committee to review the MEMBER even though the in-house

6    specialist found no deviations from the standard of care.

7    **OBJECTION TO REQUEST FOR PRODUCTION NO. 54:**

8        Defendant objects to the phrase "even though the in-house specialist found no

9    deviations from the standard of care" on the grounds of ambiguity and relevancy.  Exhibit

10   A to Defendant's Responses to Plaintiff's Special Interrogatories, Set One sets forth

11   instances where an MEC investigation was conducted following a department review.

12   See Defendant's Objection to Interrogatory No. 7 of Plaintiff's Special Interrogatories,

13   Set One.  To the extent that this request seeks documents underlying Exhibit A,

14   Defendant objects on the grounds of invasion of privacy of the Medical Staff members

15   who have been promised that peer review would be conducted on a confidential basis in

16   accordance with California Evidence Code Section 1157 and the provisions of the

17   Summit Medical Staff Bylaws.  Defendant further objects on patient privacy grounds.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

19       Defendant will supplement Exhibit A to provide further information regarding the

20   departmental review referenced in the chart.

21   **REQUEST FOR PRODUCTION NO. 55:**

22       ALL DOCUMENTS reflecting instances when poor documentation by a MEMBER

23   of the MEDICAL STAFFS of the Alta Bates or Summit Campuses of ABSMC was

24   examined by YOUR Medical Executive Committee, from 1995 to present.

25   **OBJECTION TO REQUEST FOR PRODUCTION NO. 55:**

26       Defendant objects on the grounds of invasion of privacy of the Medical Staff

27   members who have been promised that peer review would be conducted on a

28   confidential basis in accordance with California Evidence Code Section 1157 and the

- 25 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1  provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

2  such privacy interests with Plaintiff's request for information in compiling a summary

3  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

4  That chart does not yet provide information concerning physicians who have raised

5  privacy objections in response to a notice from Defendant's counsel and pending further

6  hearing by the court on November 30, 2007. Providing records beyond the summary

7  information already produced would unduly interfere with such privacy interests and

8  undermine the system of peer review. Such provision of records would also interfere

9  with patient privacy rights.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

11     Defendant will supplement Exhibit A to provide further information regarding peer

12 review investigations concerning poor documentation.

13 **REQUEST FOR PRODUCTION NO. 56:**

14     ALL DOCUMENTS reflecting instances at the Alta Bates or Summit campuses of

15 ABSMC where cardiac patients had both a psychiatric diagnosis and an indication for

16 cardiac surgery, including documents reflecting whether any such patient underwent a

17 psychiatric evaluation, from 1995 to present.

18 **OBJECTION TO REQUEST FOR PRODUCTION NO. 56:**

19     Defendant objects on the grounds of lack of relevancy (in that one instance of

20 such occurring, if it ever did, cannot be compared with the multiple issues which were

21 raised concerning Plaintiff's quality of care) and undue burden. This request would

22 require that Defendant review the files of every cardiac patient for a 12 year period.

23 **REQUEST FOR PRODUCTION NO. 57**

24     ALL DOCUMENTS reflecting INVESTIGATIONS, CORRECTIVE ACTION or

25 other discipline YOU imposed, in whole or in part, for failure to conduct a psychiatric

26 evaluation where cardiac patients had both a psychiatric diagnosis and an indication for

27 cardiac surgery from 1995 to present.

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 26 -

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

2        See, Exhibit A.  No cardiac surgeon was the subject of an MEC investigation

3    during the time period covered by the chart.

4    **REQUEST FOR PRODUCTION NO. 58:**

5        ALL DOCUMENTS reflecting instances from 1995 to present where YOU

6    criticized or disciplined a cardiac surgeon, in whole or in part, for the brevity of an

7    echocardiogram report.

8    **OBJECTION TO REQUEST FOR PRODUCTION NO. 58:**

9        Defendant objects on the grounds of lack of relevancy (in that one or more

10   instances of such occurring, if it ever did, cannot be compared with the multiple issues

11   which were raised concerning Plaintiff's quality of care) and undue burden.  Defendant

12   further objects on physician and patient privacy grounds.  See Exhibit A.  No cardiac

13   surgeon was the subject of an MEC investigation during the time period covered by the

14   chart.

15   **REQUEST FOR PRODUCTION NO. 59:**

16       ALL DOCUMENTS RELATED TO mitral valve repair or replacement procedures

17   at ABSMC from 2004 to 2006, where there was no history of coronary artery disease.

