G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:   (415) 362-3599
Facsimile:   (415) 362-2006

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D.,<br><br>    Plaintiff,<br><br>vs.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>    Defendant. | Case No.: C 07-2486 WHA<br><br>**PLAINTIFF'S OBJECTIONS TO EVIDENCE IN SUPPORT OF DEFENDANT ALTA BATES SUMMIT MEDICAL CENTER'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    April 25, 2008<br>Time:   8:00 a.m.<br>Dept.:   Ctrm. 9, 19th Floor<br>Judge:  Hon. William H. Alsup<br><br>Complaint Filed: May 9, 2007<br>Trial Date:            June 2, 2008 |

Plaintiff objects to the following evidence that Defendant Alta Bates Summit Medical Center ("Alta Bates" or "Defendant") has presented in support of its Reply to Plaintiff's Opposition to Motion for Summary Judgment. Under Federal Rule of Civil Procedure 56(e), "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Defendant has filed several declarations, including the exhibits attached thereto, that fall short of the standards of admissibility. Moreover, this "evidence" was submitted with Defendant's reply papers and therefore is disfavored by this Court.

Specifically, Plaintiff hereby objects to the declaration of Alex Hernaez as follows:

## I.  OBJECTIONS TO DECLARATION OF ALEX HERNAEZ

| DECLARATION CITES | OBJECTIONS |
| --- | --- |
| Exhibit 1 | If submitted for the truth of the matters asserted in this document, the document is inadmissible hearsay. Fed. R. Evid. 802; Fed. R. Civ. Pro. 56(e); lack of foundation for the factual assertions contained in the document; inadmissible opinion testimony; improper legal conclusions. |
| Exhibit 7 | If submitted for the truth of the matters asserted in this document, the document is inadmissible hearsay. Fed. R. Evid. 802; Fed. R. Civ. Pro. 56(e); lack of foundation for the factual assertions contained in the document. |

| | |
|---|---|
| Exhibit 8 | If submitted for the truth of the matters asserted in this document, the document is inadmissible hearsay. Fed. R. Evid. 802; Fed. R. Civ. Pro. 56(e); lack of foundation for the factual assertions contained in the document; misleading citation of evidence since this document suggests that Dr. Isenberg's request to the NMA to add substantive comments was rejected by the MEC lawyer when in fact Dr. Isenberg's substantive comments were added to the NMA report. |

## II.    OBJECTIONS TO DEFENDANT'S OBJECTIONS TO EVIDENCE

The majority of Defendant's document entitled Objections to Evidence is merely argument about disputed facts or the legal import of those facts. This is a transparent attempt to avoid the page limit for reply briefs by inserting legal arguments in a separate document. See Local Rule 7-4(b). For these reasons, Plaintiff asks the Court to strike the following portions of Defendant's "Objections":

Page 1, line 19 through page 4, line 22

Page 5, footnote 9

Page 5, line 18 through page 6, line 1

Page 6, lines 10 through 12

Page 6, line 15 through page 7, line 10 and footnotes 11 and 12

Page 8, lines 1 through 4

Page 8, line 18, through page 10, line 24

Page 10, line 25, through page 11, line 8

Page 11, lines 9 through 19

Page 11, line 25, through page 13, line 5 and footnote 16

Page 13, line 12 through page 14, line 6

Page 14, lines 10 through 19

Plaintiff will respectfully request the Court at the hearing on the Motion for Summary Judgment to sustain the above objections and to strike the evidence and improper argument referred to above.

Dated: April 21, 2008                             Respectfully Submitted,

                                          MOSCONE, EMBLIDGE & QUADRA, LLP

                                          By:_____/s/_____
                                                    Andrew E. Sweet

                                          Attorneys for Coyness L. Ennix Jr., M.D.