MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 421-3111
Facsimile: (415) 421-0938

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

TAZAMISHA H. IMARA (State Bar No. 201266)
Email: imara@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
2049 Century Park East
Suite 2690
Los Angeles, CA 90067
Telephone: (310) 277-7550
Facsimile: (310) 277-7525

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX, JR., M.D., <br><br> Plaintiff, <br><br> v. <br><br> ALTA BATES SUMMIT MEDICAL CENTER, <br><br> Defendant. | CASE NO. C 07-2486 WHA <br><br> **DEFENDANT'S MOTION IN LIMINE NO. 2 SEEKING BIFURCATION OF DAMAGES AND OF ISSUES** <br><br> DATE: May 19, 2008 <br> TIME: 2:00 p.m. <br> DEPT: Ctrm. 9, 19th Floor <br> JUDGE: Hon. William H. Alsup <br><br> COMPLAINT FILED: May 9, 2007 <br> TRIAL DATE: June 2, 2008 |

## I. INTRODUCTION

Defendant Alta Bates Summit Medical Center ("ABSMC" or "the Hospital") hereby applies for an order *in limine* directing that Plaintiff Coyness L. Ennix ("Plaintiff"), his counsel, and witnesses be precluded from presenting evidence or argument in the presence of the jury concerning ABSMC's financial condition or wealth during the liability phase of the trial. Because testimony about ABSMC's financial condition may cause prejudice to ABSMC and is irrelevant as to the issue of liability, ABSMC moves for an order bifurcating the punitive damages phase of this case from the trial on liability until and unless Plaintiff can make a prima facie showing that he is entitled to punitive damages.

ABSMC also asks that the Court try the issue of whether a contract exists under § 1981 prior to trying the question of whether Plaintiff can prove intentional discrimination.

## II. ARGUMENT

### A. Bifurcation Of Damages Is Appropriate.

Courts within the Ninth Circuit have bifurcated liability from damages issues under Federal Rule of Civil Procedure 42(b). *M2 Software, Inc. v. Madacy Entertainment*, 421 F. 3d 1073, 1088 (9th Cir. 2005); *Ortega v. O'Connor*, 146 F.3d 1149, 1154 (9th Cir. 1998); *Arthur Young & Co. v. United States Dist. Ct.*, 549 F.2d 686, 697 (9th Cir. 1977); *E.E.O.C. v. Kovacevich "5" Farms*, 2006 WL 2687000 *1 (E.D. Cal. Sept. 19, 2006); *Gafford v. General Elec. Co.*, 997 F. 2d 150, 171-172 (6th Cir. 1993). Federal Rule of Civil Procedure 42(b) states as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

Fed. R. Civ. Proc. 42(b).

Here, Plaintiff seeks a variety of damages, including general, compensatory and punitive damages. If the Court does not bifurcate these issues, the parties will be required to spend time presenting evidence of ABSMC's financial condition, which is irrelevant to the issues of ABSMC's liability. Plaintiff should first make a prima facie showing that he is entitled to punitive damages.[1] If Plaintiff fails to make such a showing, evidence of ABSMC's wealth and financial condition is unnecessary. Thus, ABSMC requests that the Court order separate trials on the liability and punitive damages issues for the purpose of judicial economy.

Furthermore, a court may exclude evidence if its probative value is substantially outweighed by the probability that its admission will create substantial danger of undue prejudice, confusion of the issues, undue delay, or waste time. Fed. R. Evid. 403. Presenting evidence of ABSMC's financial condition during the liability phase of the trial is likely to lead to unfair prejudice and confusion, particularly where it might lead to a finding of liability for reasons unrelated to the merits of the case. *See M2 Software, Inc. v. Madacy Entertainment*, 421 F. 3d at 1088. For example, bifurcation of the punitive damages issues serves to negate the risk that evidence of ABSMC's financial condition will taint the jury's determination of the Hospital's underlying liability. Such a measure is essential since some jurors tend to blur the distinction between culpable conduct and a defendant's wealth. Accordingly, pursuant to Federal Rule of Civil Procedure 42(b), bifurcation of the liability and punitive damages phases is necessary to avoid unfair prejudice to ABSMC.

