MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone:  (415) 421-3111
Facsimile:  (415) 421-0938

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

TAZAMISHA H. IMARA (State Bar No. 201266)
Email: imara@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
2049 Century Park East
Suite 2690
Los Angeles, CA  90067
Telephone:  (310) 277-7550
Facsimile:  (310) 277-7525

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX, JR., M.D.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>　　　　　Defendant. | CASE NO.  C 07-2486 WHA<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 5 TO EXCLUDE EXPERT TESTIMONY CHALLENGING THE FAIRNESS OF THE PEER REVEW PROCESS**<br><br>DATE:　　May 19, 2008<br>TIME:　　2:00 p.m.<br>DEPT:　　Ctrm. 9, 19th Floor<br>JUDGE:　　Hon. William H. Alsup<br><br>COMPLAINT FILED: May 9, 2007<br>TRIAL DATE: June 2, 2008 |

## I. INTRODUCTION

Defendant Alta Bates Summit Medical Center ("ABSMC" or "the Hospital"), hereby applies for an order *in limine*, directing that Plaintiff Coyness L. Ennix ("Plaintiff"), be precluded from presenting expert testimony challenging the fairness of the peer review process which was conducted regarding his surgical practices and outcomes. To the extent that said experts have been designated *solely* for the purpose of providing opinion testimony about the propriety and fairness of the procedures used to conduct the peer review of Plaintiff, those experts should not be permitted to testify at trial. Under the rule of *Westlake Community Hospital v. Superior Court* 17 Cal.3d 465 (1976), Plaintiff is precluded from re-litigating the peer review process since he failed to challenge its outcome through the mechanisms provided by the bylaws, and thereafter through a mandamus proceeding. The procedures which Plaintiff intends to challenge through the use of expert testimony were authorized by the bylaws in effect at the Hospital, and are not relevant to the issue to be tried in this action—whether the decision to restrict Plaintiff's surgical privileges in the aftermath of the peer review was the result of race discrimination. The admission of the expected testimony at trial would be cumulative, would waste the court's time, and is likely to mislead and confuse the jury.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Following a peer review of Plaintiff's surgical practices and outcomes, the Summit Medical Staff Medical Executive Committee's ("MEC") restricted Plaintiff to surgical assisting between May and October 2005, and to proctoring between October and July of 2005. This action concerns Plaintiff's claims that the Hospital's decision to refer him for peer review, and MEC's resultant disciplinary actions constituted race discrimination and were in violation of 28 U.S.C. § 1981.

Plaintiff has designated a number of persons to testify as experts at the trial of this matter, and the Hospital anticipates that Plaintiff intends to offer expert testimony directed at challenging several aspects of the peer review process, Plaintiff's opposition to the motion for summary judgment included a multitude of such quibbles

-1-

about what Plaintiff perceives to be procedurally unfair aspects of the peer review. In particular, Plaintiff contends:

- ABSMC did not refer issues concerning Plaintiff's work to the Cardiothoracic Surgery Peer Review Committee ("CSPRC") as an initial step, instead sending it directly to the Surgery Peer Review Committee ("SPRC") (Opp. to MSJ, 2:13-15, 5:23-25);
- The Ad Hoc Committee ("AHC") did not include cardiologists or cardiac surgeons (Opp. to MSJ, 2:15-18);
- Outside reviewers were utilized as part of the peer review process (Opp. to MSJ, 2:18-20);
- A draft of the report of the outside reviewers was sent to Dr. Isenberg and the Hospital's counsel before it was finalized (Opp. to MSJ, 3:3-5); and
- Dr. Isenberg attended and participated in the meetings of the AHC (Opp. to MSJ 7:4-6)..

Plaintiff clearly disagrees with the way in which the peer review was staffed, conducted and managed—indeed, this alleged procedural unfairness appears to be the primary basis of for his claim that he was subjected to discrimination. However, such "second-guessing" of the peer review process is properly excluded from the trial of this action. Under the case law of *Westlake*, such testimony and evidence is irrelevant and prejudicial. The proper venue for Plaintiff to challenge the manner in which the peer review was undertaken was by appealing any resulting decision pursuant to the Hospital by-laws. Plaintiff declined to do so, and he cannot re-litigate the issue at the trial of this action.

