G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:    (415) 362-3599
Facsimile:    (415) 362-2006

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D.,<br><br>    Plaintiff,<br><br>  vs.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>    Defendants. | Case No. C 07-2486 WHA<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE UNRELATED PEER REVIEW EVIDENCE; DECLARATION OF RACHEL SATER**<br><br>**Trial Date:  June 2, 2008**<br>**Dept:         Ctrm. 9, 19th Floor**<br>**Judge:        Hon. William H. Alsup** |

Plaintiff Coyness L. Ennix, Jr. ("Dr. Ennix") moves to exclude evidence and argument relating to Dr. Ennix's professional activities unrelated to the peer review of the ten cases at issue in this lawsuit.  Such evidence would include:  (a) any documents or testimony regarding ongoing peer review of Dr. Ennix at ABSMC; (b) any documents or testimony regarding Dr. Ennix from hospitals other than ABSMC.

The sole issue in this case is whether race was a factor in ABSMC's peer review actions against Dr. Ennix that nearly ruined his career as a cardiac surgeon.  That peer review addressed

PLAINTIFF'S MOTION IN LIMINE NO. 1 TO
EXCLUDE UNRELATED PEER REVIEW
EVIDENCE

Case No. C 07-2486 WHA

1  ten cases and concluded by July 2006.  In the peer review process at issue herein, ABSMC could

2  not have considered cases or peer review of Dr. Ennix's occurring after that time or at a different

3  hospital.  Therefore, such evidence has no probative value regarding ABSMC's motivation or the

4  veracity of its proffered justification of protecting "patient safety."  Further, ABSMC's post-July

5  2006 peer review activities are inherently uncredible:  they could suffer from (a) the same racial

6  bias that Dr. Ennix believes tainted the peer review at issue; and (b) the additional impermissible

7  motivation of retribution for filing this suit.  If such evidence has any probative value, such

8  minimal value is outweighed by the potential prejudice, confusion, and waste of time.

9      Therefore, the Court should exclude this extra-record evidence as irrelevant and

10  uncredible.

11                          STATEMENT OF FACTS

12      Dr. Ennix claims that ABSMC discriminated against him based on his race in violation of

13  42 U.S.C. § 1981 in a peer review that began in early 2005 and concluded in July 2006.  In its

14  initial disclosures, ABSMC stated that it would offer as proof "documents relating to the ongoing

15  peer review of Plaintiff by the Summit Medical Staff from July 11, 2006 to the present."  (See

16  Sater Decl., ¶ 2, Exhibit A, at 14:13-14.)  Additionally, during discovery, ABSMC subpoenaed

17  documents regarding Dr. Ennix from Doctor's Hospital San Pablo, Valley Care Health Systems

18  in Pleasanton, Highland Hospital in Oakland and San Ramon Medical Center—all hospitals

19  where Dr. Ennix currently enjoys staff privileges.  (See Sater Decl., ¶ 3, Exhibit B.)  At the time

20  of the challenged peer review, Dr. Ennix had staff privileges only at Alta Bates, Summit and

21  Doctor's Hospital San Pablo.  (Sater Decl., ¶ 4.)  None of these documents was or could have

22  been considered by ABSMC in the course of the challenged peer review process.

23                              ARGUMENT

24      This Court should exclude all evidence and testimony regarding cases or peer reviews

25  other than the ten cases reviewed in peer review at issue in this lawsuit.  Evidence is admissible

26  if it is probative as to a "fact of consequence" and its probative value is not "outweighed by the

27  danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations

28

2

PLAINTIFF'S MOTION IN LIMINE NO. 1 TO
EXCLUDE UNRELATED PEER REVIEW
EVIDENCE                                          Case No. C 07-2486 WHA

1  of undue delay, waste of time, or needless presentation of cumulative evidence." FRE Rules

2  401, 403.  Manifestly, cases and peer review activities that occurred at ABSMC *after* the close of

3  the peer review at issue have no probative value regarding whether ABSMC's actions regarding

4  the current peer review were justified by patient care concerns or were motivated by racial

5  animus.  Further, those peer review actions could be tainted by the same racial animus that Dr.

