G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:   (415) 362-3599
Facsimile:    (415) 362-2006

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D.,<br><br>          Plaintiff,<br><br>     vs.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>          Defendants. | Case No. C 07-2486 WHA<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF DISMISSED MALPRACTICE CLAIM; DECLARATION OF RACHEL SATER**<br><br>Trial Date:  June 2, 2008<br>Dept:          Ctrm. 9, 19th Floor<br>Judge:        Hon. William H. Alsup |

Plaintiff Coyness L. Ennix, Jr. ("Dr. Ennix") moves to exclude evidence and argument relating to a medical malpractice claim filed against Dr. Ennix which has been dismissed with prejudice without any payment by Dr. Ennix.

The sole issue in this case is whether race was a factor in ABSMC's peer review actions against Dr. Ennix that nearly ruined his career as a cardiac surgeon. That peer review addressed ten cases. With respect to one of those cases, a claim alleging product liability and medical

1

malpractice was filed against Dr. Ennix and the maker of a medical device used in that case—*Tong, et al., v. Medtronic, Inc., Coyness Ennix, M.D., et al.,* Alameda County Superior Court Case No. RG05197579 ("*Medtronic* Case"). However, the plaintiffs dismissed the suit with prejudice—without any payment by Dr. Ennix—in exchange for a waiver of costs and Dr. Ennix's promise not to file a malicious prosecution action against the plaintiffs. The fact that a meritless suit was filed and dropped against Dr. Ennix has no probative value regarding ABSMC's motivation or the veracity of its proffered justification of protecting "patient safety." Nor is it probative with respect to whether Dr. Ennix met the standard of care in that case. Finally, any potential probative value would be substantially outweighed by the prejudicial impact of such evidence and the likelihood of misleading and confusing the jury.

Therefore, the Court should exclude evidence and testimony regarding the *Medtronic* case.

### STATEMENT OF FACTS

Dr. Ennix claims that ABSMC discriminated against him based on his race in violation of 42 U.S.C. § 1981 in a peer review that began in early 2005 and concluded in July 2006. When it deposed Dr. Ennix, ABSMC questioned him regarding the *Medtronic* case. (See Sater Decl., ¶ 2, Exhibit A.) On April 24, 2008, the plaintiffs in the *Medtronics* case filed a request for dismissal with prejudice, including all claims and all causes of action. (Sater Decl., ¶ 3, Exhibit B.) Dr. Ennix paid no monies and agreed to waive costs and not to file a malicious prosecution action against the plaintiffs. (Sater Decl., ¶ 4, Exhibit C.)

### ARGUMENT

This Court should exclude all evidence and testimony regarding the *Medtronic* case. Evidence is admissible if it is probative as to a "fact of consequence" and its probative value is not "outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE Rules 401, 403. In this case, that someone filed a meritless suit against Dr.

2

1  Ennix and later dismissed the suit with prejudice is not probative of any matters related to this
2  lawsuit.  On that basis, all such evidence should be excluded.
3        However, even if the dismissed *Medtronic* claim had any probative value in this case,
4  such minimal value would be outweighed by its potential for unfair prejudice and confusion of
5  the jury, which might erroneously credit the suit with merit that it manifestly lacked.  Further,
6  presentation of this extraneous evidence would unnecessarily waste time and delay conclusion of
7  this case.  For these additional reasons, this Court should exclude such evidence.

## CONCLUSION

For the foregoing reasons, Dr. Ennix respectfully requests that the Court exclude all argument or evidence relating to the *Medtronic* case.

Respectfully submitted,

Dated:  April 29, 2008                MOSCONE, EMBLIDGE & QUADRA, LLP

By: _____/s/_____
             Rachel J. Sater

Attorneys for Plaintiff

DECLARATION OF RACHEL J. SATER

I, Rachel J. Sater, declare:

1. I am an attorney licensed to practice law in the State of California and in this Court. I am an attorney at Moscone, Emblidge & Quadra, LLP, counsel of record for the Plaintiff.

2. Attached hereto as Exhibit A is a true and correct copy of the deposition transcript of Dr. Ennix.

3. Attached hereto as Exhibit B is a true and correct copy of the Request for Dismissal filed in *Tong, et al., v. Medtronic, Inc., Coyness Ennix, M.D., et al.,* Alameda County Superior Court Case No. RG05197579.

4. Attached hereto as Exhibit C is a true and correct copy of a January 28, 2008 letter to Dr. Ennix from Robert Slatery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Dated: April 29, 2008                                   /s/
                                                   Rachel J. Sater

MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone:  (415) 421-3111
Facsimile:   (415) 421-0938

TAZAMISHA H. IMARA (State Bar No. 201266)
Email: imara@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
2049 Century Park East
Suite 2690
Los Angeles, CA 90067
Telephone:  (310) 277-7550
Facsimile:   (310) 277-7525

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX, JR., M.D.,<br><br>Plaintiff,<br><br>v.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>Defendant. | CASE NO. C 07-2486 WHA<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF DISMISSED MALPRACTICE CLAIM**<br><br>DATE:      May 19, 2008<br>TIME:      2:00 p.m.<br>DEPT:     Ctrm. 9, 19th Floor<br>JUDGE:   Hon. William H. Alsup<br><br>COMPLAINT FILED: May 9, 2007<br>TRIAL DATE:           June 2, 2008 |

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2
TO EXCLUDE EVIDENCE OF DISMISSED MALPRACTICE CLAIM

CASE NO. C 07-2486 WHA

1  Plaintiff asks that this Court exclude evidence related to a malpractice
2  claims made against him. Defendant does not intend to present any such evidence.
3  However, pursuant to Fed. R. Civ. P 32(a)(1) & (8), Defendant reserves its right to use at
4  trial Plaintiff's deposition testimony from this malpractice action. Defendant will do so
5  without revealing the nature of the underlying malpractice action. Moreover, for the
6  reasons stated in Plaintiff's motion, Defendant asks that evidence relating to any
7  collateral litigation (i.e., malpractice actions or sexual harassment actions) against all
8  members of ABSMC's Medical Staffs be excluded from evidence.

DATED:    May 9, 2008                    KAUFF MCCLAIN & MCGUIRE LLP

By: /s/
ALEX HERNAEZ

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 2 -

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2
TO EXCLUDE EVIDENCE OF DISMISSED MALPRACTICE CLAIM

CASE NO. C 07-2486 WHA