G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:     (415) 362-3599
Facsimile:      (415) 362-2006

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>Defendants. | Case No. C 07-2486 WHA<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OF FOREST JUNOD, M.D.; DECLARATION OF RACHEL SATER**<br><br>Trial Date: June 2, 2008<br>Dept:  Ctrm. 9, 19th Floor<br>Judge:  Hon. William H. Alsup |

Plaintiff Coyness L. Ennix, Jr. ("Dr. Ennix") moves to exclude testimony of Forest Junod M.D. ABSMC designated Dr. Junod to testify regarding alleged patient care issues related to surgeries Dr. Ennix performed at the Alta Bates campus in 2002. Dr. Junod's produced a report ("Junod Report") that was submitted to ABSMC in the course of Dr. Ennix's peer review; however, Dr. Junod himself did not testify before the AHC or MEC. Therefore, ABSMC did not consider any testimony from Dr. Junod during the challenged peer review, with the exception of those opinions expressed in the Junod report. Accordingly, the only matter to which Dr. Junod

1

could testify with any relevance to this suit is that the Junod Report accurately reflects his opinions. Any other matters to which Dr. Junod might testify were not before ABSMC during the challenged peer review, and therefore have no probative value regarding ABSMC's motivation or the veracity of its proffered justification of protecting "patient safety." If such testimony has any probative value, it is outweighed by the potential prejudice, confusion, and waste of time.

Therefore, the Court should exclude Dr. Junod's testimony as irrelevant.

## STATEMENT OF FACTS

Dr. Ennix claims that ABSMC discriminated against him based on his race in violation of 42 U.S.C. § 1981 in a peer review process conducted at the Summit campus. In its initial disclosures, ABSMC stated that it would call Dr. Junod as a witness, asserting that Dr. Junod "has knowledge as an outside reviewer of patient care issues arising in several surgeries Plaintiff performed at the Alta Bates campus in 2002, as set forth more fully in his report dated November 14, 2003 which was provided by the Alta Bates Medical Staff to the Summit Medical Staff on December 18, 2003. (See Sater Decl., ¶ 2, Exhibit A, at 6:12-16.) The Junod Report—which was provided to the Summit campus before it had been vetted by Alta Bates campus—addressed systemic issues at the Alta Bates campus stemming from the drop in volume of cardiac surgeries conducted at that campus, which ultimately led, at Dr. Ennix's urging, to the closing of the cardiac surgery program there. (Sater Decl., ¶ 3, Exhibit B.) Dr. Ennix was the sole cardiac surgeon operating at the Alta Bates campus during the time period examined by Dr. Junod. At one point, one member of ABSMC cited the Junod Report as one justification for pursuing adverse actions against Dr. Ennix, but ABSMC never investigated the Junod Report or Dr. Ennix's performance at the Alta Bates campus. To Plaintiff's knowledge, Dr. Junod did not take part in the peer review process other than by way of his report. (Sater Decl., ¶ 4, Exhibit C.)

## ARGUMENT

The sole issue in this case is whether race was a factor in ABSMC's peer review actions against Dr. Ennix that nearly ruined his career as a cardiac surgeon. This Court should exclude

testimony by Dr. Junod, other than a statement that the Junod Report accurately reflects his opinions, because any other testimony he might offer was not considered by ABSMC in the course of the challenged peer review and therefore is not probative. Evidence is admissible if it is probative as to a "fact of consequence" and its probative value is not "outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE Rules 401, 403. Opinions or evidence not considered by ABSMC have no probative value regarding whether ABSMC's actions regarding the current peer review were justified by patient care concerns or were motivated by racial animus. On that basis, Dr. Junod's testimony should be excluded.

Finally, even if Dr. Junod's testimony had any probative value in this case, such minimal value would be outweighed by its potential for unfair prejudice and confusion of the jury, which might mistakenly believe ABSMC had considered such testimony in the course of its peer review, when in fact it did not. Further, presentation of this extraneous evidence would unnecessarily waste time and delay conclusion of this case. For these additional reasons, this Court should exclude such evidence.

## CONCLUSION

For the foregoing reasons, Dr. Ennix respectfully requests that the Court exclude the testimony of Dr. Junod other than a statement that the Junod Report accurately reflects his opinions.

Respectfully submitted,

Dated: April 29, 2008           MOSCONE, EMBLIDGE & QUADRA, LLP


By: _____/s/_____
Rachel J. Sater

Attorneys for Plaintiff

DECLARATION OF RACHEL J. SATER

I, Rachel J. Sater, declare:

1. I am an attorney licensed to practice law in the State of California and in this Court. I am an attorney at Moscone, Emblidge & Quadra, LLP, counsel of record for the Plaintiff.

2. Attached hereto as Exhibit A is a true and correct copy of relevant portions of ABSMC's initial disclosures in this case.

3. Attached hereto as Exhibit B are true and correct copies of a December 18, 2003 letter form John G. Rosenberg to Annette Schaieb; November 25, 2004, letter from John Edelen to Lamont Paxton, both of which were identified in Plaintiff's initial disclosures.

