G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:    (415) 362-3599
Facsimile:    (415) 362-2006

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D.,<br><br>        Plaintiff,<br><br>    vs.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>        Defendants. | Case No. C 07-2486 WHA<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE TESTIMONY OF JAMES LOVIN AND BRIAN HITE, M.D.; DECLARATION OF RACHEL SATER**<br><br>Trial Date: June 2, 2008<br>Dept:       Ctrm. 9, 19th Floor<br>Judge:      Hon. William H. Alsup |

Plaintiff Coyness L. Ennix, Jr. ("Dr. Ennix") moves to exclude specified testimony of James Lovin and Brian Hite, M.D. ABSMC designated Mr. Lovin and Dr. Hite to testify regarding information they provided in the challenged peer review process, and Dr. Ennix does not object to such testimony. Rather, Dr. Ennix moves to exclude any testimony other than the opinions or evidence that Lovin or Hite provided to ABSMC during the peer review, as such additional testimony would not have been considered by ABSMC and therefore would have no probative value regarding ABSMC's motivation or the veracity of its proffered justification of

protecting "patient safety."  If such testimony has any probative value, it is outweighed by the potential for prejudice, confusion, and waste of time.

Therefore, the Court should exclude all testimony of Dr. Hite and Mr. Lovin other than the testimony that each furnished during the peer review at issue.

## STATEMENT OF FACTS

Dr. Ennix claims that ABSMC discriminated against him based on his race in violation of 42 U.S.C. § 1981 in a peer review process conducted at the Summit campus.  In its initial disclosures, ABSMC stated that it would call Mr. Lovin (a surgical technician) and Dr. Hite as witness, asserting that each has "knowledge he has provided to the peer review process, including during his interview" with the AHC and the MEC, respectively.  (See Sater Decl., ¶ 2, Exhibit A, at 7:21-28.)

## ARGUMENT

The sole issue in this case is whether race was a factor in ABSMC's peer review actions against Dr. Ennix that nearly ruined his career as a cardiac surgeon.  This Court should exclude testimony by Lovin and Hite, other than testifying as to their testimony before the AMC and MEC, respectively.  Evidence is admissible if it is probative as to a "fact of consequence" and its probative value is not "outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  FRE Rules 401, 403.  Opinions or evidence not considered by ABSMC have no probative value regarding whether ABSMC's actions regarding the current peer review were justified by patient care concerns or were motivated by racial animus.  On that basis, Dr. Hite's and Mr. Lovin's testimony should be excluded except regarding their testimony to ABSMC during the peer review.

Finally, even if Lovin's and Hite's testimony, not delivered to ABSMC, had any probative value in this case, such minimal value would be outweighed by its potential for unfair prejudice and confusion of the jury, which might mistakenly believe ABSMC had considered such testimony in the course of its peer review, when in fact it did not.  Further, presentation of

1  this extraneous evidence would unnecessarily waste time and delay conclusion of this case. For
2  these additional reasons, this Court should exclude such evidence.

## CONCLUSION

For the foregoing reasons, Dr. Ennix respectfully requests that the Court exclude the testimony of Dr. Hite and Mr. Lovin other than regarding their testimony to the MEC and AHC, respectively, during the challenged peer review.

Respectfully submitted,

Dated: April 29, 2008          MOSCONE, EMBLIDGE & QUADRA, LLP


By: _____/s/_____
              Rachel J. Sater

Attorneys for Plaintiff


## DECLARATION OF RACHEL J. SATER

I, Rachel J. Sater, declare:

1. I am an attorney licensed to practice law in the State of California and in this Court. I am an attorney at Moscone, Emblidge & Quadra, LLP, counsel of record for the Plaintiff.

2. Attached hereto as Exhibit A is a true and correct copy of relevant portions of ABSMC's initial disclosures in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.


