G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:    (415) 362-3599
Facsimile:    (415) 362-2006

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D.,<br><br>      Plaintiff,<br><br>vs.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>      Defendants. | Case No. C 07-2486 WHA<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY OF LELAND HOUSMAN, M.D. AND ROBERT H. BREYER, M.D.; DECLARATION OF RACHEL SATER**<br><br>**Trial Date:  June 2, 2008**<br>**Dept:          Ctrm. 9, 19th Floor**<br>**Judge:         Hon. William H. Alsup** |

Plaintiff Coyness L. Ennix, Jr. ("Dr. Ennix") moves to exclude testimony Leland Housman, M.D. and Robert H. Breyer, M.D.  National Medical Audit, the outside company that prepared a report regarding Dr. Ennix peer review, contracted with Drs. Housman and Breyer to perform chart review of the ten cases at issue.  ABSMC designated Drs. Housman and Breyer to testify regarding the review process and their conclusions.  Their conclusions ostensibly were represented in the report NMA provided to ABSMC ("NMA Report") in the course of the

1  challenged peer review.   Drs. Housman and Breyer did not themselves testify before the AHC or

2  MEC.   Therefore, ABSMC did not consider any testimony from Drs. Housman or Breyer during

3  the challenged peer review, with the exception of those opinions expressed in the NMA Report.

4  Accordingly, the only matter to which Drs. Housman and Breyer could testify with any relevance

5  to this suit is that the NMA Report accurately reflects their respective opinions.  Any other

6  matters to which they might testify were not before ABSMC during the challenged peer review,

7  and therefore have no probative value regarding ABSMC's motivation or the veracity of its

8  proffered justification of protecting "patient safety."  If such testimony has any probative value,

9  it is outweighed by the potential prejudice, confusion, and waste of time.

10       Therefore, the Court should exclude Drs. Housman's and Breyer's testimony as

11  irrelevant.

12                        STATEMENT OF FACTS

13       Dr. Ennix claims that ABSMC discriminated against him based on his race in violation of

14  42 U.S.C. § 1981 in a peer review process conducted at the Summit campus.  In its initial

15  disclosures, ABSMC stated that it would call Drs. Housman and Breyer as witnesses, asserting

16  that each "has knowledge of his own qualifications to conduct such a review, of the manner in

17  which the review was conducted (including his speaking with Plaintiff and considering

18  information provided by Plaintiff), and of the conclusions he reached concerning deficiencies in

19  Plaintiff's performance of his medical responsibilities."  (See Sater Decl., ¶ 2, Exhibit A, at 7:1-

20  14.)  Drs. Housman and Breyer did not take part in the peer review process other than by

21  providing opinions which were allegedly incorporated into the NMA Report.  (Sater Decl., ¶ 3,

22  Exhibit B.)

23                             ARGUMENT

24       The sole issue in this case is whether race was a factor in ABSMC's peer review actions

25  against Dr. Ennix that nearly ruined his career as a cardiac surgeon.  This Court should exclude

26  testimony by Drs. Housman and Breyer, other than a statement that the NMA Report accurately

27  reflects their respective opinions, because any other testimony they might offer was not

28

2

considered by ABSMC in the course of the challenged peer review and therefore is not

probative.  Evidence is admissible if it is probative as to a "fact of consequence" and its

probative value is not "outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury, or by considerations of undue delay, waste of time, or needless presentation

of cumulative evidence."  FRE Rules 401, 403.  Opinions or evidence not considered by

ABSMC have no probative value regarding whether ABSMC's actions regarding the current

peer review were justified by patient care concerns or were motivated by racial animus.  On that

basis, Drs. Housman and Breyer's testimony should be excluded.

Finally, even if Drs. Breyer's and Housman's testimony had any probative value in this

case, such minimal value would be outweighed by its potential for unfair prejudice and

confusion of the jury, which might mistakenly believe ABSMC had considered such testimony in

the course of its peer review, when in fact it did not.  Further, presentation of this extraneous

evidence would unnecessarily waste time and delay conclusion of this case.  For these additional

reasons, this Court should exclude such evidence.

CONCLUSION

For the foregoing reasons, Dr. Ennix respectfully requests that the Court exclude the

testimony of Drs. Housman and Breyer other than a statement that the MNA Report accurately

reflects their respective opinions.

Respectfully submitted,

Dated:  April 29, 2008                MOSCONE, EMBLIDGE & QUADRA, LLP


By: _____/s/_____
                Rachel J. Sater

Attorneys for Plaintiff

DECLARATION OF RACHEL J. SATER

I, Rachel J. Sater, declare:

1.      I am an attorney licensed to practice law in the State of California and in this Court.  I am an attorney at Moscone, Emblidge & Quadra, LLP, counsel of record for the Plaintiff.

2.      Attached hereto as Exhibit A is a true and correct copy of relevant portions of ABSMC's initial disclosures in this case.

3.      I am informed and believe that Drs. Housman and Breyer did not participate in Dr. Ennix's peer review except by way of the NMA Report.   Attached as Exhibit B is a true and correct copy of relevant deposition testimony from Dr. William Isenberg (pages 69 and 70), confirming that there was no direct communication between ABSMC and Drs. Housman and Breyer.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.


