1 G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
2 RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
3 ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
4 MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
5 San Francisco, California 94104-4238
Telephone:    (415) 362-3599
6 Facsimile:    (415) 362-2006

7 Attorneys for Plaintiff

8

9                 UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12

13 COYNESS L. ENNIX JR., M.D.,              Case No. C 07-2486 WHA

14          Plaintiff,                      **PLAINTIFF'S MOTION IN LIMINE**
                                            **NO. 7 TO MEMBERS OF ALTA**
15       vs.                                **BATES MEDICAL STAFF;**
                                            **DECLARATION OF RACHEL**
16 ALTA BATES SUMMIT MEDICAL                **SATER**
   CENTER,
17                                          **Trial Date:  June 2, 2008**
18          Defendants.                     **Dept:       Ctrm. 9, 19th Floor**
                                            **Judge:       Hon. William H. Alsup**
19

20

21        Plaintiff Coyness L. Ennix, Jr. ("Dr. Ennix") moves to exclude testimony of members of

22 the Alta Bates Medical Staff.  ABSMC operates two separate campuses through two separate

23 medical staffs:  the Summit Medical Staff and the Alta Bates Medical Staff.  ABSMC designated

24 several Alta Bates Medical Staff members to testify regarding surgeries Dr. Ennix performed at

25 the Alta Bates campus.  But such surgeries were not part of the challenged peer review, which

26 included only Dr. Ennix's activities at the Summit campus.  Further, none of the Alta Bates

27 Medical Staff members that ABSMC designated took part in the peer review at issue.  Therefore,

28                                          1

1  their testimony would not have been considered by ABSMC and would have no probative value

2  regarding ABSMC's motivation or the veracity of its proffered justification of protecting "patient

3  safety."   If such testimony has any probative value, it is outweighed by the potential for

4  prejudice, confusion, and waste of time.

5  Therefore, the Court should exclude all testimony of members of the Alta Bates Medical

6  Staff.

7  STATEMENT OF FACTS

8  Dr. Ennix claims that ABSMC discriminated against him based on his race in violation of

9  42 U.S.C. § 1981 in a peer review process conducted at the Summit campus.  In its initial

10  disclosures, ABSMC stated that it would call the following members of the Alta Bates Medical

11  Staff, alleging that they had knowledge regarding Dr. Ennix's surgeries at Alta Bates, the reasons

12  for the closure of the Alta Bates cardiac surgery program, the Junod Report, and other issues

13  regarding the peer review process at the Alta Bates campus:    Philip L. Zemansky, M.D.,

14  Stephen Cooper, M.D., Ronald A. Dritz, M.D., John Rosenberg, M.D., Gretchen Kuntz, M.D.,

15  and Robert J. Swanson, M.D.  (See Sater Decl., ¶ 2, Exhibit A, at 8:16-9:22.)  None of the

16  designated individuals participated in the peer review process at issue in this case; indeed,

17  ABSMC never investigated Dr. Ennix's performance at the Alta Bates campus.  (Sater Decl., ¶ 3,

18  Exhibit B.)  Further, during the course of this litigation, ABSMC prevented Dr. Ennix from

19  obtaining discovery relating to peer review activities at the Alta Bates campus, arguing that it

20  was a separate entity whose activities were not relevant to this case.  (Sater Decl., ¶ Exhibit C, at

21  2-3.)

22  ARGUMENT

23  The sole issue in this case is whether race was a factor in ABSMC's peer review actions

24  against Dr. Ennix that nearly ruined his career as a cardiac surgeon.  This Court should exclude

25  testimony by the designated members of the Alta Bates Medical Staff because none of them

26

27

28

2

1  participated in the challenged peer review.[1]  Evidence is admissible if it is probative as to a "fact

2  of consequence" and its probative value is not "outweighed by the danger of unfair prejudice,

3  confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of

4  time, or needless presentation of cumulative evidence."  FRE Rules 401, 403.  Opinions or

5  evidence not considered by ABSMC have no probative value regarding whether ABSMC's

6  actions regarding the current peer review were justified by patient care concerns or were

7  motivated by racial animus.  On that basis, testimony of the designated members of the Alta

8  Bates Medical Staff should be excluded.

9        Finally, even if the testimony of these Alta Bates Medical Staff members had any

10  probative value in this case, such minimal value would be outweighed by its potential for unfair

11  prejudice and confusion of the jury, which might mistakenly believe ABSMC had considered

12  such testimony in the course of its peer review, when in fact it did not.  Further, presentation of

13  this extraneous evidence would unnecessarily waste time and delay conclusion of this case.  For

14  these additional reasons, this Court should exclude such evidence.

