G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:    (415) 362-3599
Facsimile:    (415) 362-2006

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D.,<br><br>           Plaintiff,<br><br>     vs.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>           Defendants. | Case No. C 07-2486 WHA<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 8 TO EXCLUDE CERTAIN TESTIMONY OF WARREN KIRK; DECLARATION OF RACHEL SATER**<br><br>**Trial Date:  June 2, 2008**<br>**Dept:        Ctrm. 9, 19th Floor**<br>**Judge:       Hon. William H. Alsup** |

Plaintiff Coyness L. Ennix, Jr. ("Dr. Ennix") moves to exclude certain testimony of Warren Kirk, chief Executive Officer of ABSMC.  ABSMC designated Mr. Kirk to testify regarding various subjects, including "Plaintiff's efforts to exert outside pressures to influence the peer review process."  But such testimony would have no probative value regarding ABSMC's motivation or the veracity of its proffered justification of protecting "patient safety." If such testimony has any probative value, it is outweighed by the potential prejudice, confusion, and waste of time.

1    Therefore, the Court should exclude Mr. Kirk's testimony on this issue as irrelevant.

2                          STATEMENT OF FACTS

3    Dr. Ennix claims that ABSMC discriminated against him based on his race in violation of

4    42 U.S.C. § 1981 in a peer review process conducted at the Summit campus.  When Dr. Ennix

5    realized that he was being unfairly targeted for unusually harsh peer review as compared to his

6    white peers, he asked for assistance from various members of the medical community and civil

7    rights organizations, many of which submitted letters of support. In its initial disclosures,

8    ABSMC stated that it would call Mr. Kirk to testify regarding "Plaintiff's efforts to exert outside

9    pressures to influence the peer review process," among other issues.  (Sater Decl., ¶ 2, Exhibit A,

10   at 8:15.)

11                               ARGUMENT

12   The sole issue in this case is whether race was a factor in ABSMC's peer review actions

13   against Dr. Ennix that nearly ruined his career as a cardiac surgeon.  This Court should exclude

14   testimony by Mr. Kirk regarding "Plaintiff's efforts to exert outside pressures to influence the

15   peer review process," because any such testimony is not probative as to whether ABSMC had

16   acted with improper motive in its peer review of Dr. Ennix.  Evidence is admissible if it is

17   probative as to a "fact of consequence" and its probative value is not "outweighed by the danger

18   of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

19   delay, waste of time, or needless presentation of cumulative evidence."  FRE Rules 401, 403.

20   Dr. Ennix's efforts to protect his career in the face of a peer review process he perceived to be

21   unfair and racially motivated have no probative value regarding whether ABSMC's actions

22   regarding the current peer review were justified by patient care concerns or were motivated by

23   racial animus.  On that basis, Mr. Kirk's testimony on this subject should be excluded.

24   Finally, even if Mr. Kirk's testimony regarding Dr. Ennix's efforts to garner support for

25   himself during the peer review process had any probative value in this case, such minimal value

26   would be outweighed by its potential for unfair prejudice and confusion of the jury, which might

27   erroneously conclude that such efforts amounted to Dr. Ennix's concession of the criticism

28

2

1    against him.  **[Scott, what are we trying to say here?]**  Further, presentation of this extraneous

2    evidence would unnecessarily waste time and delay conclusion of this case.  For these additional

3    reasons, this Court should exclude such evidence.

CONCLUSION

5        For the foregoing reasons, Dr. Ennix respectfully requests that the Court exclude the

6    testimony of Mr. Kirk regarding this issue.

Respectfully submitted,

8    Dated:  April 29, 2008                    MOSCONE, EMBLIDGE & QUADRA, LLP

By: _____/s/_____
                        Rachel J. Sater

Attorneys for Plaintiff

DECLARATION OF RACHEL J. SATER

        I, Rachel J. Sater, declare:

        1.      I am an attorney licensed to practice law in the State of California and in this

Court.  I am an attorney at Moscone, Emblidge & Quadra, LLP, counsel of record for the

Plaintiff.

