G. SCOTT EMBLIDGE, State Bar No. 121613
emblidge@meqlaw.com
RACHEL J. SATER, State Bar No. 147976
sater@meqlaw.com
ANDREW E. SWEET, State Bar No. 160870
sweet@meqlaw.com
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104-4238
Telephone:   (415) 362-3599
Facsimile:   (415) 362-2006

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX JR., M.D.,<br><br>  Plaintiff,<br><br>vs.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>  Defendants. | Case No. C 07-2486 WHA<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF DISPUTED JURY INSTRUCTIONS**<br><br>Trial Date: June 2, 2008<br>Dept:       Ctrm. 9, 19th Floor<br>Judge:      Hon. William H. Alsup |

Proposed jury instructions Nos. 1, 2, 4, 6, 7, 10 and 16 are disputed. Regarding Instruction Nos. 2 and 10, Plaintiff contends that no such instruction should be given for the reasons stated in the disputed instructions, and has not provided additional briefing herein. Plaintiff's argument supporting the remaining disputed instructions follows.

**Disputed Instruction No. 1, Re General:**

Dr. Ennix claims that ABSMC discriminated against him not just by ultimately restricting his surgical privileges, but by misusing the peer review process and wrongfully subjecting Dr.

Ennix to heightened scrutiny. Dr. Ennix's multi-faceted claim is made clear in paragraph 35 of his complaint.

Defendant now seeks to limit the description of Dr. Ennix's claim to one event – the restriction on his privileges. Such a limitation ignores the underlying discriminatory conduct – subjecting Dr. Ennix to heightened scrutiny, but not subjecting similarly situated Caucasian surgeons to similar scrutiny – that provided defendant with the ammunition it sought in order to prop up its subsequent discriminatory decision to suspend Dr. Ennix's privileges.

Defendant should not be permitted to reformulate Dr. Ennix's claim in its jury instructions. The instructions should accurately reflect the claims as pled and as litigated to date.

**Disputed Instruction No. 4, Re Requirement of a Contractual Relationship:**

Defendant's Jury Instruction No. 4 is nearly the same as Plaintiffs, except Defendant's includes the bolded language below.

> Dr. Ennix has alleged a claim for racial discrimination under 42 U.S.C. Section 1981. This claim requires that Dr. Ennix prove that he had a contract that was impaired **[due to racial discrimination]** by ABSMC's adverse actions against him.
>
> The existing or proposed contract that Dr. Ennix contends was impaired must be one in which Dr. Ennix –as opposed to a third party—had, or would have had, rights.
>
> To prove that a contract was created, Dr. Ennix must prove all the following:
>
> That the contract terms were clear enough that the parties could understand what each was required to do;
>
> That the parties agreed to give each other something of value; and
>
> That the parties agreed to the terms of the contract.
>
> If Dr. Ennix did not prove all of the above, then a contract was not created.
>
> Dr. Ennix claims that he had a contract with ABSMC and contracts with specific patients, and that defendant's actions deprived him of his ability to perform under or enjoy the benefits of these contracts.
>
> A contract may be written or oral and an oral contract is just as valid as a written contract.
>
> If you find that Dr. Ennix had a contract with either ABSMC or a specific patient, and ABSMC's actions **[wrongfully or illegally]** prevented Dr. Ennix from performing

2

his obligations under the contract or enjoying the benefits of that contract, then Dr. Ennix has proved he had a contract, and your verdict may be for Dr. Ennix if you find he has proven the other elements of his claim.

If you find that Dr. Ennix did not have a contract that was **[wrongfully or illegally]** impaired by ABSMC's actions, then your verdict should be for defendant

Plaintiff contends that Defendant's additional language is superfluous and confusing. First, this instruction addresses only the contract element of Plaintiff's § 1981 claim. It makes clear that if the jury finds a contract, it still must find Dr. Ennix proved the other elements of his claim before the jury could find for the Plaintiff. Thus, the additional language is not necessary and may erroneously suggest to the jury that they must find yet another element in order to find for Plaintiff. Additionally, this instruction is already very lengthy and potentially confusing; for that reason, superfluous language such as suggested by Defendant should be eliminated.

**<u>Disputed Instruction No. 6, Re Intentional Discrimination:</u>**

The parties dispute two aspects of this instruction: First, the description of Plaintiff's claim, and second, Plaintiff's final paragraph regarding comparative evidence of discrimination.

On the first point, Dr. Ennix claims that ABSMC discriminated against him not just by ultimately restricting his surgical privileges, but by misusing the peer review process and wrongfully subjecting Dr. Ennix to heightened scrutiny. Dr. Ennix's multi-faceted claim is made clear in paragraph 35 of his complaint.

