MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone:  (415) 421-3111
Facsimile:  (415) 421-0938

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

G. SCOTT EMBLIDGE (State Bar No. 121613)
Email: emblidge@meqlaw.com
MOSCONE, EMBLIDGE & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone:  (415) 362-3599
Facsimile:  (415) 362-2006

Attorneys for Plaintiff
COYNESS L. ENNIX, JR., M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX, JR., M.D.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ALTA BATES SUMMIT MEDICAL CENTER,<br><br>　　　　　　Defendant. | CASE NO. C 07-2486 WHA<br><br>**JOINT [PROPOSED] INSTRUCTION ON SUBSTANTIVE ISSUE OF LAW**<br><br>DATE:　　May 19, 2008<br>TIME:　　2:00 p.m.<br>DEPT:　　Ctrm. 9, 19th Flr.<br>JUDGE:　 Hon. William H. Alsup<br><br>**COMPLAINT FILED:** May 9, 2007<br>**TRIAL DATE:** June 2, 2008 |

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

JOINT [PROPOSED] INSTRUCTION ON SUBSTANTIVE ISSUE OF LAW                                            CASE NO. C 07-2486 WHA

**Stipulated Jury Instruction 8: Motivating Factor**

In showing that **his** race was a motivating factor, Dr. Ennix is not required to prove that **his** race was the sole motivation or even the primary motivation for **defendant Alta Bates Summit Medical Center's** decision. Dr. Ennix need only prove that race played a significant part in the defendant's decision even though other factors may also have motivated defendant **Alta Bates Summit Medical Center**.

*Dominguez-Curry v. Nevada Transp.*, 424 F.3d 1027, 1040-1041 (9th Cir. 2005).

*Price Waterhouse v. Hopkins*, 490 U.S. 228, 241 (1989).

Fed. Jury Prac. & Instr. § 170.20 (5th ed.) **[modified]**

-1-

JOINT [PROPOSED] INSTRUCTION ON SUBSTANTIVE ISSUE OF LAW

CASE NO. C 07-2486 WHA

**Stipulated Jury Instruction 9: Preponderance of the Evidence**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Ninth Circuit Model Civil Jury Inst 1.3 (2007)

- 2 -

JOINT [PROPOSED] INSTRUCTION ON SUBSTANTIVE ISSUE OF LAW

CASE NO. C 07-2486 WHA

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

**Stipulated Jury Instruction 11: Legitimate, Non-Discriminatory Basis for Decision**

If Dr. Ennix establishes both of the elements of a claim of discrimination, the burden then shifts to defendant Alta Bates Summit Medical Center to articulate a legitimate, non-discriminatory reason for its actions.

To do so, Alta Bates Summit Medical Center must present reasons for its decision which, if believed, would support a finding its actions were not motivated in part or entirely by race discrimination.

*Vasquez v. County of Los Angeles,* 349 F.3d 634, 640 (9th Cir. 2003).

- 3 -

JOINT [PROPOSED] INSTRUCTION ON SUBSTANTIVE ISSUE OF LAW

CASE NO. C 07-2486 WHA

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

**Stipulated Jury Instruction 12: Pretext**

If Alta Bates Summit Medical Center presents evidence of a legitimate, non-discriminatory reason for its conduct, to prevail on his claim Dr. Ennix must demonstrate that the reason given by defendant is pretext.

Dr. Ennix can demonstrate that the reason given by defendant Alta Bates Summit Medical Center is pretext by showing that a "discriminatory reason more likely motivated" its decision, or showing that the offered reason is untrue or not credible.

You are not to consider whether defendant's reason showed poor or erroneous judgment. You are not to consider defendant's wisdom. However, you may consider whether defendant's reason is merely a cover-up for discrimination.

*Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658-659 (9th Cir 2002).

*Noyes v. Kelly Services*, 488 F.3d 1163, 1170 (9th Cir. 2007).

Fed. Jury Prac. & Inst. § 170.22 (5th ed.) **[modified]**

**Stipulated Jury Instruction 13: Damages**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's discrimination claim you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

> The reasonable value of earnings lost to the present time attributable to the conduct of the defendant.

> The reasonable value of earnings and business opportunities which with reasonable probability will be lost in the future attributable to the conduct of the defendant.

> The mental, physical, emotional pain and suffering experienced by plaintiff attributable to the conduct of the defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Ninth Circuit Model Civil Jury Inst. 5.1, 5.2 (2007) [**modified**]

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 5 -

JOINT [PROPOSED] INSTRUCTION ON SUBSTANTIVE ISSUE OF LAW

CASE NO. C 07-2486 WHA

### Stipulated Instruction 14: Compensatory Damages

If you find in favor of plaintiff, then you must award Dr. Ennix such sum as you find by the preponderance of the evidence will fairly and justly compensate Dr. Ennix for damages you find **he** sustained as a direct result of defendant's conduct

Damages include lost income you find Dr. Ennix would have earned **as a physician at Alta Bates Summit Medical Center had his surgical privileges not been restricted**. You can subtract from that amount any income Dr. Ennix earned at other hospitals during that time if you find that Dr. Ennix earned that income as a result of the restrictions put in place by Alta Bates Summit Medical Center. However, if you find that Dr. Ennix would have earned that income at other institutions regardless of whether defendant restricted Dr. Ennix, then you should not subtract that additional income from Dr. Ennix's damages.

Fed. Jury Prac & Inst. § 170.60 (5th ed.) **[modified]**

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 6 -

JOINT [PROPOSED] INSTRUCTION ON SUBSTANTIVE ISSUE OF LAW

CASE NO. C 07-2486 WHA

| | | |
|---|---|---|
| DATED: | May 12, 2008 | Respectfully submitted, |
| | | KAUFF MCCLAIN & MCGUIRE LLP |
| | | By: _____/S/_____<br>ALEX HERNAEZ |
| | | Attorneys for Defendant<br>ALTA BATES SUMMIT MEDICAL CENTER |
| DATED: | May 12, 2008 | MOSCONE, EMBLIDGE & QUADRA, LLP |
| | | By: _____/S/_____<br>G. SCOTT EMBLIDGE |
| | | Attorneys for Plaintiff<br>COYNESS L. ENNIX, JR., M.D. |

4823-8359-6290.1

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 7 -

JOINT [PROPOSED] INSTRUCTION ON SUBSTANTIVE ISSUE OF LAW

CASE NO. C 07-2486 WHA