1   MAUREEN E. MCCLAIN (State Bar No. 062050)
    Email: mcclain@kmm.com
2   ALEX HERNAEZ (State Bar No. 201441)
    Email: hernaez@kmm.com
3   KAUFF MCCLAIN & MCGUIRE LLP
    One Post Street, Suite 2600
4   San Francisco, California 94104
    Telephone:   (415) 421-3111
5   Facsimile:   (415) 421-0938

6   Attorneys for Defendant
    ALTA BATES SUMMIT MEDICAL CENTER
7
    G. SCOTT EMBLIDGE (State Bar No. 121613)
8   Email: emblidge@meqlaw.com
    MOSCONE, EMBLIDGE & QUADRA, LLP
9   220 Montgomery Street, Suite 2100
    San Francisco, CA 94104
10  Telephone:   (415) 362-3599
    Facsimile:   (415) 362-2006
11
    Attorneys for Plaintiff
12  COYNESS L. ENNIX, JR., M.D.

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15

16

17  COYNESS L. ENNIX, JR., M.D.,          CASE NO. C 07-2486 WHA

                Plaintiff,                **DISPUTED JURY INSTRUCTIONS**
18
19  v.                                    **DATE:**    June 2, 2008
                                          **TIME:**    7:30 a.m.
    ALTA BATES SUMMIT MEDICAL CENTER,     **DEPT:**    Ctrm. 9, 19th Flr.
20                                        **JUDGE:**   Hon. William H. Alsup
                Defendant.
21                                        **COMPLAINT FILED:** May 9, 2007
                                          **TRIAL DATE:** June 2, 2008
22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1

## Defendant's Proposed Jury Instruction 1: General

2
3
4
5
6

Plaintiff Dr. Coyness Ennix, Jr. has brought a claim of discrimination against the defendant, Alta Bates Summit Medical Center.  The plaintiff claims that his race **[African American]** was a motivating factor for the defendant's decision to [**restrict his surgical privileges**].

7
8
9
10
11

The defendant denies that the plaintiff's race was a motivating factor for the defendant's decision to [**restrict plaintiff's surgical privileges**] and further claims that the decision to [**restrict plaintiff's surgical privileges**] was based upon a lawful reason.

12

Ninth Circuit Model Civil Jury Inst 10.1A (2007) [**modified**].

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

-1-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Disputed Jury Instruction No 1, Re General, Offered by Plaintiff</u>**

Plaintiff Dr. Coyness Ennix, Jr. has brought a claim of discrimination against the defendant, Alta Bates Summit Medical Center.  Dr. Ennix claims that his race was a motivating factor for the defendant's decision to **subject him to heightened peer review and to suspend and restrict his surgical privileges.**

The defendant denies that Dr. Ennix's race was a motivating factor for the defendant's decision to **subject him to heightened peer review and to suspend and restrict his surgical privileges** and further claims that defendant's actions were based upon a lawful reason.

Authority:

Ninth Circuit Model Civil Jury Inst 10.1A (2007) [modified].

Kauff McClain &
McGuire LLP
One Post Street
Suite 2600
San Francisco, CA  94104
Telephone  (415) 421-3111

- 2 -

DISPUTED JURY INSTRUCTIONS

CASE NO. C 07-2486 WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Disputed Jury Instruction 2: 42 U.S.C. § 1981

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same rights in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) Definition

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and under color of State law.

42 U.S.C. § 1981.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 3 -

## Disputed Jury Instruction No 2, Re 42 U.S.C. § 1981, Offered by

## Plaintiff

Plaintiff contends that no such instruction should be given. The statutory elements are addressed in other instructions, making this instruction superfluous and potentially confusing for the jury.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DISPUTED JURY INSTRUCTIONS                                    CASE NO. C 07-2486 WHA

1    **Disputed Jury Instruction 4: Requirement of a Contractual**

2    **Relationship**

3    Dr. Ennix has alleged a claim for racial discrimination under

4    42 U.S.C. Section 1981. This claim requires that Dr. Ennix

5    prove that he had a contract that was impaired **[due to racial**

6    **discrimination]** by ABSMC's adverse actions against him.[1]

7    The existing or proposed contract that Plaintiff contends was

8    impaired must be one in which plaintiff Dr. Ennix —as

9    opposed to a third party—had, or would have had, rights.[2]

10   To prove that a contract was created, Dr. Ennix must prove

11   all the following:

12            That the contract terms were clear enough that the

13            parties could understand what each was required to

14            do;

15            That the parties agreed to give each other something

16            of value; and

17

18            That the parties agreed to the terms of the contract.

19   If Dr. Ennix did not prove all of the above, then a contract was

20   not created.[3]

21   A contract may be written or oral and an oral contract is just

22   as valid as a written contract.[4]

23

24   Dr. Ennix claims that he had a contract with ABSMC and

     contracts with specific patients, and that defendant's actions

25   _____

26   [1] 42 U.S.C. § 1981(b); *Lindsey v. SLT Los Angeles, LLC,* 447 F.3d 1138, 1144-1145 (9th Cir. 2006).

