MAUREEN E. MCCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 421-3111
Facsimile: (415) 421-0938

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COYNESS L. ENNIX, JR., M.D.,

Plaintiff,

v.

ALTA BATES SUMMIT MEDICAL CENTER,

Defendant.

CASE NO. C 07-2486 WHA

**DEFENDANT'S SEPARATE BRIEF ON DISPUTED JURY INSTRUCTIONS**

**DATE:** June 2, 2008
**TIME:** 7:30 a.m.
**DEPT:** Ctrm. 9, 19th Flr.
**JUDGE:** Hon. William H. Alsup

**COMPLAINT FILED:** May 9, 2007
**TRIAL DATE:** June 2, 2008

Pursuant to ¶ 2(b) of the Court's Guidelines for Trial and Final Pretrial Conference Order, Defendant ABSMC presents argument regarding the disputed jury instructions:

**Disputed Jury Instruction 1: General**

> Plaintiff Dr. Coyness Ennix, Jr. has brought a claim of discrimination against the defendant, Alta Bates Summit Medical Center. The plaintiff claims that his race **[African American]** was a motivating factor for the defendant's decision to **[restrict his surgical privileges]**.
>
> The defendant denies that the plaintiff's race was a motivating factor for the defendant's decision to **[restrict plaintiff's surgical privileges]** and further claims that the decision to **[restrict plaintiff's surgical privileges]** was based upon a lawful reason.

Ninth Circuit Model Civil Jury Inst 10.1A (2007) **[modified]**.

**Discussion:** The primary dispute here concerns the description of the adverse action at issue. Defendant contends that the phrase urged by Plaintiff, "to subject Dr. Ennix to heightened peer review and suspend and restrict his medical staff privileges," is argumentative. Indeed, by using the word heightened, Plaintiff is taking the place of the jury. By contrast, the phrase "restrict his surgical privileges" is both neutral and descriptive. In addition, Defendant also believes that Dr. Ennix's race should be affirmatively stated in the instruction.

**Disputed Jury Instruction 2: 42 U.S.C. § 1981**

> (a) Statement of equal rights
>
> All persons within the jurisdiction of the United States shall have the same rights in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

> the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) Definition
>
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
>
> The rights protected by this section are protected against impairment by nongovernmental discrimination and under color of State law.

42 U.S.C. § 1981.

**Discussion:** Defendant believes the text of the operative statute should be provided to the jury. Of particular import is the definition of "to make and enforce contracts."

**Disputed Jury Instruction 4: Requirement of a Contractual Relationship**

> Dr. Ennix has alleged a claim for racial discrimination under 42 U.S.C. Section 1981. This claim requires that Dr. Ennix prove that he had a contract that was impaired **[due to racial discrimination]** by ABSMC's adverse actions against him.[1]
>
> The existing or proposed contract that Plaintiff contends was impaired must be one in which plaintiff Dr. Ennix –as

[1] 42 U.S.C. § 1981(b); *Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1144-1145 (9th Cir. 2006).



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

opposed to a third party—had, or would have had, rights.[2]

To prove that a contract was created, Dr. Ennix must prove all the following:

> That the contract terms were clear enough that the parties could understand what each was required to do;
>
> That the parties agreed to give each other something of value; and
>
> That the parties agreed to the terms of the contract.

If Dr. Ennix did not prove all of the above, then a contract was not created.[3]

A contract may be written or oral and an oral contract is just as valid as a written contract.[4]

Dr. Ennix claims that he had a contract with ABSMC and contracts with specific patients, and that defendant's actions deprived him of his ability to perform under or enjoy the benefits of these contracts.

If you find that Dr. Ennix had a contract with either ABSMC or a specific patient, and ABSMC's actions **[wrongfully or illegally]** prevented Dr. Ennix from performing his obligations under the contract or enjoying the benefits of that contract, then Dr. Ennix has proved he had a contract, and your verdict may be for plaintiff if you find he has proven the other elements of his claim.

---

[2] *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, 479-480 (2006).
[3] CACI Model Jury Instruction 302 (Contract Formation—Essential Elements); California Civil Code Section 1510.
[4] CACI Model Jury Instruction 304 (Oral or Written Contract Terms).



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

> If you find that Dr. Ennix did not have a contract that was **[wrongfully or illegally]** impaired by ABSMC's actions, then your verdict should be for defendant.

**Dispute:** The dispute here involves the language in bold and brackets. Specifically, whether this instruction must incorporate the racial animus aspect of the claim. The bottom line in § 1981 cases is straightforward: "proof of intent to discriminate is **necessary** to establish a violation." *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1438 (9th Cir. 1984) (emphasis added). Because the non-discriminatory breach of a contract does not give rise to § 1981 liability, Defendant believes it is critical that this information be conveyed to the jury.

