MAUREEN E. McCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
MATTHEW P. VANDALL (State Bar No. 196962)
Email: vandall@kmm.com
KAUFF McCLAIN & McGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone:  (415) 421-3111
Facsimile:   (415) 421-0938

Attorneys for Defendants
ALTA BATES SUMMIT MEDICAL CENTER,
RUSSELL D. STANTEN, M.D., LEIGH I.G.
IVERSON, M.D., STEVEN A. STANTEN, M.D., and
WILLIAM M. ISENBERG, M.D., Ph.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYNESS L. ENNIX, JR., M.D., as an individual and in his representative capacity under Business & Professions Code Section 17200 et seq.,<br><br>Plaintiff,<br><br>v.<br><br>RUSSELL D. STANTEN, M.D., LEIGH I.G. IVERSON, M.D., STEVEN A. STANTEN, M.D., WILLIAM M. ISENBERG, M.D., Ph.D., ALTA BATES SUMMIT MEDICAL CENTER and does 1 through 100,<br><br>Defendants. | CASE NO. C 07-2486 WHA<br><br>**DEFENDANTS' INITIAL DISCLOSURES**<br><br>JUDGE:  Hon. William H. Alsup<br><br>COMPLAINT FILED:  May 9, 2007<br>TRIAL DATE:  No date set. |

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' INITIAL DISCLOSURES                    CASE NO. C 07-2486 WHA

CONFIDENTIAL PROVIDED SUBJECT TO THE PARTIES' STIPULATED PROTECTIVE ORDER

In accordance with Civ.R. 26 (a) (1), Defendants provide the following initial disclosures.

### A. Individuals Likely To Have Discoverable Information That Defendants May Use To Support Their Claims Or Defenses, Unless Solely For Impeachment.

1.  <u>William M. Isenberg, M.D., Ph.D.</u>, a member and officer of the Summit Medical Staff and a named Defendant in the Lawsuit.[1] Summit Medical Staff Office, 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. Dr. Isenberg has knowledge of the peer review process challenged by Plaintiff in his Complaint (referenced hereafter as the "peer review process") including, but not limited to, the information set forth in Dr. Isenberg's May 30, 2007 Declaration.[2] Dr. Isenberg has knowledge of the purposes and procedures of the Summit corrective action Bylaw provisions. Dr. Isenberg has knowledge of the reasons for the peer review process and all steps undertaken in conjunction with the process. Dr. Isenberg has knowledge that such reasons were restricted to the purposes for peer review outlined in the governing Medical Staff documents, and that peer review was not undertaken or completed for the allegedly unlawful reasons asserted in Plaintiff's complaint. Dr. Isenberg has knowledge of the continuing chilling effect of this Lawsuit on the peer review process.

2.  <u>Steven Stanten, M.D.</u>, a member of the Summit Medical Staff, Chair of the Department of Surgery at Summit, a member of the Summit Medical Executive Committee ("MEC"), and a named Defendant in the Lawsuit. Summit Medical Staff Office, 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. Dr. Stanten has knowledge of the peer review process including, but not limited to, the information set forth in Dr. Stanten's May 30, 2007 Declaration. Dr. Stanten has knowledge of the

---

[1] Defendants, including any manager, director or officer of Alta Bates Summit Medical Center ("ABSMC"), should be contacted only through defense counsel. Such is true as well for any member of the Medical Staffs of either campus identified as having participated as a reviewer in any peer review process as those individuals are represented by defense counsel in conjunction with such participation. This applies only to members of the Medical Staff; those identified as outside reviewers do not fall within such representation. Additionally, such privilege is not asserted with respect to Kaiser Permanente employees who are members of the Medical Staff.

[2] All Declaration dates reference the date of filing.

KAUFF, McCLAIN
& McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-1-

DEFENDANTS' INITIAL DISCLOSURES                                    CASE NO. C 07-2486 WHA

reasons for the peer review process and all steps undertaken in conjunction with that process. Dr. Stanten has knowledge that such reasons were restricted to the purposes for peer review outlined in governing Medical Staff documents, and that peer review was not undertaken or completed for the allegedly unlawful reasons asserted in Plaintiff's Complaint. Dr. Stanten has knowledge of the continuing chilling effect of this Lawsuit on the peer review process.