18   **OBJECTION TO REQUEST FOR PRODUCTION NO. 59:**

19       Defendant objects on the grounds of vagueness (as to the phrase "no history of

20   coronary artery disease), lack of relevancy (in that one or more instances of such

21   occurring, if it ever did, cannot be compared with the multiple issues which were raised

22   concerning Plaintiff's quality of care) and undue burden.  This request would require that

23   Defendant review the files of every cardiac procedure.  Defendant further objects on

24   physician and patient privacy grounds.

25   **REQUEST FOR PRODUCTION NO. 60:**

26       ALL DOCUMENTS RELATED TO patients at the Alta Bates or Summit campuses

27   of Defendant who underwent a second operation during the same hospitalization to

28   correct a valve problem from 1985 to present.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 27 -

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1  **OBJECTION TO REQUEST FOR PRODUCTION NO. 60:**

2       Defendant objects on the grounds of lack of relevancy (in that one or more

3  instances of such occurring, if it ever did, cannot be compared with the multiple issues

4  which were raised concerning Plaintiff's quality of care) and undue burden.  This request

5  would require that Defendant review the files of every cardiac procedure.  Defendant

6  further objects on physician and patient privacy grounds.

7  **REQUEST FOR PRODUCTION NO. 61:**

8       ALL DOCUMENTS reflecting review by YOUR Cardiac Surgery Peer Review

9  Committees, Surgical peer Review Committees or Medical Executive Committees of

10  cases or instances where patients underwent a second operation during the same

11  hospitalization to correct a valve problem.

12  **OBJECTION TO REQUEST FOR PRODUCTION NO. 61:**

13       Defendant objects on the grounds of lack of relevancy (in that one or more

14  instances of such occurring, if it ever did, cannot be compared with the multiple issues

15  which were raised concerning Plaintiff's quality of care) and undue burden.  Defendant

16  further objects on physician and patient privacy grounds.  See Exhibit A.  No cardiac

17  surgeon was the subject of an MEC investigation during the period covered by the chart.

18  **REQUEST FOR PRODUCTION NO. 62:**

19       ALL DOCUMENTS RELATED TO patient deaths following aortic valve surgery

20  from 1995 to the present at YOUR Alta Bates or Summit campuses.

21  **OBJECTION TO REQUEST FOR PRODUCTION NO. 62:**

22       Defendant objects on the grounds of lack of relevancy, undue burden, and patient

23  and/or physician privacy.  Defendant has already provided Plaintiff with statistics of

24  mortality rates considered during his peer review process.

25  **REQUEST FOR PRODUCTION NO. 63:**

26       ALL DOCUMENTS RELATED TO Surgery Peer Review Committee, Ad Hoc

27  Committee or Medical Executive Committee review of patient deaths following aortic

28  valve surgery from 1995 to the present at YOUR Alta Bates or Summit campuses.

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1    **OBJECTION TO REQUEST FOR PRODUCTION NO. 63:**

2         Defendant objects on the grounds of lack of relevancy, undue burden and patient

3    and/or physician privacy.  See Exhibit A.  No cardiac surgeon was the subject of an MEC

4    investigation during the time period covered by the chart.

5    **REQUEST FOR PRODUCTION NO. 64:**

6         ALL DOCUMENTS RELATED TO review by YOUR Cardiac Surgery Peer Review

7    Committees, Surgical Peer Review Committees or Medical Executive Committees of

8    cases were a Jehovah's Witness patient was operated on at YOUR Alta Bates or

9    Summit campuses from 1995 to present.

10   **OBJECTION TO REQUEST FOR PRODUCTION NO. 64:**

11        Defendant objects on the grounds of lack of relevancy, undue burden, and patient

12   and/or physician privacy.

13   **REQUEST FOR PRODUCTION NO. 65:**

14        ALL DOCUMENTS RELATED TO conversion rates for all non-Kaiser cardiac

15   surgeons on YOUR MEDICAL STAFF from 2004 to 2006.

16   **OBJECTION TO REQUEST FOR PRODUCTION NO. 65:**

17        Defendant objects on vagueness grounds to the term "conversion" which could

18   refer to multiple meanings of conversion.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

20        Defendant has already produced all documents relating to the conversion rates

21   from off pump to on pump bypass procedures considered during Plaintiff's peer review.

22   **REQUEST FOR PRODUCTION NO. 66:**

23        ALL DOCUMENTS RELATED TO complaints made by YOUR operating room

24   staff regarding interactions with cardiac surgeons from 1995 to present.

25   **OBJECTION TO REQUEST FOR PRODUCTION NO. 66:**

26        Defendant objects on vagueness grounds to the term "complaints", and further

27   objects on grounds of lack of relevancy.