B. **Bifurcation Of Issues Is Appropriate.**

Similarly, Defendant asks that the two primary issues presented (i.e., *first*, whether a contract exists between Plaintiff and Defendant and *second*, whether Plaintiff can prove intentional discrimination under § 1981) be heard by the jury in the most

---

[1] Punitive damages may be awarded under 42 U.S.C. § 1981 where the defendant is found to have engaged in discriminatory practices with malice or with reckless indifference. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999); *U.S. E.E.O.C. v. Catholic Healthcare West*, 530 F. Supp. 2d 1096, 1108-1109 (C.D. Cal. 2008).

efficient manner. Defendant asks that the Court allow the jury to determine the contract issue before it considers the discrimination issue. Because the first question is both narrow and dispositive of Plaintiff's claim, it makes sense to have it determined first. Indeed, the Ninth Circuit has endorsed this very idea: "One favored purpose of bifurcation is to accomplish just what the district court sought to do here—avoiding a difficult question by first dealing with an easier, dispositive issue." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001).

### III. CONCLUSION

For the foregoing reasons, ABSMC respectfully requests an order *in limine* bifurcating the punitive damages phase of this case from the trial on liability, and barring Plaintiff from introducing or attempting to introduce evidence of ABSMC's financial condition or wealth in the liability phase of the trial.

DATED:   April 29, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: _____
ALEX HERNAEZ

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

4813-2328-8066.1

G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:    (415) 362-3599
Facsimile:    (415) 362-2006

REC'D MAY 09 2008

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COYNESS L. ENNIX JR., M.D.,

Plaintiff,

vs.

ALTA BATES SUMMIT MEDICAL CENTER,

Defendants.

Case No. C 07-2486 WHA

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE NO. 2 SEEKING BIFURCATION**

Trial Date:    June 2, 2008
Dept:          Ctrm. 9, 19th Floor
Judge:         Hon. William H. Alsup

Defendant seeks to bifurcate trial in two ways: (1) trying the issue of whether Dr. Ennix had a contractual relationship with ABSMC before trying the issue of whether ABSMC discriminated against Dr. Ennix, and (2) reserving evidence regarding ABSMC's wealth until a punitive damages phase after a jury finds liability.

There is no reason to put the jury through three phases of a trial. ABSMC has tried twice to convince this Court that no contractual relationship exists between the parties, and has failed both times. The facts are not really even in dispute: Dr. Ennix performs work at the hospital and has promised to comply with the hospital's bylaws and myriad rules and regulations. The hospital has granted Dr. Ennix the privileges necessary to perform work there, promising to

provide him with access to the hospital's facilities and personnel necessary to Dr. Ennix's work. As a result of the parties fulfilling these promises, both Dr. Ennix and the hospital derive income. In addition, Dr. Ennix enters into agreements with patients that are dependent on Dr. Ennix being able to use the hospital's facilities. While defendant disagrees that these relationships are contractual for purposes of 42 U.S.C. section 1981, it does not dispute – at least as far as plaintiff is aware – the underlying facts. There is no need for a separate trial on this issue.

Regarding punitive damages, the only evidence defendant identifies as being potentially prejudicial is evidence of the hospital's "financial condition or wealth." But no juror is going to be surprised, much less prejudiced, by the fact that the hospital has significant wealth. There is no need to have an additional phase of this trial simply to keep this evidence from the jury. Moreover, plaintiff is willing to enter into a stipulation regarding defendant's wealth in order to eliminate the need for any testimony on this issue.

Respectfully submitted,

Dated: May 9, 2008

MOSCONE, EMBLIDGE & QUADRA, LLP

By: _____
G. Scott Emblidge
Attorneys for Plaintiff