III.  **ARGUMENT**

    A.    **Under The Law Of *Westlake*, Plaintiff Has Waived Any Rights He Had To Challenge The Alleged Unfairness Of The Peer Review Process.**

In *Westlake Community Hospital v. Superior Court* (1976) 17 Cal.3d 465, the California Supreme Court considered the challenge of a staff physician to the revocation of her staff privileges at Westlake. The doctor asserted that she her staff privileges had been revoked as part of an effort to destroy her practice and not for any legitimate cause. *Westlake* at 412. The by-laws in effect at Westlake included a

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104

- 2 -

DEFENDANT'S MOTION IN LIMINE NO. 5     CASE NO. C 07-2486 WHA

provision permitting the doctor to challenge the decision to revoke her staff privileges at a hearing before a review committee. *Id.* The plaintiff doctor attended the hearing where she was represented by counsel, and was later informed of that the decision to revoke her privileges would stand. The doctor appealed the decision to the board of directors as permitted under the bylaws. The decision to revoke the doctor's privileges at Westlake was upheld. *Id.* at 471-472.

The physician then sought to challenge the decision regarding the revocation of her privileges through a state court tort action. The California Supreme Court concluded that before the physician could challenge the decision to revoke her privileges in court, she was first "required to overturn the challenged quasi-judicial decision directly in a mandamus action." *Id.* at 411. The Court reasoned:

> As in a malicious prosecution action, plaintiff's position rests on a contention that defendants intentionally and maliciously misused a quasi-judicial procedure in order to injure her; such a claim is necessarily premised on an assertion that the hospital's decision to revoke plaintiff's privileges was itself erroneous and unjustified. Although a quasi-judicial decision reached by a tribunal of a private association may not be entitled to exactly the same measure of respect as a similar decision of a duly constituted public agency [cit. omit.] we believe that so long as such a quasi-judicial decision is not set aside through appropriate review procedures the decision has the effect of establishing the propriety of the hospital's action.

*Id.* at 484.

In the instant case, Plaintiff seeks to essentially re-litigate the peer review process by challenging the methods, motives and procedures utilized. Like the plaintiff physician in *Westlake*, Plaintiff failed to pursue a reversal of the decision to suspend his staff privileges through a mandamus proceeding. Indeed, Plaintiff did even less than the plaintiff in *Westlake* to challenge the hospital's decision—he neglected even to pursue the immediate internal procedures for challenging the decision. He is therefore properly barred from re-litigating what the alleged procedural unfairness of the Hospital's peer review process at trial.

- 3 -

**B. Testimony Regarding Plaintiff's Allegation That The Procedural Aspects Of The Peer Review Process Were Unfair Is Irrelevant To Any Issue To Be Tried In This Action.**

Notwithstanding the fact Plaintiff declined to take any steps to challenge the peer review process through the Hospital's internal procedure, he now seeks to present testimony to the jury through his experts challenging the procedural fairness of that process. Any such testimony is irrelevant and inadmissible pursuant to Federal Rule of Evidence 401. The Rule provides that relevant evidence is:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Plaintiff's quibbles with the procedures used by the hospital in the course of the peer review simply are not relevant to the issue of whether the decision to restrict Plaintiff's surgical privileges at the Hospital was discriminatory. His claims that improper procedures were used by the Hospital in the course of the peer review are either provably false, or belied by Hospital by-laws allowing the very procedures that Plaintiff seeks to contest. For example:

> • Plaintiff contends that peer review rules permit only another cardiac surgeon to review another cardiac surgeon.
>
> The bylaws contain no such prohibition against doctors with a different practice specialty than the review physician participating in the review. In fact, the bylaws provide that a peer is define to include "other medical staff members in good standing **not practicing in the same specialty as the individual whose case is under review.**" (Sweet Decl. in Opp. to MSJ ("Sweet Decl.") at Ex, S, p.48.)
>
> • Plaintiff contends that Dr. Isenberg improperly attended and participated in the meetings of the AHC.
>
> The bylaws expressly provide that Dr. Isenberg as Medical Staff President is charged with "serving was an ex-officio member on all other staff committees except the credential committee, with vote." (Isenberg Decl. in Support of MSJ ("Isenberg Decl.") Ex. A (Section 9.2(A)(4)).)