6  Ennix alleges marred the challenged peer review process, further marring any potential probative

7  value or credibility.  Similarly, cases or peer review activities at other hospitals was not

8  considered by ABSMC in this peer review, and has no probative value regarding the motivation

9  of or justification for ABSMC's actions.  On that basis, all such evidence should be excluded.

10      Finally, even if peer review documents and evidence post-dating the challenged peer

11  review or originating from other institutions had any probative value in this case, such minimal

12  value would be outweighed by its potential for unfair prejudice and confusion of the jury, which

13  might mistakenly believe that ABSMC had considered such evidence in the course of its peer

14  review.  Further, presentation of this extraneous evidence would unnecessarily waste time and

15  delay conclusion of this case.  For these additional reasons, this Court should exclude such

16  evidence.

17                                CONCLUSION

18      For the foregoing reasons, Dr. Ennix respectfully requests that the Court exclude all

19  argument or evidence relating to all cases or peer review activities unrelated to the peer review of

20  the ten cases at issue in this lawsuit.

21                          Respectfully submitted,

22  Dated:  April 29, 2008          MOSCONE, EMBLIDGE & QUADRA, LLP

23

24

25

26      By: _____/s/_____
                        Rachel J. Sater

27      Attorneys for Plaintiff

28                                3

PLAINTIFF'S MOTION IN LIMINE NO. 1 TO          Case No. C 07-2486 WHA
EXCLUDE UNRELATED PEER REVIEW
EVIDENCE

DECLARATION OF RACHEL J. SATER

I, Rachel J. Sater, declare:

1.      I am an attorney licensed to practice law in the State of California and in this Court.  I am an attorney at Moscone, Emblidge & Quadra, LLP, counsel of record for the Plaintiff.

2.      Attached hereto as Exhibit A is a true and correct copy of relevant portions of ABSMC's initial disclosures in this case.

3.      Attached hereto as Exhibit B are true and correct copies of four Subpoenas in a Civil Case served by ABSMC in this case.

4.      As alleged in Paragraph 5 of the Complaint, during the time period relevant to this suit, Dr. Ennix held surgical privileges only at Summit Campus and Doctors Hospital San Pablo.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Dated:  April 29, 2008                                      _____/s/_____
                                                                              Rachel J. Sater

PLAINTIFF'S MOTION IN LIMINE NO. 1 TO                              Case No. C 07-2486 WHA
EXCLUDE UNRELATED PEER REVIEW
EVIDENCE

MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California  94104
Telephone:   (415) 421-3111
Facsimile:    (415) 421-0938

TAZAMISHA H. IMARA (State Bar No. 201266)
Email: imara@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
2049 Century Park East
Suite 2690
Los Angeles, CA  90067
Telephone:   (310) 277-7550
Facsimile:    (310) 277-7525

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX, JR., M.D.,<br><br>Plaintiff,<br><br>v.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>Defendant. | CASE NO.  C 07-2486 WHA<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE UNRELATED PEER REVIEW EVIDENCE**<br><br>**DATE:**     May 19, 2008<br>**TIME:**     2:00 p.m.<br>**DEPT:**     Ctrm. 9, 19th Floor<br>**JUDGE:**     Hon. William H. Alsup<br><br>**COMPLAINT FILED:**   May 9, 2007<br>**TRIAL DATE:**          June 2, 2008 |

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1
TO EXCLUDE UNRELATED PEER REVIEW EVIDENCE

CASE NO. C 07-2486 WHA

1          Except for impeachment purposes, Defendant does not oppose the

2   exclusion of (1) evidence of ongoing peer review at ABSMC (i.e., adverse peer review

3   actions taken after July 11, 2006); and (2) of evidence regarding Dr. Ennix's poor

4   performance record at other medical institutions.

5   DATED:      May 9, 2008               KAUFF MCCLAIN & MCGUIRE LLP

6

7                                            By: _____

8                                              ALEX HERNAEZ

9                                     Attorneys for Defendant
    ALTA BATES SUMMIT MEDICAL

10                                    CENTER

11

12

13  4830-3620-2754.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1
TO EXCLUDE UNRELATED PEER REVIEW EVIDENCE                CASE NO. C 07-2486 WHA