4. I am informed and believe that Dr. Junod did not participate in Dr. Ennix's peer review except by way of the Junod Report. Attached as Exhibit C are excerpts from the deposition of ABSMC's Chief of Staff Dr. Isenberg, stating that ABSMC did virtually nothing to follow-up on the report.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Dated: April 29, 2008                    /s/
                                  Rachel J. Sater

## EXHIBIT C

```
15      Q.   Let me show you what we marked this morning at
16   Dr. Steven Stanten's deposition as Exhibit 1059.
17           Can you tell me if that's the transmittal
18   letter that came with the Junod report when you first
19   became aware of the Junod report?
20      A.   This looks like it, yes.
21      Q.   Okay.  And are you -- do you recall, when you
22   received it, that it stated that at Alta Bates, they
23   made no representation about the Junod report's
24   accuracy, credibility or reliability?
25      A.   Yes.
                                                         127
 1      Q.   Now, that's a letter addressed to Annette
 2   Shaieb.  Is that how do you pronounce her name?
 3      A.   Shaieb.
 4      Q.   Did you receive it, the letter and the report,
 5   from Dr. Shaieb, or did you receive it directly from
 6   Alta Bates or some other way?
 7      A.   Dr. Shaieb brought it to the officers
 8   committee meeting, which was held the last Tuesday of
 9   every month, and shared it with the officers.  And said,
10   you know, just so you are aware of this.  That was it.
11      Q.   Okay.  After receiving the Junod report, what
12   did you do, if anything, to investigate Dr. Ennix's
13   patient care activities at the Alta Bates campus?
14      A.   At any time?
15      Q.   Yes.
16      A.   After the minimally invasive cases arose, I
17   then pulled out the Junod report and reviewed it.  I
```

5

18  then contacted both Drs. Rosenberg and Kunitz --
19      Q.  Could you spell it for the record?
20      A.  K-u-n-i-t-z, and R-o-s-e-n-b-e-r-g.
21          -- to see if they were willing to share more
22  information.  Dr. Kunitz provided a lot of verbal
23  things, but nothing in writing.  And Dr. Rosenberg
24  similarly said the concerns we had were expressed in the
25  Junod letter.  We haven't gone any further to

128

1   investigate them or process them because Dr. Ennix isn't
2   practicing here anymore.  And so we left that to you,
3   where you could get a better handle on his practice,
4   because he's working in your campus exclusively now.
5       Q.  And did you do anything after that to
6   investigate the credibility or reliability of the Junod
7   report in terms of its analysis of cardiac surgery at
8   the Alta Bates campus?
9       A.  We asked -- I again asked Dr. Kunitz for any
10  written documentation.  And my recollection is the only
11  document that was provided was a summary from a peer
12  review committee meeting at Ashby that I think Dr. Ennix
13  attended, where some concerns had been raised.  And I
14  think this may have been the meeting that then prompted
15  the Junod report to be requested.
16          That was the only written document that we
17  ever obtained.  We did not pull the primary records,
18  have them reviewed.
19      Q.  Did you do anything else?
20      A.  No.

6

MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone:   (415) 421-3111
Facsimile:    (415) 421-0938

TAZAMISHA H. IMARA (State Bar No. 201266)
Email: imara@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
2049 Century Park East
Suite 2690
Los Angeles, CA 90067
Telephone:   (310) 277-7550
Facsimile:    (310) 277-7525

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX, JR., M.D.,<br><br>Plaintiff,<br><br>v.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>Defendant. | CASE NO. C 07-2486 WHA<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OF FOREST JUNOD, M.D.**<br><br>DATE:      May 19, 2008<br>TIME:      2:00 p.m.<br>DEPT:      Ctrm. 9, 19th Floor<br>JUDGE:     Hon. William H. Alsup<br><br>**COMPLAINT FILED:** May 9, 2007<br>**TRIAL DATE:**      June 2, 2008 |

In making its decision to institute Plaintiff's peer review, Defendant relied upon, *inter alia*, a report prepared by Dr. Forrest Junod. Plaintiff asks that the Court exclude the testimony of Dr. Junod with the exception of specific testimony confirming the conclusions contained in his report. However, the relevance of Dr. Junod's testimony is not so narrow. For example, Dr. Junod should be allowed to testify regarding the factual circumstances underlying the transmission of the report to Dr. Isenberg. Also relevant is the connection between the Alta Bates Medical Staff and the Summit Medical Staff, which had a contractual obligation to cross-share relevant peer review information. All of this information is directly relevant because it was considered by the relevant decision-makers. Moreover, Dr. Junod's testimony is required to rebut Plaintiff's repeated claims that he "championed the cause of consolidating cardiac surgeries" between the two campuses. This claim, made repeatedly and under oath by Plaintiff, is simply not true. Rather, Plaintiff was under peer review scrutiny by the Alta Bates Medical Staff prior to coming under scrutiny by the Summit Medical Staff. Accordingly, the Court should deny Plaintiff's Motion in Limine No. 4.

DATED:    May 9, 2008

KAUFF MCCLAIN & MCGUIRE LLP

By: /s/ ALEX HERNAEZ

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

- 2 -

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 4
TO EXCLUDE TESTIMONY OF FOREST JUNOD, M.D.

CASE NO. C 07-2486 WHA