Dated: April 29, 2008                    _____/s/_____
                                          Rachel J. Sater

1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone:  (415) 421-3111
5  Facsimile:   (415) 421-0938

6  TAZAMISHA H. IMARA (State Bar No. 201266)
   Email: imara@kmm.com
7  KAUFF MCCLAIN & MCGUIRE LLP
   2049 Century Park East
8  Suite 2690
   Los Angeles, CA 90067
9  Telephone:  (310) 277-7550
   Facsimile:   (310) 277-7525
10

   Attorneys for Defendant
11 ALTA BATES SUMMIT MEDICAL CENTER

12
                    UNITED STATES DISTRICT COURT
13
                    NORTHERN DISTRICT OF CALIFORNIA
14

15
   COYNESS L. ENNIX, JR., M.D.,            CASE NO. C 07-2486 WHA
16
                  Plaintiff,                **DEFENDANT'S OPPOSITION TO
17                                          PLAINTIFF'S MOTION IN LIMINE
                                            NO. 5 TO EXCLUDE TESTIMONY
18 v.                                       OF JAMES LOVIN AND BRIAN
                                            HITE, M.D.**
19
                                            DATE:    May 19, 2008
20 ALTA BATES SUMMIT MEDICAL CENTER,        TIME:    2:00 p.m.
                                            DEPT:    Ctrm. 9, 19th Floor
21                Defendant.                JUDGE:   Hon. William H. Alsup

22                                          COMPLAINT FILED: May 9, 2007
                                            TRIAL DATE:      June 2, 2008
23

24

25

26

27

28

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5
TO EXCLUDE TESTIMONY OF JAMES LOVIN AND BRIAN HITE, M.D.                CASE NO. C 07-2486 WHA

## I. INTRODUCTION

Defendant Alta Bates Summit Medical Center ("ABSMC" or "the Hospital"), hereby submits this opposition to Plaintiff Coyness L. Ennix's ("Plaintiff's") Motion in Limine No. 5 to Exclude Testimony of James Lovin and Brian Hite, M.D.

Plaintiff concedes that Mr. Lovin and Dr. Hite are relevant witnesses to this action and does not challenge any testimony or evidence they intend to provide concerning the information furnished to ABSMC by them in the peer review process. Plaintiff, however, seeks to exclude any other testimony offered by them, which would not have been considered by ABSMC because it allegedly would have "no probative value as to ABSMC's motivation or veracity of its proffered justification of protecting 'patient safety.'" Plaintiff's narrow reasoning is flawed as Mr. Lovin and Dr. Hite's anticipated testimony is relevant to other factual issues put forth by Plaintiff as well as ABSMC's defense in this case. Therefore, such testimony must be admissible at trial.

## II. ANTICIPATED TESTIMONY

ABSMC has identified the scope of the anticipated testimony of Mr. Lovin and Dr. Hite in its Witness List. It does not appear that Plaintiff has any objection to the testimony of Mr. Lovin and Dr. Hite as to their participation in the peer review process concerning Plaintiff, which includes their discussions with the Ad Hoc Committee and/or Medical Staff Officers. Rather, Plaintiff challenges any other testimony they may offer. This would presumably include Mr. Lovin and Dr. Hite's knowledge and observations on which their discussions with ABSMC were based, Dr. Hite's knowledge of Plaintiff's reputation for patient care; and Mr. Lovin's continuing concern regarding Plaintiff's skill and attentiveness as reported to ABSMC.

## III. ARGUMENT

The Federal Rules of Evidence provide that relevant evidence is admissible at trial. Pursuant to Rule 401 states that relevant evidence is defined as " evidence having any tendency to make the existence of any fact that is of consequence

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-1-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5
TO EXCLUDE TESTIMONY OF JAMES LOVIN AND BRIAN HITE, M.D.

CASE NO. C 07-2486 WHA

to the determination of the action more probable or less probable than it would be without the evidence. See also *U.S. v. Boulware*, 384 F. 3d 794, 805 (9th Cir. 2004).

### A. The Anticipated Testimony of Mr. Lovin and Dr. Hite Is Relevant.

Plaintiff concedes that Mr. Lovin and Dr. Hite provided information including opinions or evidence to ABSMC during Plaintiff's peer review. Plaintiff's motion in limine, however, is based on the faulty premise that only the actual opinions or evidence offered during the peer review is relevant in this action.

Plaintiff seeks to remove from the jury's consideration information that is relevant to the central issues of this case. Inherent in the opinions offered by Mr. Lovin and Dr. Hite to ABSMC is their personal interactions and observations of Plaintiff, which is proper witness testimony under Rule 701.[1] Such testimony will further assist with providing a "clear understanding of testimony." Both Mr. Lovin and Dr. Hite will demonstrate how and why they were in a position to contribute information to ABSMC during the peer review process.[2] Plaintiff cannot establish how such testimony is beyond the scope of permissible testimony.