Dated:  April 29, 2008                               _____/s/_____
                                                                        Rachel J. Sater

PLAINTIFF'S MOTION IN LIMINE NO. 6 TO                          Case No. C 07-2486 WHA
EXCLUDE TESTIMONY OF HOUSMAN AND
BREYER

**EXHIBIT B**

10     Q    So as far as Summit communication to NMA, it was

11    limited, as far as you know, to Dr. Kirk, yourself --

12     A    Mr. Kirk.  Mr. Kirk.

13     Q    Mr. Kirk, yourself, Mr. Shulman, and Ms. Jellin

14    or her staff?

15     A    And her staff, yes.

16     Q    What about in the other direction?  Who

17    communicated with Summit from NMA?

18     A    I spoke with Dr. Smithline.  I spoke with one of

19    his staff members who asked for a graph of off-to-pump-on

20    pump conversion rates.  I think I was on a conference call

21    at least once that I can remember with Mr. Shulman,

22    Dr. Smithline, and myself.  I can't really verify if they

23    had conversations.

24     Q    Did you have conversations with Dr. Houseman or

25    Dr. Breyer?

                                                          69

 1     A    I did not.

 2     Q    Are you aware of anyone at Summit of having

 3    conversations with Doctors Houseman or Breyer?

 4     A    Dr. Ennix did.

 5     Q    Anyone else?

 6     A    To my knowledge, no.  Well, maybe -- no.  No.

5

1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California  94104
   Telephone:   (415) 421-3111
5  Facsimile:    (415) 421-0938

6  TAZAMISHA H. IMARA (State Bar No. 201266)
   Email: imara@kmm.com
7  KAUFF MCCLAIN & MCGUIRE LLP
   2049 Century Park East
8  Suite 2690
   Los Angeles, CA  90067
9  Telephone:   (310) 277-7550
   Facsimile:    (310) 277-7525
10
   Attorneys for Defendant
11 ALTA BATES SUMMIT MEDICAL CENTER

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15
   COYNESS L. ENNIX, JR., M.D.,              CASE NO.  C 07-2486 WHA
16
                    Plaintiff,              DEFENDANT'S OPPOSITION TO
17                                          PLAINTIFF'S MOTION IN LIMINE
                                            NO. 6 TO EXCLUDE TESTIMONY
18 v.                                       OF LELAND HOUSMAN, M.D. AND
                                            ROBERT H. BREYER, M.D.
19
                                            DATE:        May 19, 2008
20 ALTA BATES SUMMIT MEDICAL CENTER,        TIME:        2:00 p.m.
                                            DEPT:        Ctrm. 9, 19th Floor
21                 Defendant.               JUDGE:       Hon. William H. Alsup

22                                          COMPLAINT FILED:  May 9, 2007
                                            TRIAL DATE:       June 2, 2008
23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT'S OPP TO PLAINTIFF'S MOTION IN LIMINE NO. 6 TO EXCLUDE
TESTIMONY OF LELAND HOUSMAN, M.D. AND ROBERT H. BREYER, M.D.          CASE NO. C 07-2486 WHA

1    An outside review agency called National Medical Audit ("NMA") prepared

2    a critical review of Plaintiff that is central to Defendant's case. Plaintiff concedes that the

3    NMA report itself is relevant. But Plaintiff seeks to preclude the testimony of the

4    reviewers themselves "with the exception of those opinions expressed in the report."

5    Plaintiff's motion should be denied. To begin with, Defendant intends to introduce

6    evidence that the NMA reviewers did not know Plaintiff's race until well after the report

7    was prepared. This critical fact precludes any argument by Plaintiff that the report was in

8    any way racially biased, which is the primary issue in dispute.

9    More generally, it is important that the reviewers be able to explain fully

10    their underlying methodology—something that Plaintiff will most assuredly try and attack.

11    For example, on summary judgment Plaintiff argued that the conclusion of the NMA

12    report was "preordained" and he attempted to show numerous flaws in the report's

13    methodology. These criticisms included: (1) NMA did not interview any of the people

14    involved in the ten reviewed cases other than Ennix; (2) NMA did not interview Plaintiff

15    until "many weeks" into its work; (3) that NMA reached certain conclusions prior to

16    Plaintiffs interview; (4) that certain report "headings" were drafted prior to completing the

17    NMA investigation; (5) that NMA was in "constant contact" with Dr. Isenberg and the

18    Medical Staff attorney; (6) that NMA included "additional critical comments" at Dr.

19    Isenberg's urging; and finally (7) that NMA used "bogus statistics" to justify its

20    conclusions.

21    Because Defendant must be able to explain why these various criticisms

22    hold no water, everyone involved in the preparation of the NMA report must be able to

23    explain all facets of his participation. Specifically, Defendant must be able to explain

24    why the report's conclusions were not "preordained," but rather required by the

25    underlying evidence and the scientific method. Absent such evidence, Defendant will be

26    unable to demonstrate to the jury why the conclusions of the NMA report are so

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-1-

1   persuasive.  Accordingly, the Court should deny this motion in its entirety.  Alternatively,

2   the Court should preclude Plaintiff from making any type of attack on the conclusions

3   reached by the NMA report.

4   DATED:        May 9, 2008              KAUFF MCCLAIN & MCGUIRE LLP

5

6                                         By:  _____

7                                              ALEX HERNAEZ

8                                         Attorneys for Defendant
                                          ALTA BATES SUMMIT MEDICAL
9                                         CENTER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

- 2 -

DEFENDANT'S OPP TO PLAINTIFF'S MOTION IN LIMINE NO. 6 TO EXCLUDE
TESTIMONY OF LELAND HOUSMAN, M.D. AND ROBERT H. BRYER, M.D.        CASE NO. C 07-2486 WHA