CONCLUSION

16        For the foregoing reasons, Dr. Ennix respectfully requests that the Court exclude the

17  testimony of the designated members of the Alta Bates Medical Staff.

18                                          Respectfully submitted,

19  Dated:  April 29, 2008               MOSCONE, EMBLIDGE & QUADRA, LLP

22                                By: _____/s/_____
                                                    Rachel J. Sater

23                                          Attorneys for Plaintiff

_____

25        [1] Indeed, ABSMC prevented Dr. Ennix from obtaining discovery relating to peer review
26  activities at the Alta Bates campus, arguing that it was a separate entity whose activities were not
    relevant to this case.  See Exhibit C at 2-3.

3

1

DECLARATION OF RACHEL J. SATER

2

I, Rachel J. Sater, declare:

3      1.      I am an attorney licensed to practice law in the State of California and in this

4  Court.  I am an attorney at Moscone, Emblidge & Quadra, LLP, counsel of record for the

5  Plaintiff.

6      2.      Attached hereto as Exhibit A is a true and correct copy of relevant portions of

7  ABSMC's initial disclosures in this case.

8      3.      I am informed and believe that Drs. Zemansky, Cooper, Dritz, Rosenberg, Kuntz,

9  and Swanson did not participate in Dr. Ennix's peer review.   Attached as Exhibit B are excerpts

10 from the deposition of ABSMC's Chief of Staff Dr. Isenberg, stating that ABSMC did virtually

11 nothing to investigate Dr. Ennix's activities at the Alta Bates campus.

12     4.      During the course of this litigation, ABSMC prevented Dr. Ennix from obtaining

13 discovery relating to peer review activities at the Alta Bates campus, arguing that it was a

14 separate entity whose activities were not relevant to this case.  For example, attached as Exhibit

15 C is a copy of a letter the parties submitted to Magistrate Spero that includes Defendant's

16 position on the separate nature of the campuses and consequent "irrelevance" of peer review

17 activities at the Alta Bates campus.

18     I declare under penalty of perjury under the laws of the State of California that the

19 foregoing is true and correct to the best of my knowledge.

20

21

22 Dated:  April 29, 2008                        _____/s/_____

                                                              Rachel J. Sater
23

24

25

26

27

28
                                                    4

EXHIBIT B

15      Q.    Let me show you what we marked this morning at

16    Dr. Steven Stanten's deposition as Exhibit 1059.

17          Can you tell me if that's the transmittal

18    letter that came with the Junod report when you first

19    became aware of the Junod report?

20      A.    This looks like it, yes.

21      Q.    Okay.  And are you -- do you recall, when you

22    received it, that it stated that at Alta Bates, they

23    made no representation about the Junod report's

24    accuracy, credibility or reliability?

25      A.    Yes.

                                                            127

1      Q.    Now, that's a letter addressed to Annette

2    Shaieb.  Is that how do you pronounce her name?

3      A.    Shaieb.

4      Q.    Did you receive it, the letter and the report,

5    from Dr. Shaieb, or did you receive it directly from

6    Alta Bates or some other way?

7      A.    Dr. Shaieb brought it to the officers

8    committee meeting, which was held the last Tuesday of

9    every month, and shared it with the officers.  And said,

10    you know, just so you are aware of this.  That was it.

11      Q.    Okay.  After receiving the Junod report, what

12    did you do, if anything, to investigate Dr. Ennix's

13    patient care activities at the Alta Bates campus?

14      A.    At any time?

15      Q.    Yes.

16      A.    After the minimally invasive cases arose, I

5

PLAINTIFF'S MOTION IN LIMINE NO. 7 TO          Case No. C 07-2486 WHA
EXCLUDE TESTIMONY OF MEMBERS OF ALTA
BATES MEDICAL STAFF

17  then pulled out the Junod report and reviewed it.  I

18  then contacted both Drs. Rosenberg and Kunitz --

19      Q.  Could you spell it for the record?

20      A.  K-u-n-i-t-z, and R-o-s-e-n-b-e-r-g.

21          -- to see if they were willing to share more

22  information.  Dr. Kunitz provided a lot of verbal

23  things, but nothing in writing.  And Dr. Rosenberg

24  similarly said the concerns we had were expressed in the

25  Junod letter.  We haven't gone any further to

                                                        128

1  investigate them or process them because Dr. Ennix isn't

2  practicing here anymore.  And so we left that to you,

3  where you could get a better handle on his practice,

4  because he's working in your campus exclusively now.