        2.      Attached hereto as Exhibit A is a true and correct copy of relevant portions of

ABSMC's initial disclosures in this case.

        I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct to the best of my knowledge.

Dated:  April 29, 2008                    _____/s/_____
                        Rachel J. Sater

3

1  MAUREEN E. MCCLAIN (State Bar No. 062050)
   Email: mcclain@kmm.com
2  ALEX HERNAEZ (State Bar No. 201441)
   Email: hernaez@kmm.com
3  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone:   (415) 421-3111
5  Facsimile:    (415) 421-0938

6  TAZAMISHA H. IMARA (State Bar No. 201266)
   Email: imara@kmm.com
7  KAUFF MCCLAIN & MCGUIRE LLP
   2049 Century Park East
8  Suite 2690
   Los Angeles, CA 90067
9  Telephone:   (310) 277-7550
   Facsimile:    (310) 277-7525
10

11 Attorneys for Defendant
   ALTA BATES SUMMIT MEDICAL CENTER

12

13                UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15

16 COYNESS L. ENNIX, JR., M.D.,          CASE NO.  C 07-2486 WHA

17              Plaintiff,               **DEFENDANT'S OPPOSITION TO
                                         PLAINTIFF'S MOTION IN LIMINE
18 v.                                    NO. 8 TO EXCLUDE CERTAIN
                                         TESTIMONY OF WARREN KIRK**

19                                       DATE:      May 19, 2008
                                         TIME:      2:00 p.m.
20 ALTA BATES SUMMIT MEDICAL CENTER,     DEPT:      Ctrm. 9, 19th Floor
                                         JUDGE:     Hon. William H. Alsup
21             Defendant.
                                         COMPLAINT FILED:  May 9, 2007
22                                       TRIAL DATE:        June 2, 2008

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
AN FRANCISCO, CA 94104
ELEPHONE (415) 421-3111

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 8
TO EXCLUDE CERTAIN TESTIMONY OF WARREN KIRK                    CASE NO. C 07-2486 WHA

1  **I.    INTRODUCTION**

2          Defendant Alta Bates Summit Medical Center ("ABSMC" or "the Hospital"),

3  hereby submits this opposition to Plaintiff Coyness L. Ennix's ("Plaintiff's") Motion in

4  Limine No. 8 to Exclude Certain Testimony of Warren Kirk.

5          ABSMC has identified Mr. Kirk, ABSMC's Chief Executive Officer, in its

6  Witness List.  ABSMC maintains that Mr. Kirk may offer testimony concerning "the efforts

7  of Dr. Ennix to use outside pressure to influence the peer review process."  It is this

8  anticipated testimony that Plaintiff seeks to exclude by way of the Motion in Limine No. 8.

9  **II.    ARGUMENT**

10         The Federal Rules of Evidence provide that relevant evidence is admissible

11  at trial.  Rule 401 states that "[r]elevant evidence" means evidence having any tendency

12  to make the existence of any fact that is of consequence to the determination of the

13  action more probable or less probable than it would be without the evidence.  See also

14  *U.S. v. Boulware*, 384 F. 3d 794, 805 (9th Cir. 2004).

15         At the heart of this litigation is the preservation of ABSMC's right to conduct

16  the peer review process[1] and Plaintiff's erroneous allegation that ABSMC was motivated

17  by racial discrimination.  The anticipated testimony to be offered by Mr. Kirk involves

18  Plaintiff's efforts to use outside pressure to influence the peer review process.  Such

19  testimony is based on Mr. Kirk's personal knowledge of the contacts made by several