Defendant now seeks to limit the description of Dr. Ennix's claim to one event – the restriction on his privileges. Such a limitation ignores the underlying discriminatory conduct – subjecting Dr. Ennix to heightened scrutiny, but not subjecting similarly situated Caucasian surgeons to similar scrutiny – that provided defendant with the ammunition it sought in order to prop up its subsequent discriminatory decision to suspend Dr. Ennix's privileges.

Defendant should not be permitted to reformulate Dr. Ennix's claim in its jury instructions. The instructions should accurately reflect the claims as pled and as litigated to date.

Regarding the second issue, the cases are clear that evidence of racial discrimination against other individuals in the same company is probative circumstantial evidence of

3

discrimination, even in cases that do not allege a pattern and practice of discrimination. Statistical evidence is relevant in this disparate treatment case to determine if ABSMC's treatment of Dr. Ennix "conformed to a general pattern of discrimination against blacks." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973). Recently, the Ninth Circuit considered such evidence in a disparate treatment case brought by a female union member alleging gender discrimination by a union. *Beck v. United Food and Commercial Workers Union, Local 99*, 506 F.3d 874, 883-4 (9th Cir. 2007). The Ninth Circuit noted that the trial court found that the defendant union's similar treatment of another female union member "strengthens the inference that it intentionally discriminated on the basis of sex in handling the grievances of female members." *Id.* The court further explained

> Here, Beck's evidence was comparative in nature, rather than statistical. The district court found that Local 99 provided more aggressive representation of two men than it did of Beck and Reinhold. It also found that Beck and Molitor were similarly situated "in all material respects," and that Beck was similarly situated to other male employees who received more favorable treatment from the same union representatives. We cannot say that, as a matter of law, such evidence was an insufficient basis for the district court's conclusion that the union had intentionally discriminated against Beck, even though the comparative evidence was based on only three individuals in addition to Beck. See, e.g., McDonald, 427 U.S. at 282, 96 S.Ct. 2574. Based on our review of the record, the district court's findings are not clearly erroneous. Therefore, we affirm the district court's ruling on Beck's Title VII claim.

*Beck*, 506 F.3d at 883-4.

Accordingly, Plaintiff's proposed language regarding circumstantial evidence of a pattern of discrimination is appropriate and should be given to the jury.

**Disputed Instruction No. 7, Re Elements of Discrimination:**

Again, the dispute in this instruction regards each party's description of Dr. Ennix's claim. Dr. Ennix claims that ABSMC discriminated against him not just by ultimately restricting his surgical privileges, but by misusing the peer review process and wrongfully subjecting Dr. Ennix to heightened scrutiny. Dr. Ennix's multi-faceted claim is made clear in paragraph 35 of his complaint.

Defendant now seeks to limit the description of Dr. Ennix's claim to one event – the restriction on his privileges. Such a limitation ignores the underlying discriminatory conduct – subjecting Dr. Ennix to heightened scrutiny, but not subjecting similarly situated Caucasian surgeons to similar scrutiny – that provided defendant with the ammunition it sought in order to prop up its subsequent discriminatory decision to suspend Dr. Ennix's privileges.

Defendant should not be permitted to reformulate Dr. Ennix's claim in its jury instructions. The instructions should accurately reflect the claims as pled and as litigated to date.

**Disputed Instruction No. 16, Re Similarly Situated:**

Again, the dispute in this instruction regards each party's description of Dr. Ennix's claim. Dr. Ennix claims that ABSMC discriminated against him not just by ultimately restricting his surgical privileges, but by misusing the peer review process and wrongfully subjecting Dr. Ennix to heightened scrutiny. Dr. Ennix's multi-faceted claim is made clear in paragraph 35 of his complaint.

Defendant now seeks to limit the description of Dr. Ennix's claim to one event – the restriction on his privileges. Such a limitation ignores the underlying discriminatory conduct – subjecting Dr. Ennix to heightened scrutiny, but not subjecting similarly situated Caucasian surgeons to similar scrutiny – that provided defendant with the ammunition it sought in order to prop up its subsequent discriminatory decision to suspend Dr. Ennix's privileges.

Defendant should not be permitted to reformulate Dr. Ennix's claim in its jury instructions. The instructions should accurately reflect the claims as pled and as litigated to date.

Respectfully submitted,

Dated: May 19, 2008                          MOSCONE, EMBLIDGE & QUADRA, LLP


By: _____/s/_____
          Rachel J. Sater

Attorneys for Plaintiff