27   [2] *Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 476, 479-480 (2006).
     [3] CACI Model Jury Instruction 302 (Contract Formation—Essential Elements); California

28   Civil Code Section 1510.
     [4] CACI Model Jury Instruction 304 (Oral or Written Contract Terms).

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1    deprived him of his ability to perform under or enjoy the
2    benefits of these contracts.

3    If you find that Dr. Ennix had a contract with either ABSMC or
4    a specific patient, and ABSMC's actions **[wrongfully or**
5    **illegally]** prevented Dr. Ennix from performing his obligations
6    under the contract or enjoying the benefits of that contract,
7    then Dr. Ennix has proved he had a contract, and your verdict
8    may be for plaintiff if you find he has proven the other
     elements of his claim.
9

10   If you find that Dr. Ennix did not have a contract that was
11   **[wrongfully or illegally]** impaired by ABSMC's actions, then
     your verdict should be for defendant.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DISPUTED JURY INSTRUCTIONS                    CASE NO. C 07-2486 WHA

## Disputed Jury Instruction No 4, Re Requirement of a Contractual Relationship

### Offered by Plaintiff

Dr. Ennix has alleged a claim for racial discrimination under 42 U.S.C. Section 1981. This claim requires that Dr. Ennix prove that he had a contract that was impaired by ABSMC's adverse actions against him.

The existing or proposed contract that Dr. Ennix contends was impaired must be one in which Dr. Ennix —as opposed to a third party—had, or would have had, rights.

To prove that a contract was created, Dr. Ennix must prove all the following:

That the contract terms were clear enough that the parties could understand what each was required to do;

That the parties agreed to give each other something of value; and

That the parties agreed to the terms of the contract.

If Dr. Ennix did not prove all of the above, then a contract was not created.

Dr. Ennix claims that he had a contract with ABSMC and contracts with specific patients, and that defendant's actions deprived him of his ability to perform under or enjoy the benefits of these contracts.

A contract may be written or oral and an oral contract is just as valid as a written contract.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1
2
3
4
5
6

    If you find that Dr. Ennix had a contract with either ABSMC or a specific patient, and ABSMC's actions prevented Dr. Ennix from performing his obligations under the contract or enjoying the benefits of that contract, then Dr. Ennix has proved he had a contract, and your verdict may be for Dr. Ennix if you find he has proven the other elements of his claim.

7
8
9

    If you find that Dr. Ennix did not have a contract that was impaired by ABSMC's actions, then your verdict should be for defendant

10   Authority:

11   *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 144-145 (9th Cir. 2006)

12
13   CACI Model Jury Instruction 302. Contract Formation—Essential Elements

14   California Civil Code Section 1510

15
16   CACI Model Jury Instruction 304. Oral or Written Contract Terms

17   California Civil Code Section 1622

18
19
20
21
22
23
24
25
26
27
28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 8 -

DISPUTED JURY INSTRUCTIONS

CASE NO. C 07-2486 WHA

1

## Disputed Jury Instruction 6: Intentional Discrimination

In order for Dr. Ennix to recover on his claim against defendant Alta Bates Summit Medical Center, Dr. Ennix must prove that defendant Alta Bates Summit Medical Center intentionally discriminated against him. That is, plaintiff's race must be proven to have been a motivating factor in defendant's decision to **[restrict Dr. Ennix's surgical privileges.]**

Direct evidence is evidence "which, if believed, proves the fact of discrimination without inference or presumption." Direct evidence of discrimination would include statements showing a discriminatory motivation for the defendant's treatment of Dr. Ennix.

Indirect or circumstantial evidence of discrimination would include proof of a set of circumstances sufficient to create a reasonable inference that race was a motivating factor in the defendant's treatment of Dr. Ennix. Indirect or circumstantial evidence includes evidence that the reasons Alta Bates offers for its **[restrictions on Dr. Ennix's surgical privileges]** is a pretext for discrimination.