**<u>Disputed Jury Instruction 6: Intentional Discrimination</u>**

> In order for Dr. Ennix to recover on his claim against defendant Alta Bates Summit Medical Center, Dr. Ennix must prove that defendant Alta Bates Summit Medical Center intentionally discriminated against him. That is, plaintiff's race must be proven to have been a motivating factor in defendant's decision to **[restrict Dr. Ennix's surgical privileges.]**
>
> Direct evidence is evidence "which, if believed, proves the fact of discrimination without inference or presumption." Direct evidence of discrimination would include statements showing a discriminatory motivation for the defendant's treatment of Dr. Ennix.
>
> Indirect or circumstantial evidence of discrimination would include proof of a set of circumstances sufficient to create a reasonable inference that race was a motivating factor in the defendant's treatment of Dr. Ennix. Indirect or circumstantial evidence includes evidence that the reasons Alta Bates offers for its **[restrictions on Dr. Ennix's surgical privileges]** is a



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

pretext for discrimination.

**Dispute**: The issue here is the same as presented in Instruction No. 1—i.e., whether the phrase "restrict Dr. Ennix's surgical privileges" is appropriate. In addition, Plaintiff asks that the following be added to the end of this instruction:

> Indirect or circumstantial evidence of discrimination may include examples of similar discriminatory treatment by ABSMC against other individuals of color. If you find that ABSMC's treatment of Dr. Ennix was consistent with a general pattern of discrimination against individuals of color, then you may infer that Dr. Ennix's race was a motivating factor in ABSMC's decision to subject Dr. Ennix to extensive peer review and suspend or restrict his medical staff privileges and your verdict should be for plaintiff.

**Dispute**: The initial problem with this addition is that it makes reference to "other individuals of color." This case is about discrimination against African-Americans, not about "other individuals of color." Indeed, Section 1981 explicitly references race. Moreover, the addition references a "general pattern of discrimination." This case was not pled as a "pattern and practice" case. Hence that language is objectionable.

**<u>Disputed Jury Instruction 7: Elements of Discrimination Claim</u>**

> As to the plaintiff's claim that his race was a motivating factor for the defendant's decision to [**restrict his surgical privileges]**, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:
>
> 1. the plaintiff's **[surgical privileges were restricted]** by the defendant; and
>
> 2. the plaintiff's race was a motivating factor in the defendant's decision to [**restrict the plaintiff's surgical privileges**.]



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If on the other hand, the plaintiff has failed to prove either of those elements, your verdict should be for the defendant.

**Dispute**: The issue here is the same as presented in Instruction No. 1—i.e., whether the phrase "restrict Dr. Ennix's surgical privileges" is appropriate.

**Disputed Jury Instruction 10: Evidence of Discrimination**

Dr. Ennix's belief that defendant Alta Bates Summit Medical Center acted based on race discrimination, without evidence supporting that belief, is not enough to establish his claim.

The mere fact that Dr. Ennix is African American and **[his surgical privileges were restricted]** is not sufficient to establish Dr. Ennix's claim under the law.

*Carmen v. San Francisco Unified School District* (9th Cir. 2001) 237 F.3d 1026, 1028..

Fed. Jury Prac. & Instr. § 170.20 (5th ed.) **[modified]**

**Dispute**: Plaintiff does not propose an alternative instruction; rather, Plaintiff contends this instruction is argumentative. However, it is critical that the jury be informed that evidence of race discrimination is absolutely critical to a finding of liability under § 1981. The bottom line in § 1981 cases is straightforward: "proof of intent to discriminate is **necessary** to establish a violation." *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1438 (9th Cir. 1984) (emphasis added).

**Disputed Jury Instruction 15: Malice**

Do you find that the Alta Bates Summit Medical Center engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of Dr. Ennix?

Pretrial Conference Order, ¶ 32.



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

42 U.S.C. § 1981a.

**Dispute**: Defendant believes this instruction is called for by ¶ 39 of the Court's Order. Plaintiff contends no such instruction is appropriate.

**<u>Disputed Jury Instruction 16: Similarly Situated:</u>**

Plaintiff can demonstrate pretext by showing that defendant treated a "similarly situated" non-African American person better than it treated plaintiff.

A person is similarly situated to plaintiff if the two are the same in all material respects.

Individuals are similarly situated when they have similar responsibilities and displayed similar conduct

If you believe by a preponderance of the evidence that plaintiff has proven that other similarly situated non-African American people committed similar acts and were not subject to similar **[restrictions on his or her surgical privileges,]** then you may find defendant's asserted reasons pretextual.

*Beck v. UFCW, Local 99, 506 F.3d 874, 885 (9th Cir. Ariz. 2007)*
*Vasquez v. City of Los Angeles*, 349 F. 3d 634, 641-42 (9th Cir. 2003).

The issue here is the same as presented in Instruction No. 1—i.e., whether the phrase "restrict Dr. Ennix's surgical privileges" is appropriate.



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DATED: May 12, 2008

Respectfully submitted,

KAUFF MCCLAIN & MCGUIRE LLP

By: /S/
ALEX HERNAEZ

Attorneys for Defendant
ALTA BATES SUMMIT MEDICAL CENTER

4812-8259-1746.1



KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111