        3.      <u>Russell Stanten, M.D.</u>, a member of the Summit Medical Staff, Chief of the Cardiothoracic Surgery Service, a member of the Cardiothoracic and Surgery Peer Review Committees, and a named Defendant in this action. Summit Medical Staff Office, 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. Dr. Stanten has knowledge of the peer review process including, but not limited to, the information set forth in his May 30, 2007 Declaration. Dr. Stanten has knowledge of the reasons for the peer review process and all steps undertaken in conjunction with that process. Dr. Stanten has knowledge that such reasons were restricted to the purposes for the peer review outlined in governing Medical Staff documents, and that peer review was not undertaken or completed for the allegedly unlawful reasons asserted in Plaintiff's Complaint. Dr. Stanten has knowledge of the continuing chilling effect of this Lawsuit on the peer review process. Dr. Stanten also has knowledge concerning his medical group partnership with Plaintiff.

        4.      <u>Leigh Iverson, M.D.</u>, a former member of the Summit Medical Staff, now retired, who was a member of the Cardiothoracic Peer Review Committee at times, a member of the Surgery Department Peer Review Committee in 2004 through September 2006, and a member of the MEC in 2004 and 2005. Dr. Iverson is currently residing in Carmel, California. Dr. Iverson has knowledge of the topics addressed in his May 30, 2007 declaration, including, but not limited to, his knowledge in the following areas: his partnership with Plaintiff, his activities as a member of the MEC, his declination to participate in the peer review process, and the absence of any unlawful motivation on his part toward the Plaintiff.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-2-

DEFENDANTS' INITIAL DISCLOSURES      CASE NO. C 07-2486 WHA

5. <u>Lamont D. Paxton, M.D.</u>, Chair of the Ad Hoc Committee (AHC) established under the auspices of the MEC starting in 2004 to conduct peer review concerning Plaintiff. Summit Medical Staff Office, 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. Dr. Paxton has knowledge of the peer review process including, but not limited to, the information set forth in his May 30, 2007 Declaration, and has knowledge, as a reviewer in the process, that such process was undertaken and implemented for purposes of evaluating and improving patient safety and quality patient care. Dr. Paxton has knowledge of the absence of any unlawful motivation relative to the process as alleged by Plaintiff. Dr. Paxton also has knowledge of the peer review process by virtue of his membership on the Surgery Peer Review Committee during relevant time periods.

6. <u>Dat Ly, M.D.</u>, AHC member. Summit Medical Staff Office, 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. Dr. Ly, in his position as a reviewer in the peer review process, has knowledge of the Medical Staff's peer review/quality of care purposes and functions, of the application of such purposes and functions to the peer review process, and of the absence of any unlawful motivation relative to that process.

7. <u>Barry Horn, M.D.</u>, AHC member. Summit Medical Staff Office, 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. Dr. Horn, in his position as a reviewer in the peer review process, has knowledge of the Medical Staff's peer review/quality of care purposes and functions, of the application of such purposes and functions to the peer review process, and of the absence of any unlawful motivation relative to that process.

8. <u>Fredric Herskowitz, M.D.</u>, Medical Staff officer and MEC member. Summit Medical Staff Office, 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. Dr. Herskowitz, who has participated as a reviewer in the peer review process by virtue of his officer position (and MEC membership) has knowledge of the peer review process, the undertaking and implementation of that process for the purposes of peer review set

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-3-

DEFENDANTS' INITIAL DISCLOSURES                    CASE NO. C 07-2486 WHA

forth in the Medical Staff's Bylaws, and the absence of any unlawful motivation relative to that process. Dr. Herskowitz also has knowledge regarding Plaintiff's backdating of a patient chart and related issues. Dr. Herskowitz, in his current role as President of the Medical Staff, also has knowledge of the chilling effect that Plaintiff's lawsuit has had on the ongoing peer review of Plaintiff.