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 29 -

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1    **REQUEST FOR PRODUCTION NO. 67:**

2        ALL DOCUMENTS RELATED TO or reflecting INVESTIGATIONS,

3    CORRECTIVE ACTION or other discipline YOU imposed, in whole or in part, for

4    complaints made by YOUR operating room staff regarding interactions with cardiac

5    surgeons from 1995 to present.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

7        See Exhibit A to Defendant's Responses to Plaintiff's Special Interrogatories, Set

8    One.  During the time period covered by Exhibit A, the MEC did not conduct any such

9    investigation of a cardiac surgeon.

10   **REQUEST FOR PRODUCTION NO. 68:**

11       ALL DOCUMENTS RELATED TO or reflecting INVESTIGATIONS,

12   CORRECTIVE ACTION or other discipline YOU imposed from 1995 to present, in whole

13   or in part, based on instances where surgeons allegedly made chart notes on a date

14   other than the date actually identified in the chart notes.

15   **OBJECTION TO REQUEST FOR PRODUCTION NO. 68:**

16       See Defendant's Exhibit A which identifies corrective action taken by the MEC

17   related to the general category of falsification of records.  To the extent that this request

18   seeks documents underlying Exhibit A, Defendant objects on the grounds of invasion of

19   privacy of the Medical Staff members who have been promised that peer review would

20   be conducted on a confidential basis in accordance with California Evidence Code

21   Section 1157 and the provisions of the Summit Medical Staff Bylaws.  Defendant has

22   attempted to balance such privacy interests with Plaintiff's request for information in

23   compiling a summary chart of corrective actions undertaken by the MEC during the

24   period of 1992 to present.  That chart does not yet provide information concerning

25   physicians who have raised privacy objections in response to a notice from Defendant's

26   counsel and pending further hearing by the court on November 30, 2007.  Providing

27   records beyond the summary information already produced would unduly interfere with

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                    C 07-2486 WHA

1  such privacy interests and undermine the system of peer review.  Such provision of

2  records would also interfere with patient privacy rights.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

4       Defendant will supplement Exhibit A to provide further information concerning any

5  MEC investigation relating to falsification of medical chart information.

6  **REQUEST FOR PRODUCTION NO. 69:**

7       ALL DOCUMENTS RELATED TO review by YOUR Cardiac Surgery Peer Review

8  Committees, Surgical Peer Review Committees or Medical Executive Committees of a

9  MEMBER of the MEDICAL STAFF based in whole or in part on the brevity of informed

10  consent obtained by the MEMBER.

11  **OBJECTION TO REQUEST FOR PRODUCTION NO. 69:**

12       See Exhibit A which identifies MEC investigation and corrective action related to

13  consent issues.   To the extent that this request seeks the production of documents

14  underlying Exhibit A, Defendant objects on the grounds of invasion of privacy of the

15  Medical Staff members who have been promised that peer review would be conducted

16  on a confidential basis in accordance with California Evidence Code Section 1157 and

17  the provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

18  such privacy interests with Plaintiff's request for information in compiling a summary

19  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

20  That chart does not yet provide information concerning physicians who have raised

21  privacy objections in response to a notice from Defendant's counsel and pending further

22  hearing by the court on November 30, 2007.   Providing records beyond the summary

23  information already produced or for committee review at the non-MEC level would

24  unduly interfere with such privacy interests and undermine the system of peer review.

25  Such provision of records would also interfere with patient privacy rights.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

27       Defendant will supplement Exhibit A to provide further information involving MEC

28  investigations of informed consent issues.

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1    **REQUEST FOR PRODUCTION NO. 70:**

2      ALL DOCUMENTS RELATED TO the use of emergent CABG procedures at

3    YOUR Alta Bates or Summit campuses that ended in patient deaths from 2004 to 2006.

4    **OBJECTION TO REQUEST FOR PRODUCTION NO. 70:**

5      Defendant objects to the term "emergent" on vagueness grounds.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

7      Defendant has already provided statistical information concerning patient deaths

8    in CABG procedures considered during Plaintiff's peer review process.

9    **REQUEST FOR PRODUCTION NO. 71:**

10      ALL DOCUMENTS RELATED TO review by YOUR Cardiac Surgery Peer Review

11    Committees, Surgical Peer Review Committees or Medical Executive Committees of a

12    MEMBER of the MEDICAL STAFF based in whole or in part on lost or retained foreign

13    bodies in surgical patients since 1995.

14    **OBJECTION TO REQUEST FOR PRODUCTION NO. 71:**

15      Defendant objects to RFP No. 71 based on patient and physician privacy.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

17      Defendant will supplement Exhibit A to reference any consideration of this issue in

18    the investigations there delineated.