- 4 -

- Plaintiff contends that the Hospital was obligated to first refer any concerns regarding his surgical practices to the CSPRC before a peer review could proceed.

> The bylaws state that "the MEC may undertake on its own to appoint an ad hoc investigative committee comprised of such individuals as it sees fit." There is no requirement of that a "lock-step" procedure be followed. (Isenberg Decl. Ex. A (Section 7.1(B)).)

Plaintiff's disagreement with various procedures used by the Hospital in the peer review process should have been challenged through a mandamus procedure in the first instance, and is not relevant to the issue of racial bias that is at the center of this action. Testimony of Plaintiff's experts challenging the propriety and fairness of the peer review process that was conducted with respect to Plaintiff's work should be inadmissible at trial.

### C. Expert Testimony Challenging The Procedural Fairness Of The Peer Review Process Is More Prejudicial Than Probative And Is Inadmissible.

Plaintiff apparently intends to introduce "expert" testimony that second-guesses the procedures and methods used in the course of the peer review process. Undoubtedly Plaintiff intends to do so in an effort to convince the jury that Plaintiff was treated unfairly, and to provoke an inference that the basis of any alleged unfairness was Plaintiff's race. As discussed, *Westlake* forbids such an effort given Plaintiff's failure to seek that the Hospital's decision revoking his privileges be overturned in a ,mandamus proceeding. Moreover, such evidence is not relevant to the determination of whether the disciplinary action taken as a result of the peer review process was the result of discrimination.

Even if found to have some nominal relevance to the issues be tried, testimony of Plaintiff's experts regarding the purported unfairness of the peer review process remains inadmissible. It would be cumulative, and would serve only to mislead and confuse the jury, and waste the court's time. Federal Rule of Evidence 403 provides:

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104

- 5 -

DEFENDANT'S MOTION IN LIMINE NO. 5    CASE NO. C 07-2486 WHA

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

F.R.E. 403. .

If Plaintiff brings a succession of experts to the stand to second-guess and impugn the procedures used in the peer review process, such evidence would be cumulative. This testimony together with the necessary rebuttal demonstrating that the procedures were authorized by Hospital bylaws will simply be a waste of time. In addition, introducing this opinion testimony concerning the fairness of the peer review process is likely to mislead and confuse the jury, and create the impression that the trier of fact is to judge whether the Hospital's peer review process was fair or appropriate. As discussed at section III.A. Plaintiff is not entitled to re-litigate the peer review process at trial. His waived his right to challenge those processes by choosing to forgo any challenge to the decision through the mechanisms provided by the bylaws, and then through a mandamus proceeding.

**D.    To The Extent That Plaintiff Has Identified Expert Witnesses To Testify As To The Procedural Fairness Of The Peer Review Process, Such Expert Witnesses Should Be Barred From Testifying.**

The Hospital anticipates that Plaintiff will produce expert witnesses at trial to testify solely regarding the supposed unfairness of the peer review process. Any such expert witness should be stricken and prevented from testifying at the trial of this action. The decision to suspend Plaintiff's privileges and the other disciplinary action that followed was the result of the peer review process. For this reason the parties should be permitted to introduce experts to testify on the existence and role of peer review in the hospital setting—but not to testify regarding the propriety or procedural soundness of the peer review of Plaintiff.

## IV. CONCUSION

For each of the foregoing reasons, ABSMC respectfully requests that Plaintiff, his counsel, and witness be precluded from introducing expert testimony regarding the procedural fairness of the peer review process utilized with respect to Plaintiff.