The anticipated testimony Dr. Hite is also relevant to another factual issue presented by this case, Plaintiff's reputation for patient care. Such testimony is relevant as Plaintiff has put his reputation squarely at issue in this case.[3] Thus, Plaintiff cannot

---

[1] <u>Opinion Testimony By Lay Witnesses</u>. If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701.
[2] For example, Dr. Hite intends to testify as to his personal knowledge of Plaintiff's practice as well as the preparations made by him and other OR team members made before commencing minimally invasive valve procedures. Testimony directly relevant to the opinions and evidence he provided to ABSMC.
[3] In the Complaint, Plaintiff surmises that "[t]his case arises out of the concerted effort of medical doctors ... and Alta Bates Summit Medical Center ("Alta Bates Summit") to destroy the career of Plaintiff Coyness L. Ennix Jr., M.D. ("Plaintiff or "Dr. Ennix"), a highly experienced and accomplished African American cardiac surgeon." (Compl., 1:25-2:1.) From the inception of this action and to date, Plaintiff attributes the acts by ABSM have resulted in the "devastating damage" to his reputation (2:14-15, 3:4-6, see also Plaintiff's Deposition, 10:14-15:21; Plaintiff's Expert Report of Jed Greene, CPA, CMA, pp. 7-8, ¶¶ 27-28.)

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 2 -

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5
TO EXCLUDE TESTIMONY OF JAMES LOVIN AND BRIAN HITE, M.D.

CASE NO. C 07-2486 WHA

deny the introduction of such relevant evidence. *Lloyd v. Conseco Finance Corp.*, 2001 WL 36097624 *7 (C.D. Cal. Oct. 19, 2001) (defendants' expert opinion as to average length of time individuals in plaintiff's position employed with defendant relevant to rebut damages); *Gotthardt v. National Railroad Passenger Corp.*, 191 F. 3d 1148, 1158 (9th Cir.1999) (plaintiff unable to show that her lost work could be attributed to defendant's unlawful conduct).

The information relevant to the jury's determination of whether ABSMC was motivated by racial discrimination goes beyond the narrow scope urged by Plaintiff. It includes all information available to the decision makers regarding Plaintiff, including the personal knowledge and observations which founded the opinions offered by Mr. Lovin and Dr. Hite. Such information is relevant to the jury's evaluation of ABSMC's intent.

### B. The Anticipated Testimony of Mr. Lovin and Dr. Hite is Not More Prejudicial Than Probative.

Plaintiff asserts that the testimony of Mr. Lovin and Dr. Hite should be excluded because its probative value is substantially outweighed by the potential prejudicial impact on the jury. This assertion is unsupported by the facts and should be rejected by this Court. Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. District courts are accorded great latitude in determining whether the prejudicial effect of evidence outweighs its probative value. *Trevino v. Gates* (9th Cir. 1996) 99 F.3d 911, 922.

Plaintiff's sole argument in support the contention that the probative value of the testimony of Mr. Lovin and Dr. Hite is substantially outweighed by prejudice, is that the jury might "mistakenly believe ABSMC had considered such testimony in the course of its peer review, which in fact it did not." Plaintiff's expressed concern is without merit.

- 3 -

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5
TO EXCLUDE TESTIMONY OF JAMES LOVIN AND BRIAN HITE, M.D.

CASE NO. C 07-2486 WHA

Both Mr. Lovin and Dr. Hite provided information that was considered by ABSMC in the peer review process. Any potential prejudice does not outweigh the relevance of their testimony. Instructions can be provided to the jury to remedy Plaintiff's concerns rather than the preclusion of the testimony, which will assist the jury in its evaluation of whether the Hospital acted based on racial animus.

### IV. CONCLUSION

For each of the foregoing reasons, Defendant ABSMC respectfully requests that the Court deny Plaintiff's Motion in Limine No. 5, which seeks to prevent the introduction to exclude the testimony of Mr. Lovin and Dr. Hite in its entirety. The anticipated testimony of Mr. Lovin and Dr. Hite should be admitted.

DATED: May 9, 2008

KAUFF MCCLAIN & MCGUIRE LLP

By: ALEX HERNAEZ

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

4823-8202-2402.2

- 4 -

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 5 TO EXCLUDE TESTIMONY OF JAMES LOVIN AND BRIAN HITE, M.D.

CASE NO. C 07-2486 WHA