5      Q.  And did you do anything after that to

6  investigate the credibility or reliability of the Junod

7  report in terms of its analysis of cardiac surgery at

8  the Alta Bates campus?

9      A.  We asked -- I again asked Dr. Kunitz for any

10  written documentation.  And my recollection is the only

11  document that was provided was a summary from a peer

12  review committee meeting at Ashby that I think Dr. Ennix

13  attended, where some concerns had been raised.  And I

14  think this may have been the meeting that then prompted

15  the Junod report to be requested.

16          That was the only written document that we

17  ever obtained.  We did not pull the primary records,

18  have them reviewed.

19      Q.  Did you do anything else?

20      A.  No.

                                6

MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California  94104
Telephone:   (415) 421-3111
Facsimile:   (415) 421-0938

TAZAMISHA H. IMARA (State Bar No. 201266)
Email: imara@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
2049 Century Park East
Suite 2690
Los Angeles, CA  90067
Telephone:   (310) 277-7550
Facsimile:   (310) 277-7525

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX, JR., M.D., | CASE NO.  C 07-2486 WHA |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 7 TO MEMBERS OF ALTA BATES MEDICAL STAFF** |
| v. | |
| | **DATE:** May 19, 2008 |
| ALTA BATES SUMMIT MEDICAL CENTER, | **TIME:** 2:00 p.m. |
| | **DEPT:** Ctrm. 9, 19th Floor |
| Defendant. | **JUDGE:** Hon. William H. Alsup |
| | **COMPLAINT FILED:** May 9, 2007 |
| | **TRIAL DATE:** June 2, 2008 |

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 7 TO
MEMBERS OF ALTA BATES MEDICAL STAFF

CASE NO. C 07-2486 WHA

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT.

Plaintiff Coyness L. Ennix, Jr. ("Plaintiff" or "Ennix") seeks to prevent Defendant Alta Bates Summit Medical Center's ("ABSMC" or "the Hospital") from presenting testimony of physicians from the Alta Bates campus of ABSMC to testify at trial. Plaintiff contends that testimony of these proposed witnesses is irrelevant to the issue to be tried at trial, and if admitted, would be more prejudicial than probative. Plaintiff's request that the Court exclude the testimony of these physicians is based upon a faulty premise—namely, that information provided by Alta Bates campus physicians was not considered in the decision to restrict Plaintiff's surgical privileges. In fact, Alta Bates physicians provided information about issues raised by Plaintiff's surgical practices at the Alta Bates campus. (Plaintiff had performed cardiac surgery there before he transferred his cardiac practice to the Summit campus in 2003.) The Alta Bates Medical Staff also provided the MEC with a report that was generated during a review of surgeries Plaintiff performed at Alta Bates in 2002. If required, Alta Bates physicians may also provide testimony rebutting Plaintiff's assertion that the closure of the Alta Bates cardiac program was unrelated to the poor outcomes associated with surgeries he performed at Alta Bates.

All of this information was provided to the Medical Executive Committee ("MEC") that ultimately decided to restrict Plaintiff's surgical privileges in 2005. At the trial of this action, the trier of fact must determine whether the MEC's decision was the result of race discrimination. The full scope of information that was provided to the MEC is therefore relevant, including that received from the physicians on the Alta Bates Medical Staff. The testimony is probative of the issue of the MEC's motivations, and therefore relevant and admissible. Its probative value is not outweighed by the risk of prejudice, and the Plaintiff's motion in limine should be denied in its entirety.