20  African American community organizations concerning the circumstances surrounding

21  Plaintiff's suspension and/or restriction of privileges at ABSMC.  The claims made by

22  [1] "Hospital peer review, in the words of the [California] Legislature, is essential to
23  preserving the highest standards of medical practice throughout California." *Kibler v.*
    *Northern Inyo County Local Hosp. Dist.*, 39 Cal. 4th 192, 199 (2006) (internal quotations
24  omitted).  Indeed, both the Supreme Court of the United States and the Ninth Circuit
    Court of Appeals have acknowledged a medical staff's "unquestioned right to exercise
25  some control over the identity and the number of doctors to whom it accords staff
    privileges." *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 30 (1984); *County of*
26  *Tuolumne v. Sonora Community Hosp.*, 236 F.3d 1148, 1155 (9th Cir. 2001).  Because
    of this, "the decision of a hospital's governing body concerning the granting of hospital
27  privileges is to be accorded great deference." *Id.* (citing *Laje v. R.E. Thomason Gen.*
    *Hosp.*, 564 F.2d 1159, 1162 (5th Cir. 1977)).  And because of this deference, the
28  assessment of a particular physician's capabilities "is not one which [courts] are inclined
    to impugn." *Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006).

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-1-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 8
TO EXCLUDE CERTAIN TESTIMONY OF WARREN KIRK                    CASE NO. C 07-2486 WHA

1    these organizations are founded on Plaintiff's one-sided representation of his peer

2    review process and ABSMC's alleged racial discrimination. Mr. Kirk's anticipated

3    testimony will assist a jury in an understanding of ABSMC's state of mind surrounding

4    the competing interests of high profile, African American community organizations

5    community and ABSMC's responsibility to patient care. Such evidence also supports

6    ABSMC's defense that Plaintiff's intent was to effectively stop or hinder, by any means

7    possible, the peer review process, which is "essential to preserving the highest

8    standards of medical practice." ABSMC should not be hindered in presenting evidence

9    that supports its position that its decisions concerning the peer review process were not

10    motivated by racial discrimination.

11            Finally, Plaintiff asserts that this testimony of Mr. Kirk should be excluded

12    because its probative value is substantially outweighed by the potential prejudicial

13    impact on the jury. Fed. R. Evid. 403. Plaintiff's sole argument in support is the

14    contention that the probative value of the testimony of Mr. Kirk is outweighed by unfair

15    prejudice and confusion of the jury, which "might erroneously conclude that such efforts

16    amounted to Dr. Ennix's concession of the criticism against him." This assertion is

17    unsupported by the facts and should be rejected by this Court. Only Plaintiff is confused

18    by this faulty reasoning: "[Scott, what are we trying to say here?]." See Plaintiff's Motion

19    in Limine No. 8, 2:1. By no stretch of the imagination can one link Mr. Kirk's anticipated

20    testimony with the unreasonable conclusion offered by Plaintiff. Any potential prejudice

21    does not outweigh the relevance of Mr. Kirk's testimony which speaks directly on the

22    claims Plaintiff alleges in his lawsuit. The only confusion lies with Plaintiff.

23    ///

24    ///

25    ///

26

27

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
AN FRANCISCO, CA 94104
ELEPHONE (415) 421-3111

- 2 -

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 8
TO EXCLUDE CERTAIN TESTIMONY OF WARREN KIRK                    CASE NO. C 07-2486 WHA

1    **III.    CONCUSION**

2            For each of the foregoing reasons, ABSMC respectfully requests an order

3    denying Plaintiff's Motion in Limine No. 8, which seeks to prevent the introduction of

4    relevant testimony of Mr. Kirk at trial.  The probative value of such testimony is nor

5    outweighed by the potential for prejudice, confusion and waste of time.

6    DATED:        May 9, 2008                    KAUFF MCCLAIN & MCGUIRE LLP

7

8                                                By: _____

9                                                    ALEX HERNAEZ

10                                               Attorneys for Defendant
                                                 ALTA BATES SUMMIT MEDICAL
11                                               CENTER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
AN FRANCISCO, CA 94104
ELEPHONE (415) 421-3111

- 3 -

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 8
TO EXCLUDE CERTAIN TESTIMONY OF WARREN KIRK                    CASE NO. C 07-2486 WHA