*Beck v. United Food and Commercial Workers Union,* Local 99, 506 F.3d 874, 883-84 (9th Cir. 2007).

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1

2

**Disputed Jury Instruction No 6, Re Intentional Discrimination, Offered by Plaintiff**

3

4

5

6

7

8

9

In order for Dr. Ennix to recover on his claim against defendant Alta Bates Summit Medical Center, Dr. Ennix must prove that defendant Alta Bates Summit Medical Center intentionally discriminated against him. That is, Dr. Ennix's race must be proven to have been a motivating factor in defendant's decision to **subject Dr. Ennix to heightened peer review and to suspend and restrict his surgical privileges**.

10

11

12

13

14

Direct evidence is evidence "which, if believed, proves the fact of discrimination without inference or presumption." Direct evidence of discrimination would include statements showing a discriminatory motivation for the defendant's treatment of Dr. Ennix.

15

16

17

18

Indirect or circumstantial evidence of discrimination would include proof of a set of circumstances sufficient to create a reasonable inference that race was a motivating factor in the defendant's treatment of Dr. Ennix.

19

20

21

22

23

Indirect or circumstantial evidence of discrimination may include evidence that the reason Alta Bates Summit Medical Center offers for its decision to **subject Dr. Ennix to heightened peer review and to suspend and restrict his surgical privileges** is a pretext for discrimination.

24

25

26

27

28

**Indirect or circumstantial evidence of discrimination may include examples of similar discriminatory treatment by ABSMC against other individuals of color. If you find that ABSMC's treatment of Dr. Ennix was consistent with a general pattern of discrimination against individuals of**

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DISPUTED JURY INSTRUCTIONS                                        CASE NO. C 07-2486 WHA

1
2
3
4
5

**color, then you may infer that Dr. Ennix's race was a**
**motivating factor in ABSMC's decision to subject Dr.**
**Ennix to extensive peer review and suspend or restrict**
**his medical staff privileges and your verdict should be**
**for plaintiff.**

6

Authority:

7

*Beck v. United Food and Commercial Workers Union,* Local 99, 506 F.3d 874, 883-4

8

(9th Cir. 2007).

9
10

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973).

11
12

*Reeves v. Sanderson Plumbing Products,* 530 U.S. 133, 147 (2000).

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 11 -

1

**Disputed Jury Instruction 7: Elements of Discrimination Claim**

2

As to the plaintiff's claim that his race was a motivating factor

3

for the defendant's decision to [**restrict his surgical**

4

**privileges**], the plaintiff has the burden of proving both of the

5

following elements by a preponderance of the evidence:

6

    1. the plaintiff's [**surgical privileges were restricted**]

7

    by the defendant; and

8

    2. the plaintiff's race was a motivating factor in the

9

    defendant's decision to [**restrict the plaintiff's**

10

    **surgical privileges**.]

11

If you find that the plaintiff has proved both of these elements,

12

your verdict should be for the plaintiff.  If on the other hand,

13

the plaintiff has failed to prove either of those elements, your

14

verdict should be for the defendant.

15

Ninth Circuit Model Civil Jury Inst 10.1C (2007) [**modified**]

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE  (415) 421-3111

- 12 -

DISPUTED JURY INSTRUCTIONS

CASE NO. C 07-2486 WHA

**Disputed Jury Instruction No 7, Re Elements of Discrimination,**

**Offered by Plaintiff**

As to the Dr. Ennix's claim that his race was a motivating factor for the defendant's decision to **subject Dr. Ennix to heightened peer review and to suspend and restrict his surgical privileges** is a pretext for discrimination., Dr. Ennix has the burden of proving both of the following elements by a preponderance of the evidence:

1. Dr. Ennix's surgical privileges were restricted by the defendant; and

2. Dr. Ennix's race was a motivating factor in the defendant's decision **to subject Dr. Ennix to heightened peer review and to suspend and restrict his surgical privileges**.

If you find that Dr. Ennix has proved both of these elements, your verdict should be for Dr. Ennix. If on the other hand, Dr. Ennix has failed to prove either of those elements, your verdict should be for the defendant.

Authority:

See Comment to Instruction 10.1A (Disparate Treatment—Where Evidence Supports "Sole Reason" or "Motivating Factor")

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

## **Disputed Jury Instruction 10: Evidence of Discrimination**

Dr. Ennix's belief that defendant Alta Bates Summit Medical Center acted based on race discrimination, without evidence supporting that belief, is not enough to establish his claim.