9. <u>Summit MEC Members 2004-2007.</u>[3] Summit Medical Staff Office, 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. All members of the MEC have been involved, in varying degrees, in the peer review of Plaintiff, and hence may have knowledge of the peer review process, and the undertaking and implementation of such process for the purposes outlined in the Medical Staff's Bylaws (and for no other purpose). Those members who have not previously been identified are listed below:

    a. John F. Donovan, M.D.[4]

    b. Louis Komarmy, M.D.

    c. Bruce Moorstein, M.D. (Officer 2/2004 to 2/2006)[5]

    d. Todd Murray, M.D.

    e. Rod Perry, M.D.

    f. Philip Rich, M.D. (Officer 2/2006 through the present)

    g. James Saunders, M.D

    h. Annette Shaieb, M.D. (Officer 2/2004-2/2006)

    i. Susan Sykes, M.D.

    j. Michael Usem, M.D.

    k. John Warbritton, M.D.

---

[3] The MEC composition changes over time. This list includes anyone who has served as a Committee member at any time during the above-referenced time frame. Persons who have served as Officers at any time in the period are so identified.

[4] Dr. Donovan also has knowledge of information he provided to the peer review process, including during his October 2004 interview with the AHC, concerning his observations of Plaintiff's performance during and related to surgeries.

[5] Dr. Moorstein has also been a member of the Surgery Department Peer Review Committee at relevant times, and also may have knowledge of Plaintiff's peer review history given Dr. Moorstein's past chairing of the Surgery Peer Review Committee.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-4-

DEFENDANTS' INITIAL DISCLOSURES      CASE NO. C 07-2486 WHA

      l. Lisa Yee, M.D.

      m. Goldee Gross, M.D.

      n. Less Chafen, M.D.

      o. Maire Daugharty, M.D.[6]

      p. Bernard Drury, M.D.

      q. Michael Kim, M.D. (Officer 2/2006 through the present)

      r. Eugene McMillan, M.D.

      s. Linda Gordon, M.D.

10. **Members of the Surgery Peer Review Committee 2004-2007.** Summit Medical Staff Office, 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. To the extent not previously identified, the following participated in peer review as members of the Surgery Peer Review Committee during the above time period and hence may have knowledge of the peer review process, and of the reasons (to fulfill Bylaw responsibilities concerning patient care) for which it was undertaken.

      a. Douglas Patton, M.D.

      b. Lisa Bailey, M.D.

      c. Tsuan Li, M.D.

      d. Stephen Etheredge, M.D.

      e. Robert Kindrachuk, M.D.

      f. Steven Pascal, M.D.

      g. Donato Stinghen, M.D.

      h. William Lewis, M.D.

      i. Ronald Webb, M.D.

      j. Robert Yan, M.D.

---

[6] Dr. Daugharty also has knowledge of information she provided to the peer review process, including during her 2004 interview with the AHC, concerning her observations of Plaintiff's performance during and related to surgeries.

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-5-

DEFENDANTS' INITIAL DISCLOSURES    CASE NO. C 07-2486 WHA

11. <u>Members of the Cardiothoracic Peer Review Committee 2004-2007.</u> Summit Medical Staff Office, 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. To the extent not previously identified, the following participated in peer review as members of the Cardiothoracic Peer Review Committee during the above time period and hence may have knowledge of the peer review process, and of the reasons (to fulfill Bylaw responsibilities concerning patient care) for which it was undertaken.

    a. Dennis Durzinsky, M.D. (Kaiser employee).

    b. Hon Lee, M.D. (Kaiser employee).[7]

    c. Brian Cain, M.D. (Kaiser employee).

    d. David Alyono, M.D. (Kaiser employee).

    e. Gary Woodworth, M.D.