19    **REQUEST FOR PRODUCTION NO. 72:**

20      ALL DOCUMENTS RELATED TO review by YOUR Cardiac Surgery Peer Review

21    Committees, Surgical Peer Review Committees or Medical Executive Committees of a

22    MEMBER of the MEDICAL STAFF based in whole or in part on a MEMBER's failure to

23    visit a patient since 1995.

24    **OBJECTION TO REQUEST FOR PRODUCTION NO. 72:**

25      Defendant objects on the grounds of lack of relevancy (in that one instance of

26    such occurring, if it ever did, cannot be compared with the multiple issues which were

27    raised concerning Plaintiff's quality of care), interference with patient and physician

28    privacy.   Defendant objects on relevancy grounds to any review at a level other than

- 32 -

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1  that conducted by the MEC. To the extent that the request seeks documentation

2  underlying Exhibit A, Defendant objects on grounds of patient and physician privacy.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

4      Defendant will supplement Exhibit A to provide further information regarding any

5  investigation by the MEC concerning failure to visit a patient.

6  **REQUEST FOR PRODUCTION NO. 73:**

7      ALL DOCUMENTS RELATED TO or reflecting INVESTIGATIONS,

8  CORRECTIVE ACTION or other discipline YOU imposed from 1995 to present, in whole

9  or in part, based on instances where surgeons were accused of excessive blood use.

10  **OBJECTION TO REQUEST FOR PRODUCTION NO. 73:**

11      Defendant objects on the grounds of invasion of privacy of the Medical Staff

12  members who have been promised that peer review would be conducted on a

13  confidential basis in accordance with California Evidence Code Section 1157 and the

14  provisions of the Summit Medical Staff Bylaws. Defendant has attempted to balance

15  such privacy interests with Plaintiff's request for information in compiling a summary

16  chart of corrective actions undertaken by the MEC during the period of 1992 to present.

17  That chart does not yet provide information concerning physicians who have raised

18  privacy objections in response to a notice from Defendant's counsel and pending further

19  hearing by the court on November 30, 2007. Providing records beyond the summary

20  information already produced would unduly interfere with such privacy interests and

21  undermine the system of peer review. Such provision of records would also interfere

22  with patient privacy rights.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

24      See, Exhibit A. To the extent that any of the corrective actions there discussed

25  involved excessive blood usage, Defendant will supplement the chart.

26  **REQUEST FOR PRODUCTION NO. 74:**

27      ALL DOCUMENTS RELATED TO or reflecting INVESTIGATIONS,

28  CORRECTIVE ACTION or other discipline YOU imposed from 1995 to present, in whole

KAUFF MCCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

C 07-2486 WHA

1    or in part, based on instances where surgeons were accused of lengthy operating times.

2    **OBJECTION TO REQUEST FOR PRODUCTION NO. 74:**

3              Defendant objects on the grounds of invasion of privacy of the Medical Staff

4    members who have been promised that peer review would be conducted on a

5    confidential basis in accordance with California Evidence Code Section 1157 and the

6    provisions of the Summit Medical Staff Bylaws.  Defendant has attempted to balance

7    such privacy interests with Plaintiff's request for information in compiling a summary

8    chart of corrective actions undertaken by the MEC during the period of 1992 to present.

9    That chart does not yet provide information concerning physicians who have raised

10   privacy objections in response to a notice from Defendant's counsel and pending further

11   hearing by the court on November 30, 2007.  Providing records beyond the summary

12   information already produced would unduly interfere with such privacy interests and

13   undermine the system of peer review.  Such provision of records would also interfere

14   with patient privacy rights.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

16             See, Exhibit A.  To the extent that any of the corrective actions there discussed

17   involved lengthy operating times, Defendant will supplement the chart.

18

19   DATED:        November 2A, 2007              KAUFF MCCLAIN & MCGUIRE LLP

20

21                                              By:_____

22                                                   MAUREEN E. MCCLAIN

23                                              Attorneys for Defendant
                                                ALTA BATES SUMMIT MEDICAL
24                                              CENTER

25
     4841-6797-5682.1
26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO                          C 07-2486 WHA

**PROOF OF SERVICE**

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Post Street, Suite 2600, San Francisco, California 94104. On November 28, 2007, I served a true and correct copy of the within documents:

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**

on the interested parties in said action by placing true and correct copies in a sealed envelope and giving it into the care of FREEWHEELIN' ATTORNEY SERVICE for same-day hand delivery to the parties as follows:

> G. Scott Emblidge, Esq.
> Moscone, Emblidge & Quadra, LLP
> 220 Montgomery Street, Suite 2100
> San Francisco, CA 94104

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 28, 2007, at San Francisco, California.

_____
Rita I. Chavez

KAUFF McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

CASE NO. C 07-2486 WHA