DATED: April 29, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: /s/ Alex Hernaez
ALEX HERNAEZ

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

4820-6194-4322.1

REC'D MAY 0 9 2008

1  G. SCOTT EMBLIDGE, State Bar No. 121613
   emblidge@meqlaw.com
2  RACHEL J. SATER, State Bar No. 147976
   sater@meqlaw.com
3  ANDREW E. SWEET, State Bar No. 160870
   sweet@meqlaw.com
4  MOSCONE, EMBLIDGE, & QUADRA, LLP
   220 Montgomery Street, Suite 2100
5  San Francisco, California 94104-4238
   Telephone:   (415) 362-3599
6  Facsimile:   (415) 362-2006

7  Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>Defendants. | Case No. C 07-2486 WHA<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 5 TO EXCLUDE EXPERT TESTIMONY CHALLENGING THE FAIRNESS OF THE PEER REVIEW PROCESS**<br><br>Trial Date: June 2, 2008<br>Dept:       Ctrm. 9, 19th Floor<br>Judge:      Hon. William H. Alsup |

**INTRODUCTION**

ABSMC knows that the peer review it imposed on Dr. Ennix was unfair and harsh and unlike any it ever imposed on a Caucasian physician. ABSMC moves here to exclude expert testimony challenging the fairness of that very peer review process.

ABSMC boldly claims that Dr. Ennix is precluded from presenting any expert testimony that comments on the propriety and fairness of his peer review because he waived the right to make such a challenge and because challenges to the peer review are irrelevant, and are more

1

prejudicial than probative. The claims are contrary to the law and completely ignore that the unfairness of this peer review is relevant circumstantial evidence of pretext and evidence that ABSMC subjected Dr. Ennix to a unique and unduly harsh peer review reserved only for physicians of color. This evidence helps prove discrimination.

Finally, ABSMC knows that its so-called Peer Review Expert, Kimberley Ware, Esq., is unqualified to render competent expert testimony regarding the propriety and fairness of Dr. Ennix's peer review. (She is a lawyer whose opinion constitutes inadmissible legal opinion – See Plaintiff's Motion in Limine No. 3.) Consequently, ABSMC attempts, without citing any authority, to limit the scope of Dr. Ennix's bona fide peer review expert, Dr. Eugene Spiritus, to testimony about which ABSMC's lawyer expert might qualify; simply to the existence and roll of peer review in the hospital setting.[1] However, Dr. Spiritus is qualified to render expert testimony regarding the propriety and fairness of Dr. Ennix's peer review. His testimony should not be similarly limited.

The motion should be denied.

## ARGUMENT

### I. AS A MATTER OF LAW, DR. ENNIX DID NOT WAIVE A CHALLENGE TO THE PROPRIETY AND FAIRNESS OF HIS PEER REVIEW

ABSMC subjected Dr. Ennix to a peer review that was unfair and harsh. It did not follow its own Rules and Regulation or its Bylaws. The significant aberrations[2] were highlighted in Dr. Ennix's Opposition to Defendant's Motion for Summary Judgment (13:22-19:9) and are summarized as follows:

- Manipulation of the initial peer review process
- Manipulation of the Ad Hoc Committee process

---

[1] ABSMC does not challenge Dr. Spiritus' expert qualifications.
[2] ABSMC refers to this powerful circumstantial evidence that helps prove racial discrimination as merely Plaintiff's "quibbles." (Brief 1:28; 4:10) This cavalier treatment of Dr. Ennix claim of racial discrimination is endemic to ABSMC's culture, which is dominated by Caucasian physicians.

2
PLAINTIFF'S OPPOSITION TO DEFENDANT'S                    Case No. C 07-2486 WHA
MOTION IN LIMINE NO. 5

- Manipulation of the review by National Medical Audit
- Unfair adverse actions.

ABSMC relies exclusively on *Westlake Community Hospital v. Superior Court* (1976) 17 Cal.3d 465 to claim Dr. Ennix has waived any rights he had to challenge the unfairness of the peer review process because he failed to exhaust administrative remedies. Yet, *Westlake* concerned procedural requirements before a physician could institute state court tort action for damages and does not address exhaustion in a federal civil rights case.