## II.     RELEVANT FACTS.

Following a peer review of his surgical practices and outcomes, ABSMC suspended and then placed restrictions upon Plaintiff's surgical privileges at ABSMC. At

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1   issue in the trial of this action is Plaintiff's contention that the actions taken by the

2   Hospital were due to race discrimination, and therefore violated 42 U.S.C. Section 1981.

3   At the trial of this action, ABSMC intends to present testimony of the following physicians

4   who were part of the Medical Staff of the Alta Bates campus of ABSMC: Dr. Gretchen

5   Kunitz, and Dr. Larry Zemansky.  Dr. Zemansky will provide testimony concerning poor

6   outcomes of surgeries performed by Plaintiff at the Alta Bates campus, and the reasons

7   for the closure of the Alta Bates campus cardiac program in 2003.  Dr. Kunitz will provide

8   testimony regarding the reasons why a peer review process regarding Plaintiff was

9   initiated in 2002, was not completed, and was relayed to the Summit Medical Staff when

10  Dr. Ennix transferred his practice from the Alta Bates campus to the Summit campus.

11  Dr. Ronald Dritz, also an Alta Bates Medical Staff physician with knowledge of problems

12  with Plaintiff's prior surgical outcomes, will provide testimony at the trial of this action

13  only if needed.[1]

14          Alta Bates Summit Medical Center has two separate campuses—Summit

15  and Alta Bates, each of which has a separate Medical Staff.  (Declaration of William M.

16  Isenberg "Isenberg Decl." ¶ 4.)  Importantly, since July of 2003, Alta Bates and Summit

17  Medical staffs have been parties to a Memorandum of Understanding, which provides for

18  the sharing of peer review information concerning physicians in whom the staffs have a

19  common peer review interest.  (Isenberg Decl. ¶ 4.)  Pursuant to this contractual

20  agreement, information was provided to and considered by the Summit peer reviewers.

21  Included in this information was the report of an outside reviewer, Dr. Forest Junod,

22  regarding cardiac surgeries that Plaintiff had performed at the Alta Bates campus.

23  (Isenberg Decl. ¶ 7.)  Indeed, the Junod report was among the factors that prompted the

24  peer review in the first instance.  (*Id.* at 5.)

25

26

27

28

[1] The remaining physicians identified in Plaintiff's motion in limine: Dr. Stephen Cooper, Dr. John Rosenberg, and Dr, Robert Swanson, have not been designated to testify in this action on behalf of the Hospital.  Plaintiff's motion in limine with respect to those individuals is therefore moot.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 2 -

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 7
TO MEMBERS OF ALTA BATES MEDICAL STAFF                    CASE NO. C 07-2486 WHA

1    This was not the only information considered as part of the peer review of

2    Plaintiff that originated with Alta Bates physicians.  Problems with surgeries conducted

3    by Plaintiff at the Alta Bates campus had been identified in 2002 however, the process of

4    reviewing those surgeries was not completed due to the early 2003 closure of the Alta

5    Bates cardiac surgery program.  Alta Bates physicians provided information regarding

6    the reasons the earlier peer review process was not completed, the reason for the

7    closure of the Alta Bates cardiac program, and the basis of the earlier concerns about

8    Plaintiff's surgical practices.

9    III.    **ARGUMENT.**

10         A.    **The Testimony Of Alta Bates Physicians Is Directly Relevant To The Key Issue To Be Decided At The Trial Of This Action.**

11         Pursuant to Evidence Code section 401, relevant evidence— "evidence

12    having any tendency to make the existence of any fact that is of consequence to the

13    determination of the action more probable or less probable than it would be without the

14    evidence"—is admissible at trial.  Evid. Code s 401.  The central fact to be determined in

15    this action is whether the restriction of Plaintiff's surgical privileges following the peer

16    review, was based on racial discrimination.  Key to that question is the nature and

17    substance of the information that was received and considered by peer review

18    participants.

19         Plaintiff's motion in limine is based on the faulty premise that Alta Bates

20    physicians did not contribute to the information that was gathered in the course of the

21    2004/2005 peer review of Plaintiff.  The decision of the MEC was based on information

22    received from a number of sources, including members of the Alta Bates Medical Staff.

23    The information provided by the Alta Bates physicians, and their testimony regarding

24    those contributions, is relevant to the jury determination of whether racial discrimination

25    motivated ABSMC's decision to take corrective action against Plaintiff.