The mere fact that Dr. Ennix is African American and **[his surgical privileges were restricted]** is not sufficient to establish Dr. Ennix's claim under the law.

*Carmen v. San Francisco Unified School District* (9th Cir. 2001) 237 F.3d 1026, 1028..
Fed. Jury Prac. & Instr. § 170.20 (5th ed.) **[modified]**

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

- 14 -

DISPUTED JURY INSTRUCTIONS                                        CASE NO. C 07-2486 WHA

1  **Disputed Jury Instruction No 10, Re Evidence of Discrimination,**

2  **Offered by Plaintiff**

3         Plaintiff contends that no such instruction should be given.

4  The proposed is argumentative and unnecessary in that it

5  merely states that the jury should not find for plaintiff if

6  plaintiff has not proved the elements of his claim.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DISPUTED JURY INSTRUCTIONS                              CASE NO. C 07-2486 WHA

1
2

## **Disputed Jury Instruction 15: Malice**

3
4
5
6

Do you find that the Alta Bates Summit Medical Center engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of Dr. Ennix?

7

Pretrial Conference Order, ¶ 32.

8

42 U.S.C. § 1981a.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DISPUTED JURY INSTRUCTIONS                                    CASE NO. C 07-2486 WHA

1

2    **Disputed Jury Instruction 15: Malice, Offered by Plaintiff**

3    Plaintiff contends that no such instruction should be given.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 17 -

DISPUTED JURY INSTRUCTIONS                    CASE NO. C 07-2486 WHA

1

**Disputed Jury Instruction 16: Similarly Situated:**

2

Plaintiff can demonstrate pretext by showing that defendant

3

treated a "similarly situated" non-African American person

4

better than it treated plaintiff.

5

A person is similarly situated to plaintiff if the two are the

6

same in all material respects.

7

Individuals are similarly situated when they have similar

8

responsibilities and displayed similar conduct

9

10

If you believe by a preponderance of the evidence that

plaintiff has proven that other similarly situated non-African

11

American people committed similar acts and were not subject

12

to similar **[restrictions on his or her surgical privileges,]**

13

then you may find defendant's asserted reasons pretextual.

14

15

*Beck v. UFCW, Local 99*, 506 F.3d 874, 885 (9th Cir. Ariz. 2007)

16

*Vasquez v.  City of Los Angeles*, 349 F. 3d 634, 641-42 (9th Cir. 2003).

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE  (415) 421-3111

DISPUTED JURY INSTRUCTIONS

CASE NO. C 07-2486 WHA

1    **Disputed Jury Instruction No 16, Re Similarly Situated, Offered by**

2    **Plaintiff**

3    Dr. Ennix can demonstrate pretext by showing that defendant

4    treated a "similarly situated" non-African American person

5    better than it treated Dr. Ennix.

6    A person is similarly situated to Dr. Ennix if the two are the

7    same in all material respects.

8

9    Individuals are similarly situated when they have similar

     responsibilities and display similar conduct.

10

11   If you believe by a preponderance of the evidence that Dr.

     Ennix has proven that other similarly situated non-African

12

     American people committed similar acts and were not subject

13

     to similar **heightened peer review and restrictions on their**

14

     **privileges** then you may find defendant's asserted reasons

15   pretextual.

16   Authority:

17   *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 147 (2000).

18   *Beck v. United Food and Commercial Workers Union, Local 99*, 506 F.3d 874, 883 (9th

19   Cir. 2007).

20   *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. (Cal.) 2003).

21

22

23

24

25

26

27

28

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 19 -

1   DATED:    May 12, 2008              Respectfully submitted,

2                                       KAUFF McCLAIN & McGUIRE LLP

3

4                                       By:_____/S/_____
                                               ALEX HERNAEZ
5
                                        Attorneys for Defendant
6                                       ALTA BATES SUMMIT MEDICAL
                                        CENTER
7
8   DATED:    May 12, 2008              MOSCONE, EMBLIDGE & QUADRA, LLP

9

10                                      By:_____/S/_____
                                               G. SCOTT EMBLIDGE
11
                                        Attorneys for Plaintiff
12                                      COYNESS L. ENNIX, JR., M.D.

13  4847-0488-1666.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF McCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA  94104
TELEPHONE (415) 421-3111

DISPUTED JURY INSTRUCTIONS                          CASE NO. C 07-2486 WHA