12. <u>Forest Junod, M.D.</u>, 5412 Tree Side Dr., Carmichael, CA. 95806, 916-971-1444. Dr. Junod has knowledge as an outside reviewer of patient care issues arising in several surgeries Plaintiff performed at the Alta Bates campus in 2002, as set forth more fully in his report dated November 14, 2003 which was provided by the Alta Bates Medical Staff to the Summit Medical Staff on December 18, 2003.

13. <u>Neil Smithline, M.D.</u>, Director of Clinical Quality, National Medical Audit ("NMA"), 3 Embarcadero Center, San Francisco, CA 94111, 415-393-5650. Dr. Smithline, in his role as coordinator for the outside peer review conducted by NMA in the first part of 2005, has knowledge of the qualifications of the reviewers selected by NMA, the process followed by NMA in conducting the review, and the conclusions reached in the review concerning deficiencies in Plaintiff's performance of his medical responsibilities.

---

[7] Dr. Lee also has knowledge of information he provided during the peer review process, including relative to his early 2004 review of four minimally invasive valve procedures performed by Plaintiff and during his September 2004 interview with the AHC. Drs. Durzinsky, Lee and Thomas Gonda, Jr. (all Kaiser employees who can be reached through the Summit Medical Staff Office) also have knowledge of Plaintiff's proctoring from late October 2005 through mid-2006, including discussions those individuals had with Dr. Isenberg in late 2005 regarding concerns with Dr. Ennix's surgical performance.

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-6-

DEFENDANTS' INITIAL DISCLOSURES      CASE NO. C 07-2486 WHA

14. <u>Leland Housman, M.D.</u>, 4033 3rd Ave., Suite 210, San Diego, CA 92103, 619-297-5600. Dr. Housman was one of the outside reviewers obtained by NMA to conduct a peer review of certain of Plaintiff's surgeries and related care. Dr. Housman has knowledge of his own qualifications to conduct such a review, of the manner in which the review was conducted (including his speaking with Plaintiff and considering information provided by Plaintiff), and of the conclusions he reached concerning deficiencies in Plaintiff's performance of his medical responsibilities.

15. <u>Robert H. Breyer, M.D.</u>, 2800 North Sheridan Rd., Suite 209, Chicago, Illinois 60657, 773-477-4343. Dr. Breyer was one of the outside reviewers obtained by NMA to conduct a peer review of certain of Plaintiff's surgeries and related care. Dr. Breyer has knowledge of his own qualifications to conduct such a review, of the manner in which the review was conducted (including his speaking with Plaintiff and considering information provided by Plaintiff), and of the conclusions he reached concerning deficiencies in Plaintiff's performance of his medical responsibilities.

16. <u>Junaid Kahn, M.D.</u>, Summit Medical Staff Office, 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. Dr. Kahn has knowledge in the following areas: the past partnership among Drs. Kahn, Iverson, R. Stanten and Plaintiff; Dr. Kahn's interview with the AHC in October 2004; Dr. Iverson's lack of participation in the peer review process; and, to Dr. Kahn's observation, the reasons for undertaking the peer review process (as unrelated to any allegedly unlawful motivation).

17. <u>James Lovin</u>, employed by ABSMC as a surgical technician. 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. Mr. Lovin has knowledge of information he has provided to the peer review process, including during his interview by the AHC in October 2004.

18. <u>Brian Hite, M.D.</u>, Summit Medical Staff Office, 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. Dr. Hite has knowledge of information he has provided to the peer review process, including during his October 2004 interview by the MEC.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-7-

DEFENDANTS' INITIAL DISCLOSURES                             CASE NO. C 07-2486 WHA

CONFIDENTIAL-PROVIDED SUBJECT TO THE PARTIES' STIPULATED PROTECTIVE ORDER

19. <u>Joan Shields</u>, an R.N. employed by ABSMC. 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. Ms. Shields has knowledge concerning information she provided to the peer review process regarding the level of Plaintiff's interaction with a patient on May 5, 2005.

20. <u>John Gentile, M.D.</u>, Vice President, Medical Affairs. ABSMC, 2450 Ashby Ave., Berkeley, CA 94705. Dr. Gentile has knowledge of the contractual relationship between the Medical Center and the medical group of which Plaintiff was a partner; of the lack of contract between the Medical Center and the Plaintiff, of the nature of the Medical Center's contracting with physicians in general, and of the peer review process involving Plaintiff.