But other cases do address exhaustion in the federal civil rights context and hold as a matter of law that Dr. Ennix was not required to exhaust administrative remedies before bringing his federal civil rights claim. *Johnson v. Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1276 (D.C. Cir. 1991); *Donaldson v. Taylor Products Division of Tecumseh Products Co.*, 620 F.2d 155, 158 (7th Cir. 1980); *Floyd-Mayers v. American Cab Co.*, 732 F.Supp. 243, 247 (D.D.C. 1990); *McDaniel v. Bd. of Education*, 44 Cal.App.4th 1618, 1622 (1996), citing *Patsy v. Florida Board of Regents*, 457 U.S. 496, 500 (1988).

Indeed, when defendant moved to dismiss Dr. Ennix's state law claims based on an exhaustion defense, it pointedly did not move to dismiss his federal claim.

## II. THE PROPRIETY AND FAIRNESS OF THE PEER REVIEW PROCESS ARE HIGHLY RELEVANT

"All relevant evidence is admissible, except as otherwise provided [by law]. Evidence which is not relevant is not admissible." Fed. Rule Evid. 402.

By building in a false premise - that the only issue in this case is whether the decision to restrict Dr. Ennix's privileges after the peer review was over was the result of race discrimination (Def. Motion in Limine No. 5 1:14-16; 4:10-12)– ABSMC argues that challenges to the peer review itself are therefore irrelevant. The claim ignores that evidence of an unfair peer review is circumstantial evidence to prove pretext and to show that Dr. Ennix received a harsher form of peer review than is fair and normal.

ABSMC argues that testimony regarding Dr. Ennix's peer review is irrelevant since "[h]is claims that improper procedures were used by the Hospital in the course of the peer review

3

PLAINTIFF'S OPPOSITION TO DEFENDANT'S    Case No. C 07-2486 WHA
MOTION IN LIMINE NO. 5

are either provably false, or belied by Hospital by-laws allowing the very procedure that Plaintiff seeks to contest." Def. Motion in Limine No. 5 4:12-15. In other words, circumstantial evidence that ABSMC acted with discriminatory intent in the form of their unfair and unduly harsh peer review is irrelevant because ABSMC says it abided by a fair process. The evidence belies the audacious claim. Dr. Ennix is entitled to present his case of discrimination, which includes relevant and competent expert testimony regarding the propriety and fairness of the peer review that ABSMC imposed upon him.

Finally, ABSMC argues that even if expert testimony regarding the propriety and fairness of the peer review is relevant, it should be excluded pursuant to Fed. Rule of Evid. 403. As discussed above, the evidence at issue in this motion is highly relevant circumstantial evidence that will help Dr. Ennix prove discrimination. ABSMC simply regurgitates its unsound relevance objection and offers no real indications as to how this evidence will mislead the jury, create unfair prejudice, confuse the issues or waste time other than to suggest that Dr. Ennix intends to use "a succession of experts." In fact, as ABSMC must know, he has one expert on the topic– Dr. Spiritus.

Rule 403 should not preclude this important testimony.

### III. DR. SPIRITUS TESTIMONY SHOULD NOT BE LIMITED

ABSMC does not contend that Dr. Spiritus is unqualified to testify as a peer review expert. Instead, it claims his testimony should be limited to discussing the "existence and role of peer review in the hospital setting." Def. Motion in Limine No. 5 6:22-24. ABSMC makes this claim without any authority (other than a relevance objection) suggesting Dr. Spiritus' testimony should be so limited. But Dr. Spiritus is a bona fide peer review expert. The claim is ABSMC's effort to offset its failure to hire a peer review expert to rebut Dr. Spiritus' expert testimony. ABSMC hired Ms. Ware, a lawyer whose report is essentially inadmissible legal opinion.

On the subject of the "existence and role of peer review in the hospital setting," Ms. Ware may qualify. However, Dr. Spiritus is qualified to render expert testimony regarding the propriety and fairness of Dr. Ennix's peer review. His testimony should not be similarly limited.

4

PLAINTIFF'S OPPOSITION TO DEFENDANT'S    Case No. C 07-2486 WHA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CONCLUSION

For the above-stated reasons, the motion should be denied.

DATED: May 9, 2008

Respectfully submitted,

MOSCONE, EMBLIDGE & QUADRA, LLP

By: _____

Andrew E. Sweet

Attorneys for Plaintiff

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE NO. 5                                Case No. C 07-2486 WHA