26         The Alta Bates physicians had an obligation under the Memorandum of

27    Understanding to provide confidential peer review information to their counterparts at the

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 7
TO MEMBERS OF ALTA BATES MEDICAL STAFF

CASE NO. C 07-2486 WHA

1    Summit campus. They did so by providing the Summit peer reviewers with the outside

2    report documenting the problems with cardiac surgeries Plaintiff performed at Summit in

3    2002. In addition to sharing the Junod report with the peer reviewers, the Summit

4    Medical Staff also provided information about the concerns that prompted the Junod

5    report in the first place.  Their testimony regarding these issues will permit the jury to

6    assess whether ABSMC's articulated reason for restricting Plaintiff's surgical privileges is

7    credible, and whether it was motivated by discrimination.

8           The testimony of the Alta Bates physicians is relevant to another factual

9    issue presented by this case. Plaintiff has repeatedly indicated in this action that the

10   cardiac program at the Alta Bates campus was discontinued due to his own push to

11   have the cardiac practices of the two campuses consolidated. In truth, the earlier

12   problems—which mirrored those that arose when Plaintiff moved his cardiac practice to

13   the Summit campus—were key to the decision to shut down the Alta Bates program.

14   Plaintiff's explanation, though patently untrue, is apparently intended to obfuscate the

15   fact that problems with his surgical practices were raised as early as 2002, when he was

16   performing cardiac surgeries at the Alta Bates campus. Plaintiff asserted that he "closed

17   down" the Alta Bates cardiac surgery practice in the course of the investigation of his

18   surgical practices. Information about the true reasons for the closure of the Alta Bates

19   cardiac program was communicated to the peer reviewers and was in the possession of

20   the MEC as it made the decision to restrict Plaintiff's privileges. The Alta Bates

21   witnesses will testify to their knowledge of the reasons for the closure of the Alta Bates

22   cardiac program, as well of their concerns about Plaintiff's prior surgical practices.

23          Plaintiff seeks to remove from the jury's consideration information that was

24   provided to the MEC and that informed the challenged decision in this case. The

25   information relevant to the jury's determination of whether ABSMC was motivated by

26   racial discrimination goes beyond the narrow scope urged by Plaintiff.  It includes all

27   information available to the decision makers regarding Plaintiff, his past surgical

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 4 -

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 7
TO MEMBERS OF ALTA BATES MEDICAL STAFF                    CASE NO. C 07-2486 WHA

1   practices, and reputation.   Such information is relevant to the jury's evaluation of

2   ABSMC's intent.

3   **B.     The Testimony To Be Offered By Alta Bates Campus Physicians Is
        Not More Prejudicial Than Probative.**

4           Plaintiff asserts that the testimony of the Alta Bates physicians should be

5   excluded because its probative value is substantially outweighed by the potential

6   prejudicial impact on the jury.  This assertion is unsupported by the facts and should be

7   rejected by this Court.  Rule 403 provides:

8           Although relevant, evidence may be excluded if its probative
9           value is substantially outweighed by the danger of unfair
            prejudice, confusion of the issues, or misleading the jury, or
10          by considerations of undue delay, waste of time, or needless
            presentation of cumulative evidence.
11

12  F.R.E. 403.  District courts are accorded great latitude in determining whether the

13  prejudicial effect of evidence outweighs its probative value.  *Trevino v. Gates* (9th Cir.

14  1996) 99 F.3d 911, 922.

15          Plaintiff's sole argument in support the contention that the probative value

16  of the testimony of the Alta Bates doctors is substantially outweighed by prejudice, is that

17  the jury might conclude that the testimony provided by the physicians was considered in

18  the course of the peer review of Plaintiff.  Plaintiff's expressed concern is without merit.

19  As discussed, the Alta Bates physicians <u>did</u> provide information that was considered by

20  ABSMC in the peer review process.  The testimony of the physicians will assist the jury

21  in its evaluation of whether the Hospital acted based on racial animus, or whether it

22  relied on facts that supported its decision to take corrective action against Plaintiff.  The

23  testimony of the Alta Bates physicians should be admitted.

24  ///

25  ///

26  ///

27

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1  **IV.     CONCLUSION.**

2          For each of the foregoing reasons, Defendant ABSMC respectfully

3  requests that the Court deny Plaintiff's Motion in Limine No. 7 to prevent members of

4  Defendant's Alta Bates campus Medical Staff from testifying at the trial of this action.

5  DATED:     May 9, 2008                    KAUFF MCCLAIN & MCGUIRE LLP

6

7                                           By
8                                                   ALEX HERNAEZ

9                                           Attorneys for Defendant
                                            ALTA BATES SUMMIT MEDICAL
10                                          CENTER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 6 -