21. <u>Warren Kirk</u>, Chief Executive Officer ABSMC. 2450 Ashby Ave., Berkeley, CA 94705. Mr. Kirk has knowledge in the following areas: the Medical Center's practices in contracting with physician medical groups; the peer review process; the reporting of such peer review process to the ABSMC's Board of Trustees; and Plaintiff's efforts to exert outside pressures to influence the peer review process.

22. <u>Philip L. Zemansky, M.D.</u>, retired member of the Alta Bates Medical Staff (who can be reached through the Alta Bates Medical Staff Office, 2450 Ashby Ave., Berkeley, CA 94705, 510-204-1417). Dr. Zemansky has knowledge of the poor outcomes of surgeries performed by Plaintiff at the Alta Bates campus, and relative to the reasons for the closure of the Alta Bates cardiac program in early 2003.

23. <u>Stephen Cooper, M.D.</u>, member Alta Bates Medical Staff. Alta Bates Medical Staff Office, 2450 Ashby Ave., Berkeley, CA 94705, 510-204, 1417. Dr. Cooper has knowledge of the poor outcomes of surgeries performed by Plaintiff at the Alta Bates campus, and relative to the reasons for the closure of the Alta Bates cardiac program in early 2003.

24. <u>Ronald A. Dritz, M.D.</u>, member Alta Bates Medical Staff. Alta Bates Medical Staff Office, 2450 Ashby Ave., Berkeley, CA 94705, 510-204-1417. Dr. Dritz has knowledge of the poor outcomes of surgeries performed by Plaintiff at the Alta Bates

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-8-

DEFENDANTS' INITIAL DISCLOSURES    CASE NO. C 07-2486 WHA

campus, and relative to the reasons for the closure of the Alta Bates cardiac program in early 2003.

25. <u>John Rosenberg, M.D.</u>, member Alta Bates Medical Staff. Alta Bates Medical Staff Office, 2450 Ashby Ave., Berkeley, CA 94705, 510-204-1417. Dr. Rosenberg has knowledge, in his capacity as a Medical Staff Officer responsible for conducting peer review, of the peer review process commenced by the Alta Bates Medical Staff in about 2002 concerning poor outcomes in Plaintiff's surgeries, of the reasons why the process was not completed, and regarding sending the Junod report to the Summit Medical Staff. Dr. Rosenberg also has knowledge of the provisions of the Alta Bates Medical Staff Bylaws.

26. <u>Gretchen Kunitz, M.D.</u>, former member (and officer) of the Alta Bates Medical Staff, who can be reached through the Alta Bates Medical Staff Office, 2450 Ashby Ave., Berkeley, CA 94705, 510-204-1417. Dr. Kunitz has knowledge, as a peer reviewer, of the applicable provisions of the Alta Bates Medical Staff Bylaws, of concerns on the part of the Alta Bates Medical Staff concerning Plaintiff's surgical outcome and other indicators of potential performance issues, and of the referral of certain of Plaintiff's Alta Bates surgeries for outside peer review.

27. <u>Robert J. Swanson, M.D.</u>, Member Medical Staff, Alta Bates campus, 2450 Ashby Ave., Berkeley, CA 94705, 510-204-1417. Dr. Swanson has knowledge, as a peer reviewer, of the applicable provisions of the Alta Bates Medical Staff Bylaws and of his participation on the Cardiac Surgery Peer Review Panel in approximately 2003-2004.

28. <u>Joanne Jellin, PsyD.</u>, Director of Medical Staff Services, Summit Medical Staff Office, 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. Ms. Jellin has knowledge of all aspects of the peer review process as required by the Medical Staff Bylaws and as implemented. Ms. Jellin also has knowledge of the precautions taken by the Medical Staff Office and others involved in the peer review

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-9-

DEFENDANTS' INITIAL DISCLOSURES           CASE NO. C 07-2486 WHA

process to keep the peer review information confidential under applicable laws and Bylaw requirements.

29. <u>Renee Russell</u>, Manager, Alta Bates Medical Staff Services, Alta Bates Medical Staff Office, 2450 Ashby Ave., Berkeley, CA 94705, 510-204-1417. Ms. Russell has knowledge of all aspects of the peer review process as required by the Medical Staff Bylaws and as implemented. Ms. Russell also has knowledge of the precautions taken by the Medical Staff Office and others involved in the peer review process to keep peer review information confidential under applicable laws and Bylaw requirements.

30. <u>Debbie Mogg</u>, an R.N. employed by ABSMC as a Quality Improvement Coordinator. 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. Ms. Mogg has knowledge of the peer review process, including steps taken to preserve the confidentiality of the process.

31. <u>Marilyn Barkin</u>, an R.N. employed by ABSMC as a Quality Data Coordinator. 350 Hawthorne Ave., Oakland, CA 94609, 510-655-4000. Ms. Barkin has knowledge of the peer review process, including steps taken to preserve the confidentiality of the process.

32. <u>Cathy Falstad</u>, Office Manager, East Bay Cardiac Surgery Center, 3300 Webster St., Suite 500, Oakland, CA 94609. Ms. Falstad has knowledge of the East Bay Cardiac Surgery Center medical group, and of information related to her entry of the STS-adjusted data for certain cardiac surgeons, including Plaintiff.

33. Defendants reserve the right to call as witnesses the experts and other individuals who wrote reports and/or supporting statements for Plaintiff, as identified, for example, in Exhibits B through D and G through J of Plaintiff's July 12, 2007 Declaration. The identity and whereabouts of those individuals are known to Plaintiff and his counsel. Plaintiff's patients and relatives of those patients also may have knowledge of Plaintiff's provision of medical care; they are not here identified to preserve their privacy.

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-10-

DEFENDANTS' INITIAL DISCLOSURES                    CASE NO. C 07-2486 WHA

### B. Identification Of Documents Supportive Of Defendants' Claims Or Defenses, Except For Impeachment.

1. Summit Medical Staff Bylaws from February 2003 to present.

2. Summit Medical Staff Rules and Regulations from February 2004 to present.

3. Contracts between ABSMC (or Summit Medical Center) and the East Bay Cardiac Surgery Center from September 1, 2001 through November 2005.

4. Memorandum of Understanding between the Medical Staffs of Alta Bates and Summit governing the sharing of peer review information.[8]

5. Documents of Confidential meetings of the Alta Bates Medical Staff concerning problems with the cardiac surgery program at Alta Bates in about 2002 and early 2003, including minutes of the Anesthesia Subcommittee in 2002/early 2003 on such topic and minutes of the meeting of the Cardiac Surgery Peer Review Panel dated March 2, 2004.

6. Outside review of Plaintiff by Forest Junod, M.D. dated November 14, 2003 and correspondence (between the Summit and Alta Bates Medical Staffs, and between each such staff and Plaintiff) regarding the review.

7. Information considered by Summit Medical Staff leaders in commencing a peer review process concerning Plaintiff in 2004, including documentation regarding minimally invasive valve procedures done by Plaintiff in early 2004 and comparative mortality and other surgical indicators.

8. Documentation of discussions with Plaintiff concerning the minimally invasive valve procedures including relative to Plaintiff's decision not to perform such procedures.

---

[8] As indicated by the fact that Defendants have marked these Disclosures as subject to the Parties' Stipulated Protective Order, all peer review information referenced in these Disclosures is maintained by the Medical Staffs in strict confidence pursuant to the provisions of California Evidence Code § 1157.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-11-

DEFENDANTS' INITIAL DISCLOSURES                                    CASE NO. C 07-2486 WHA

9. Minutes of the April 12, 2004 Surgery Peer Review Committee and related documents.

10. Documents referencing the appointment, under the auspices of the MEC, of an ad hoc committee for peer review of Plaintiff, including the April 21, 2004 letter from William Isenberg, M.D. Ph.D., to Plaintiff outlining the task of the AHC.

11. Documents reflecting the work of the AHC including notes of interviews conducted by the AHC in September through October 2004 and in March through June 2005.

12. Documentation of the decision to retain the services of National Medical Audit to conduct an outside peer review of certain patient cases, including the January 4, 2005 retention letter addressed to Dr. Smithline from Drs. Paxton and Isenberg, the contract with NMA for the provision of services and invoices showing the work performed by NMA.

13. Documentation of the NMA reviewers' credentials and of the reviewers' contacts with Plaintiff, including Dr. Isenberg's March 9, 2005 letter to Plaintiff.

14. Documents showing the information considered by the NMA, including that submitted by Plaintiff.

15. The May 3, 2005 report from NMA entitled "Focused Review of Medical Records of Coyness L. Ennix, Jr. MD".

16. Documentation from May 2005 regarding Plaintiff's backdating of a patient chart entry, and his, at a minimum, failure to adequately examine the patient in the post-operative period, including documentation of the Medical Staff leadership review of this issue.

17. Documents relating to the summary suspension of Plaintiff's clinical privileges occurring on May 10, 2005, including relating to Plaintiff's meeting with the MEC on May 18, 2005.

18. Documents relating to Plaintiff's request that he be allowed to engage in surgical assisting in lieu of a continued suspension of his privileges.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-12-

DEFENDANTS' INITIAL DISCLOSURES                CASE NO. C 07-2486 WHA

19. Filings with the Medical Board of California and the National Practitioner Data Bank concerning Plaintiff during the period of 2004 through 2006.

20. Documents relating to Plaintiff's agreement to accept restrictions on his privileges and relating to his failure to request any hearing as provided for by the Medical Staff's Bylaws concerning any action he now contests in this Lawsuit, including, communications with Plaintiff and with his counsel, John Etchevers, concerning such issues.

21. Documentation of presentations Plaintiff made to the AHC in 2005.

22. Documentation of the deliberations of the AHC following its receipt of the NMA report between May 3, 2005 and August 1, 2005.

23. The August 1, 2005 Memorandum from the AHC to the MEC re "Coyness L. Ennix, Jr., M.D.; Investigative Report and Recommendations".

24. Documents relating to the MEC's consideration of the report of the AHC, including documents relating to Plaintiff's request to postpone the meeting of August 15, 2005 and his meeting with the MEC on September 7, 2005.

25. Documents relating to the MEC's actions following the peer review investigation, including the letters from William Isenberg, M.D. Ph.D. to Plaintiff dated October 11 and 25, 2005.

26. Documents relating to Plaintiff's review, discussion and acceptance of proctoring terms in October 2005.

27. Documents relating to Plaintiff's resignation from his medical practice group (the East Bay Cardiac Surgery Center) in October 2005.

28. Documents relating to the proctoring of Plaintiff during the period between October 2005 and July 2006.

29. Documents relating to the decision to place Plaintiff on summary suspension effective December 30, 2005, including a letter dated December 30, 2005 from William Isenberg, M.D. Ph.D. to Plaintiff.

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-13-

DEFENDANTS' INITIAL DISCLOSURES　　　　CASE NO. C 07-2486 WHA

30. Documents relating to the review of medical records conducted by Drs. Paxton and Steven Stanten from December 30, 2005 through January 2, 2006, including the letter of Steven Stanten M.D. to William Isenberg M.D., Ph.D. dated January 3, 2006 and the letter from William Isenberg, M.D., Ph.D. to Plaintiff dated January 5, 2006.

31. Documents relating to the AHC's and MEC's monitoring of Plaintiff's proctoring period, including the March 14, 2006 letter from Fredric Herskowitz, M.D. to Plaintiff, the May 4, 2006 report of the AHC following review of the proctoring reports, May 9, 2006 minutes of the MEC, a May 10, 2006 letter from Fredric Herskowitz, M.D. to Plaintiff "Re: Proctoring", notes of a meeting attended by Plaintiff, Dr. Herskowitz and Joanne Jellin dated May 24, 2006 and a July 11, 2006 letter from Fredric Herskowitz, M.D. to Plaintiff "Re: Discontinuation of Proctoring Requirements".

32. Documents relating to the ongoing peer review of Plaintiff by the Summit Medical Staff from July 11, 2006 to present.

33. Documents relating to Plaintiff's chronic failure to adhere to Medical Staff documentation requirements, including those requirements relating to documentation of patient care and of obtaining informed consents, including documents relating to the suspension of his privileges in or about May 2005 for such failures, and prior notices from the Medical Staff discussing documentation deficiencies.

34. To the extent necessary, and only in a form which redacts all identifying information, patient records relating to the peer review processes above described.

35. Documents relating to Plaintiff's peer review, credentialing, appointment and re-appointment histories with both the Summit and the Alta Bates Medical Staffs.

36. Documents relating to Plaintiff's violation of Medical Staff Bylaw requirements concerning the confidentiality of the peer review process.

KAUFF, MCCLAIN
& MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-14-

DEFENDANTS' INITIAL DISCLOSURES                    CASE NO. C 07-2486 WHA

NOTE: Except for Item Nos. 3, 27 and 34, the above documents are in the possession of (including being subject to the custody of) the respective Medical Staff Offices of the Summit and Alta Bates Medical Staffs. Item 3 is subject to the custody of the Vice President, Medical Affairs, ABSMC. Item 27 is subject to the custody of the East Bay Cardiac Surgery Center. Item 34 is subject to the custody of the Medical Records Department of ABSMC.

NOTE: To the extent that documents falling within the above descriptions are covered by the attorney-client privilege and/or work product doctrine, they will be withheld from the exchange subject to identification on a privilege log.

C. **Damage Computation.**

Defendants do not at present seek any damages from Plaintiff, except for its fees and costs (including expert costs) of defense. Defendants seek attorneys' fees under, inter alia, C.C.P. Section 425.16, 42 U.S.C. § 11113 and 42 U.S.C. § 1988.

D. **Insurance Policies.**

Defendants provide the following information concerning insurance coverage without prejudice to their position that Plaintiff has not stated any claim for relief. Defendant ABSMC maintains Executive Liability, Entity Liability and Employment Practices (Health Care Portfolio) Liability Coverage, underwritten by Federal Insurance Company, Capital Center, 251 N. Illinois, Suite 1100, Indianapolis, Indiana 46204-1927.

///
///
///

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-15-

DEFENDANTS' INITIAL DISCLOSURES                    CASE NO. C 07-2486 WHA

E. **Certification.**

I certify that, to the best of my knowledge, information and belief, formed after an inquiry which is reasonable under the circumstances, the above disclosures are complete and correct as of this time.

DATED: August 9, 2007

KAUFF McCLAIN & McGUIRE LLP

By: _____
MAUREEN E. McCLAIN

Attorneys for Defendants
ALTA BATES SUMMIT MEDICAL CENTER, RUSSELL D. STANTEN, M.D., LEIGH I.G. IVERSON, M.D., STEVEN A. STANTEN, M.D., and WILLIAM M. ISENBERG, M.D., Ph.D.

120341.v1

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

-16-

DEFENDANTS' INITIAL DISCLOSURES                    CASE NO. C 07-2486 WHA

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Post Street, Suite 2600, San Francisco, California 94104. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On **August 9, 2007** I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within documents:

**DEFENDANTS' INITIAL DISCLOSURES**

in a sealed envelope, postage fully paid, addressed as follows:

G. Scott Emblidge, Esq.
Rachel Josephine Sater, Esq.
Moscone, Emblidge & Quadra, LLP
220 Montgomery Street, Suite 2100
San Francisco, CA  94104

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 9, 2007** at San Francisco, California.

_Jennifer A. Llewelyn_

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

DEFENDANTS' INITIAL DISCLOSURES                                             CASE NO. C 07-2486 WHA